# EXHIBIT U

**[VIA ELECTRONIC FILING]**
The Honorable Elizabeth C. Coombe
U.S. District Judge
U.S. District Court for the Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St.
Syracuse, NY 13261

To The Honorable Elizabeth C. Coombe:

Last night at 12:52 AM, the Department of Justice contacted the undersigned via email. Under the subject line "Momodou Taal et al v. Trump, 25-cv-335 (NDNY)," the government informed the undersigned for the first time that the government intended to serve Mr. Taal with a Notice to Appear (NTA), and that they intended to take Mr. Taal into the custody of Immigration and Customs Enforcement. Given that this information confirms the factual basis for Plaintiffs' request for an emergency temporary restraining order, ECF No. 23, and the increased urgency with which the Court's intervention is needed, we respectfully request the Court construe this letter as any procedurally appropriate vehicle to obtain the same. Plaintiffs' counsel is immediately available to follow up with any submissions the Court deems appropriate in this extraordinary situation. Attached to this letter is an affidavit from Counsel Eric Lee (Exhibit 4), the government's 12:52 AM email (Exhibit 5), and Plaintiffs' counsel's reply (Exhibit 6).

The email reads:

> My colleagues and I represent the United States in this matter. The applications for admission of Messrs. Stone, Moss, and myself to the bar of the U.S. District Court for the Northern District of New York are pending, so we have not noticed our appearances yet. But we wanted to reach out to establish a line of communication, and relate some information concerning your client.
>
> U.S. Immigration and Customs Enforcement (ICE) has asked us to convey to you the following. ICE invites Mr. Taal and his counsel to appear in-person at the HSI Office in Syracuse at a mutually agreeable time for personal service of the NTA and for Mr. Taal to surrender to ICE custody. Accordingly, if you are interested in proposing such a date and time, we will promptly forward it to ICE for consideration.

Exhibit 5. The undersigned are not aware of any other instance in which the government has attempted to initiate service of an NTA through the Department of Justice in response to the non-citizen filing a lawsuit challenging the constitutionality of presidential action. The highly unusual circumstances of the government's request are also colored by the fact that Mr. Taal presently has a TRO/Order to Show Cause request pending before this Court challenging the legality of his potential detention.

Here, the text of the 12:52 AM email not only appears under a subject line with the case caption, it was also communicated to the undersigned via Justice Department attorneys who are introducing themselves as counsel on that litigation. It is not yet clear what grounds for removal the government alleges exist here. Moreover, in the two years Mr. Taal has lived in the United States, he has been admitted to enter the country numerous times, including as recently as December 2024. ECF No. 1, ¶ 34. The only changes between Mr. Taal's last admission and now are the executive orders and the initiation of this legal action challenging them. It is plain that the government's effort to serve and detain Mr. Taal are in reaction to this litigation.

The 12:52 AM email and the information contained therein underscore the need for timely adjudication of yesterday's TRO motion/request for an Order to Show Cause. The government must not be allowed to detain Mr. Taal while the March 15, 2021 TRO/PI is pending before this Court, as this would substantially impede counsel's ability to directly communicate with Mr. Taal and render it impossible to provide the Court with the information it needs to render a decision. This also constitutes an unlawful attempt to remove this Court's jurisdiction over this case. Moreover, this Circuit has held that it is "outrageous" for immigration officers to place an individual in removal proceedings in retribution for exercising his speech rights under circumstances less egregious than those present here. *Ragbir v. Homan*, 923 F.3d 53, 73 (2d Cir 2019).

Should the Court so instruct, Plaintiffs' counsel and Mr. Taal will comply with the government's request in the 12:52 AM email and have so informed the government via email (attached at Exhibit 6).

Respectfully submitted,

/s/Eric Lee
/s/Christopher Godshall-Bennett

Counsel for Plaintiffs