**SHER TREMONTE LLP**

May 21, 2025

**VIA ECF**

The Honorable William G. Young
United States District Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

      Re:    *American Association of University Professors et al v. Rubio et al*
                    25 Civ. 10685-WGY

Dear Judge Young:

      We represent Plaintiffs in the above-referenced matter. We write in advance of the status conference scheduled for tomorrow, May 22, 2025, to advise the court of important discovery and scheduling issues that have arisen between the parties and that require prompt resolution given the July 7 trial date. Most importantly, Defendants have just filed a motion for a protective order "barring discovery and a 'trial on the merits.'" ECF 94 at 8.

      At the May 6 conference, Your Honor stated in no uncertain terms that, in order to accommodate the trial date of July 7, the Court expected the government's discovery disclosures to be "absolutely fulsome" and to include "every contemporaneous document that exists up and down the chain of command within the government bureaucracy" relevant to Plaintiffs' claim of government retribution. (Tr. of May 6, 2025 Case Mgmt. Conf., 17:19-18:2, 19:1-2, attached hereto as Exhibit A.) The government lodged no objection at that time and instead indicated to counsel that we could work together on a mutually agreeable discovery schedule.

      Unfortunately, although Defendants have met and conferred with us multiple times since that conference, they have declined to respond substantively to any of our requests for production or interrogatories, studiously avoided taking a position on our proposed protective order, and have countered our proposed discovery schedule with a facially unworkable schedule that would afford the government until mid-June to merely *provide a date* for their discovery production. Defendants also previewed that they were considering filing a motion to limit or deny discovery altogether, but would not provide a legal basis for the motion. Then, at a meet and confer today at 4 p.m., Defendants clarified *for the first time* that they planned to file a motion asserting that this case should proceed without discovery or a trial, based solely on the administrative record. Defendants waited

more than two weeks to bring this motion, while dragging their feet on responding substantively to Plaintiffs' reasonable, tailored discovery demands. Plaintiffs are still in the process of reviewing the motion, which was filed at 6:30 p.m. We intend to file a short letter with the Court tomorrow morning explaining why the motion is baseless.

All of this smacks of a bad faith effort to run out the clock until the July 7 trial date. The Court should not countenance these dilatory tactics. Instead, the Court should order a prompt discovery schedule with escalating sanctions for non-compliance.

For the Court's convenience, we provide here a brief timeline of our efforts to start the discovery process since the May 6 conference:

- On May 7, we wrote to Defendants to request a meet and confer. (Ex. B at 2.) In advance of that meet and confer, on May 9, we sent Defendants a proposed discovery schedule, which contemplated *inter alia* that initial requests for production and interrogatories would be served on May 13. (*Id.* at 1.)

- At the May 9 meet and confer, Defendants stated that they would get us a counterproposal to our discovery schedule by close of business on Monday, May 12. (Ex. C at 2.)

- On May 10, Plaintiffs sent Defendants a draft protective order, asked for an additional meet and confer to discuss open issues, and requested that Defendants also provide a counterproposal to the protective order by May 12. (Ex. D at 16-17.)

- Defendants failed to respond to the discovery schedule or protective order on May 12; accordingly, we served requests for production and interrogatories on May 13, in line with our proposed schedule. (Ex. D. at 14.)

- In response to our requests, on May 14, Defendants stated that they were "considering filing for a protective order, or to stay, prevent, or limit discovery," and that they wanted to push back the meet and confer by an additional day. (Ex. D at 13.) Yet Defendants still had not provided a counterproposal to the proposed schedule and protective order and had not provided any response to our document requests. (*Id.* at 11-12.) Plaintiffs noted that any motion for a protective order was premature and asked that Defendants be prepared to discuss the grounds and scope of their anticipated motion at the next meet and confer. (*Id.* at 9, 12.)

- On May 15, Plaintiffs sent Defendants a draft stipulation regarding the authenticity of statements of government officials cited in the Complaint. (Ex. D at 7-8.)

- At the May 15 meet and confer, Defendants continued to stonewall and failed to take any concrete positions on Plaintiffs' various requests. Defendants stated that they had not yet reached a decision as to whether they would be filing a motion for a protective order. (Ex. E at 1.) Likewise, Defendants still did not have a position on our proposed stipulation of facts or protective order. (*Id.* at 2.) The parties did discuss, at a high level, Plaintiffs' document requests and interrogatories, and Plaintiffs agreed to revise and narrow several of the requests to address the government's concerns. (*Id.* at 1.)

- On May 16, Defendants finally conveyed a counterproposal to Plaintiffs' proposed schedule. (Ex. D at 5-6.) The schedule contemplated a June 11 deadline for the parties to meet and confer to decide a date by which document productions would be completed—just one month before trial is scheduled to begin. (*Id.* at 6.) Plaintiffs asked whether this counterproposal indicated that Defendants would no longer be filing a motion for a protective order. (*Id.* at 4-5.) Defendants stated they were still considering their position. (*Id.* at 4.)

- On May 19, 2025, Plaintiffs sent Defendants a revised and narrowed set of document requests and interrogatories. (Ex. D at 3-4.)

- The parties met and conferred on May 19, 2025. Defendants still had not determined whether they would file a motion for a protective order and had not taken a position on Plaintiffs' proposed protective order. (Ex. F at 1.) At the meeting, Plaintiffs emphasized that the revised document requests were in line with Your Honor's guidance at the May 6 conference and that Plaintiffs had specifically identified a number of responsive documents through publicly available sources in an effort to aid the government in identifying relevant information and to help expedite discovery. (*Id.* at 2.) We noted that in some instances, these specific documents had been produced in other litigations involving Department of Justice attorneys, and that we would expect that counsel for Defendants would be able to work with their colleagues to identify and produce documents that had already been identified or turned over. (*Id.*). Defendants disclaimed knowledge as to whether any of the lawyers involved in this case were involved in those other litigations or the ability to, as they called it, "horse-trade" with their colleagues in the Justice Department's Office of Immigration Litigation and at U.S. Attorney's Offices.

- On May 20, 2025, Defendants contacted Plaintiffs at 6:15 PM to ask our position on pushing the May 22 status conference back to May 27 or 28. Plaintiffs advised that we objected to further delay.

- On May 21, 2025, Plaintiffs sent an additional protective order governing testifying witnesses. During the meet and confer later that day, Defendants stated that they would provide counterproposals to our first protective order and stipulation regarding the authenticity of government statements before the May 22 status conference.

In summary, to date, Defendants have not provided any written responses to our discovery demands, draft protective order or stipulation of authenticity of the statements of government officials. Nor have they turned over a single document, even though we have specifically identified many of the documents for them, thus ensuring that only minimal effort is required on the government's part to obtain and produce those materials. Finally, Defendants have, at the eleventh hour, filed a baseless motion to try to derail discovery and trial altogether. We look forward to discussing these important scheduling issues with Your Honor and to come to an expedient solution.

We appreciate the Court's consideration.

Respectfully submitted,

*/s/Noam Biale*
Noam Biale
Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

cc:     All counsel (by ECF)