# EXHIBIT F

# SHER TREMONTE LLP

May 20, 2025

<u>**VIA EMAIL**</u>

Harry Graver
Shawna Yen
Ethan B. Kanter
Lindsay M. Murphy
Sarmad Khojasteh
harry.graver@usdoj.gov
shawna.yen@usdoj.gov
ethan.kanter@usdoj.gov
lindsay.m.murphy@usdoj.gov
Sarmad.khojasteh@usdoj.gov

    **Re:**  *American Association of University Professors et al v. Rubio et al*
        **(25 civ. 10685-WGY)**

Dear Counsel:

   Thank you for your time during yesterday's meet and confer.  I write to memorialize some of the topics we discussed on the call:

- Defendants have still not yet reached a decision as to whether they will be filing a motion for a protective order to prevent any discovery or otherwise limit discovery in this matter.  You stated that Defendants aim to get us a firm position on this before Thursday's status conference.

- We discussed Defendants' May 16 counterproposal to our discovery schedule. Plaintiffs stated that the deadlines in your proposed schedule are far too prolonged—for example, the government contemplates a June 11 deadline for the parties to meet and confer to discuss a deadline for the completion of document production— and are incompatible with the July 7 trial date.  Plaintiffs urged that we use our scheduling proposal sent on May 9.

90 Broad Street | 23rd Floor | New York, NY  10004
www.shertremonte.com | tel. 212.202.2600 | fax. 212.202.4156

- In response to the concerns raised by you at our last meeting, we sent revised and significantly narrowed document requests and interrogatories to Defendants on May 19. At the meet and confer, we reiterated our request that the government begin review and production of, at a minimum, the specific documents listed in our May 19, 2025 Request for Production ("RFP") Nos. 2–3.[1] We explained that Plaintiffs specifically identified these documents through publicly-available sources in an effort to aid the government in identifying relevant information and to help expedite discovery. Defendants stated that many of the documents we identified are involved in actions proceeding in various other federal districts, and that the litigation team for *this* action neither has access to those documents nor would it seek those documents directly from the Department of Justice attorneys defending those actions. You disclaimed knowledge about whether anyone on your litigation team is involved in those other matters.[2] Defendants indicated that they do not "horse trade" documents between different litigations and stated that they are still reviewing these document requests with their client agencies. Defendants did not take a firm position on whether or not they will be producing the specific documents outlined in our requests. Plaintiffs stated that if we do not receive a firm response from Defendants as to whether they will produce these documents by May 22, we may seek an order from Judge Young to compel production.

- We discussed the draft protective order and the draft stipulation of facts. You indicated that you aim to send us your revisions before the May 22 status conference.

- On the last meet and confer, Defendants stated their belief that some of the documents sought in our document requests and interrogatories may be subject to the Privacy Act. After researching the issue, Plaintiffs explained that the Privacy Act should not prevent disclosure of any relevant documents and that a protective order could resolve any privacy concerns if the use of those documents is limited to the present litigation. Plaintiffs also indicated that they will be seeking Privacy Act waivers from the individuals named in our document requests and will provide those to Defendants in due course.

---

[1] We note that Defendants have been on notice that Plaintiffs seek these specific documents since its first document requests conveyed on May 13, 2025.

[2] We note that Mr. Kanter appears as attorney of record both on the docket for this action and in *Taal v. Trump*, 25-cv-00335 (N.D.N.Y. Apr. 21, 2025) (litigation related to one of the Targeted Noncitizen Students or Faculty Members listed in Plaintiffs' document requests); Ms. Murphy's and Mr. Kanter's colleague, Dhruman Y. Sampat, signed a brief on behalf of the government defendants in *Khalil v. Joyce*, No. 25-CV-01963, ECF No. 249 (D.N.J. Apr. 29, 2025) (identified in May 19, 2025 RFP No. 2(c)); and Ms. Yen's colleague at the Boston U.S. Attorney's Office, Mark Sauter, is on the docket in *Ercelik v. Hyde*, No. 25-CV-11007 (D. Mass. May 8, 2025) (identified in May 19, 2025 RFP No. 3(e)).

- Finally, we discussed Plaintiffs' proposal to file a joint status report in advance of the May 22, 2025 status conference.  Defendants declined to join any such letter.

We look forward to further discussion of these issues on Wednesday, May 21 at 11:00 A.M.

Yours very truly,

*/s/Noam Biale*
Noam Biale
Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org