UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>      Plaintiffs,<br><br>  v.<br><br>MARCO RUBIO, ET AL.,<br><br>      Defendants. | Case No. 1:25-cv-10685 (WGY) |

**MOTION FOR PROTECTIVE ORDER BARRING RETALIATION AND RESTRICTING DEFENDANTS' USE OF INFORMATION DISCLOSED IN THE COURSE OF LITIGATION**

  Plaintiffs move for a protective order to prevent the government from retaliating against noncitizens who testify as witnesses or are otherwise identified in connection with this action, and to restrict Defendants' use of information disclosed in the course of this action. In support of that motion, Plaintiffs state the following:

  1. Plaintiffs' counsel have identified noncitizen witnesses who are considering whether to testify at trial, notwithstanding the risks. Critical to these prospective witnesses' decisions is whether this Court will protect them from government retaliation. Noncitizen witnesses contacted by counsel have expressed concern that, if they testify at trial or are otherwise identified in connection with this case, Defendants will retaliate against them by arresting, detaining, or deporting them, denying them reentry into the United States, revoking their visas, adjusting their legal permanent resident status, or denying their pending or future naturalization applications. *See* Declaration of Xiangnong Wang ("Wang Decl.") ¶ 3 (attached as **Exhibit A**). They are concerned, in other words, that if they present their testimony to this Court, the government will upend their

lives—separating them from their loved ones, ending their academic careers in the United States, and forcing them to start again in a country they may not have lived in for many years.

2. These fears are well founded. Multiple federal courts have now concluded that government officials (including Defendants) have taken adverse immigration action against noncitizens in retaliation for speech that the government disfavors. *See Ozturk v. Trump*, No. 2:25-cv-374, 2025 WL 1420540, at *6 (D. Vt. May 16, 2025) (holding that Ozturk "has presented, at the very least, a substantial claim of a First Amendment violation" because the government failed to "rebut [her] evidence showing that her op-ed is the but-for cause of her detention"); *Mahdawi v. Trump*, No. 2:25-cv-389, 2025 WL 1243135, at *10 (D. Vt. Apr. 30, 2025) (holding that the evidence presented was sufficient to "rais[e] a 'substantial claim' of First Amendment retaliation"); *Ercelik v. Hyde*, No. 1:25-cv-11007, 2025 WL 1361543, at *13 (D. Mass. May 8, 2025) (holding that "Petitioner has a high likelihood of success on the merits of his First Amendment [retaliation] claim"); *Mohammed H. v. Trump*, No. 25-1576, 2025 WL 1334847, at *7 (D. Minn. May 5, 2025) (holding that the government failed to "rebut[] Petitioner's claims of viewpoint-based targeting and retaliation"). They have likewise found that these retaliatory actions chill the speech of noncitizens even beyond those directly targeted. *Ozturk*, 2025 WL 1420540, at *10 ("Immediate release was also necessary to ameliorate the chilling effect that Ms. Ozturk's arguably unconstitutional detention may have on non-citizens present in the country."); *Mahdawi*, 2025 WL 1243135, at *14 ("Mahdawi's . . . continued detention would likely have a chilling effect on protected speech.").

3. The potential witnesses' fears are only underscored by Defendants' refusal to agree not to retaliate against them. As required by the Federal Rules of Civil Procedure and this Court's Local Rules, undersigned counsel "in good faith conferred or attempted to confer with

[Defendants] in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiffs emailed a draft of the proposed order to Defendants on May 21, 2025. Declaration of Noam Biale ("Biale Decl.") ¶ 3 (attached as **Exhibit B**). Defendants repeatedly represented that they were reviewing the draft order with their clients, and Plaintiffs indicated they would consider any changes Defendants wished to make to the proposed order. *Id.* At a meet-and-confer on June 3, 2025, however, Defendants indicated that they could not agree to the proposed order in any form. *Id.* ¶ 4. When Plaintiffs made clear that the primary intention of the order was simply to prevent individuals from facing adverse enforcement actions because they testify in this federal case, Defendants' counsel made clear that their client agencies could not agree to such a prohibition. *Id.* ¶ 5.

4. Accordingly, to safeguard the integrity of these proceedings, this Court should enter an order protecting noncitizen witnesses from retaliation and restricting Defendants from using information disclosed during this action—including at trial—in a retaliatory manner.

