# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>                Plaintiffs,<br><br>    v.<br><br>MARCO RUBIO, ET AL.,<br><br>                Defendants. | Case No. 1:25-cv-10685 (WGY) |

**[PROPOSED] PROTECTIVE ORDER BARRING RETALIATION AND RESTRICTING DEFENDANTS' USE OF INFORMATION DISCLOSED IN THE COURSE OF LITIGATION**

The Court, on consideration of Plaintiffs' motion and having found that good cause exists for issuance of an appropriately tailored protective order governing the above-captioned action *American Association of University Professors ("AAUP"), et al. v. Marco Rubio, et al.,* Case No. 25-cv-10685-WGY, sets forth the following Order to prevent government retaliation against noncitizens who testify as witnesses or who are otherwise identified in connection with this action, and to restrict Defendants' use of information disclosed in the course of this action.

It is hereby **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, officers, agents, servants, employees, experts and consultants, acting as such, all non-parties providing discovery in this action, other persons who are in active concert or participation with the foregoing, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, on pain of contempt:

**ORDER**

1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and this Court's inherent authority to protect the integrity of the proceedings, the parties shall adhere to the conditions set forth in this Order.

1. **Scope of Order.** The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, testimony, and any other information of any kind produced, exchanged, or elicited in this action, whether before or during trial.

2. **Duty to Inform.** As soon as practicable, but no more than seven days from the issuance of this Order, counsel for Defendants shall explain its terms to all their officers, agents, representatives, and employees in any way connected with the subject matter of this action to ensure their understanding of this Order and the necessity for strict compliance with its terms. Defendants shall make ongoing, diligent efforts to remind such persons and apprise new officers, agents, representatives, and employees in any way connected with the subject matter of this action of their obligations under this Order.

3. **Restrictions on Use of Information Disclosed in Litigation.** Defendants shall not use information disclosed in the course of this action, including information elicited at trial such as the identities and immigration statuses of noncitizens, in connection with any effort to revoke the visa of, arrest, detain, deport, adversely adjust the immigration status of, or deny any other immigration benefit to noncitizens who testify as witnesses or who are otherwise identified in connection with this action. This restriction does not apply to the use of information that both (1) constitutes material evidence of a crime unrelated to the expressive or associational activities that are the subject of this action, *and* (2) is used solely for the purpose of investigating and prosecuting such a crime. If there is any doubt about whether these conditions are satisfied, Defendants must file with this Court a motion seeking clarification and await this Court's resolution of that motion

before proceeding. The parties agree to request that the Court resolve any such motion in a timely fashion.

4. **Prohibition Against Retaliation.** Defendants shall not revoke the visa of, arrest, detain, deport, adversely adjust the immigration status of, deny any other immigration benefit to, or otherwise take any adverse action against noncitizens who testify as witnesses, in retaliation for their participation in this action or for the content of their testimony.

5. **Notice of Actions Posing Heightened Risk**. If Defendants take or intend to take any of the following adverse actions against a noncitizen who testifies or is otherwise identified in connection with this action (1) denial of admission or removal, (2) visa revocation, (3) arrest or detention pending removal, or (4) denial of naturalization or adjustment of status, Defendants shall notify counsel for Plaintiffs, the affected noncitizen, and the affected noncitizen's counsel. Defendants shall provide such notice as soon as practicable, and no later than twenty-four hours before Defendants take the covered action, unless extraordinary circumstances justify a delay. At the same time that they provide that notice, or as soon as practicable afterward, Defendants shall file on this docket a document explaining the basis for their actions, their contention that the actions do not violate this Order, and, if the notice was not provided at least twenty-four hours in advance of the covered action, an explanation of the circumstances necessitating delay. That filing shall identify the independent chain of events leading to the adverse action that does not rely on or derive from information obtained from this lawsuit. Defendants may move for the redaction of any sensitive details in that filing.

6. **Procedure for Challenging Violations.** The parties shall meet and confer regarding any potential violation, after which the objecting party may seek relief from the Court.

4

**7.  Modification.** This Order may be modified by further order of the Court. A party may move, after notice to the other party, for relief from or modification of any of its provisions, or to seek or agree to different or additional protections.

**8.  Retention of Jurisdiction.** The provisions of this Order shall continue to be binding after the conclusion of this action, and the Court will retain jurisdiction to enforce this Order following termination of the action.

SO ORDERED

Dated: _____     _____
         Boston, Massachusetts    THE HONORABLE WILLIAM G. YOUNG
                                  UNITED STATES DISTRICT JUDGE