UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL., <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

### DECLARATION OF SCOTT WILKENS

I, Scott Wilkens, declare as follows:

1. I am a licensed attorney in good standing in the state of New York. I represent Plaintiffs in the above-captioned case and have been admitted *pro hac vice* to this Court.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for a Protective Order to Preclude Discovery that Contradicts Limitations Set by the Court.

3. On May 29, 2025, Defendants produced the administrative record under provisional seal. Later that day, counsel for Plaintiffs informed the government that several of the documents referenced in the administrative record were missing from the record. In particular, the government has not included the various documents that are explicitly cited as attachments to those produced.

4. On May 30, 2025, Defendants provided Plaintiffs with a privilege log for documents withheld from the administrative record. It listed only one document, which Defendants identified as withheld under the law enforcement privilege.

5. On June 3, 2025, the parties held a meet and confer, during which counsel for Defendants confirmed that no documents were being withheld from the administrative record

1

based on the deliberative process privilege. The government still equivocated on whether it would be producing the documents Plaintiffs had identified as missing from the administrative record.

6. On June 4, 2025, Plaintiffs' counsel wrote to Defendants regarding the deliberative process privilege. Plaintiffs' counsel stated that the privilege did not apply in this case and explained why. In light of the upcoming depositions of two government officials and Plaintiffs' intent to ask the witnesses about relevant agency deliberations, Plaintiffs asked Defendants to respond with their position on the applicability of the deliberative process privilege the following day and said that if Defendants did not agree with Plaintiffs' position, Plaintiffs would move to compel in order to obtain a ruling from the Court in advance of the depositions.

7. On June 5, 2025, counsel for Defendants responded, stating that Defendants disagreed with Plaintiffs' position on the deliberative process privilege and would seek a protective order limiting the scope of permissible discovery.

8. Attached hereto as **Exhibit A** is a true and correct copy of the email correspondence referenced above.

9. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

June 9, 2025                                       /s/ Scott Wilkens
New York, New York                          Scott Wilkens

                                                         *Counsel for Plaintiffs*