# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

AMERICAN ASSOCIATION OF )
UNIVERSITY PROFESSORS, ET AL., )        Civil Action No. 1:25-cv-10685-WGY
)
      Plaintiffs, )
)
v. )
)
MARCO RUBIO, in his official capacity )
as Secretary of State, and the )
DEPARTMENT OF STATE, ET AL., )
)
)
      Defendants. )
)

## DEFENDANTS' RESPONSE TO PLAINTIFFS'
## MOTION FOR A PROTECTIVE ORDER

Defendants herein respond to Plaintiffs' motion for a protective order, which raises concerns that Defendants will "retaliate[e]" against "noncitizen who testify as witnesses or are otherwise identified in connection with this action" by "arresting, detaining, or deporting them, denying them reentry into the United States, revoking their visas, adjusting their legal permanent resident status, or denying their pending or future naturalization applications." Pls' Mot. at 1. Defendants will not "retaliate" against any plaintiffs – noncitizen or otherwise – named in the complaint. To the contrary the government recognizes a plaintiff's right to petition this Court for the relief, even where it is later decided he or she does not have standing to do so, or the Court determines that it does not have jurisdiction to hear a matter.

But a plaintiff's participation in a litigation against the government does not, as Plaintiffs would have this Court rule, immunize that plaintiff from the government's normal, lawful exercise of its sovereign function. As discussed below, the conditions set by Plaintiffs are unduly burdensome and would unfairly impede Defendants' ability to defend this case, and any order enjoining the government from initiating removal proceedings would be unenforceable under 8 U.S.C. § 1252(g). The government cannot be deprived of the sovereign prerogative to use lawfully obtained information for a lawful purpose should such purpose arise.

Federal Rule 26(c), allows a Court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order issued under Rule 26(c) may, among other things, "forbid[] inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Under amended Rule 26(b), the scope of permissible discovery is subject to a proportionality requirement." *Tilem v. Travelers Commercial Ins. Co.*, 2018 WL 4963124, at *7 (C.D. Cal. May 2018). Thus, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant

1

to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

Defendants' objection to Plaintiffs' motion is in part based on the fact that the noncitizens whom the motion seeks to protect are currently anonymous to the government and this court. The United States Court of Appeals for the First Circuit Court ("First Circuit") and others "have recognized a strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022) (collecting cases). When a party wishes to proceed under a pseudonym, they must show that they have a "reasonable fear of severe harm that outweighs the public's interest in open litigation." *Id.* at 26 (quoting *Doe v. Megless*, 654 F.3d 404, 409 (2d Cir. 2011).

Here, the needs of the government to have access to the identities of the noncitizen witnesses and noncitizen individuals identified in connection with this case outweighs the need to protect their identities. As this court noted with respect to standing:

> We're going to have to have somebody to establish the standing of each of the associations or entities, um, to the distance that I was willing to accept standing, and nobody's going to testify by pseudonym or anything, it's got to be an actual person. And the sooner they're disclosed, the better off we are, because the defendants, they need to know who that person or persons is.

Dkt. No. 87 (Transcript of Case Management Conference held on May 6, 2025), p.23, ll. 15-22. The identities of the noncitizen witnesses and noncitizen individuals identified in connection with this case are thus essential to establish standing in this case. Moreover, the Defendants need to be aware of the identities of these individuals in order to test their claims and vet their

backgrounds.  *See*, *e.g.*, Fed. R. Evid. 608 and 609(a).  This includes not only the attorneys handling the case, but their client agencies, as information from the Department of Homeland Security, Immigration and Customs Enforcement, and the Department of State will be necessary to fully investigate the claims and allegations of the noncitizen witnesses and noncitizen individuals identified in connection with this case.

Plaintiffs propose that the court should enter a protective order to prevent the government "from otherwise using any information elicited in these proceedings in connection with any effort to take an adverse immigration action against such individuals."  Pl. Mot. at 5.  There are many problems with this request.  First, Plaintiffs' motion asks the court to grant a subset of relief they seek in the case, namely an order barring the government from bringing removal proceedings.  *See* Compl. at 48; Pl. Mot at Ex. C p.2.  This is certainly not an appropriate order for the court to issue before the trial which is being set for that purpose.

Second, any order enjoining the government from bringing removal proceedings would be unenforceable under 8 U.S.C. § 1252(g), which states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  Plaintiffs' protective order would limit the government to only using information obtained in this case if it constitutes "material evidence of a crime unrelated to the expressive or associational activities that are the subject of this action" and it "is used solely for the purpose of investigating a prosecuting such a crime."  Pl. Mot. at Ex. C p.2.  This provision not only expressly limits Defendants from commencing any removal proceedings against the noncitizen witnesses and noncitizen individuals identified in connection with this case (as removal proceedings are not a criminal action), but it prevents Defendants from

commencing removal proceedings against the noncitizen witnesses and noncitizen individuals identified in connection with this case even if information lawfully obtained by the government compels such a response.[1]  Likewise, Plaintiffs request that the court retain jurisdiction to determine the propriety of any commencement of removal proceedings against the noncitizens even after the case is terminated.  Pl. Mot at Ex. c p.2-3.  This cannot be squared with the statute.  Rather, any challenge to the government's decision to commence removal proceedings must be made in the context of removal proceedings before an immigration court, not before this court in these proceedings.  *See* 8 U.S.C. § 1252(g); *see also* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with the appropriate court of appeals . . . shall be the sole and exclusive means for judicial review or an order of removal").

