### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., | |
| Plaintiffs, | Case No. 1:25-cv-10685 (WGY) |
| v. | |
| MARCO RUBIO, ET AL., | |
| Defendants. | |

### PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER FOR THE PRODUCTION OF DOCUMENTS AND EXCHANGE OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs move for entry of a Protective Order for the Production of Documents and Exchange of Confidential Information, which is attached hereto as Exhibit A. The parties have reached agreement as to all but three provisions. Plaintiffs address the need for each of these disputed provisions below. Defendants' counsel has indicated that Defendants intend to file an opposition setting forth their position on each of the provisions.

Plaintiffs provided Defendants with a draft of the protective order on May 10, 2025, and the parties eventually agreed on all provisions except: (1) Paragraph 7, which imposes a requirement that the parties log the names of persons who have been given access to certain personally identifiable information ("PII"), and (2) a single sentence of Paragraph 3, which limits the use of discovery information outside of this litigation. These provisions will help protect noncitizen witnesses from possible retaliation by the government. Yesterday, Defendants informed Plaintiffs that they now disagree with (3) Paragraph 6(h), which is necessary to protect the PII of

the targeted individuals, and which four of the five targeted individuals have requested before providing Privacy Act waivers in this case. The parties' disputes regarding each of these three provisions are discussed below.

Rule 26(c) permits the district court to grant a protective order in the discovery context for "good cause" shown. The district court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984), and "great deference is shown to the district judge in framing and administering such orders." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993). The "good cause" standard is "a flexible one that requires an individualized balancing of the many interests that may be present in a particular case," and "relevant factors to be balanced" include "considerations of the public interest, the need for confidentiality, and privacy interests." *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005). A protective order is particularly important in this case for both parties: for Plaintiffs, it is essential that information regarding its noncitizen witnesses be used by Defendants solely for the purpose of defending this litigation, so as to safeguard these witnesses' ability to participate in the proceedings without fear of government retribution. For Defendants, there will undoubtedly be sensitive documents that are relevant to this litigation but for which they wish to maintain confidentiality. The proposed protective order will provide the appropriate degree of protection for both parties.

**Paragraph 7:**

Defendants object to Paragraph 7 in its entirety. That provision, titled "Recordkeeping for Individuals Who Have Been Granted Access to Confidential Information," provides as follows:

> Counsel for each party shall record in a log the name and title of each person, other than counsel of record and their support staff, who is given access to any Confidential Information produced by the other party, as well as the date that access is granted. Counsel shall preserve these logs indefinitely.

2

The purpose of this provision is to ensure that the confidential information at issue is not shared with anyone other than those persons who need access to it, and to make sure that there is a record available to document any mishandling. The provision is necessary because of the risk that the government will use information about Plantiffs' noncitizen witnesses (and any other noncitizens whose information is disclosed in discovery) for enforcement purposes rather than solely for defending this action.

As Plaintiffs noted in their earlier motion for a protective order to prevent retaliation against Plaintiffs' noncitizen witnesses, multiple federal courts have now concluded that government officials (including Defendants) have taken adverse immigration action against noncitizens in retaliation for speech that the government disfavors. *See Ozturk v. Trump*, No. 2:25-cv-374, 2025 WL 1420540, at *6 (D. Vt. May 16, 2025) (holding that Ozturk "has presented, at the very least, a substantial claim of a First Amendment violation" because the government failed to "rebut [her] evidence showing that her op-ed is the but-for cause of her detention"); *Mahdawi v. Trump*, No. 2:25-cv-389, 2025 WL 1243135, at *10 (D. Vt. Apr. 30, 2025) (holding that the evidence presented was sufficient to "rais[e] a 'substantial claim' of First Amendment retaliation"); *Ercelik v. Hyde*, No. 1:25-cv-11007, 2025 WL 1361543, at *13 (D. Mass. May 8, 2025) (holding that "Petitioner has a high likelihood of success on the merits of his First Amendment [retaliation] claim"); *Mohammed H. v. Trump*, No. 25-1576, 2025 WL 1334847, at *7 (D. Minn. May 5, 2025) (holding that the government failed to "rebut[] Petitioner's claims of viewpoint-based targeting and retaliation"). In response to Plaintiffs' prior motion, this Court ordered, "No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status." ECF No. 124. The record-keeping requirement of Paragraph 7 would ensure Defendants' compliance with this order by requiring the parties to maintain logs that the Court

could later review to determine whether the government took any adverse action against a noncitizen "by reason" of their participation in this case.

Defendants' only objection to this provision is that compliance would be too onerous. Defendants have not provided any further information regarding the supposed burden, and that does not undermine Plaintiffs' showing of good cause. This provision is necessary to protect confidentiality and privacy, and to document any potential retaliation. Preventing government retaliation for First Amendment protected activity is also in the public interest. Furthermore, it is not uncommon for a protective order to require parties to keep logs of each person to whom the party provides access to sensitive information. Indeed, in another case currently pending in this District, the same defendants *agreed* to a stipulated protective order that contains a similar logging requirement. *See Doe v. Noem*, No. 1:25-cv-10495 (D. Mass.), ECF No. 57. Their refusal to do so here is unjustified.

