UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>                      Plaintiffs,<br><br>    v.<br><br>MARCO RUBIO, ET AL.,<br><br>                      Defendants. | Case No. 1:25-cv-10685 (WGY)<br><br>Leave to file granted on<br>June 11, 2025 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER BARRING RETALIATION AND RESTRICTING DEFENDANTS' USE OF INFORMATION DISCLOSED IN THE COURSE OF LITIGATION**

      Defendants "acknowledge" noncitizen witnesses' fear of retaliation and promise that they "have no plan to take any such action," Defs. Opp. at 6, yet oppose the relief that would make that promise real. They assert that the terms of the proposed order are "overly broad" and "unduly burdensome," *id.*, but refused to negotiate over those terms, Biale Decl. ¶¶ 3–5. Instead, they misread the relief Plaintiffs seek, invoke a jurisdictional provision that this Court already found inapplicable, and discount the effect of witnesses' reasonable fears on this Court's factfinding. The Court should reject these arguments and grant Plaintiffs' motion.

      To start, much of Defendants' opposition argues against a motion Plaintiffs never filed. Plaintiffs do not seek pseudonymity for their witnesses during discovery or trial. They plan to disclose the identities of their witnesses after (1) this Court rules on this motion, and (2) the parties reach agreement on (and this Court enters) a stipulated protective order governing pre-trial discovery. For this reason, Defendants' attempt to distinguish *Doe v. Noem* misses the mark. No. 1:25-cv-10495, 2025 WL 990635 (D. Mass. Apr. 2, 2025). Plaintiffs cite that case not for its

discussion of pseudonymity, but rather for the protective order that the court entered. That order, like the proposed order here, restricted the government from using information about the plaintiffs (including their names) "for any immigration enforcement purpose." *Id.* at *1 n.1.

Defendants' reliance on § 1252(g) is similarly misguided. This Court has already held that the provision does not bar Plaintiffs' claims in this case, and much of that analysis applies equally to the proposed order. *Am. Ass'n of Univ. Professors v. Rubio*, No. 25-cv-10685, 2025 WL 1235084, at *12–13 (D. Mass. Apr. 29, 2025). First, because § 1252(g) bars review only over three discrete sets of decisions—"the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g)—the order prohibits many forms of retaliation that are undeniably outside the scope of the statute. *See, e.g.*, Draft Protective Order ¶ 4 (forbidding Defendants from "arrest[ing]" or "detain[ing]" witnesses in retaliation for their testimony). Second, even with respect to a retaliatory removal, the witness's prospective claim would "aris[e] from" the government's noncompliance with the proposed order, not from the covered action itself. 8 U.S.C. § 1252(g). Congress did not enact § 1252(g) to bar courts from ensuring the integrity of their own proceedings, as the statute's use of "arising from" makes clear. Finally, even if § 1252(g) fully applied, the Court could still redress witness retaliation in violation of a court order because such retaliation would fall within *Reno v. AADC*'s exception for "outrageous" conduct. 525 U.S. 471, 491 (1999).[1]

---

[1] Defendants also fail to explain how § 1252(g) would bar the protective order's information-use or notice provisions, which do not constrain them from commencing removal proceedings, adjudicating cases, or executing removal orders in any way. Draft Protective Order ¶¶ 3, 5; *cf.* Order, *Chung v. Trump*, No. 25-cv-2412 (S.D.N.Y.), ECF No. 57 (ordering the government to provide 72 hours' "advance notice to the Court and counsel" should the government seek to detain Chung on "any [other] asserted basis" "in order to enable [Chung] an opportunity to be heard regarding whether any such asserted basis for detention constitutes a pretext for First Amendment retaliation").

One last note: Plaintiffs have no trouble conceding that their request is unusual, but so are the risks to Plaintiffs' witnesses. Even six months ago, the retaliatory arrest, detention, and threatened deportation of noncitizen students for core political speech would have been unthinkable. Now, it is routine. *See* Pls. Mot. at 2 (collecting cases). That is why "nearly all" of Plaintiffs' prospective noncitizen witnesses have conveyed deep concern that merely providing truthful testimony in aid of this Court's factfinding will put them in the government's crosshairs. Wang Decl. ¶ 3. Defendants disclaim any present intent to retaliate against Plaintiffs' witnesses, but in highlighting their "sovereign prerogative to use lawfully obtained information for a lawful purpose"—including to establish that "noncitizen witnesses and noncitizen individuals identified in connection with th[e] case" are "inadmissible notwithstanding their status"—they leave open the possibility that they will take information learned in discovery and at trial and target Plaintiffs' witnesses just as they've targeted other noncitizens for disfavored speech. Defs. Opp. at 6. Any limited burden on Defendants is more than outweighed by the danger that "the court's fact-finding may be materially impaired," *Ben David v. Travisono*, 495 F.2d 562, 564 (1st Cir. 1974), by retaliation that Defendants themselves concede would be improper, Defs. Opp. at 1 ("To the contrary the government recognizes a plaintiff's right to petition this Court for . . . relief."), but refuse to disavow. The Court should grant Plaintiffs' motion.

June 11, 2025                                              Respectfully submitted,

                                                                                     /s/ Jackson Busch

Edwina Clarke (BBO 699702)                    Jackson Busch
David Zimmer (BBO 692715)                     Ramya Krishnan
Zimmer, Citron & Clarke, LLP                  Carrie DeCell
130 Bishop Allen Drive                        Xiangnong Wang
Cambridge, MA 02139                           Talya Nevins
(617) 676-9423                                Scott Wilkens
edwina@zimmercitronclarke.com                 Alex Abdo
                                                                                     Jameel Jaffer

Noam Biale

Michael Tremonte
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jackson.busch@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

     I, the undersigned counsel, certify that on June 11, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 11, 2025

/s/ Jackson Busch
Jackson Busch