**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERICAN ASSOCIATIONS OF UNIVERSTIY PROFESSORS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> *Defendants.* | No. 1:25-cv-10685-WGY |

**RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER FOR THE PRODUCTION OF DOCUMENTS AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiffs have requested that the Court enter a Protective Order for the Production of Documents and Exchange of Confidential Information ("General Protective Order"), containing two provisions which are unnecessary and would impose undue burdens on the Government's ability to efficiently litigate this case and safeguard sensitive information.  Dkt. 128.  The Government therefore objects to inclusion of these provisions, discussed in further detail below, in the General Protective Order to be entered by the Court.

The Government agrees with the need to protect all confidential information that is exchanged in discovery or filed in this case.  Government counsel have worked with Plaintiffs' counsel in good faith to reach terms agreeable to all parties, and the parties have come to a near consensus. The outstanding provisions, or partial provisions, on which the parties have failed to reach agreement are:

(1)     Plaintiffs' proposal in paragraph 3 to restrict the use of information obtained outside of this litigation if such information was "derived from, obtained based on, or obtained in reliance

1

on information disclosed in this case;"

(2)    Plaintiffs' proposal in paragraph 6(h) to require that any document containing personally identifiable information ("PII") that a party intends to file with the Court first be made available for inspection by the individual to whom that PII belongs, including non-parties to this litigation; and

(3)    Plaintiffs' proposal in paragraph 7 that the parties log the name and title of each person, other than counsel of record and their support staff, who is given access to any Designated Information produced by the other party, and the date that access is granted.

Regarding proposed **Paragraph 3** of the General Protective Order, the Government no longer objects to Plaintiffs' addition of the following clause:  "so long as such information was not derived from, obtained based on, or obtained in reliance on information disclosed in this case." And that clause is contained in Defendants' proposed order found at Exhibit A.

Regarding **Paragraph 6(h)**, Plaintiffs assert a need for "individuals with privacy interest in the PII" to be able to review any documents containing their PII prior to filing to ensure their information is sufficiently redacted.  Dkt. 128 at 5.  The problem is the proposal allows individuals to view documents filed under seal or in camera.  Under this proposal, Plaintiffs aver that these individuals would be able to review their PII only, and nothing else in the document.  *Id.*  To the extent that the Government submits any filings containing PII on the Court's public docket, the Government has no objection to allowing inspection by the individual to whom the PII pertains and ensuring that all necessary redactions for PII are applied.  But, the same need does not apply to sealed or in camera filings, which are highly sensitive by their nature and necessarily protected from public disclosure.  Indeed, in the case of in camera, ex parte filings, the documents are even protected from access by counsel for the non-filing party.

Plaintiffs have shown no need for why non-parties to this case should be granted access to

even portions of documents filed under seal or in camera, which potentially contain sensitive national security, law enforcement or deliberative information, and which are likely privileged.  To the extent that Plaintiffs are concerned about the need for obtaining privacy waivers from specific non-party individuals in order to receive discovery relating to those individuals, the Privacy Act of 1974 permits disclosure of protected information "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. 552a(b)(11).  It is the understanding of undersigned counsel that disclosure in this litigation of any immigration records pertaining to specific individuals pursuant to the Court's June 2 ruling ordering discovery would fall under that exception.  Plaintiffs' concerns about obtaining privacy waivers from individual non-parties therefore does not justify the inclusion of Paragraph 6(h) in the General Protective Order.  Finally, persons should not be permitted to use a refusal to sign a privacy waiver to obtain access to portions of non-public, potentially privileged documents and documents filed in camera.

