UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL., <br><br> Defendants. | Civil Action No. 25-10658-WGY |

### DEFENDANTS' MOTION TO COMPEL

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Court's Orders of June 2 and June 10, 2025, defendants respectfully request that the Court order plaintiffs to *immediately* disclose the identity and location of the witnesses underlying their complaint so that they may be vetted and deposed. The Government asked for their identities weeks ago, and plaintiffs have known these witnesses' identities for months, as they informed the factual predicate of their complaint. Notwithstanding multiple requests, plaintiffs have refused to disclose their identities.

Trial will begin on July 7 and the pre-trial conference will be held on June 26. Plaintiffs' witnesses are located all over the country and one is in the United Kingdom, and there are fewer than nine working days left between now and the pre-trial conference. Plaintiffs are well aware that their dilatory identification of these witnesses will prejudice the Government's ability to vet and depose these witnesses, much less raise *in limine* any issues with respect to these witnesses before the pre-trial conference. There is no excuse for plaintiffs' refusal to disclose these witnesses' identities.

Plaintiffs filed their complaint on March 25. Dkt. #1. Plaintiffs alleged the Government has effectuated an "ideological deportation policy," and that this alleged policy impaired the First Amendment rights of its numerous U.S. citizens and non-U.S. citizen plaintiffs. *E.g.*, *id.* at ¶ 5.

The Court concluded that the citizen-plaintiffs did not possess standing to pursue claims, but the non-citizen plaintiffs did. June 2, 2025 Tr. at 33-34. Based upon the Court's instruction at that hearing, on June 5, 2025, the Government propounded to plaintiffs discovery requests narrowly focused upon the injuries alleged by the non-citizen plaintiffs in the complaint. As such, the information responding to these requests is either already in plaintiffs' possession or ready at hand.

Meanwhile, the Government has operated with deliberate speed responding to plaintiffs' expansive discovery requests. This has required a review across Federal agencies of thousands of records to find responsive materials, then filtering those materials through multiple levels of agency review to redact for multiple privileges – privileges which, if compromised, could jeopardize law enforcement operations worldwide. Notwithstanding this burden, the Government also made available the two high-level witnesses who plaintiffs noticed for deposition on the very dates plaintiffs requested. And the Government has turned over its discovery as it has cleared agency review.

Plaintiffs have elected to not reciprocate these good faith efforts. The Government requested plaintiffs identify their trial witnesses in interrogatories served on June 5, 2025. On June 9, plaintiffs responded to the Government's request to identify and depose their witnesses:

> We will provide the names of the witnesses we currently plan to call (we are still finalizing our list) immediately upon entry of the protective order and pending a ruling on our non-retaliation order and then will work with you to schedule their depositions.

Ex. 1 at 2. The next day, on June 10, 2025, the Court issued an Order protecting plaintiffs' witnesses from professed fears of "retaliation": "No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status." Dkt. # 124. This Order categorically extinguished plaintiffs' reasons for not disclosing their witnesses' identities and locations.

2

On that same day, June 10, soon after the Court's Order was published, the Government sent plaintiffs an e-mail asking them to disclose the identity of their witnesses: "in light of the Court's order this afternoon on Plaintiffs' witness protective order motion, we expect Plaintiffs to disclose the identities and locations of your witnesses by 6 pm today so that we may make the necessary arrangements." Ex. 2 at 2. It elaborated: "Plaintiffs know who their witnesses are, so there should not be an issue with providing that information. At the very least, Plaintiffs should immediately provide us with the cities where your witnesses will be next week so that we can arrange for travel and court reporters." *Id.* at 7. That day, plaintiffs identified two witnesses who were U.S. citizens, but did not give their locations. Plaintiffs indicated that one had a death in the family, and would be unavailable the following week (*i.e.*, June 16-20). Ex. 3 at 6. The Government immediately repeated its request that plaintiffs disclose the identity and location of their witnesses: "Noam, who are your other witnesses? Are you only calling two? And where are these witnesses located? We need to make travel and office space arrangements before next week." *Id.* at 5. Plaintiffs did not respond.

