UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARCO RUBIO, ET AL.,<br><br>　　　　　　　　　Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
THE NAMES OF PLAINTIFFS' WITNESSES**

Defendants move for an order compelling Plaintiffs to disclose the names of the witnesses they intend to call at trial. Because Defendants' motion is premature and omits material facts, the Court should deny it.

*First*, Defendants complain that Plaintiffs have declined to provide the names of three noncitizen witnesses whose participation we have confirmed until the Court rules on our proposed pre-trial protective order. But they fail to mention that Plaintiffs offered to provide them with the names of those witnesses if they agreed to abide by the terms of Plaintiffs' proposed order while our motion for that order is pending. *See* **Biale Decl. Exhibit A** (email correspondence) at 1. Rather than respond to that offer, Defendants rushed to file their motion to compel.

Much of the delay in arriving at this point is due to Defendants' own actions. Plaintiffs have made clear from the start that, in deciding whether to testify, many prospective witnesses were waiting to see (1) the terms of the parties' pre-trial protective order, and (2) whether the Court would enter any anti-retaliation order. Plaintiffs first sent a draft of the pre-trial protective order on May 10, and a draft of the anti-retaliation order on May 21. After dragging out negotiations,

1

Defendants refused to agree to either order and forced Plaintiffs to engage in motion practice.[1] Now, they criticize Plaintiffs for waiting for that motion practice to conclude.

*Second*, Defendants' motion leapfrogs the parties' meet and confer process. On June 12, 2025, the parties held a meet and confer in which Plaintiffs asked Defendants to clarify whether they were seeking the identities of *all* the noncitizen plaintiffs referenced pseudonymously in the Complaint or simply those noncitizens who would testify at trial. *See* **Biale Decl. Exhibit B** (June 12, 2025 Letter from Noam Biale to Jesse Busen) at 2–3. Plaintiffs made clear that they intended to call only a subset of noncitizens whose free speech rights have been chilled (many others have declined to testify because they fear government retaliation). Defendants stated during the meet and confer that they would get back to us as to which category of individuals' identities they were seeking. *Id.* But they have not. Accordingly, their motion to compel is premature.

*Third*, Defendants claim that Plaintiffs have known the identities of their witnesses "for months" and have not disclosed them, Defs. Mot. at 1, but that is not true. As Defendants well know—because Plaintiffs told them—Plaintiffs are still confirming whether other noncitizen AAUP and MESA members they are in contact with are willing to testify and advised Defendants that they would disclose their witnesses' identities once the pre-trial protective order and anti-retaliation orders were entered *and once these individuals had confirmed their participation*. Plaintiffs have now identified the locations and availability for depositions of five witnesses and will continue to do so on a rolling basis as we confirm their participation.

---

[1] By contrast, Defendants asked Plaintiffs this morning whether we would consent to a protective order limiting disclosure of certain DHS agents' identities to attorneys' eyes only (a proposal Plaintiffs had originally made and that Defendants rejected). Plaintiffs immediately consented, allowing Defendants to swiftly move for entry of their proposed order. *See* ECF 137.

*Finally*, it is ironic that Defendants complain about the speed of Plaintiffs' disclosures. Defendants have exceeded the thirty-day period provided in Federal Rule of Civil Procedure 33(b)(2) to respond to Plaintiffs' interrogatories and have not provided the names of *any* relevant government officials so that Plaintiffs can notice their depositions. Contrary to Defendants' claim that they made two witnesses available to Plaintiffs for depositions, Defs. Mot. at 2, Defendants did not identify those individuals as witnesses—Plaintiffs noticed their depositions because they were the two declarants Defendants put forward in their opposition to Plaintiffs' motion for a preliminary injunction. (Defendants also refused to accommodate Plaintiffs' request to reschedule one of the depositions until they received additional discovery, claiming they would take the position that Plaintiffs had waived the deposition if they did not proceed.) Notably, two of Plaintiffs' witnesses—Veena Dubal and Aslı Bâli—were similarly identified to Defendants in the preliminary injunction motion, and Defendants could have sought to depose them weeks ago. They did not. Instead, they filed the instant motion to compel, the latest in a pattern of baseless motions seemingly meant to gum up the discovery process and waste what little time remains before trial.

The Court should deny Defendants' motion.

| | |
|---|---|
| June 16, 2025 | Respectfully submitted, |
| | /s/ Alex Abdo |
| Edwina Clarke (BBO 699702) | Alex Abdo |
| David Zimmer (BBO 692715) | Ramya Krishnan |
| Zimmer, Citron & Clarke, LLP | Carrie DeCell |
| 130 Bishop Allen Drive | Xiangnong Wang |
| Cambridge, MA 02139 | Talya Nevins |
| (617) 676-9423 | Jackson Busch |
| edwina@zimmercitronclarke.com | Scott Wilkens |
| | Jameel Jaffer |
| Noam Biale | Knight First Amendment Institute |
| Michael Tremonte |   at Columbia University |
| Alexandra Conlon | 475 Riverside Drive, Suite 302 |
| Courtney Gans | New York, NY 10115 |
| Sher Tremonte LLP | (646) 745-8500 |

| | |
|---|---|
| 90 Broad Street, 23rd Floor<br>New York, New York 10004<br>(212) 202-2603<br>mtremonte@shertremonte.com<br>nbiale@shertremonte.com | alex.abdo@knightcolumbia.org<br><br>Ahilan T. Arulanantham (SBN 237841)<br>Professor from Practice<br>UCLA School of Law<br>385 Charles E. Young Dr. East<br>Los Angeles, CA 90095<br>(310) 825-1029<br>arulanantham@law.ucla.edu<br><br>*Counsel for Plaintiffs* |