# EXHIBIT B

# SHER TREMONTE LLP

June 12, 2025

**VIA EMAIL**

Jesse Busen (jesse.busen@usdoj.gov)
Stefanie Hennes (stefanie.hennes@usdoj.gov)
William G. Kanellis (william.g.kanellis@usdoj.gov)
Ethan B. Kanter (ethan.kanter@usdoj.gov)
Lindsay M. Murphy (lindsay.m.murphy@usdoj.gov)
Victoria M. Santora (victoria.m.santora@usdoj.gov)
Paul Stone (paul.f.stone@usdoj.gov)
Jessica D. Strokus (jessica.d.strokus@usdoj.gov)
Shawna Yen (shawna.yen@usdoj.gov)

      Re:    *American Association of University Professors v. Rubio*,
              25 civ. 10685-WGY

Dear Counsel:

      Thank you for your time during today's meet and confer. I write to memorialize some of the topics we discussed on the call.

      First, we discussed the pretrial memorandum required by Local Rule 16.5(d). Given the speed at which the case is proceeding to trial, we proposed filing a joint motion to revise the deadline for that memorandum from June 19 (as provided by the Local Rules) to June 24. You indicated that Defendants were likely amenable to that proposal but needed to confirm with your broader team.

      We then discussed Plaintiffs' document requests ("RFPs") and interrogatories ("ROGs"). I noted that we served these discovery requests on Defendants nearly thirty days ago and you had repeatedly told us you would soon respond, but you had not yet responded. You explained that you plan to respond to the RFPs and ROGs tomorrow morning, June 13. We previewed that we intend to file a motion to compel on Monday if we do not receive responses to the RFPs and ROGs by tomorrow.

      We also conveyed that we learned in the depositions conducted today and yesterday about both the names of relevant individuals, a new Department of Homeland Security program to effectuate Executive Order 14,161 and/or Executive Order 14,188, a weekly meeting about this new program, and a State Department cable that explains the basis for this new program. We expressed our position that all this information is responsive to our requests and none of it plausibly covered by any privilege. We explained that we expect to receive documents relevant to this new program and a list of government employees involved in it today, and that we reserve the right to re-depose witnesses once we have this

Jesse Busen, et al.
June 12, 2025
Page 2

new information. You responded that you intend to speak with the government attorneys attending the depositions and get back to us with any relevant documents. You later sent us an email advising that you would consult the transcript of the deposition.

Next, we turned to Defendants' RFPs and ROGs. We made the following requests to revise these discovery requests given the limited time before trial and Rule 26's relevance and proportionality requirements. Except where noted, you explained that you needed to discuss with your broader team before committing to any revisions.

- **Definition of "noncitizen plaintiffs"**: We asked Defendants to limit this definition to the noncitizens Plaintiffs intend to call as trial witnesses.
- **RFP 1**: First, we clarified that by "social media writings," Defendants mean public-facing posts on social media, not, for example, direct messages on social-media platforms. You agree with our understanding of the scope of this request. We then asked Defendants to limit this request to public social media writings on topics germane to the case, or to allow Plaintiffs to respond with witnesses' social media account names rather than every writing. We also asked Defendants to limit the start date of this request to January 2024.
- **RFP 2**: We explained that there may be technical limitations to our ability to access deleted posts. You acknowledged that you understood those limitations.
- **RFP 5**: We explained that this request was overbroad and asked Defendants to clarify what materials they consider responsive.
- **ROG 1**: We urged you to apply the same limitation on the definition of "noncitizen plaintiffs" to witnesses at trial and asked for clarification about the reference to "academic institution[s]" in this interrogatory. We also requested that Defendants withdraw the requests for home addresses, since they are not relevant to the case, and offered instead to provide the city of residence of any witnesses the government wants to depose.
- **ROG 2**: We asked for clarification about the meaning of "controlled" and "accessible" in this interrogatory.
- **ROG 3**: We asked Defendants to limit the date range of this request to begin in January 2024, and to limit the request to public events germane to the issues in the case.
- **ROG 6**: We conveyed that we intend to respond to this request (and **ROG 7**) by providing an academic CV, which should have the responsive information. We also asked Defendants to limit the definition of "not published" to works that are substantially completed.
- **ROG 9**: We conveyed that we do not intend to provide the names of "the persons or organizations visited" during international travel because it is burdensome and irrelevant. We also asked Defendants to limit the date range of this request to the last year of travel.
- **ROG 10**: We requested that you clarify that we may limit our response to this request to the evidence we intend to put on at trial.
- **ROG 11**: We asked Defendants to withdraw this request because we do not intend to put on this evidence at trial.

Jesse Busen, et al.
June 12, 2025
Page 3

     Finally, we discussed a timeline for disclosing the identity of Plaintiffs' other witnesses. We explained that we are still speaking with prospective witnesses and confirming their participation, and that once Judge Young approves our protective order, we will disclose witnesses' names on a rolling basis as soon as their participation is confirmed. We reserved the right to add new witnesses later.

     We look forward to speaking again soon.

                                                   Yours very truly,

                                             */s/Noam Biale*
                                             Noam Biale
                                             Michael Tremonte
                                             Alexandra Conlon
                                             Courtney Gans
                                             Sher Tremonte LLP
                                             90 Broad Street, 23rd Floor
                                             New York, New York 10004
                                             (212) 202-2603
                                             mtremonte@shertremonte.com
                                             nbiale@shertremonte.com

                                             Ramya Krishnan
                                             Carrie DeCell
                                             Xiangnong Wang
                                             Talya Nevins
                                             Jackson Busch
                                             Scott Wilkens
                                             Alex Abdo
                                             Jameel Jaffer
                                             Knight First Amendment Institute
                                             at Columbia University
                                             475 Riverside Drive, Suite 302
                                             New York, NY 10115
                                             (646) 745-8500
                                             ramya.krishnan@knightcolumbia.org