UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>                   Plaintiffs,<br><br>   v.<br><br>MARCO RUBIO, ET AL.,<br><br>                   Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' ASSENTED TO MOTION FOR AN ATTORNEYS' EYES ONLY PROTECTIVE ORDER**

Plaintiffs move for a protective order restricting to Attorneys' Eyes Only ("AEO") access to the names and identifying information of any non-testifying individuals identified by Plaintiffs' witnesses.[1] These individuals are third parties who are not connected to this lawsuit and will not be witnesses at trial. To the extent that any of these individuals are noncitizens, they may also be at risk of retaliation but are not covered by this Court's anti-retaliation order. Plaintiffs have conferred with counsel for Defendants pursuant to Local Rule 7.1(a)(2). In a June 18, 2025 email and phone call, Defendants indicated that they consent to this request.

Plaintiffs are now working with Defendants to schedule depositions of Plaintiffs' witnesses. During those depositions, Plaintiffs anticipate that the deponents may be asked to name individuals with whom they have worked, studied, or participated in advocacy—but who Plaintiffs do not plan to call as witnesses. Because they are not witnesses, they have privacy interests that

---

[1] An AEO designation would restrict the disclosure of this information to counsel for the parties and counsel's staff, the Court and its staff, and videographers and court reporters who have read the order and signed an "Acknowledgment and Agreement to Be Bound."

may be implicated by their names appearing in connection with this case. To the extent they are noncitizens, such individuals risk retaliation, but would not be covered by this Court's anti-retaliation order, *see* Dkt. 124 (ordering that "[n]o noncitizen providing evidence" shall suffer immigration consequences "by reason thereof"); Dkt. 139 (explaining that the order protects "those giving testimony" from "retribution").

An order restricting access to their names and identifying details to AEO fits comfortably within this Court's discretion. Rule 26(c) gives the Court authority to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Plaintiffs "bear the burden of proving 'good cause' by demonstrating a factual basis concerning the risk of potential harm." *In re Exch. Union Co.*, No. 24-mc-91645-ADB, 2025 WL 894652, at *5 (D. Mass. Mar. 24, 2025). But this permissive standard "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Good cause exists here. During the depositions of Plaintiffs' witnesses, counsel for Defendants may ask them to identify their students, colleagues, or associates. These non-witnesses have not agreed to be identified in connection with this litigation. *Cf. Doe v. Trs. of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that a nonparty has greater interest in protecting her identity because she is "[u]nlike a litigant, who in using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials" (cleaned up)). As Plaintiffs have explained in previous filings, individuals (especially noncitizens) publicly associated with views that the government disfavors have good reason to

believe that Defendants and other government officials may retaliate against them. *See* Dkt. 114 at 2.

Plaintiffs' proposed order would mitigate these concerns without impeding Defendants from litigating their case. The AEO designation would not prevent Defendants' counsel from accessing the identifying information, nor would it impact Defendants' ability to depose Plaintiffs' witnesses or test their credibility. On the other side of the ledger, an AEO order would provide critical protection to non-witnesses by preventing their identities from being disclosed to the public. As noted, Defendants consent to this request. Accordingly, the Court should grant the motion.

June 18, 2025

Respectfully submitted,

/s/ Talya Nevins

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Talya Nevins
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
talya.nevins@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, certify that on June 18, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 18, 2025                                /s/ Talya Nevins
                                                         Talya Nevins