**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERICAN ASSOCIATIONS OF UNIVERSITY PROFESSORS, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL.,<br><br>*Defendants.* | No. 1:25-cv-10685-WGY |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE INVOLVING FACTUAL DISPUTES THAT SHOULD BE RESOLVED IN THE IDENTIFIED NONCITIZENS' LITIGATION**

Defendants, by and through their counsel, respectfully move this Court to preclude the introduction of evidence at trial concerning factual issues over the arrests and transfers and attempted out-of-state transfers that are subject to litigation in the identified noncitizens' proceedings. This motion seeks to operationalize the Court's caution that it "in no way is going to retry immigration proceedings or judicial proceedings in another district, [the Court] just wants to know what happened." Hearing Tr., May 6, 2025, at 21:3-5. To that end, the Court explained that it wanted to know the final plans and the "instructions" given to the ICE enforcement agents included instructions concerning "why were they armed or masked or identified or not." *Id.* at 20:9-23. Accordingly, Defendants ask the court to preclude the introduction of evidence at trial concerning issues that will be decided in other federal tribunals.

The Court's admonition that it would not retry other proceedings was well grounded in principles of comity toward other courts. "'Federal courts of coordinate rank . . . owe each other comity in the sense of respecting each other's orders and avoiding hindering each other's proceedings.'" *Shelby Am. Auto. Club, Inc. v. Carroll Shelby Licensing, Inc.*, No. CIV. A. 08-10131-RGS, 2008 WL 2356995, *2 (D. Mass. June 5, 2008) (quoting *Smith v. Securities and Exchange Comm'n*, 129 F.3d 356, 361 (6th Cir.1997); citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2942 at 59 n. 43 (2d ed.1995)). Concerns "arise where, as here, actions involving similar parties and similar subject matter are pending in different federal district courts," which can cause "'wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs.'" *Thakkar v. United States*, 389 F. Supp. 3d 160 (D. Mass. 2019) (quoting *TPM Holdings v. Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996)); *see also Delta Air Lines, Inc. v. Assoc. of Flight Attendants, CWA*, 960 F. Supp. 2d 383, 399 (E.D.N.Y.

2013)  ("Issues of judicial economy and avoiding inconsistent results in related actions can be 'decisive,' even when most [other] factors would ordinarily sustain a plaintiff's choice of forum.") (citations and quotations omitted).  The Court possesses authority to ensure that the testimony presented at trial does not interfere with these other federal proceedings.  *See Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878-79 (1st Cir. 1977) (noting the court's inherent discretionary power to control its own docket); Fed. R. Evid. 611.

While the Court stated that it would not retry immigration proceedings in other courts, the Court did make clear the protocols and practices surrounding the arrests of the identified non-citizens, as well as the orders DHS agents were (or were not) given relating to these arrests remain relevant.  *See* Hearing Tr., June 2, 2025, at 32:10-33:4.  Witnesses, accordingly, may address these issues if called to testify at trial.  But Plaintiffs' discovery requests suggest that they intend to elicit or introduce evidence at trial that may intrude on issues that are being, or will be, separately litigated in cases other Federal tribunals brought by the individual noncitizens. This includes the facts underlying arrests of certain non-citizens, such as how many officers were masked and when the noncitizens may have been transferred between detention facilities. Indeed, in response to Plaintiffs' broad discovery requests, the Government has already provided, in camera to the Court, Homeland Security Investigations' profiles and State Department action memos concerning certain noncitizens that have not yet been disclosed in their individual cases where discovery has not begun in earnest.  So, there is already a risk plaintiffs will seek findings on disputed issues of facts or rulings on the propriety of bringing proceedings relating to those individuals, when such issues should be determined by the courts hearing the individual cases in the first instance.  Principles of comity, as well as the peril of

inconsistent decisions impel that this Court disallow plaintiffs from attempting to elicit details regarding factual issues that are being decided by other Federal district courts.

The *Suri* case illustrates the determinations that those other courts will be asked to make. Suri made numerous factual allegations concerning how he was arrested and how and when he was held and moved between immigration detention facilities. *See* Amended Petition for Writ of Habeas Corpus & Complaint at ¶¶ 56-73, 89-91, Docket No. 34, *Suri v. Trump*, No. 1:25-cv-480 (PTG/WBP) (E.D. Va.) (Exhibit A) (Suri may intend to amend again his petition, Docket No. 73). He made those alleged facts central to his claim of retaliation. *See id.* at ¶¶ 31, 80, 94-95, 105-106. The Eastern District of Virginia relied on his claims in determining that he alleged sufficient facts to survive the motion to dismiss. *See Suri v. Trump*, No. 1:25-cv-480 (PTG/WBP), 2025 WL 1310745, *11 (E.D. Va. May 6, 2025). The court ordered Suri released and an appeal of the orders enjoining his removal and releasing him is pending. *See* Docket Nos. 7, 65-66, *Suri*, No. 1:25-cv-480. There has not yet been a merits hearing, but given that Suri is the actual petitioner there, that court will likely make specific factual findings concerning the events surrounding Suri's arrest.

