# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>                Plaintiffs,<br><br>   v.<br><br>MARCO RUBIO, ET AL.,<br><br>                Defendants. | Case No. 1:25-cv-10685 (WGY) |

**DECLARATION OF SCOTT WILKENS**

I, Scott Wilkens, declare as follows:

1. I am a licensed attorney in good standing in the state of New York. I represent Plaintiffs in the above-captioned case and have been admitted *pro hac vice* to this Court.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Complete Answers to Plaintiffs' Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged.

**<u>Documents Missing from Defendants' Document Productions</u>**

3. Plaintiffs served their First Set of Requests for Production Directed to Defendants (RFPs) on May 13, 2025, and after a meet and confer with Defendants, served a revised version of the RFPs on May 19, 2025, which is attached hereto as **Exhibit 1**.

4. On May 29, 2025, Defendants filed under seal the certified administrative record, which contains 18 documents. ECF No. 106. One of those documents is heavily redacted for law enforcement privilege. Defendants provided a privilege log for that document on May 30.

1

5. On June 11, Defendants submitted 15 documents to the Court for *in camera* review. ECF No. 131. These documents have been withheld from Plaintiffs in their entirety based on assertions of the deliberative process privilege, presidential communications privilege, and law enforcement privilege. Defendants have not provided a privilege log for these documents.

6. On June 13, 2025, Defendants provided Plaintiffs with objections and responses to Plaintiffs' RFPs, which are attached hereto as **Exhibit 2**. Defendants also produced six documents, three of which are heavily redacted for law enforcement privilege.

7. On June 15, 2025, Plaintiffs' counsel wrote to Defendants and identified numerous documents missing from Defendants' productions. Plaintiffs' letter is attached hereto as **Exhibit 3.**

8. The parties' subsequent correspondence regarding the list of missing documents is attached hereto as **Exhibit 4.**

9. On June 18, 2025. Defendants produced one additional document and also provided a privilege log for the partially-redacted documents Defendants have produced to date.

### Defendants' Failure to Timely Answer Plaintiffs' Interrogatories

10. Plaintiffs served their First Set of Interrogatories Directed at Defendants on May 13, 2025, and after a meet and confer with Defendants, sent a revised version on May 19, 2025, which is attached hereto as **Exhibit 5**.

11. During meet and confers and in correspondence, Plaintiffs repeatedly asked Defendants to respond to the interrogatories as soon as possible, noting that Plaintiffs needed the information to identify relevant government officials and notice them for depositions. Defendants did not provide any information in response to the interrogatories before June 12, 2025, the 30-day deadline set forth in the Federal Rules.

12. On June 21, 2025, at approximately 9 p.m., Defendants provided Plaintiffs with objections and responses to Plaintiffs' interrogatories, which are attached hereto as **Exhibit 10**. Defendants did not ask Plaintiffs for an extension of the 30-day deadline.

## Information Withheld as Privileged

13. As noted above, Defendants are withholding 15 documents in full and several documents in part based on assertions of privilege. One of the partially-redacted documents is attached hereto as **Exhibit 6**. An unredacted version of that document was leaked to the public. Attached hereto as **Exhibit 7** is a true and correct copy of an article containing the leaked document, by Ken Klippenstein, titled "Trump Admin Spies on Social Media of Student Visa Holders," published on Substack on March 28, 2025. The article is also available at https://perma.cc/FV5L-MUNA.

14. Plaintiffs took the depositions of Andre Watson, a Department of Homeland Security official, and John Armstrong, a Department of State official, on June 11 and 12, respectively. At the depositions, Defendants' counsel frequently objected to questions and instructed the witnesses not to answer based on the deliberative process privilege, presidential communications privilege, and law enforcement privilege. Excerpts from the transcript of Mr. Armstrong's deposition are attached hereto as **Exhibit 8**. Excerpts of the transcript of Mr. Watson's deposition are attached hereto as **Exhibit 9**.

15. Defendants have also withheld information from their responses to most of Plaintiffs' interrogatories based on assertions of the deliberative process and law enforcement privileges. *See* **Exhibit 10.**

16. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

June 20, 2025  
New York, NY

Respectfully submitted,

/s/ *Scott Wilkens*  
Scott Wilkens

*Counsel for Plaintiffs*