# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL. <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**
**DIRECTED TO DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rules for the District of Massachusetts 26.1, Plaintiffs American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, and Middle East Studies Association ("Plaintiffs"), by and through their undersigned counsel hereby request that Defendants Marco Rubio, Kristi Noem, Todd Lyons, and Donald J. Trump ("Defendants") produce the following documents and things identified and listed below for inspection.

**DEFINITIONS AND INSTRUCTIONS**

1. The definitions and instructions provided in Federal Rule of Civil Procedure 34(a) and Local Rules 26.5 and 34.1 are incorporated by reference.

2. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, components, subdivisions, offices, directors, officers, agents, partners, employees, contractors, consultants, attorneys, representatives,

1

investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

3. "Adverse action" means investigating, monitoring, surveilling, revoking the visa or lawful permanent residency of, determining the removability of, or seizing, arresting, detaining, removing, or transferring to detention facilities in Louisiana.

4. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

5. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

6. "Communication", as defined in Local Rule 26.5(c), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7. "Concerning" means, as defined in Local Rule 26.5(c), referring to, describing, evidencing or constituting.

8. "Covered Institution" means the following colleges and universities: Arizona State University, Columbia University, Cornell University, Georgetown University, Harvard University, Minnesota State University System, Tufts University, University of California System, University of Massachusetts System, and University of Texas System.

9. The terms "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text

message, or by iMessage), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

10. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

11. "Including" shall be construed to include the phrase "without limitation."

12. The terms "you" and "your" refer to each of the defendants individually responding to these requests.

13. The term "Targeted Noncitizen Students or Faculty Members" means the following individuals:

   a. Mahmoud Khalil;
   b. Mohsen Mahdawi;
   c. Rümeysa Öztürk;
   d. Yunseo Chung;
   e. Efe Ercelik;
   f. Mohammed Hoque;
   g. Ranjani Srinivasan;
   h. Badar Khan Suri; and
   i. Momodou Taal.

14. To the extent a request calls for the production of documents or things you contend are subject to a privilege or immunity from discovery, your written request should so indicate, but you are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, you are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

15. If you are unable to produce any file or document sought in these requests, you shall identify the file or document; state the reasons why you are unable to produce it, describe in detail the efforts you have made to obtain it, and identify its location and/or custodian.

16. Documents responsive to these requests should be produced in the order in which they are ordinarily kept and in a format sufficient to identify the files from which they have been taken. Documents from different files should not be intermingled.

17. Except as otherwise specified, these requests cover the time period January 20, 2025 to the present.

18. These discovery requests are continuing in that they may require supplemental responses. If you obtain further information or documents with respect to any request to which you have already responded, you have a continuing duty to supplement your answer pursuant to Federal Rule of Civil Procedure 26(e) at any time prior to the entry of judgment.

19. For each document or thing requested that you object to producing on the basis of any privilege or immunity from discovery, please provide the following information:

    a. The basis for the privilege being invoked;

    b. The date of the document;

    c. The title of the document (if any);

    d. The name of the person(s) authoring the document;

    e. The name of the person(s) to whom the document and/or copies thereof were given or transmitted;

    f. The name of the person(s) from whom the document and/or copies thereof were given or transmitted:

    g. The present location and custodian of the document, or any copies thereof; and

    h. The general subject matter dealt with in the document with reasonable specificity to allow Plaintiffs to determine whether to challenge the privilege designation.

## **DOCUMENT REQUESTS**

1. Documents and communications showing the planning, execution and implementation of your decision to take any adverse action against a Targeted Noncitizen Student or Faculty Member, including:

    a. Documents and communications relating to the planning and execution of the arrest and detention of Mahmoud Khalil;

    b. Documents and communications relating to the planning and execution of the arrest and detention of Mohsen Mahdawi.

    c. Documents and communications relating to the planning and execution of the arrest and detention of Rümeysa Öztürk.

    d.  Documents and communications relating to the planning and execution of the arrest and detention of Yunseo Chung.

    e.  Documents and communications relating to the planning and execution of the arrest and detention of Efe Ercelik;

    f.  Documents and communications relating to the planning and execution of the arrest and detention to Mohammed Hoque;

    g.  Documents and communications relating to the planning and execution of the arrest and detention of Ranjana Srinivasan;

    h.  Documents and communications relating to the planning and execution of the arrest and detention of Badar Khan Suri; and

    i.  Documents and communications relating to the planning and execution of the arrest and detention of Momodou Taal.

2. Documents and communications requesting or recommending the taking of, and memorializing, explaining, or justifying the decision to take any adverse action against a Targeted Noncitizen Student or Faculty Member, including:

    a.  A document or documents in which the Department of Homeland Security ("DHS") and/or U.S. Immigration and Customs Enforcement ("ICE") requested or recommended that the U.S. Department of State revoke the visas of or determine the removability of a Targeted Noncitizen Student or Faculty Member. *See Ozturk v. Trump*, No. 25-CV-374, 2025 WL 1145250, at *3 (D. Vt. Apr. 18, 2025) (describing request from DHS and ICE for revocation of Rümeysa Öztürk's F-1 visa);

    b. A document or documents in which the State Department approved, explained, or justified the revocation of a Targeted Noncitizen Student's or Faculty Members's visa. *See id.*;

    c. A document or documents in which Secretary of State Marco Rubio determined that a Targeted Noncitizen Student or Faculty Member is removable under 8 U.S.C. § 1227(a)(4)(C), and the attachments to any such determination. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01963, 2025 WL 1232369, at *2 (D.N.J. Apr. 29, 2025);

    d. A document or documents in which the State Department informed DHS and/or ICE that it had approved the revocation of a Targeted Noncitizen Student or Faculty Member's visa or determined the removability of a Targeted Noncitizen Student or Faculty Member; and

    e. Any Notice to Appear (Form I-862), administrative arrest warrant (Form I-200), or Record of Deportable/Inadmissible Alien (Form I-213) that has been issued or drafted as to any of the Targeted Noncitizen Students or Faculty Members.

