EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN ASSOCIATIONS OF
UNIVERSTIY PROFESSORS, ET AL.,

*Plaintiffs*,

v.

MARCO RUBIO, in his official capacity as
Secretary of State, and the DEPARTMENT OF
STATE, ET AL.,

*Defendants.*

No. 1:25-cv-10685-WGY

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Defendants Marco Rubio, in his official capacity as Secretary of State; the

Department of State ("DOS"); Kristi Noem, in her official capacity as Secretary of Homeland

Security; the Department of Homeland Security ("DHS"); Todd Lyons, in his official capacity as

Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Donald J. Trump,

President of the United States; and the United States of America (collectively, "Defendants"), by

and through counsel, and provide the following responses to Plaintiffs' First Requests for

Production of Documents, subject to the accompanying objections, without waiving and expressly

preserving all objections.  Defendants' objections are based on information known to Defendants at

this time and are made without prejudice to additional objections should Defendants subsequently

identify additional grounds for objection.  Defendants also submit these responses subject to:  (a)

any objections as to competency, relevancy, materiality, privilege, and admissibility of any of these

responses; and (b) the right to object to other discovery procedures involving and relating to the

subject matter of the requests herein.

1

**OBJECTIONS THAT APPLY TO ALL REQUESTS FOR PRODUCTION**

Defendants object to these discovery requests to the extent that they seek (a) attorney work product, trial preparation material, or communications protected by the attorney-client privilege, (b) information protected by the deliberative-process privilege, the joint defense privilege, common interest privilege or law enforcement privilege; (c) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (d) information that exceeds the scope of discovery authorized by the Court in the hearings of May 6, 2025 and June 2, 2025, and/or (e) any applicable privilege.

Defendants object to the discovery requests to the extent they call for production of documents that are either not relevant to a claim or defense of any party or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendants object to the discovery request to the extent they call for documents that are publicly available, are already in the custody or control of Plaintiffs or Plaintiffs' counsel, are readily accessible to Plaintiffs, or that would otherwise be less burdensome for Plaintiffs to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

To the extent Plaintiffs request production of documents concerning Executive Order 14,161 and Executive Order 14,188, Defendants object to the discovery requests as irrelevant to the resolution of this case given that Plaintiffs have expressly stated that they do not challenge those Executive Orders in this action. *See, e.g.,* April 23, 2025 Hearing Transcript at 37 ("the government argues that we haven't [plausibly alleged a First Amendment claim], largely I think based on this misassumption that what we're challenging in this case are the two executive orders that have been

issued by the President. That's not what we're challenging, we're challenging the policy that defendant agencies have adopted to implement those executive orders.").

Defendants object to the discovery requests to the extent they demand that the President produce responsive documents, as the President is immune from injunctions in civil suits challenging official action, and given  the Court's ruling that "The President, who is sued in his official capacity, is not a proper party to this suit at least as to injunctive relief, and is dismissed to the extent that such relief is sought against him."  Dkt. # 73, n.1.

Defendants object to the discovery requests to the extent that Plaintiffs seek discovery from the United States of America, given the Court's ruling that "The United States of America is dismissed as a party from this action inasmuch as it is, in the context of this action, the living embodiment of the Constitution, and the claims for declaratory and injunctive relief against the Public Officials are in their official capacities.  "  Dkt. # 73, n.2.

Defendants object to any and all discovery requests to the extent they seek production of documents from non-party agencies and are not in compliance with the *Touhy* regulations of such agencies. *See* 22 C.F.R. part 172; 28 C.F.R. §§ 16.21 - 16.26; 6 C.F.R. §§ 5.41-5.49.

Defendants construe Plaintiffs' requests to extend only to unclassified documents. Defendants can neither confirm nor deny the existence or responsiveness of classified documents, will not search for them, and will not log them. As used in this paragraph, "classified information" means classified national security information as defined by Executive Order 13526, § 6.1(i), 75 Fed. Reg. 707, 727 (Dec. 29, 2009). A response that there are no responsive documents means that there are no unclassified responsive documents.

Defendants assert attorney-client privilege over all written correspondence to or from an attorney concerning the subject-matter of this litigation. Such correspondence between Department of Justice attorneys and other attorneys employed by Defendants will not be logged. Written

correspondence, other than electronic mail ("email"), between attorneys employed by Defendants and other employees, subordinates, agents, or officers of Defendants or agencies will be logged, but not produced.