5. This Court has the legal authority to enter such an order. First, Rule 26(c) gives this Court authority to "for good cause, issue an order to protect a party or person from . . . oppression[] or undue burden." Fed. R. Civ. P. 26(c)(1). The rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Second, this Court's "inherent equitable powers to ensure full and fair proceedings," *Rissman, Hendricks & Oliverio, LLP v. MIV Therapeutics, Inc.*, No. 11-cv-10791, 2011 WL 5025206, at *5 (D. Mass. Oct. 20, 2011), include the authority to prohibit retaliation against witnesses when they "reasonably fear retaliation and . . . the court's fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order," *Ben David v. Travisono*, 495 F.2d 562, 564 (1st Cir. 1974); *see also Goninan*

*v. Wash. Dep't of Corr.*, No. 3:17-cv-05714, 2018 WL 4630205, at *2 (W.D. Wash. Sept. 26, 2018) ("Though more commonly used during discovery to insulate sensitive discovery materials, a protective order may also be used to protect a party or potential party from intimidation or retaliation."). Courts, including a court in this district, have used this authority to address witness retaliation. *Rissman, Hendricks & Oliverio, LLP*, 2011 WL 5025206, at *7 (entering a protective order restricting a defendant from contacting two potential witnesses after he threatened to retaliate against them); *Thorpe v. Va. Dep't of Corr.*, No. 2:20-cv-007, 2025 WL 1293366, at *5 (W.D. Va. May 5, 2025) (denying the motion for protective order as presented but "prohibit[ing] any retribution by prison authorities").

    6. Good cause exists here. Courts have long recognized that noncitizens are particularly vulnerable to intimidation during legal proceedings. *See Doe v. Noem*, No. 1:25-cv-10495, 2025 WL 990635, at *2 (D. Mass. Apr. 2, 2025) (crediting noncitizen's fears that the government will "retaliate against him in immigration proceedings" for his participation in the case); *cf. Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) (concluding that unwarranted disclosure of immigration status would create "the danger of intimidation . . . and would inhibit plaintiffs in pursuing their rights" (internal quotations omitted)); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (explaining that inquiries into immigration status could cause a "chilling effect" that "unacceptably burdens the public interest"). And Plaintiffs' prospective noncitizen witnesses reasonably believe—based on the government's recent course of conduct, including in high-profile cases, *see supra* ¶ 2—that Defendants could retaliate against them for their testimony. *See* Wang Decl. ¶ 3. Such retaliation would unacceptably taint these proceedings and impair this Court's fact-finding. *See Disability Rts. New Jersey, Inc. v. Velez*, No. 10-cv-3950, 2011 WL 2937355, at *5 (D.N.J. July 19, 2011) (noting that "the plaintiff seeks only

to prohibit acts of retaliation that would interfere with the ability of the court to conduct a thorough and just inquiry into the dispute at hand"); *cf. United States v. Regeneron Pharms., Inc.*, No. 20-cv-11217, 2023 WL 3061505, at *5 (D. Mass. Apr. 21, 2023) (acknowledging concerns that information "will be used for purposes of retaliation and harassment rather than for any legitimate reason"); *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) ("Because courts provide the mechanism for the peaceful resolution of disputes that might otherwise give rise to attempts at self-help, they must be wary of deterring the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means." (cleaned up)).

7. Plaintiffs' proposed order is narrowly drafted to prevent improper retaliation without impeding Defendants from litigating this case. The central provisions of the draft protective order, which is attached as **Exhibit C**, would forbid the government from retaliating against noncitizens identified in these proceedings, *see* Draft Protective Order ¶ 4, or from otherwise using any information elicited in these proceedings in connection with any effort to take an adverse immigration action against such individuals, *see id.* ¶ 3. The order would not, however, interfere with the government's ability to defend against Plaintiffs' claims. *Cf. Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 471 (E.D. Pa. 1997) (limiting the use of a plaintiff's identity to "the prosecution or defense of the claims herein"). Indeed, another court in this district recently entered a similar order, which prohibited the government from using information elicited during the case "for any immigration enforcement purpose," including after the litigation ends. *Doe v. Noem*, No. 25-cv-10495, 2025 WL 990635, at *1 n.1 (D. Mass. Apr. 2, 2025).

For these reasons, the Court should grant Plaintiffs' motion and enter the order attached as **Exhibit C**.

June 4, 2025                                            Respectfully submitted,

 /s/ Jackson Busch
Edwina Clarke (BBO 699702)                   Jackson Busch
David Zimmer (BBO 692715)                    Ramya Krishnan
Zimmer, Citron & Clarke, LLP                 Carrie DeCell
130 Bishop Allen Drive                       Xiangnong Wang
Cambridge, MA 02139                          Talya Nevins
(617) 676-9423                               Scott Wilkens
edwina@zimmercitronclarke.com                Alex Abdo
                                             Jameel Jaffer
Noam Biale                                   Knight First Amendment Institute
Michael Tremonte                               at Columbia University
Sher Tremonte LLP                            475 Riverside Drive, Suite 302
90 Broad Street, 23rd Floor                  New York, NY 10115
New York, New York 10004                     (646) 745-8500
(212) 202-2603                               ramya.krishnan@knightcolumbia.org
mtremonte@shertremonte.com
nbiale@shertremonte.com                      Ahilan T. Arulanantham (SBN 237841)
                                             Professor from Practice
                                             UCLA School of Law
                                             385 Charles E. Young Dr. East
                                             Los Angeles, CA 90095
                                             (310) 825-1029
                                             arulanantham@law.ucla.edu

                                             *Counsel for Plaintiffs*