Plaintiffs also provide no case law that supports their request for this broad and burdensome protective order.  *See* Pl. Mot. at 3-5.  The cases they cite in support of their arguments are inapposite, as none of them address the central question here:  Whether this court can prevent the government from commencing removal proceedings against noncitizens.  Some of the cases cited by Plaintiffs involve protective orders intended to prevent retaliation against prisoner witnesses by prison authorities, *see Ben David v. Travisono*, 495 F.2d 562 (1st Cir. 1974); *Thorpe v. Va. Dep't of Corr.*, No. 2:20-cv-007, 2025 WL 1293366 (W.D. Va. May 5, 2025); *Goninanv. Wash. Dep't of Corr.*, No. 3:17-cv-05714, 2018 WL 4630205 (W.D. Wash. Sept. 26, 2018), or to prevent retaliation against witnesses by private parties, *see Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) *Rissman, Hendricks & Oliverio, LLP*, 2011 WL 5025206 (D. Mass. Oct. 20, 2011); *Zeng Liu v. Donna Karan Intern., Inc.* 207 F.Supp.2d 191

---

[1] For instance, there are grounds for revoking lawful permanent resident status that do not require the noncitizen to have committed a crime or have been prosecuted, such as abandonment of that status. *See, e.g.*, 8 U.S.C. § 1101(a)(13)(C)(ii); 8 C.F.R. § 211.1(a)(2).

(S.D.N.Y. June 11, 2002), rather than addressing the government's ability to commence removal proceedings.

Plaintiffs' additional cases fair no better.  In *Doe v. Noem*, seventeen pseudonymous plaintiffs brought an action against the federal government.  2025 WL 990635 (D. Mass. Apr. 2, 2025).  The plaintiffs eventually revealed the identity of sixteen of these individuals but refused to divulge the final pseudonymous Plaintiff.  *Id.* at *1.  The court determined that the failure to disclose the identity of the final individual did not prejudice the government's ability to defend itself against the two pending motions for preliminary injunctions then pending.  *Id.* at *3.  This case is easily distinguished:  Plaintiffs here have not revealed the identities of any of their noncitizen witnesses much less individuals their noncitizen witnesses may identify, and Defendants request this information not at a preliminary stage of proceedings, but in preparation for trial.

Contrary to Plaintiffs' contention, the few district courts who have considered whether protective orders may be issued to prevent future government action have rejected such prophylactic measures as speculative and premature.   For example, in *Matter of Energetic Tank, Inc.*, the petitioner sought a protective order because he claimed, "the Government could chill testimony by threatening to wield the *Touhy* regulations [as well as Uniform Code of Military Justice statutes and ethics statutes] against [a witness] *after* he has testified."  567 F. Supp. 3d 453, 457 (S.D.N.Y. 2021).  The district court rejected this approach because "Petitioner's concerns for [the witness] are too speculative to warrant a protective order. . . .  [T]he mere fact that a law *could* apply to a witness does not necessarily imply a threat sufficient to warrant a protective order. Without some indication of impending Government retaliation, issuing an order protecting the witness from criminal or civil liability for his testimony is "not an issue ripe for

decision" when that witness has not even testified yet. *Id.* (quoting *Conrad v. United Instruments, Inc.*, 988 F. Supp. 1223, 1225 (W.D. Wis. 1997)).  As another district court reasoned when declining to issue such a protective order, "[w]hether [the witness] will be criminally or civilly liable for the testimony he gives in this matter, should he decide to testify, is not an issue ripe for decision. It rests upon too many contingencies."  *Conrad*, *id.; see also United States v. Williams*, No. 2:13-cr-21, 2016 WL 2937466, at *3 (N.D. Ga. Apr. 1, 2016).

Finally, although the government will not "retaliate" against any of the noncitizen witnesses and noncitizen individuals identified in connection with this case based on their participation in this case, barring the government from using information obtained during these proceedings would interfere with the government's sovereign prerogative to use lawfully obtained information for a lawful purpose should such a purpose arise.  Should the government uncover derogatory information regarding any of the noncitizen witnesses and noncitizen individuals identified in connection with this case establishing that they are inadmissible notwithstanding their status in the United States, it must have the authority to act on that information.  *See, e.g., Carlson v. Landon*, 342 U.S. 534, 534 (1952).

Defendants acknowledge the desire of the noncitizen witnesses and noncitizen individuals identified in connection with this case to be free of potential retribution due to their participation in this case.  Defendants have no plan to take any such action.  However, the government must be both able to (1) collect information to mount a defense to plaintiffs' allegations, and (2) exercise its responsibilities mandated by statute without unlawful interference.  Plaintiffs' motion for a protective order is overly broad, unduly burdensome, speculative, and improperly interferes with the government's sovereign prerogative to conduct lawful immigration actions.  The court should deny Plaintiffs' motion.

.

Respectfully Submitted,

YAAKOV M. ROTH                          WILLIAM KANELLIS
*Acting Assistant Attorney General*

DREW C. ENSIGN                          *Ethan B. Kanter*
*Deputy Assistant Attorney General*     ETHAN B. KANTER
                                        *Chief, National Security Unit*
LEAH B. FOLEY                           *Office of Immigration Litigation*
*United States Attorney*                *P.O. Box 878, Ben Franklin Station*
                                        *Washington, D.C. 20001*
SHAWNA YEN
*Assistant United States Attorney*
*District of Massachusetts*

                                        *Counsel for Defendants*

*Dated: June 9, 2025*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing.


*Date: June 9, 2025*                                         By: *Ethan B. Kanter*_____
                                                             ETHAN B. KANTER
                                                             *Chief, National Security Unit*
                                                             *Office of Immigration Litigation*
                                                             *P.O. Box 878, Ben Franklin Station*
                                                             *Washington, D.C. 20001*