**Paragraph 3:**

Defendants also disagree with the italicised portion of the final sentence of Paragraph 3:

Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation, *so long as such information was not derived from, obtained based on, or obtained in reliance on information disclosed in this case.*

The purpose of this provision, too, is to provide noncitizens with protection against possible government retaliation. Plaintiffs' concern is that Defendants could use information obtained in this litigation, such as the social media handles they've requested in discovery, to gain access to additional information outside this litigation that Defendants could use to retaliate. Although Defendants claim that the italicized passage above is "too broad," they have not explained to Plaintiffs why that is so, and they have not offered any counter-proposal that would address

4

Plaintiffs' concerns while accommodating their own. Defendants' bare assertion of burden cannot undermine Plaintiffs' showing of good cause.

**Paragraph 6(h):**

Finally, Defendants disagree with Paragraph 6(h), a materially similar version of which they had previously approved. That provision provides as follows:

> **6. Access to Confidential Material.** Only the following persons shall have access to or retain material designated as Confidential pursuant to this Order: . . .
>
> **(h)** individuals (and their counsel) whose personally identifying information is contained within materials that the Parties have filed or intend to file in this action, limited to confidential information regarding their own personally identifying information, and excluding access to other confidential information unrelated to their personally identifying information since they are not parties to this suit, unless agreed upon by both parties to access such additional information;

The purpose of this provision is to allow the five targeted noncitizens and their counsel to review any personally identifying information about themselves before that information is filed. Defendants have stated in opposition that it is their practice to redact any PII prior to filing. But Plaintiffs may wish to propose additional redactions that Defendants overlook and would benefit from input from the individuals whose PII is actually at issue in the document. The provision thus contemplates a commonsense procedure whereby the individuals with the privacy interest in the PII would be permitted to propose redactions, which Plaintffs would then request first of Defendants and then, if there is disagreement, of the Court. Notably, this provision does not allow Plaintiffs to share anything beyond the PII with the five targeted noncitizens, so Defendants would not be prejudiced in any way by this provision.

*Crucially*, four of the five targeted individuals have requested a provision of this sort—allowing them to review their own PII prior to filing—before providing Privacy Act waivers in this case. Those waivers would overcome any Privacy Act objection that Defendants have

suggested they would make to discovery pertaining to the targeted individuals, *see* 5 U.S.C. § 552a(b), and Paragraph 6(h) of the protective order—to which Defendants had previously agreed—would provide a commonsense accommodation of the targeted individual's interest in protecting their own PII from needless disclosure.[1]

Accordingly, the Court should enter the proposed protective order with the foregoing provisions.

June 11, 2025                           Respectfully submitted,

                                        /s/ Scott Wilkens
                                        _____
Edwina Clarke (BBO 699702)              Scott Wilkens
David Zimmer (BBO 692715)               Ramya Krishnan
Zimmer, Citron & Clarke, LLP            Carrie DeCell
130 Bishop Allen Drive                  Xiangnong Wang
Cambridge, MA 02139                     Talya Nevins
(617) 676-9423                          Jackson Busch
edwina@zimmercitronclarke.com           Alex Abdo
                                        Jameel Jaffer
Noam Biale                              Knight First Amendment Institute
Michael Tremonte                          at Columbia University
Courtney Gans                           475 Riverside Drive, Suite 302
Sher Tremonte LLP                       New York, NY 10115
90 Broad Street, 23rd Floor             (646) 745-8500
New York, New York 10004                scott.wilkens@knightcolumbia.org
(212) 202-2603
mtremonte@shertremonte.com              Ahilan T. Arulanantham (SBN 237841)
nbiale@shertremonte.com                 Professor from Practice
                                        UCLA School of Law
                                        385 Charles E. Young Dr. East
                                        Los Angeles, CA 90095
                                        (310) 825-1029
                                        arulanantham@law.ucla.edu

                                        *Counsel for Plaintiffs*

---

[1] Even without signed waivers, the Privacy Act permits disclosure "pursuant to the order of a court," 5 U.S.C. § 552a(b)(12), which this Court has entered. *See, e.g.*, ECF No. 125. Proceeding with the targeted individuals' consent is preferable, however, because it would ensure that any disclosures of PII fully respect those individuals' privacy interests.

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that on June 11, 2025, I electronically filed the foregoing

motion in the United States District Court for the District of Massachusetts using the CM/ECF

system. I certify that all participants in the case are registered CM/ECF users and that service will

be accomplished by the CM/ECF system.

Dated: June 11, 2025

/s/ Scott Wilkens

Scott Wilkens