As for **Paragraph 7**, Plaintiffs' proposal that the parties maintain a log of individuals, other than counsel of record and their staff, who are granted access to any Designated Information is unworkable.  Plaintiffs' lawsuit encompasses two agencies with myriad employees who are assigned, at varying times, to handle different aspects of this case – all of whom will be subject to the General Protective Order ultimately entered by the Court.  It would be unduly burdensome to require Government counsel, less than one month before trial, to track the distribution through each agency of every document designated as Confidential by Plaintiffs.  It would also hinder Government counsel's ability to effectively and efficiently communicate with their clients.  The Government has maintained that it will not retaliate against any witnesses who testify in this case, *see* Dkt. # 119 at 1 (Response to Motion for Protective Order Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation), and the Court has also entered an Order that "No noncitizen providing evidence shall, by reason thereof, suffer any

adjustment in their immigration status." Dkt. # 124.  Any concerns on Plaintiffs' part of retaliation should therefore be alleviated.  Finally, Plaintiffs misrepresent the protective order in *Doe v. Noem*, No. 1:25-cv-10495 (D. Mass.), ECF No. 57.  The protective order there permits confidential information to be shared with employees or agents of the parties *without* a recording requirement. (Exhibit B, ¶ 3(c)).  The only persons who need to execute an agreement and for whom counsel must record and log access to confidential information are "outside independent persons," *id.* ¶ 5 (Exhibit B) (presumably referencing ¶ 2(c) in error and intending to reference ¶ 3(c)), which is something the Government does not oppose and indeed had initially proposed to include in Paragraph 7.  So, in that case the recordkeeping requirement was not onerous because there was a limited number of persons required to be logged, and it did not interfere with counsels' ability to confer with their agency clients.  Such is not the case with Plaintiffs' proposal here.

 For all of these reasons, the Government requests that the Court enter the General Protective Order without Plaintiffs' proposed Paragraphs 6(h) and 7.  *See* Exhibit A.

Respectfully Submitted,

BRETT A. SCHUMATE
Assistant Attorney General

DREW C. ENSIGN
*Deputy Assistant Attorney General*

LEAH B. FOLEY
*United States Attorney*

SHAWNA YEN
*Assistant United States Attorney*
*District of Massachusetts*


Dated: June 11, 2025

WILLIAM KANELLIS

*Ethan B. Kanter*
ETHAN B. KANTER
*Chief, National Security Unit*
*Office of Immigration Litigation*
*Civil Division, U.S. Department of Justice*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20001*

PAUL F. STONE
*Deputy Chief, National Security Unit*
*Office of Immigration Litigation*


*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 11, 2025

By: *Ethan B. Kanter*
ETHAN B. KANTER
*Chief, National Security Unit*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20001*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                    Plaintiffs,

      v.

MARCO RUBIO, ET AL.

                  Defendants.

Case No. 1:25-cv-10685 (WGY)

**[PROPOSED] PROTECTIVE ORDER FOR THE PRODUCTION OF DOCUMENTS**
**AND EXCHANGE OF CONFIDENTIAL INFORMATION**

The Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the above-captioned action *American Association of University Professors ("AAUP"), et al. v. Marco Rubio, et al.,* Case No. 25-cv-10685-WGY ("Litigation" or "Action"), which may involve discovery of documents, information and tangible things, that Plaintiffs or Defendants (collectively, the "Parties") may reasonably believe in good faith to be protected from disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure, sets forth the following Order to facilitate the discovery process by protecting against the unauthorized disclosure of confidential information and the potential injury caused by such disclosure.

The Parties, by and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown, it is hereby **ORDERED** that any person subject to this Order—including without limitation the Parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all non-parties ("Third Parties" or "Third Party" singular), providing discovery in this action, and all other interested persons with

1

actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

## **ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court in this Action shall be provided subject to the conditions set forth in this Order.

1. **Scope of Order.**[1]  The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, and any other information of any kind produced or voluntarily exchanged in this Action by any Party or Third Party; all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, and deposition testimony and exhibits, however recorded, and any other written, recorded, or graphic matters (collectively "Discovery Material").  The protections conferred by this Order cover not only those portions of any documents containing Confidential Information (as defined below), but also (a) any information copied or extracted from those portions of any documents containing Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by the parties or their counsel that might reveal Confidential Information.  However, the protections conferred by this Order do not cover information that is properly in the public domain or becomes part of the public domain through trial or otherwise, except as limited by other agreement of the parties or order of the Court in this action.