As of two days later, Thursday June 12, plaintiffs had still not responded, so Government counsel sent *another* e-mail to plaintiffs asking them to identify their witnesses. Ex. 3 at 4-5. Government counsel agreed to postpone the deposition of the witness with the family-member death. But it asked for the location of the other witness, and asked (again) that plaintiffs identify the other witnesses they intended to call. *Id.* at 4. The Government explained that, "since you know the identities and whereabouts of your witnesses, there's no excuse for further delaying the disclosure of this information." *Id.* Plaintiffs' counsel responded but did not disclose the identities of the witnesses. Rather, he claimed the protective order needed to be entered before they would disclose these witnesses – notwithstanding the Court's Order of two days prior protecting all witnesses.

3

Next, that same day, plaintiffs said that one of the two identified witnesses, Ms. Duval, was in London. *Id.* at 3. Government counsel immediately responded it would depose Ms. Duval on June 16 or 17 – whichever was more convenient for her. *Id.* But Plaintiffs balked again, now claiming that Ms. Duval, who is currently AAUP's General Counsel, *see* https://www.aaup.org/news/veena-dubal-appointed-aaup-general-counsel and has a vested interest in the outcome of this litigation, was nonetheless "not available to do the deposition next week given her travel schedule and childcare obligations." *Id.* at 1.

Plaintiffs waited until the following evening of Friday, June 13, to claim that anonymous witnesses would be in Chicago the following Tuesday, and another unnamed witness would be available in Cambridge, at the earliest, the week of June 23 – as if one could depose witnesses without knowing their identities. Ex. 4 at 2. Government counsel responded that same evening, again asking "what are the names of these witnesses?" *Id.* at 1. As of this filing, plaintiffs have still not disclosed the identity of these witnesses.

Plaintiffs have no excuse for not disclosing to the Government their witnesses' identities. Plaintiffs have known about this trial for months, and undoubtedly understand their obligation to make their witnesses available to testify at deposition and at trial.

Accordingly, the Government respectfully requests that the Court order plaintiffs to *immediately, by June 17, 2025 at 12:00 p.m.*, (1) disclose the names and whereabouts, by city, of the witnesses they will call at trial, so that the Government may depose them; (2) make these fact witnesses available for deposition; and (3) produce responses to the narrow discovery propounded by the Government.

                                                Respectfully submitted,

Dated: June 15, 2025                  By:    <u>*/s/William Kanellis*</u>
                                                   WILLIAM KANELLIS
                                                   ETHAN B. KANTER
                                                   Assistant Director
                                                   Office of Immigration Litigation
                                                   Civil Division, Department of Justice
                                                   P.O. 878, Ben Franklin Station
                                                   Washington, DC. 20044
                                                   (202) 616-9123
                                                   ethan.kanter@usdoj.gov

                                                   SHAWNA YEN
                                                   RAYFORD A. FARQUHAR
                                                   Assistant United States Attorneys
                                                   United States Attorney's Office
                                                   1 Courthouse Way, Suite 9200
                                                   Boston, MA 02210
                                                   (617) 748-3100
                                                   shawna.yen@usdoj.gov
                                                   rayford.farquhar@usdoj.gov

                                                   *Counsel for Defendants*

                                      To:    Noam Biale
                                              Alexandra Conlon
                                              Courtney Gans
                                              Ramya Krishnan
                                              Carrie DeCell
                                              Xiangnong Wang
                                              Talya Nevins
                                              Jackson Busch
                                              Scott Wilkens
                                              Alex Abdo
                                              Jameel Jaffer
                                              Ahilan T. Arulanantham

**MEET AND CONFER CERTIFICATION**

In accordance with Local Rule 7.1(2), on June 12, 2025, Defendants' counsel met and conferred with counsel for the Plaintiffs with regard to this motion, and notwithstanding that exchange and the various communications identified in this filing, were unable to resolve or narrow the issue.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: June 15, 2025                           By: */s/ William Kanellis*
                                                  WILLIAM KANELLIS
                                                  U.S. Department of Justice