Likewise, the petitioner in *Mahdawi* made allegations concerning his arrest and attempted transfer to a detention facility outside of Vermont and he used them to justify his release. *See* Mem of Law in Supp. of Mot. for Release at 15-16, Docket No. 19, *Mahdawi v. Trump*, 2:25-cv-389-gwc (D. Vt. Apr. 22, 2025) (Exhibit B.). While the court ordered him released, there has not yet been a hearing on the merits of his habeas petition. *See Mahdawi*, 2025 WL 1243135, *14 (D. Vt. Apr. 30, 2025). Mahdawi appears to believe the facts concerning his arrest and attempted transfer remain at issue because he sought evidence relating to them in a motion for discovery. *See* Mot for Limited Discovery, Docket No. 77 at 9, *Mahdawi*, No. 2:25-cv-389

3

(Exhibit C). So here again, the relevance and disposition of these factual issues will be fully litigated in another tribunal.

Similarly, there has been extensive litigation over the *Öztürk* petitioner's factual allegations about the way she was arrested and transferred in arguing they are a part of an effort to silence protected speech. *See* First Amended Complaint ¶¶ 19-31 & 38, Dkt. # 12, *Öztürk v. Trump*, No. 2:25-cv-374 (D. Vt.) (Exhibit D). And the court agreed that she alleged that her arrest and detention were at issue as being punitive and in violation of her due process rights. *See Öztürk*, 2025 WL 1420540, *5 (D. Vt. May 5, 2025). As with the other cases, there has not yet been a merits hearing on Öztürk's habeas petition. So, she has filed a request for discovery that shows clearly that the facts of her arrest and transfers potentially remain at issue. *See* Motion to Conduct Limited Discovery, *Öztürk*, Dkt. 150, at 8 (Exhibit E).

Finally, the *Khalil* petitioner makes several allegations concerning his arrest and transfer to out-of-state detention facilities. *See* Third Amended Petition for Writ of Habeas Corpus at ¶¶ 5, 45-70, Docket No. 236, *Khalil v. Trump*, No. 25-cv-01963 (MEF-MAH) (D. N.J.) (Exhibit F). Those merits of the habeas petition remain pending. So, those allegations will likely be at issue in the case as he alleges his arrest and detention are part of an attempt to silence him in violation of his First Amendment rights. *See id.* at ¶¶ 91-92, 96, 101. Again, that court is a more appropriate venue to decide the underlying facts.

In sum, the details (and potential relevance) of the arrests and transfers of the four noncitizens remain to be established in separate district court litigation. To be sure, Plaintiffs may still elicit evidence of the extant agency protocols and instructions given to the arresting agents, as the Court has indicated these protocols and instructions are relevant to its determination of whether there exists an "ideological deportation policy." Yet, if Government

4

agents testify at trial, interests of comity and judicial economy militate that the Court preclude

Plaintiffs from enquiring into the factual details of these arrests, beyond these final orders and

protocols the Court has indicated are germane to the existence of the alleged policy.  Consistent

with this Court's admonition, such factual inquiries should be left to the courts directly

addressing the facts underpinning individual noncitizens' cases in the first instance.

Respectfully Submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*                          WILLIAM G. KANELLIS

DREW C. ENSIGN                                              *Ethan B. Kanter_____*
*Deputy Assistant Attorney General*              ETHAN B. KANTER
                                                                          *Chief, National Security Unit*
LEAH B. FOLEY                                               *Office of Immigration Litigation*
*United States Attorney*                                   *P.O. Box 878, Ben Franklin Station*
                                                                          *Washington, D.C. 20001*
SHAWNA YEN
*Assistant United States Attorney*                 PAUL F. STONE
*District of Massachusetts*                           *Deputy Chief, National Security Unit*
                                                                          *Office of Immigration Litigation*

*Dated: June 24, 2025*                                 *Counsel for Defendants*

## L.R. 7.1(a)(2) CERTIFICATION

I, William Kanellis, hereby certify that Government counsel conferred with Plainitffs' counsel regarding this motion on June 24, 2025, and were unable to narrow the issues for this filing.

Date: June 24, 2025                          By: */s/ William Kanellis*
                                             WILLIAM KANELLIS
                                             U.S. Department of Justice

## CERTIFICATE OF SERVICE

I, Ethan B. Kanter, hereby certify that on June 24, 2025, I served this document upon all registered parties via the ECF Notice of Electronic Filing (NEF) system.

Date: June 24, 2025                          By: */s/ Ethan B. Kanter*
                                             ETHAN B. KANTER
                                             U.S. Department of Justice