3. The following documents and memoranda that Plaintiffs have reason to believe are in Defendants' possession based on the public record and that are relevant to the adverse actions taken against the Targeted Noncitizen Students or Faculty:

    a. A memorandum from Secretary Rubio accusing Mohsen Mahdawi of engaging in "threatening rhetoric and intimidation of pro-Israeli bystanders." *Mahdawi v. Trump*, No. 25-CV-389, 2025 WL 1243135, at *10 (D. Vt. Apr. 30, 2025);

    b. A memorandum from Andre Watson (Senior Official, Homeland Security Investigations) to John Armstrong (Senior Bureau Official, Department of State)

7

stating that Rümeysa Öztürk had engaged in "anti-Israel activism." John Hudson, *No Evidence Linking Tufts Student to Antisemitism or Terrorism, State Dept. Office Found*, Wash. Po. (Apr. 13, 2025) https://perma.cc/KRB2-AVXF;

    c. A March 2025 State Department memorandum finding that neither DHS nor ICE nor Homeland Security Investigations had produced any evidence showing that Rümeysa Öztürk had engaged in antisemitic activity or made public statements indicating support for a terrorist organization. *See id.*;

    d. A document dated March 21, 2025 in which the State Department informed DHS that the revocation of Öztürk's visa had been "approved." *See id.*;

    e. An April 9, 2025 memorandum from the Deputy Assistant Secretary of State for Visa Services to ICE regarding the revocation of Efe Ercelik's visa. *Ercelik v. Hyde*, No. 25-CV-11007, slip op. at 17 (D. Mass. May 8, 2025);

    f. A March 22, 2025 communication from DHS/ICE to the State Department seeking the Department's determination as to whether Mohammed Hoque's visa should be revoked. *Hoque v. Trump*, No. 25-cv-01576, slip op. at 4 (D. Conn. May 5, 2025); and

    g. A May 23, 2025 memorandum from the State Department informing DHS/ICE that Mohammed Hoque's visa had been revoked. *See id.*

4. Documents and communications with Betar US, Canary Mission, and the Heritage Foundation concerning the Targeted Noncitizen Students or Faculty Members.

5. Communications, memoranda, policies, procedures, and directives concerning the inspection, review, monitoring, or surveillance of noncitizens' social media accounts or activity

for pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activity, including:

    a. The State Department's new guidance to consular officers on reviewing visa applicants' social media, referred to in paragraph 16 of the declaration from John Armstrong submitted in support of the government's opposition to Plaintiffs' preliminary injunction motion; and

    b. The Secretary of State's communication to State Department employees on March 25, 2025, titled "Enhanced Screening and Social Media Vetting for Visa Applicants." Ken Klippenstein, *Trump Admin Spies on Social Media of Student Visa Holders*, Substack (Mar. 28, 2025), https://perma.cc/FV5L-MUNA; and

6. Memoranda, policies, procedures, directives or guidance concerning the implementation or enforcement of Executive Orders 14,161 and 14,188 related to the revocation of visas or green cards, or the surveillance, arrest, detention, or deportation of noncitizen students or faculty members for pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activity, including:

    a. Any reports issued by the Attorney General, the Secretary of State, the Secretary of Education, and the Secretary of Homeland Security pursuant to Section 3(a) of Executive Order 14,188; and

    b. Communications from the State Department to Covered Institutions directing them to report international students for participating in "proscribed antisemitic actions," "terrorist activity," or "endorsing or espousing terrorism." Prem Thaker, *SCOOP: Trump Admin Forcing Schools to Report International Students for*

*Protest Activity or 'Antisemitic Actions,'* Zeteo (May 16, 2025),

https://perma.cc/XD4N-BSZC.

7. Communications with Covered Institutions concerning non-citizen students or faculty members who have been accused or suspected of engaging in speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including the list of students provided by DHS to Columbia University that was referenced by White House Press Secretary Karoline Leavitt in her press briefing on March 11, 2025.

Dated:   May 19, 2025
         New York, NY

SHER TREMONTE LLP

By:   */s/ Noam Biale*
Michael Tremonte
Noam Biale
Alexandra Conlon
Courtney Gans
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

          Ahilan T. Arulanantham
          Professor from Practice
          UCLA School of Law
          385 Charles E. Young Dr. East
          Los Angeles, CA 90095
          (310) 825-1029
          arulanantham@law.ucla.edu

*Attorneys for Plaintiffs*

To:    Ethan B. Kanter (via email)
        Harry Graver (via email)
        Lindsay M. Murphy (via email)
        Shawna Yen (via email)
        Sarmad Khojatesh (via email)

*Attorneys for Defendants*