Defendants also object to the extent any request seeks information "related to" in contravention of the Court's June 10, 2025 Order. Dkt. # 125. Per the Court's order, Defendants substitute the term "concerning" for "related to" throughout these responses.

Each and every response contained herein is subject to the above objections, regardless of whether a specific objection is interposed in a specific response. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

Defendants reserve the right to make further objections as necessary to the extent that additional issues arise as to the meaning of and/or information sought by discovery. Defendants reserve the right to amend these responses in accordance with Federal Rule of Civil Procedure 26(e) and any subsequent Court orders in this litigation, and to produce evidence at trial of subsequently discovered facts. Defendants also reserve the right to amend and supplement these responses for accuracy and to ensure full compliance with any court orders regarding discovery.

## DEFINITIONS AND INSTRUCTIONS

For ease of reference, Defendants repeat Plaintiffs' definitions and instructions:

1. The definitions and instructions provided in Federal Rule of Civil Procedure 34(a) and Local Rules 26.5 and 34.1 are incorporated by reference.

2. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, components, subdivisions, offices, directors, officers, agents, partners, employees, contractors, consultants, attorneys, representatives,  investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

3. "Adverse action" means investigating, monitoring, surveilling, revoking the visa or lawful permanent residency of, determining the removability of, or seizing, arresting, detaining, removing, or transferring to detention facilities in Louisiana.

4. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

5. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

6. "Communication", as defined in Local Rule 26.5(c), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7. "Concerning" means, as defined in Local Rule 26.5(c), referring to, describing, evidencing or constituting.

8. "Covered Institution" means the following colleges and universities: Arizona State University, Columbia University, Cornell University, Georgetown University, Harvard University, Minnesota State University System, Tufts University, University of California System, University of Massachusetts System, and University of Texas System.

9. The terms "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, or by iMessage), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

10. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

11. "Including" shall be construed to include the phrase "without limitation."

12. The terms "you" and "your" refer to each of the defendants individually responding to these requests.

13. The term "Targeted Noncitizen Students or Faculty Members" means the following individuals:
    a. Mahmoud Khalil;
    b. Mohsen Mahdawi;
    c. Rümeysa Öztürk;
    d. Yunseo Chung;
    e. Efe Ercelik;
    f. Mohammed Hoque;
    g. Ranjani Srinivasan;
    h. Badar Khan Suri; and
    i. Momodou Taal.

14. To the extent a request calls for the production of documents or things you contend are subject to a privilege or immunity from discovery, your written request should so indicate, but you are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, you are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

15. If you are unable to produce any file or document sought in these requests, you shall identify the file or document; state the reasons why you are unable to produce it, describe in detail the efforts you have made to obtain it, and identify its location and/or custodian.

16. Documents responsive to these requests should be produced in the order in which they are ordinarily kept and in a format sufficient to identify the files from which they have been taken. Documents from different files should not be intermingled.

17. Except as otherwise specified, these requests cover the time period January 20, 2025 to the present.

18. These discovery requests are continuing in that they may require supplemental responses. If you obtain further information or documents with respect to any request to which you have already responded, you have a continuing duty to supplement your answer pursuant to Federal Rule of Civil Procedure 26(e) at any time prior to the entry of judgment.

19. For each document or thing requested that you object to producing on the basis of any

privilege or immunity from discovery, please provide the following information:
 a. The basis for the privilege being invoked;
 b. The date of the document;
 c. The title of the document (if any);
 d. The name of the person(s) authoring the document;
 e. The name of the person(s) to whom the document and/or copies thereof were given or transmitted;
 f. The name of the person(s) from whom the document and/or copies thereof given or transmitted:
 g. The present location and custodian of the document, or any copies thereof; and
 h. The general subject matter dealt with in the document with reasonable specificity to allow Plaintiffs to determine whether to challenge the privilege designation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

To the extent that any definitions or instructions are inconsistent with any Order of the Court, particularly relating to the limitations on scope of discovery identified by the Court during the parties' May 6, 2025 and June 2, 2025 hearings, *see* May 6, 2025 Hearing Transcript at 19-20, 27-28; June 2, 2025 Hearing Transcript at 31-35, Defendants understand that the Order of the Court shall prevail.