---

[1]    The headings herein are provided only for convenience and are not intended to define or limit the scope of the express terms of this Stipulation.

**2. Designation of Discovery Material as Confidential Material.**    The       party producing Discovery Material (the "Producing Party") may designate as Confidential Material any portion thereof that contains any information that the Producing Party, in good faith, believes should be protected from disclosure by the receiving party (the "Receiving Party"), including but not limited to the following categories of information:

    **a.**  An individual's social security number, personal identification numbers, tax identification number, alien registration number ("A number"), passport numbers, driver license numbers, and any similar identifiers assigned to the individual by the federal government, a state or local government of the United States, or the government of any other country;

    **b.**  Birth dates;

    **c.**  Any information, document, or tangible thing that is or reveals (i) a trade secret or other confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), or (ii) non-public proprietary information purchased or obtained from a private entity;

    **d.**  Photographs of any person;

    **e.**  Names of any individuals known to be under 18 years of age;

    **f.**  Addresses and telephone numbers;

    **g.**  Information, documents or tangible things that the Court may order produced, but which are protected by federal privacy laws and regulations, including, but not limited to, the Privacy Act, 5 U.S.C. § 552a, *et seq.* and other laws or regulations that may prevent disclosure of specific information related to noncitizens, including but not limited to:    8 U.S.C. §§ 1160(b)(5), (6); 1186A(c)(4), 1202(f), 1254a(c)(6),

3

1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. §7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or sanctions in the event of unauthorized disclosure;

**h.**  Any sensitive, but unclassified, information or documents, to include "Limited Official Use" or "For Official Use Only" information;

**i.**  Information, documents or tangible things, which may include, among other things, records regarding federal law enforcement activities and operations, guidelines for law enforcement operations, law enforcement training materials, and internal law enforcement investigations.

**j.**  Any information compiled for law enforcement purposes, including but not limited to, investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security.

**k.**  Any information, documents, or tangible things filed under seal or otherwise protected from public docketing (such as under Fed. R. Civ. P. 5.2(c) and D. Mass. General Order 19 02, "Standing Procedural Order Re: Public Access to Immigration Cases Restricted By Federal Rules of Civil Procedure 5.2(C)" (June 1, 2019)) in other litigation;

**l.**  Bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account;

**m.**  Medical information, such as medical records, and information, documents, or tangible things revealing medical treatment and diagnoses;

**n.** Any other personally identifiable information protected under Federal Rule of Civil Procedure 5.2 and Local Civil Rule 83.6.11;

**o.** Information, documents or tangible things, which may include, among other things, Department of State and Department of Homeland Security documents regarding national security vetting which may include sensitive information related to national security and law enforcement investigations and practices; and information or records pertaining to the issuance, refusal, or revocation of visas protected under 8 U.S.C. § 1202(f).

**p.** All other documents, information or tangible things not identified above that any Party to this action contends in good faith contain confidential information, as well as copies or summaries of such information or materials that otherwise reveal the contents of such information, that the Party would not ordinarily disclose and which should be protected from disclosure under Federal Rule of Civil Procedure 26(c).

The Producing Party must give notice of material that is Confidential in the manner set forth in paragraph 5 below. Further, a Party may designate material obtained from a Third Party pursuant to this Order (the "Designating Party"), if it believes in good faith that it qualifies as Confidential under this Order.

**3. Access to and Use of Confidential Information.** The duty of the Party or Parties receiving the Confidential Material) and of all other persons bound by this Order to maintain the confidentiality of the Protected Material so designated shall commence upon receipt of the Protected Material. No person subject to this Protective Order may disclose, in public or private, any Protected Material so-designated by a Party as Confidential, except as provided for in this Order or as further provided by the Court. Use of any information or documents subject to this

Protective Order, including all information derived therefrom, shall be restricted to use in this litigation and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this litigation or in any other proceeding between the parties or involving either of the parties. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation, so long as such information was not derived from, obtained based on, or obtained in reliance on information disclosed in this case.