For purposes of Definition and Instruction No. 2, Defendants object to this instruction as overly expansive, irrelevant and beyond the scope of the complaint, as it may extend to entities not party to this litigation.

For purposes of Definition and Instruction No. 3, Defendants object to this instruction as overbroad and encompassing materials wholly irrelevant to this case, and therefore unduly burdensome and disproportionate to the needs of the case. Defendants object to this definition as it includes actions that are beyond the scope of ICE authorities or Department of State authorities. Specifically, ICE does not issue or revoke visas, "terminate status" or "determine removability. " Further, "revoking" lawful permanent residency is not a legal term.  As applied to ICE, Defendants construe "adverse action" to mean investigating, arresting, and placing in removal proceedings an alien who is subject to removal from the United States because that is within the authorities of the agency. As applied to the Department of State, Defendants construe "adverse action" to mean

revoking the visa of an alien or making a foreign policy determination supporting removal under 8 U.S.C. § 1227(a)(4)(C) because that is within the Department's authority.

Defendants object to Definition and Instruction No. 6 to the extent that is seeks information that is privileged.

Defendants object to Definition and Instruction No. 9 to the extent that they exceed the definitions for "document" and "documents" provided in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

For purposes of Definition and Instruction No. 11, Defendants object to the extent that Plaintiffs seek information that is not relevant to any claim or defendant, is overbroad and could include information outside the scope of the Complaint.

Defendants object to Definition and Instruction No. 11 to the extent that the "without limitation" condition is unduly burdensome and could implicate privileged material.

Defendants object to Definition and Instruction No. 12 to the extent that Plaintiffs seek discovery from the President, given the Court's ruling that "The President, who is sued in his official capacity, is not a proper party to this suit at least as to injunctive relief, and is dismissed to the extent that such relief is sought against him."  Dkt. # 73, n.1.  Furthermore, the potential benefit of responding to discovery demands is exceedingly slight as compared to the burden of conducting the search and the intrusion on the Executive.

Defendants object to Definition and Definition No. 12 to the extent that Plaintiffs seek discovery from the United States of America, given the Court's ruling that "The United States of America is dismissed as a party from this action inasmuch as it is, in the context of this action, the living embodiment of the Constitution, and the claims for declaratory and injunctive relief against the Public Officials are in their official capacities.  "  Dkt. # 73, n.2.

For purposes of Definition and Instruction No. 13, Defendants object to the inclusion of any

individuals other than Mahmoud Khalil, Mohsen Mahdawi, Rümeysa Öztürk, Yunseo Chung; and Badar Khan Suri, given the Court's May 22, 2025 Order that Plaintiffs' discovery requests be limited to inquiry into these five individual aliens. May 22, 2025 Hearing Transcript at 7-8, 10. Defendants also object to the phrasing "targeted noncitizen" in that it implies that Defendants have engaged in unlawful conduct. Further, Defendants object to discovery into any individuals not party to this litigation, particularly non-party aliens not identified by Plaintiffs, non-party aliens who fall outside the scope of the five "targeted noncitizens" narrowed by the court, and non-party aliens who are subject to active litigation in immigration court or habeas proceedings before a U.S. district court.

Defendants object to Definition and Instruction No. 19 as overbroad because it demands more information than is required under Fed. R. Civ. P 34 and Local Rule 34.1. Defendants also object to the extent that the details requested may not be known about each document that is withheld, in whole or in part, on the basis of privilege, or may be overly burdensome to identify.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents and communications showing the planning, execution and implementation of your decision to take any adverse action against a Targeted Noncitizen Student or Faculty Member, including:

    a. Documents and communications relating to the planning and execution of the arrest and detention of Mahmoud Khalil;

    b. Documents and communications relating to the planning and execution of the arrest and detention of Mohsen Mahdawi.

    c. Documents and communications relating to the planning and execution of the arrest and detention of Rümeysa Öztürk.

    d. Documents and communications relating to the planning and execution of the arrest and detention of Yunseo Chung.

    e. Documents and communications relating to the planning and execution of the arrest and detention of Efe Ercelik;

    f. Documents and communications relating to the planning and execution of the arrest and detention to Mohammed Hoque;

    g. Documents and communications relating to the planning and execution of the arrest and detention of Ranjana Srinivasan;

    h. Documents and communications relating to the planning and execution of the arrest and detention of Badar Khan Suri; and

    i. Documents and communications relating to the planning and execution of the arrest and detention of Momodou Taal.