     **4. Method of Designation:** Protected Material shall be so designated, whenever possible, either by stamping or otherwise clearly marking as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." In the case of material contained in or on media other than paper, the Producing Party shall affix a label to the material or use its best efforts to identify the material as Confidential Material. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information, "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." With respect to testamentary evidence, whether testimonial or in the form of an Exhibit used in a testamentary proceeding, such evidence may be designated as Confidential either by a statement on the record of the deposition or in writing within ten (10) business days of receipt of the transcript. Transcripts of testamentary evidence and exhibits attached thereto shall be treated as Confidential Information in their entirety until the expiration of the above-referenced 30-day period for designation, except that, during the 10-day period, the individual offering testamentary evidence (and his or her counsel, if any) may review the transcript of such proceeding and exhibits attached thereto, provided the individual signs the "Acknowledgement and Agreement to be Bound" (Exhibit A).

**5. Treatment of Notes on Designated Material:** To the extent notes are made that memorialize, in whole or in part, the Protected Material, or to the extent copies are made for any use authorized under this Order, such notes, copies, or reproductions shall become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**6. Access to Confidential Material.** Only the following persons shall have access to or retain material designated as Confidential pursuant to this Order:

    **a.** the Court and its staff;

    **b.** Defendants, Defendants' employees to whom disclosure is reasonably necessary for this litigation, Defendants' counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know.

    **c.** Plaintiffs, Plaintiffs' employees to whom disclosure is reasonably necessary for this litigation, Plaintiffs' counsel of record in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know.

    **d.** counsel retained specifically for this Action, and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action and are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    **e.** experts and consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein (and the experts' or consultants' staff whose duties and responsibilities require access to

7

such materials), and who have been advised by counsel of their obligations hereunder and have first executed the "Acknowledgement and Agreement to be Bound (Exhibit A);

**f.**  a witness who counsel for a Party in good faith believes may be called to testify at a deposition or trial in this Action, provided such person has first executed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

**g.**  stenographers, videographers, and translators engaged to transcribe, record and translate depositions conducted in this Action who have been advised by counsel of their obligations hereunder and have first executed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

**h.**  individuals (and their counsel) whose personally identifying information is contained within materials that the Parties have filed or intend to file on the public docket in this action, limited to confidential information regarding their own personally identifying information, and excluding access to other confidential information unrelated to their personally identifying information since they are not parties to this suit, unless agreed upon by both parties to access such additional information; and,

**i.**  any other person agreed to in writing by the Parties.

~~**7.  Recordkeeping for Individuals Who Have Been Granted Access to Designated Information:** Counsel for each party shall record in a log the name and title of each person, other than counsel of record and their support staff, expert, consultant, and prospective witness who is given access to any Designated Information produced by the other party pursuant to Paragraph 5(e) and Paragraph 5(f) above, as well as the date that access is granted, and the reason for granting access.  Counsel shall exchange~~ preserve ~~these logs~~ indefinitely ~~at the final pretrial conference and~~

monthly thereafter until the determination of any appeal in this matter or until the time for appeal has run.

**8.7.    Procedure for Challenging Designations.**  The Parties shall meet and confer regarding any dispute over designations, after which the objecting party may seek de-designation by the Court. The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by an order of this Court or by agreement of the Parties.  The Producing Party may authorize, in writing, disclosure of Protected Material produced by the Producing Party beyond that is otherwise permitted by this Order without further Order of this Court.