**OBJECTIONS TO RFP NO. 1:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production."  Further, Defendants object to the extent that this request seeks information regarding individual enforcement actions that are subject to law enforcement privilege and deliberative process privilege, including communications between government officials regarding the planning of enforcement actions against specific individuals, which the Court has ruled need not be produced in this litigation.  *See* June 2, 2025 Hearing Transcript at 32. Defendants also object on the basis that this request is overbroad because it seeks discovery into individuals not party to this litigation, particularly non-party aliens not identified by Plaintiffs, non-party aliens who fall outside the scope of the five "targeted noncitizens" narrowed by the court, and non-party aliens who are subject to active litigation in immigration court or habeas proceedings before a U.S. federal court.  Defendants object to the extent that, of the five "targeted noncitizens"

narrowed by the Court, enforcement action was not taken against Yunseo Chung.  Defendants also object inasmuch as this request seeks information beyond the express limitations that the Court has deemed relevant and appropriate here, and because the requests are unduly burdensome and not proportional to the needs of the case.  *See* June 2, 2025 Hearing Transcript at 31-33.  Additionally, the burden of producing these documents is not proportional to the needs of this accelerated Rule 65(a)(2) proceeding because, given the compressed timeframe as recognized by the Court, discovery should be focused on the issues identified by the Court and those issues directly relevant to the facts Plaintiffs must prove.

**RESPONSE TO RFP NO. 1:**

Consistent with these objections and with the evidence the Court deemed relevant during the June 2, 2025 hearing, Defendants will include, or already have included, in the administrative record, or will otherwise produce to Plaintiffs non-privileged documents pertaining to the final plans for, and implementation of, any enforcement actions taken in regard to the five "targeted noncitizens" from January 20, 2025 to present.  Defendants will produce a privilege log for any produced documents requiring privilege redaction.  These documents include:

Department of State "Notification of Removability under INA 237(a)(4)(C)" for four individuals*, see* CAR 018, 026, 041, 044; Department of State "Revocation of Visa" memo regarding one individual, *see* CAR 034; Immigration court charging documents for four individuals, *see* CAR 020, 023, 028, 036, 046; administrative arrest warrants for four individuals, *see* CAR 025, 032, 040, 043; Notice of Custody Determination for one individual, *see* CAR 033. Defendants will withhold from production five internal, predecisional Department of State memos regarding specific individuals, which are subject to the deliberative process privilege in their entirety, along with ICE referral memos regarding five individuals, and DHS, Homeland Security Investigations ("HSI") Profiles for five individuals, which are law enforcement sensitive.

Defendants submitted these withheld documents, which to undersigned counsel's knowledge have not been disclosed or filed in any other litigation, *in camera*, *ex parte*, to the Court on June 11, 2025. Defendants will not produce any documents responding to RFP 1.e-1.i. *See* Dkt. 125 (court order limiting data request to five individuals).

**REQUEST FOR PRODUCTION NO. 2:**  Documents and communications requesting or recommending the taking of, and memorializing, explaining, or justifying the decision to take any adverse action against a Targeted Noncitizen Student or Faculty Member, including:

a. A document or documents in which the Department of Homeland Security ("DHS") and/or U.S. Immigration and Customs Enforcement ("ICE") requested or recommended that the U.S. Department of State revoke the visas of or determine the removability of a Targeted Noncitizen Student or Faculty Member. *See Ozturk v. Trump*, No. 25-CV-374, 2025 WL 1145250, at *3 (D. Vt. Apr. 18, 2025) (describing request from DHS and ICE for revocation of Rümeysa Öztürk's F-1 visa);

b. A document or documents in which the State Department approved, explained, or justified the revocation of a Targeted Noncitizen Student's or Faculty Members's visa. *See id.*;

c. A document or documents in which Secretary of State Marco Rubio determined that a Targeted Noncitizen Student or Faculty Member is removable under 8 U.S.C. § 1227(a)(4)(C), and the attachments to any such determination. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01963, 2025 WL 1232369, at *2 (D.N.J. Apr. 29, 2025);

d. A document or documents in which the State Department informed DHS and/or ICE that it had approved the revocation of a Targeted Noncitizen Student or Faculty Member's visa or determined the removability of a Targeted Noncitizen Student or Faculty Member; and

e. Any Notice to Appear (Form I-862), administrative arrest warrant (Form I-200), or Record of Deportable/Inadmissible Alien (Form I-213) that has been issued or drafted as to any of the Targeted Noncitizen Students or Faculty Members.