**9.8.    Filing Protected Materials in this Action.**  Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with the designating party (where practical, at least seven days prior to the intended filing date ) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 83.6.11(b) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**10.9.    Inadvertent Disclosure of Protected Materials.**  If, upon promptly discovering that Confidential Information was inadvertently produced prior to the trial of this Action, a Producing Party realizes that some portion of Discovery Material that was previously produced without limitation should be designated as Confidential the Producing Party may so designate that portion promptly by notifying all parties in writing.  Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  In addition, the

Producing Party shall provide each Party with replacement versions of such Discovery Material that bears the Confidential designation within five (5) business days of providing such notice.

11.10.  **Limitations on the Use of Protected Materials.**  A receiving party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for pursuing, defending, or attempting to settle this litigation.  It shall not be disseminated outside the confines of this case, nor shall it be included in any pleading, record, or document that is not filed under seal with the Court or redacted in accordance with applicable law.  Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Parties shall access the Protected Material for the sole purpose of preparing for trial and any appellate proceedings in this Action and for no other purpose. However, nothing in this Order shall be construed as limiting a producing party's right to use and share information that the producing party has designated as confidential for any lawful purpose.

12.11.  **Subpoenas in Other Actions.** In the event a Receiving Party having possession, custody, or control of any Protected Material produced in this Action and designated as confidential under this protective order receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the Producing Party and shall furnish those attorneys with a copy of said subpoena or other process or order. Unless the Producing Party consents, the subpoenaed person or entity shall not produce the requested Confidential Material, and will instead take the following steps: The subpoenaed person or entity shall promptly notify in writing the party who caused the subpoena

or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and provide a copy of this Order with that notification.  The subpoenaed person or entity shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party or parties whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order was issued.

13.12.  **Return or Destruction of Confidential Material.**  Upon the final disposition of this Action, any Protected Material shall not be used, in any way, absent a court order.  All materials designated subject to this Order maintained in either Party's files shall remain subject to this Order unless and until such order is modified by court order.  Within thirty days of the conclusion of all appeals of this Action, each Party shall return Protected Material to the Producing Party, certify that all such material has been destroyed, or certify that the materials will be securely preserved in such a way as to ensure the confidentiality of those materials until they may be destroyed.  In the event that there is a substitution of counsel prior to when such documents must be returned, new counsel must join this Protective Order before any Confidential Material may be transferred to the new counsel, who will be bound by the terms of this Order.

14.13.  **Modification.**  This Order may be changed by further order of the Court, and is without prejudice to the rights of a Party to move, on notice to the other Party, for relief from, or modification of, any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

15.14.  **Retention of Jurisdiction.**  The provisions of this order shall not terminate at the conclusion of this Action and the Court will retain jurisdiction to enforce this Order following termination of the Action.

AGREED AND CONSENTED TO:

Attorneys for *Plaintiffs*

KNIGHT FIRST AMENDMENT
INSTITUTE

SHER TREMONTE LLP

_____

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

_____

Michael Tremonte
Noam Biale
Alexandra Conlon
Courtney Gans
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

ZIMMER, CITRON & CLARKE, LLP

_____

Edwina Clarke, BBO 699702
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

_____

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

Attorneys for *Defendant*

_____

Ethan B. Kanter
Lindsay M. Murphy
Assistant United States Attorneys
Office of Immigration Litigation
Civil Division, Department of Justice

_____

Shawna Yen
Rayford A. Farquhar
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200

P.O. 878, Ben Franklin Station                    Boston, MA 02210
Washington, DC. 20044                             (617) 748-3100
(202) 616-9123                                    shawna.yen@usdoj.gov
ethan.kanter@usdoj.gov                            rayford.farquhar@usdoj.gov
lindsay.m.murphy@usdoj.gov


_____
Harry Graver
United States Department of Justice
Counsel to the Assistant Attorney General
Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-2000
harry.graver@usdoj.gov

SO ORDERED

Dated: _____
       Boston, Massachusetts


                                    _____
                                      THE HONORABLE WILLIAM J. YOUNG
                                      UNITED STATES DISTRICT JUDGE

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SVITLANA DOE, et al.,

          *Plaintiffs*,

   v.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security, et al.,

          *Defendants*.