**OBJECTIONS TO RFP NO. 2:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production." Further, Defendants object to the extent that this request seeks information subject to law enforcement privilege and deliberative process privilege, including communications between government officials regarding the planning of enforcement actions against specific individuals, which the Court has ruled need not be produced in this litigation.  *See* June 2, 2025 Hearing Transcript at 32. This request is also overbroad because it seeks discovery into individuals not party to this litigation, and particularly into non-party aliens not identified by Plaintiffs, non-party aliens who fall outside the scope of the five "targeted noncitizens" narrowed by the Court, and non-party aliens who are subject to active litigation in immigration court or habeas proceedings before a U.S. federal court.  Defendants object to the extent that, of the five "targeted noncitizens" narrowed by the Court, enforcement action was not taken against Yunseo Chung.  Defendants also object to the extent that this request seeks information beyond the express

13

limitations that the Court has deemed relevant and appropriate here.  *See* June 2, 2025 Hearing

Transcript at 31-33.  Additionally, the burden of producing these documents is not proportional to

the needs of this accelerated Rule 65(a)(2) proceeding because, given the compressed timeframe as

recognized by the Court, discovery should be focused on the issues identified by the court and

those issues directly relevant to the facts Plaintiffs must prove.

**RESPONSE TO RFP NO. 2:**

Notwithstanding these objections, and consistent with the evidence the Court deemed

relevant during the June 2, 2025 hearing, Defendants will include or already have included in the

administrative record, or will otherwise produce, non-privileged documents pertaining to any

enforcement actions taken in regard to the five "targeted noncitizens" from January 20, 2025, to the

present.  Defendants will produce a privilege log for any documents requiring privilege redaction.

These documents include:

Department of State "Notification of Removability under INA 237(a)(4)(C)" for four

individuals*, see* CAR 018, 026, 041, 044; Department of State "Revocation of Visa" memo

regarding one individual, *see* CAR 034; Immigration court charging documents for four

individuals, *see* CAR 020, 023, 028, 036, 046; administrative arrest warrants for four individuals,

*see* CAR 025, 032, 040, 043; Notice of Custody Determination for one individual, *see* CAR 033;

Defendants will withhold from production five internal, predecisional Department of State memos

regarding specific individuals, which are subject to the deliberative process privilege in their

entirety, along with ICE referral memos regarding five individuals, and HSI Profiles for five

individuals, which are law enforcement sensitive.  Defendants submitted these withheld documents,

which to undersigned counsel's knowledge have not been disclosed or filed in any other litigation,

*in camera*, *ex parte*, to the Court on June 11, 2025.

**REQUEST FOR PRODUCTION NO. 3:**  The following documents and memoranda that Plaintiffs have reason to believe are in Defendants' possession based on the public record and that are relevant to the adverse actions taken against the Targeted Noncitizen Students or Faculty:

> a. A memorandum from Secretary Rubio accusing Mohsen Mahdawi of engaging in "threatening rhetoric and intimidation of pro-Israeli bystanders." *Mahdawi v. Trump*, No. 25-CV-389, 2025 WL 1243135, at *10 (D. Vt. Apr. 30, 2025);
>
> b. A memorandum from Andre Watson (Senior Official, Homeland Security Investigations) to John Armstrong (Senior Bureau Official, Department of State) stating that Rümeysa Öztürk had engaged in "anti-Israel activism." John Hudson, No Evidence Linking Tufts Student to Antisemitism or Terrorism, State Dept. Office Found, Wash. Po. (Apr. 13, 2025) https://perma.cc/KRB2-AVXF;
>
> c. A March 2025 State Department memorandum finding that neither DHS nor ICE nor Homeland Security Investigations had produced any evidence showing that Rümeysa Öztürk had engaged in antisemitic activity or made public statements indicating support for a terrorist organization. *See id.*;
>
> d. A document dated March 21, 2025 in which the State Department informed DHS that the revocation of Öztürk's visa had been "approved." *See id.*;
>
> e. An April 9, 2025 memorandum from the Deputy Assistant Secretary of State for Visa Services to ICE regarding the revocation of Efe Ercelik's visa. *Ercelik v. Hyde*, No. 25-CV-11007, slip op. at 17 (D. Mass. May 8, 2025);
>
> f. A March 22, 2025 communication from DHS/ICE to the State Department seeking the Department's determination as to whether Mohammed Hoque's visa should be revoked. *Hoque v. Trump*, No. 25-cv-01576, slip op. at 4 (D. Conn. May 5, 2025); and
>
> g. A May 23, 2025 memorandum from the State Department informing DHS/ICE that Mohammed Hoque's visa had been revoked. *See id.*