C.A. No: 1:25-cv-10495-IT

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOE PII

Upon consideration of the Parties' Joint Motion for a Stipulated Protective Order, it is hereby ORDERED that:

1.    Any personally identifying information about any of the Doe Plaintiffs ("Doe PII") is designated as "Confidential" to protect the Doe Plaintiffs' privacy interests.

2.    "Confidential Doe PII" consists of the following information about the Doe Plaintiffs as provided by Plaintiffs in the course of this litigation, in connection with any identification of the Doe Plaintiff as a plaintiff in this litigation: Alien registration numbers, full names, dates of birth, passport numbers, social security numbers, addresses, account numbers, application receipt numbers, or the same information concerning any of the Doe Plaintiffs' relatives.

3.    Access to any Confidential Doe PII shall be limited to:

a.    Counsel for the Parties, including in-house counsel and employees and agents of such counsel who are required to assist in the conduct of the litigation;

1

b.  Employees or agents of the Parties who have a reasonable need of access to the information solely in connection with the prosecution and/or defense of this Action;

c.  Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained to furnish technical or expert services, and/or to give testimony in this Action;

d.  The Court and court employees, court reporters and stenographic reporters, jurors and all persons necessary to the conduct of judicial hearings or the trial of the Litigation; and

e.  Any other person whom counsel collectively agree in writing or whom the Court directs may review the Confidential Doe PII.

3.  Any Plaintiff may voluntarily disclose to others without restriction any Confidential Doe PII, although the information may lose its confidential status if it is made public. Any information that Plaintiffs file on the public docket loses any confidential status, unless such disclosure is inadvertent and corrected.

4.  Each person designated under paragraph 2(b) or 2(c) shall not further disseminate Confidential Doe PII. Each person appropriately designated pursuant to paragraph 2(c) to receive Confidential Doe PII shall execute an agreement to be bound by this Order in the form attached as Exhibit 1.

5.  Counsel for each Party shall record in a log the name and title of each person who is given access to any Confidential Doe PII pursuant to paragraph 2(c), as well as the date that access is granted and the reason for granting access. Counsel shall exchange these logs on a monthly basis for the duration of the Litigation.

2

6.      Any party desiring or intending to file with the Court any Confidential Doe PII in any motion, brief, letter, transcript, or other paper containing or describing any Confidential information, shall do so under seal. The parties shall file in the public docket redacted of any proposed sealed filings. The parties shall also promptly submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

7.      Confidential Doe PII exchanged in the course of the Litigation shall be used by the parties and persons to whom the information is produced solely for the pursuit or defense of the Litigation. Confidential Doe PII may not be used for any immigration enforcement purpose, including in any collateral immigration proceeding.

8.      Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

9.      All provisions of this order restricting the communication or use of Confidential Doe PII shall continue to be binding after the conclusion of the Litigation, unless otherwise agreed or ordered. Any party to this Protective Order may apply to this Court for modification of this order.

10.     Within thirty (30) days of the conclusion of this Litigation, including but not limited to the latest of settlement, arbitration, judgment, and all rights of appeal being exhausted, any materials consisting of or referencing Confidential Doe PII shall be returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

Entered as an order of the Court this $\underline{26^{th}}$ day of $\underline{March}$, 2025.

_____
INDIRA TALWANI
UNITED STATES DISTRICT JUDGE

4

EXHIBIT 1

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 1:25-cv-10495, pending in the United States District Court for the District of Massachusetts. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge or disseminate any information, documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this Action and pursuant to the terms of the Protective Order. I shall not use or allow to be used any information or document designated "Confidential" to be used for any immigration enforcement purpose, including any collateral immigration proceeding.

As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," any documents containing information designated as "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Signed under the pains and penalties of perjury.

Date: [SIGNATURE]

[PRINTED NAME]

5