**OBJECTIONS TO RFP NO. 3:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production."  Further, Defendants object to the extent that this request seeks information subject to law enforcement privilege and deliberative process privilege, including communications between government officials regarding the planning of enforcement actions against specific individuals, which the Court has ruled need not be produced in this litigation.  *See* June 2, 2025 Hearing Transcript at 32. This request is also overbroad because it seeks discovery into individuals not party to this litigation, and particularly into non-party aliens not identified by Plaintiffs, non-party aliens who fall outside the scope of the five "targeted noncitizens" narrowed by the court, and non-party aliens who are subject to active litigation in immigration court or habeas proceedings before a U.S. federal court.  Defendants object to the "have reason to believe"

qualification, as Defendants are unaware of Plaintiff's state of mind. Defendants object to the term "possession" because it is not defined. Defendants object to "public record" as it is not a defined term. Defendants object because the request assumes there is legal "relevance" to the case allegations. Defendants object to the extent that, of the five "targeted noncitizens" narrowed by the Court, enforcement action was not taken against Yunseo Chung. Defendants also object to the extent that this request seeks information beyond the express limitations that the Court has deemed relevant and appropriate here, and which are not relevant, unduly burdensome, and not proportional to the needs of the case. *See* June 2, 2025 Hearing Transcript at 31-33. Additionally, the burden of producing these documents is not proportional to the needs of this accelerated Rule 65(a)(2) proceeding because, given the compressed timeframe as recognized by the Court, discovery should be focused on the issues identified by the court and those issues directly relevant to the facts Plaintiffs must prove.

**RESPONSE TO RFP NO. 3:**

Consistent with these objections and with the evidence the Court deemed relevant during the June 2, 2025 hearing, Defendants will include or already have included in the administrative record, or will otherwise produce, non-privileged documents, to the extent they exist, pertaining to any enforcement actions taken in regard to the five "targeted noncitizens" during the time period January 20, 2025 to the present. Defendants will produce a privilege log for any documents requiring privilege redaction. These documents include:

Department of State "Notification of Removability under INA 237(a)(4)(C)" for a specific individual, *see* CAR 026; "Revocations of Visa" memo regarding a specific individual, *see* CAR 034. Defendants will withhold from production the ICE referral memo referenced at 3.b, which is law enforcement sensitive, along with the predecisional Department of State memo referenced at 3.c, which is subject to the deliberative process privilege. Defendants submitted these withheld

documents, which to undersigned counsel's knowledge have not been disclosed or filed in any other litigation, *in camera*, *ex parte*, to the Court on June 11, 2025.  Defendants will not produce any requested documents in RFP 3.e-3.g because they pertain to individuals other than the 5 "targeted noncitizens."  *See* Dkt. 125 (court order limiting data request to five individuals).

**REQUEST FOR PRODUCTION NO. 4:** Documents and communications with Betar US, Canary Mission, and the Heritage Foundation concerning the Targeted Noncitizen Students or Faculty Members.

**OBJECTIONS TO RFP NO. 4:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production." Defendants object to the extent that this request seeks information that is not relevant and which goes beyond the express limitations that the Court has deemed relevant and appropriate here. *See* June 2, 2025 Hearing Transcript at 31-33. Taking the allegations in Plaintiffs' complaint and briefing at face value, the correspondence sought, to the extent it even exists, would be, at best, part of the discussion leading up to any final plan and would be pre-decisional and not constitute final agency actions or policies.

Defendants also object because this request is vague: It is unclear whether this request seeks communications between Betar US, the Canary Mission, and the Heritage Foundation – of which Defendants would be unaware. The discovery request is also not clear with whom Betar US, Canary Mission, and the Heritage Foundation, have been communicating with. Defendants also object because it is unclear what is being sought by the use of the terms "documents and communications" in this request, which otherwise appears to be asking for only communications. Additionally, to the extent the request seeks communications between an unspecified government agency and Betar US, Canary Mission, and/or the Heritage Foundation, the burden of producing any such documents is not proportional to the needs of this accelerated Rule 65(a)(2) proceeding. To the extent that the documents and communications sought exist, Defendants further object because the request is unduly burdensome and not proportional to the needs of the case to the extent it seeks discovery into government agencies that are not parties and the Executive, who are no longer a party to this case, and private individuals not party to this litigation. By connection, Defendants object to the extent this request seeks production of documents from non-party

agencies.

**RESPONSE TO RFP NO. 4:**

Consistent with these objections, Defendants will not search for and will withhold any responsive materials in its possession and control.

**REQUEST FOR PRODUCTION NO. 5:** Communications, memoranda, policies, procedures, and directives concerning the inspection, review, monitoring, or surveillance of noncitizens' social media accounts or activity for pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activity, including:

> a. The State Department's new guidance to consular officers on reviewing visa applicants' social media, referred to in paragraph 16 of the declaration from John Armstrong submitted in support of the government's opposition to Plaintiffs' preliminary injunction motion; and
> b. The Secretary of State's communication to State Department employees on March 25, 2025, titled "Enhanced Screening and Social Media Vetting for Visa Applicants." Ken Klippenstein, Trump Admin Spies on Social Media of Student Visa Holders, Substack (Mar. 28, 2025), https://perma.cc/FV5L-MUNA; and

**OBJECTIONS TO RFP NO. 5:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production."  Defendants object to the extent that this request is overbroad and seeks information that is not relevant and which goes beyond the express limitations that the Court has deemed relevant and appropriate here.  *See* June 2, 2025 Hearing Transcript at 31-33.

Defendants also object because Plaintiffs' request is vague and overbroad:  "pro-Palestinian," "anti-Semitic," "anti-Zionist," "pro-terrorist," "pro- Hamas," "pro-Jihadist," or "anti-Israel" are vague and ambiguous not defined terms.  Defendants object because the request does not identify the persons/parties who allegedly directed any "inspection, review, monitoring, or surveillance;" the request appears to have no limit as to agency or personnel, including the Executive, who is no longer a party to this case and for whom there are specific privileges.

Defendants further object to the extent that the request seeks law enforcement privileged information and is not proportional to the needs of this accelerated Rule 65(a)(2) proceeding.  And Defendants object because the request is unduly burdensome and not proportional to the needs of the case to the extent it seeks discovery into government agencies that are not parties and the Executive, who is no longer a party to this case, and private individuals not party to this litigation. By connection, Defendants object to the extent this request seeks production of documents from non-party agencies.

**RESPONSE TO RFP NO. 5:**

Consistent with these objections and with the evidence the Court deemed relevant during the June 2, 2025 hearing, Defendants have included in the administrative record and may provide additional documents, redacted for law enforcement privilege, embodying the guidance given to consular officers regarding social media vetting protocols, including the following documents:

Department of State Cable 26168, "Enhanced Screening and Social Media Vetting for Visa Applicants," *see* CAR 012; █████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
██

**REQUEST FOR PRODUCTION NO. 6:**  Memoranda, policies, procedures, directives or guidance concerning the implementation or enforcement of Executive Orders 14,161 and 14,188 related to the revocation of visas or green cards, or the surveillance, arrest, detention, or deportation of noncitizen students or faculty members for pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activity, including:

      a. Any reports issued by the Attorney General, the Secretary of State, the Secretary of Education, and the Secretary of Homeland Security pursuant to Section 3(a) of Executive Order 14,188; and

      b. Communications from the State Department to Covered Institutions directing them to report international students for participating in "proscribed antisemitic actions," "terrorist activity," or "endorsing or espousing terrorism." Prem Thaker, SCOOP: Trump Admin Forcing Schools to Report International Students for Protest Activity or 'Antisemitic Actions,' Zeteo (May 16, 2025), https://perma.cc/XD4N-BSZC.

**OBJECTIONS TO RFP NO. 6:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production."

Defendants also object because Plaintiffs' request is vague and overbroad:  "pro-Palestinian," "anti-Semitic," "anti-Zionist," "pro-terrorist," "pro- Hamas," "pro-Jihadist," or "anti-Israel" are vague and ambiguous and not defined terms.

Defendants object because this request seeks discovery from non-parties to this litigation that goes far beyond that permitted by the Court.  *See* June 2, 2025 Hearing Transcript at 31-33.  By connection, Defendants object to the extent this request seeks production of documents from non-party agencies.  Additionally, the burden of producing these documents is not proportional to the needs of this accelerated Rule 65(a)(2) proceeding and not likely probative of the facts at issue in this case.

**RESPONSE TO RFP NO. 6:**

Consistent with these objections, and consistent with the evidence the Court deemed relevant during the June 2, 2025 hearing, Defendants already have included, or will include, in the administrative record documents redacted for law enforcement privilege pertaining to the Department of State's implementation of Executive Orders 14,161 and 14,188 as related to the

scope of discovery set out by the Court.  These documents include:  Department of State Cable

26168, "Enhanced Screening and Social Media Vetting for Visa Applicants," *see* CAR 012;



Defendants will withhold from production a March 20, 2025 report submitted by

the Department of State to the White House in accordance with E.O. 14188 Sec. 3, identifying

authorities to counter anti-semitism.  Defendants submitted this withheld document, which is

subject to the Presidential Communications Privilege, *in camera*, *ex parte*, to the Court on June 11,

2025.

**REQUEST FOR PRODUCTION NO. 7:**  Communications with Covered Institutions concerning non-citizen students or faculty members who have been accused or suspected of engaging in speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including the list of students provided by DHS to Columbia University that was referenced by White House Press Secretary Karoline Leavitt in her press briefing on March 11, 2025.

**OBJECTIONS TO RFP NO. 7:**

Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production."

Defendants also object to this request as it overbroad and seeks information that is not relevant to this case as it seeks government communications with non-parties uninvolved in the underlying litigation and for whom there are no allegations that they are involved in decision making associated with determining how the Executive Orders are implemented.  Although also not relevant, there is no allegation that the Covered Institutions participate in implementing the Executive Orders, to the contrary the Complaint alleges that after receiving a list of names, Columbia University refused to help DHS identify those individuals on campus.  Compl. ¶ 44.

Defendants also object because Plaintiffs request is vague and overbroad:  "pro-Palestinian," "anti-Semitic," "anti-Zionist," "pro-terrorist," "pro- Hamas," "pro-Jihadist," or "anti-Israel" are vague and ambiguous and not defined terms.

Defendants also object because it is unclear whose communications are being sought and could include government agencies not parties to this litigation, the President, who is no longer a party to this litigation and subject to the presidential communications privilege.  By connection, Defendants object to the extent this request seeks production of documents from non-party agencies.  Defendants also object to the extent this request seeks communications among the Covered Institutions — of which Defendants would be unaware and/or not have responsive documents in their custody and control.

Defendants also object to the extent that this request seeks information that is not relevant and unduly burdensome because it goes beyond the express limitations that the Court has deemed relevant and appropriate here. *See* June 2, 2025, Hearing Transcript at 31-33. Additionally, to the extent the request seeks communications between an unspecified government agency and the Covered Institutions, the burden of producing any such documents is not proportional to the needs of this accelerated Rule 65(a)(2).

**RESPONSE TO RFP NO. 7:**

Notwithstanding the foregoing objections, to date, Defendants have not identified any communications or lists of students shared with covered institutions within their departments.

Respectfully Submitted,

BRETT A. SCHUMATE                          WILLIAM KANELLIS
Assistant Attorney General

                                            /s/ Ethan B. Kanter
DREW C. ENSIGN                             ETHAN B. KANTER
Deputy Assistant Attorney General          Chief, National Security Unit
                                            Office of Immigration Litigation
LEAH B. FOLEY                              P.O. Box 878, Ben Franklin Station
United States Attorney                      Washington, D.C. 20001

SHAWNA YEN
Assistant United States Attorney
District of Massachusetts                   Counsel for Defendants


DATED: June 13, 2025