EXHIBIT 10

Confidential: Subject to Pending Protective Order

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| AMERICAN ASSOCIATIONS OF UNIVERSTIY PROFESSORS, ET AL., |
| |
| *Plaintiffs*, |
| v. |
| MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., |
| |
| *Defendants.* |

No. 1:25-cv-10685-WGY

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

COME NOW Defendants Marco Rubio, in his official capacity as Secretary of State; the

Department of State ("DOS"); Kristi Noem, in her official capacity as Secretary of Homeland

Security; the Department of Homeland Security ("DHS"); Todd Lyons, in his official capacity as

Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Donald J. Trump,

President of the United States; and the United States of America (collectively, "Defendants"), by

and through counsel, and provide the following responses to Plaintiffs' First Set of Interrogatories

Directed at Defendants, subject to the accompanying objections, without waiving and expressly

preserving all objections. Defendants' objections are based on information known to Defendants at

this time and are made without prejudice to additional objections should Defendants subsequently

identify additional grounds for objection. Defendants also submit these responses subject to:  (a)

any objections as to competency, relevancy, materiality, privilege, and admissibility of any of these

responses; and (b) the right to object to other discovery procedures involving and relating to the

subject matter of the requests herein.

Confidential: Subject to Pending Protective Order

## INSTRUCTIONS

1. The instructions provided in Local Rule 33.1 are incorporated by reference.

2. Whenever an Interrogatory asks for the identity of an individual, please set forth the following information:

a. The individual's name;

b. The individual's title or occupation;

c. The individual's present or last known residential address; and

d. The individual's present or last known business address.

3. In answering these Interrogatories, Defendants are required to furnish all information known or available to them, regardless of whether this information is possessed by Defendants or by their agents, employees, representatives, investigators, or by their attorneys or other persons who have acted on their behalf, or by any corporation, partnership, or other legal entity.

4. If any of these Interrogatories cannot be answered in full, after exercising due diligence to secure the information to do so, answer to the extent possible, specifying the reasons for Defendants' inability to answer the remainder and stating whatever information, knowledge, or belief Defendants have concerning the unanswered portion. In addition, specify the person or persons Defendants have reason to believe may have the information and/or knowledge to answer such interrogatory or any part thereof.

5. The Interrogatories are continuing in nature. If, after answering these interrogatories, Defendants obtain or become aware of further information responsive to these Interrogatories, Defendants are required to provide a supplemental interrogatory answer.

6. State whether the information furnished is within the personal knowledge of Defendants and, if not, the name of each person to whom the information is a matter of personal knowledge.

Confidential: Subject to Pending Protective Order

7. If Defendants believe that an Interrogatory seeks privileged information, state the grounds for the privilege assertion in sufficient detail to enable Plaintiffs to challenge your claim.

8. If Defendants object to any portion of any Interrogatory herein, identify the portion of the Interrogatory to which Defendants object and respond to the remainder of the Interrogatory.

## OBJECTIONS TO INSTRUCTIONS

For purposes of Instruction No. 2, Defendants object because providing identity information, especially of non-public facing agency personnel, could subject such personnel to safety and security threats as well as doxing. Defendants object to this instruction because providing personal residential addresses and business addresses for agency personnel is an extreme security risk to the safety and security of the personnel and their family.

For purposes of Instruction No. 3, Defendants object to this instruction to the extent that it encompasses entities not party to this litigation.

## DEFINITIONS

1. The definitions provided in Federal Rule of Civil Procedure Rule 34(a) and Local Rule 26.5(c) are incorporated by reference.

2. "Adverse action" means investigating, monitoring, surveilling, revoking the visa or lawful permanent residency of, terminating the status of, determining the removability of, or seizing, arresting, detaining, removing, or transferring to a detention facility in Louisiana.

3. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

4. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

5. "Communication", as defined in Local Rule 26.5(c), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. "Covered Institution" means the following colleges and universities: Arizona State University, Columbia University, Cornell University, Georgetown University, Harvard

3

Confidential: Subject to Pending Protective Order

University, Minnesota State University System, Tufts University, University of California System, University of Massachusetts System, and University of Texas System.

7. The term "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, or by iMessage), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

8. "Identify," when referring to a person, means to give the names, titles, organizational roles, and job descriptions of all U.S. Government officials, officers, agents, employees or contractors.

9. "Including" shall be construed to include the phrase "without limitation."

10. The term "Targeted Noncitizen Students or Faculty Members" means the following individuals:

   a. Mahmoud Khalil;
   b. Mohsen Mahdawi;
   c. Rümeysa Öztürk;
   d. Yunseo Chung;
   e. Efe Ercelik;
   f. Mohammed Hoque;
   g. Ranjani Srinivasan;
   h. Badar Khan Suri; and
   i. Momodou Taal.

11. The terms "you" and "your" refer to each of the defendants individually responding to these requests.

## OBJECTIONS TO DEFINITIONS

To the extent that any definitions are inconsistent with any Order of the Court, Defendants understand that the Order of the Court shall prevail. For purposes of Definition No. 2, Defendants object as the definition includes actions that are beyond the scope of ICE authorities or Department of State authorities. Specifically, ICE does not issue or revoke visas, "terminate status" or "determine removability." Further, "revoking" lawful permanent residency is not a legal term. As

Confidential: Subject to Pending Protective Order

applied to ICE, Defendants construe "adverse action" to mean investigating, arresting, and placing in removal proceedings an alien that is subject to removal from the United States because that is within the authorities of the agency. As applied to the Department of State, Defendants construe "adverse action" to mean revoking the visa of an alien or making a foreign policy determination supporting removal under 8 U.S.C. § 1227(a)(4)(C) because that is within the Department's authority. Defendants object to the "transferred to detention facilities in Louisiana" portion of the definition because not all the "targeted noncitizens" were arrested or detained and if they were, only three were detained in Louisiana for any period of time, and currently only one remains in detention there.

For purposes of Definition No. 5, Defendants object to this insofar as it seeks information that is subject to the attorney-client privilege, law enforcement privilege, deliberative process privilege, or attorney work product privilege.

For purposes of Definition No. 7, Defendants object to the extent that they exceed the definitions for "document" and "documents" provided in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

For purposes of Definition No. 9, Defendants object because to the "without limitation" condition because it is unduly burdensome and could implicate privileged material.

For purposes of Definition No. 10, Defendants object to the inclusion of any individuals other than Mahmoud Khalil, Mohsen Mahdawi, Rümeysa Öztürk, Yunseo Chung; and Badar Khan Suri, given the Court's May 22, 2025 Order that Plaintiffs' discovery requests be limited to inquiry into these five "targeted non-citizens." Defendants also object to the phrasing "targeted noncitizen" in that it implies that Defendants have engaged in unlawful conduct. Further, Defendants object to discovery into any individuals not party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S.

Confidential: Subject to Pending Protective Order

federal court.

For purposes of Definition No. 11, Defendants object to the extent that Plaintiffs seek

discovery from the President, given the Court's ruling that "The President, who is sued in his

official capacity, is not a proper party to this suit at least as to injunctive relief, and is dismissed to

the extent that such relief is sought against him." Dkt. # 73, n.1. Furthermore, the potential benefit

of responding to discovery demands is exceedingly slight as compared to the burden of conducting

the search and the intrusion on the Executive and discovery may seek information covered by an

executive privilege. Defendants also object to Definition No. 11 to the extent that Plaintiffs seek

discovery from the United States of America, given the Court's ruling that "The United States of

America is dismissed as a party from this action inasmuch as it is, in the context of this action, the

living embodiment of the Constitution, and the claims for declaratory and injunctive relief against

the Public Officials are in their official capacities." Dkt. # 73, n.2.

## **INTERROGATORIES**

1. Identify the persons who are or were involved in proposing or taking adverse
   action against any of the Targeted Noncitizen Students or Faculty Members,
   including everyone from the most senior agency officials (*e.g.*, Secretary Rubio
   and Secretary Noem) down the chain to the most junior agency officials,
   officers, employees, agents, contractors, or consultants.

**Objection**:  Defendants object to this request as overbroad in that it seeks information beyond

the discovery limitations set by the Court.  *See* May 22, 2025 Hearing Transcript at 7, 9-10 (limiting

discovery to 5 "targeted non-citizens"); June 2, 2025 Hearing Transcript at 31-33 (holding that the

government "need not discovery discussions among government officials at any level" and

recognizing that discussions among law enforcement agents as "they work out a plan" is privileged).

Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged

in unlawful conduct. Further, Defendants object to discovery into any individuals not a party to this

litigation and particularly into non-party noncitizens who are separately in active immigration court

Confidential: Subject to Pending Protective Order

proceedings or habeas proceedings before a U.S. federal court.

**Response**: Consistent with the objections stated above, in addition to Assistant Director for National Security Andre Watson, Defendants identify the following ICE officials and designate their identities as Confidential pursuant to the pending case protective order:

- Assistant Director for Intelligence ██████;

- Deputy Assistant Director for Intelligence ██████;

- Former Assistant Director for Domestic Operations ██████(current HSI Deputy Executive Assistant Director).

Defendants also provide the names of these special agents in charge who can speak to arrest plans, where applicable, for the five individuals that Plaintiffs chose at the May 22, 2025 hearing. In accordance with the Court's June 17 Order, the identities of these special agents in charge are subject to the Attorneys Eyes Only Protective Order issued on June 17, 2025. Dkt. #140.

- Deputy Special Agent in Charge ██████ of HSI New York, relating to the arrest of Khalil;

- Acting Special Agent in Charge ██████ of HSI Washington, D.C., relating to the arrest of Suri;

- Assistant Special Agent in Charge ██████ of HSI New England, relating to the arrest of Mahdawi;

- Assistant Special Agent in Charge ██████ of HSI Boston, relating to the arrest of Ozturk.


2. Identify the persons who are or were involved in the inspection, review, monitoring, or surveillance of the Targeted Noncitizen Students or Faculty Members' social media accounts or activity.

**Objection**: Defendants object to this request as overbroad in that it seeks information beyond

7

Confidential: Subject to Pending Protective Order

the discovery limitations set by the Court.  *See* May 22, 2025 Hearing Transcript at 7, 9-10 (limiting

discovery to 5 "targeted non-citizens"); June 2, 2025 Hearing Transcript at 31-33 (holding that the

government "need not discovery discussions among government officials at any level" and

recognizing that discussions among law enforcement agents as "they work out a plan" is privileged).

Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged

in unlawful conduct. Further, Defendants object to discovery into any individuals not a party to this

litigation and particularly into non-party noncitizens who are separately in active immigration court

proceedings or habeas proceedings before a U.S. federal court.

   **Response**: Consistent with the objections stated above, Defendants limit their response to

information concerning the five individuals that Plaintiffs chose at the May 22, 2025 hearing, and

identify the following ICE officials and designate their identities as Confidential pursuant to the

pending case protective order:

- ⨯⨯⨯⨯, Assistant Director for Intelligence;

- ⨯⨯⨯⨯, Deputy Assistant Director for Intelligence.


3.  Identify the persons who are or were involved in taking adverse action against any non-
    citizen student or faculty member at a Covered Institution based in whole or in part on
    speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-
    Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel.

   **Objection**: Defendants object to this request as overbroad in that it seeks information beyond

the discovery limitations set by the Court. *See* May 22, 2025 Hearing Transcript at 7, 9-10 (limiting

discovery to 5 "targeted non-citizens"); June 2, 2025 Hearing Transcript at 31-33 (holding that the

government "need not discovery discussions among government officials at any level" and

recognizing that discussions among law enforcement agents as "they work out a plan" is privileged).

Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged

Confidential: Subject to Pending Protective Order

in unlawful conduct. Further, Defendants object to discovery into any individuals not a party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S. federal court.

**Response**: Consistent with the objections stated above, in addition to Assistant Director for National Security Andre Watson, Defendants identify the following ICE officials and designate their identities as Confidential pursuant to the pending case protective order:

- Assistant Director for Intelligence ███████;

- Deputy Assistant Director for Intelligence ███████;

- Former Assistant Director for Domestic Operations ███████ (current HSI Deputy Executive Assistant Director);

Defendants also provide the names of these special agents in charge who can speak to arrest plans, where applicable, for the five individuals that Plaintiffs chose at the May 22, 2025 hearing:

- Deputy Special Agent in Charge ███████ of HSI New York, relating to the arrest of Khalil;

- Acting Special Agent in Charge ███████ of HSI Washington, D.C., relating to the arrest of Suri;

- Assistant Special Agent in Charge ███████ of HSI New England, relating to the arrest of Mahdawi;

- Assistant Special Agent in Charge ███████ of HSI Boston, relating to the arrest of Ozturk.

In accordance with the Court's June 17 Order, the identities of these special agents in charge are subject to the Attorneys Eyes Only Protective Order issued on June 17, 2025. Dkt. #140.

Confidential: Subject to Pending Protective Order

4. Identify the persons who are or were involved in communications between you and any Covered Institution concerning non-citizen students or faculty members believed or suspected to have engaged in speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including the persons at the Department of Homeland Security who communicated with Columbia University, as referenced by White House Press Secretary Karoline Leavitt in her press briefing on March 11, 2025.

**Objection**: Defendants object to this request as it seeks information that is not relevant to this case, including the identities of non-parties and government communications with non-parties uninvolved in the underlying litigation and for whom there are no allegations that they are involved in decision making associated with determining how the Executive Orders are implemented. Although also not relevant, there is no allegation that the Covered Institutions participate in implementing the Executive Orders, to the contrary the Complaint alleges that after receiving a list of names, Columbia University refused to help DHS identify those individuals on campus. Compl. ¶ 44.

Defendants also object because Plaintiffs' request is vague and overbroad: "pro-Palestinian," "anti-Semitic," "anti-Zionist," "pro-terrorist," "pro- Hamas," "pro-Jihadist," or "anti-Israel" are vague, ambiguous, are not defined terms.

Defendants also object because it is unclear whose communications are being sought and could include non-party government officials or agencies such as the President and the United States of America, who have been dismissed as parties to this litigation. Dkt. #73, n.1 & 2. By connection, Defendants object to the extent this request seeks production of documents from non-party agencies. Defendants also object to the extent this request seeks communications among the Covered Institutions — of which Defendants would be unaware and/or not have responsive documents in their custody and control.

Defendants also object to the extent that this request seeks information that goes beyond the express limitations that the Court has deemed relevant and appropriate here. *See* June 2, 2025,

10

Confidential: Subject to Pending Protective Order

Hearing Transcript at 31-33. Additionally, to the extent the request seeks communications between an unspecified government agency and the Covered Institutions, the burden of producing any such documents is not proportional to the needs of this accelerated Rule 65(a)(2).

**Response**: Consistent with the objections stated above, Defendants will not respond to this request. Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

5.  Identify the persons who are or were involved in the identification of non-citizen students or faculty members at Covered Institutions who were targeted for any adverse action based in whole or in part on speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including the persons who were involved in creating, compiling and sharing the list of students provided by the Department of Homeland Security to Columbia University, as referenced by White House Press Secretary Karoline Leavitt in her press briefing on March 11, 2025.

**Objection**: Defendants object to this request as it seeks information that is not relevant to this case, including the identities of non-parties and government communications with non-parties uninvolved in the underlying litigation and for whom there are no allegations that they are involved in decision making associated with determining how the Executive Orders are implemented. Although also not relevant, there is no allegation that the Covered Institutions participate in implementing the Executive Orders, to the contrary the Complaint alleges that after receiving a list of names, Columbia University refused to help DHS identify those individuals on campus. Compl. ¶ 44.

Defendants also object because Plaintiffs request is vague and overbroad: "pro-Palestinian," "anti-Semitic," "anti-Zionist," "pro-terrorist," "pro- Hamas," "pro-Jihadist," or "anti-Israel" are vague and ambiguous are not defined terms.

11

Confidential: Subject to Pending Protective Order

Defendants also object because it is unclear whose communications are being sought and could include non-party government officials or agencies such as the President and the United States of America, who have been dismissed as parties to this litigation. Dkt. #73, n. 1 & 2. By connection, Defendants object to the extent this request seeks production of documents from non-party agencies. Defendants also object to the extent this request seeks communications among the Covered Institutions — of which Defendants would be unaware and/or not have responsive documents in their custody and control.

Defendants also object to the extent that this request seeks information that is not relevant and unduly burdensome because it goes beyond the express limitations that the Court has deemed relevant and appropriate here. *See* June 2, 2025, Hearing Transcript at 31-33. Additionally, to the extent the request seeks communications between an unspecified government agency and the Covered Institutions, the burden of producing any such documents is not proportional to the needs of this accelerated Rule 65(a)(2).

**Response**: Consistent with the objections stated above, Defendants will not respond to this request. Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

6. State the basis of or for your claim, assertion, allegation, or contention that your taking adverse action against any of the Targeted Noncitizen Students or Faculty Members was lawful.

**Objection**: Defendants object to this request on the grounds that it seeks information into individuals beyond the five individuals permitted by the Court. *See* May 22, 2025 Hearing Transcript at 7, 9-10. Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged in unlawful conduct. Further, Defendants object to discovery into any

Confidential: Subject to Pending Protective Order

individuals not a party to this litigation and particularly into non-party noncitizens who are

separately in active immigration court proceedings or habeas proceedings before a U.S. federal

court. Defendants object because the interrogatory fails to distinguish between any factual or legal

"basis" – it is unknown what information is sought.

     **Response**: Consistent with the objections above, Defendants limit their response to

addressing the discovery parameters for the five individuals that Plaintiffs chose at the May 22,

2025 hearing. *See* May 22, 2025 Hearing Transcript at 9-10. Notwithstanding the additional

objections stated above, Defendants respond with the legal basis for the adverse actions taken. ██

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████Defendants incorporate their responses to RFP Nos. 1-2, which identify the Department

of State "Notification of Removability under INA 237(a)(4)(C)" for four individuals*, see* CAR 018,

026, 041, 044; Department of State "Revocation of Visa" memo regarding one individual, *see* CAR

034; Immigration court charging documents for four individuals, *see* CAR 020, 023, 028, 036, 046;

administrative arrest warrants for four individuals, *see* CAR 025, 032, 040, 043; Notice of Custody

Determination for one individual, *see* CAR 033. Defendants withheld from production, and will not

provide in these interrogatory responses, information regarding the five internal, predecisional

Department of State memos regarding specific individuals, which are subject to the deliberative

process privilege in their entirety, along with ICE referral memos regarding five individuals, and

DHS, Homeland Security Investigations ("HSI") Profiles for five individuals, which are law

enforcement sensitive. Defendants submitted these withheld documents, which to undersigned

Confidential: Subject to Pending Protective Order

counsel's knowledge have not been disclosed or filed in any other litigation, *in camera*, *ex parte*, to the Court on June 11, 2025.  Defendants will not provide any information concerning anyone other than the five individuals that Plaintiffs identified. *See* Dkt. 125 (court order limiting data request to five individuals).

Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.


7. State the basis of or for your claim, assertion, allegation, or contention that any of the Targeted Noncitizen Students or Faculty Members engaged in pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activities.

**Objection**: Defendants object to this request to the extent that it seeks information beyond the five individuals permitted by the Court. *See* May 22, 2025 Hearing Transcript at 7, 9-10. Additionally, the burden of identifying these documents is not proportional to the needs of this accelerated Rule 65(a)(2) proceeding. Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged in unlawful conduct. Defendants also object because "pro-Palestinian," "anti-Semitic," "anti-Zionist," "pro-terrorist," "pro- Hamas," "pro-Jihadist," or "anti-Israel" are not defined terms. The word "engage" is also not a defined term. Defendants object to Plaintiffs' characterization of a causal relationship between any of the premises in the interrogatory. Further, Defendants object to discovery into any individuals not a party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S. federal court. Defendants object to the phrasing "based in whole or in part on speech" because it is prejudicial, argumentative, and speculative. Defendants did not engage in adverse actions based on First Amendment protected speech.

**Response**: Consistent with these objections, Defendants limit their response to addressing

the five individuals that Plaintiffs chose at the May 22, 2025 hearing. *See* May 22, 2025 Hearing

Transcript at 9-10. Defendants incorporate their responses to RFP Nos. 1-2, which identify the

Department of State "Notification of Removability under INA 237(a)(4)(C)" for four individuals,

*see* CAR 018, 026, 041, 044; Department of State "Revocation of Visa" memo regarding one

individual, *see* CAR 034; Immigration court charging documents for four individuals, *see* CAR

020, 023, 028, 036, 046; administrative arrest warrants for four individuals, *see* CAR 025, 032,

040, 043; Notice of Custody Determination for one individual, *see* CAR 033. Defendants withheld

from production and will not provide in these interrogatory responses regarding the five internal,

predecisional Department of State memos regarding specific individuals, which are subject to the

deliberative process privilege in their entirety, along with ICE referral memos regarding five

individuals, and ICE HSI Profiles for five individuals, which are law enforcement sensitive.

Defendants submitted these withheld documents, which to undersigned counsel's knowledge have

not been disclosed or filed in any other litigation, *in camera*, *ex parte*, to the Court on June 11,

2025.  Defendants will not provide any information concerning anyone other than the five

individuals that Plaintiffs identified. *See* Dkt. 125 (court order limiting data request to five

individuals).

Defendants reserve the right to supplement these responses in accordance with Federal Rule

of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.


8. State the basis of the State Department's decision to revoke the visas of any of the
   Targeted Noncitizen Students or Faculty Members under 8 U.S.C. § 1201(i).

**Objection**: Defendants object to this request to the extent that it seeks information beyond the

five individuals permitted by the Court. *See* May 22, 2025 Hearing Transcript at 7, 9-10. Defendants

object to the term "targeted noncitizen" because it implies that Defendants have engaged in unlawful

Confidential: Subject to Pending Protective Order

conduct. Defendants further object to this Interrogatory to the extent that it seeks information that is subject to the law enforcement privilege and deliberative process privilege. Further, Defendants object to discovery into any individuals not a party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S. federal court. Defendants also object to the extent that this request seeks information that is subject to the law enforcement privilege insofar as responsive information more detailed than that set forth below could reasonably be expected to risk circumvention of the law and harm to national security.

**Response**: Consistent with Defendants' objections, Defendants respond tha  Defendants will not provide any information concerning anyone other than the five individuals that Plaintiffs identified. *See* May 22, 2025 Hearing Transcript at 7,9-10; Dkt. 125 (court order limiting data request to five individuals). Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

9.   State the basis of Secretary of State Rubio's determination that any of the Targeted Noncitizen Students or Faculty Members is removable under 8 U.S.C. § 1227(a)(4)(C).

**Objection**: Defendants object to this request to the extent that it seeks information beyond the five individuals permitted by the Court. *See* May 22, 2025 Hearing Transcript at 7, 9-10. Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged in unlawful conduct. Further, Defendants object to discovery into any individuals not a

16

Confidential: Subject to Pending Protective Order

party to this litigation and particularly into non-party noncitizens who are separately in active

immigration court proceedings or habeas proceedings before a U.S. federal court. Defendants also

object to the extent that this request seeks information that is subject to the law enforcement

privilege insofar as responsive information more detailed than that set forth below could

reasonably be expected to risk circumvention of the law and harm to national security.

**Response**: Consistent with the objections above, Defendants respond that ██████

████████████████████████████████████████████████████

████████████████████████████████████████ Defendants

also incorporate their responses to RFP Nos. 1-2, which explain that Defendants withheld from

production and will not provide in these interrogatory responses details about the four internal,

predecisional Department of State memos regarding these individuals, which are subject to the

deliberative process privilege in their entirety, along with ICE referral memos regarding these

individuals, and DHS, HSI Profiles for these individuals, which are law enforcement sensitive.

Defendants submitted these withheld documents, which to undersigned counsel's knowledge have

not been disclosed or filed in any other litigation, *in camera*, *ex parte*, to the Court on June 11,

2025. Defendants will not provide any information concerning anyone other than the five

individuals that Plaintiffs identified. *See* May 22, 2025 Hearing Transcript at 7,9-10; Dkt. 125

(court order limiting data request to five individuals). Defendants reserve the right to supplement

these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce

evidence at trial of subsequently discovered facts.

10. Identify all documents you created, consulted, referenced, or relied on in
    determining whether to take adverse action against any of the Targeted
    Noncitizen Students or Faculty Members.

**Objection**: Defendants object to this request to the extent that it seeks information

beyond the five "individuals permitted by the Court. *See* May 22, 2025 Hearing Transcript at 7, 9-

Confidential: Subject to Pending Protective Order

10. Defendants object to the term "targeted noncitizen" because it implies that Defendants have engaged in unlawful conduct. Defendants also object to the extent it seeks deliberative discussions among government officials at any level or preparatory documents, all of which are protected by the deliberative process privilege. *See* June 2, 2025 Hearing Transcript at 32. Defendants object to this request to the extent it seeks documents that are also subject to the attorney-client privilege, attorney work product privilege, and law enforcement privilege. Defendants object because "created, consulted, referenced, or relied on" are not defined terms. Further, Defendants object to discovery into any individuals not a party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S. federal court.

   **Response**: Consistent with the objections set forth above, Defendants limit their response to addressing the discovery parameters for the five individuals that Plaintiffs chose at the May 22, 2025 hearing. *See* May 22, 2025 Hearing Transcript at 9-10; June 2, 2025 Hearing Transcript at 31-33. Defendants incorporate their responses to RFP Nos. 1-2, which identify the Department of State "Notification of Removability under INA 237(a)(4)(C)" for four individuals*, see* CAR 018, 026, 041, 044; Department of State "Revocation of Visa" memo regarding one individual, *see* CAR 034; Immigration court charging documents for four individuals, *see* CAR 020, 023, 028, 036, 046; administrative arrest warrants for four individuals, *see* CAR 025, 032, 040, 043; Notice of Custody Determination for one individual, *see* CAR 033. Defendants withheld from production and will not provide in these interrogatory responses details regarding the five internal, predecisional Department of State memos regarding specific individuals, which are subject to the deliberative process privilege in their entirety, along with ICE referral memos regarding five individuals, and ICE HSI Profiles for five individuals, which are law enforcement sensitive.  Defendants submitted these withheld documents, which to undersigned counsel's knowledge have not been disclosed or

Confidential: Subject to Pending Protective Order

filed in any other litigation, *in camera*, *ex parte*, to the Court on June 11, 2025. Defendants will not

provide any information concerning anyone other than the five individuals that Plaintiffs identified.

*See* Dkt. 125 (court order limiting data request to five individuals).

      Defendants reserve the right to supplement these responses in accordance with Federal

Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

11. State the basis of the State Department's decision to make "silent" the revocation
of any of the Targeted Noncitizen Students' or Faculty Members' visas or green
cards, *i.e.*, not to notify the Targeted Noncitizen Student or Faculty Member of the
revocation.

    **Objection**: Defendants object to this request on the grounds that it seeks information

beyond the five individuals permitted by the Court's May 22, 2025 Order, and information outside

of the express limitations that the court has deemed relevant and appropriate to the extent it seeks

information on planning rather than the final decision. *See* June 2 Hearing Transcript. It is unknown

what the term "make silent" means in this context. Defendants object because revocation of a green

card is not a legal term and is not otherwise defined in these interrogatories. Defendants object to the

term "targeted noncitizen" because it implies that Defendants have engaged in unlawful conduct.

Further, Defendants object to discovery into any individuals not a party to this litigation and

particularly into non-party noncitizens who are separately in active immigration court proceedings

or habeas proceedings before a U.S. federal court.

    **Response**: Consistent with the above objections, Defendants limit their response to

addressing the discovery parameters for the five individuals that Plaintiffs chose at the May 22,

2025 hearing. *See* May 22, 2025 Hearing Transcript at 9-10; June 2, 2025 Hearing Transcript at

31-33. ████████████████████████████████████████████████████

████████████████████████████████████████ Defendants cannot respond to the

Confidential: Subject to Pending Protective Order

question insofar as it requests information about "revocation of . . . green cards" because green card revocation is not a legal term. Nevertheless, Defendants respond that a lawful permanent resident can be issued a Notice to Appear and placed in removal proceedings where an immigration judge with the Department of Justice's Executive Office of Immigration Review can find the alien removable and order removal from the country.███████████

████████████████████████████████████

████████████████████████████

Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

12. Describe in detail the reasons why the agents who arrested Rümeysa Öztürk and Badar Khan Suri were wearing civilian clothes, hoods, and masks, without their official badges visible.

**Objection**: Defendants object to this request to the extent that it seeks information that may be subject to the deliberative process or law enforcement privilege. Defendants object to the extent the interrogatory assumes that agents made any criminal "arrest," rather than an administrative arrest. Defendants object to the phrasing of this interrogatory because it assumes facts that have not been established and dispute Plaintiffs' characterization of these arrests. █



██████████████████████████

**Response**: Consistent with the objections set forth above, Defendants respond that ICE HSI has general procedures on arrests to include administrative arrests for immigration enforcement. ICE HSI does not have a nationwide policy on personnel wearing identifying markers or insignia while conducting arrests. Federal Regulations requires that "[a]t the time of the arrest, the designated immigration officer shall, as soon as it is practical and safe to do so:

Confidential: Subject to Pending Protective Order

(A) Identify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) State that the person is under arrest and the reason for the arrest." 8 C.F.R. § 287.8(c)(2)(iii). The regulations thus recognize that immigration officers, including ICE HSI Special Agents, may be subject to safety concerns when executing arrests during law enforcement operations and that under such circumstances a delay of identification is permitted. *Id.* ICE HSI has no nationwide policy prohibiting the use of plain clothes, masks, or head coverings in administrative arrests by ICE HSI Special Agents. Use of such items is discretionary for ICE HSI Special Agents and dependent on safety and security of the ICE HSI Special Agent during a law enforcement operation. Due to intensifying doxxing and threats to the safety of federal law enforcement agents and their families, face coverings are reasonable protection for the safety and security of ICE HSI Special Agents. *See, e.g.,*

https://www.dhs.gov/news/2025/06/07/dhs-releases-statement-violent-rioters-assaulting-ice-officers-los-angeles-ca-and#:~:text=Our%20ICE%20enforcement%20officers%20are.

Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

    13. Describe in detail your transfer of Mahmoud Khalil and Rümeysa Öztürk from the location of their arrest to a detention facility in Louisiana, including your decision to transfer them and your reasons for transferring them.

    **Objection**: Defendants object to the extent that any of the information requested is subject to the deliberative process privilege, attorney client privilege, the attorney work product doctrine, or any other appropriate statutory protection or constitutional or common law privilege. Defendants also object to the extent this request seeks information that is subject to the law enforcement privilege insofar as responsive information more detailed than that set forth below could reasonably be expected to risk circumvention of the law and harm to national security.

21

Confidential: Subject to Pending Protective Order

Further, Defendants object to discovery into any individuals not a party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S. federal court.

      **Response**: Consistent with the objections set forth above, Defendants rely on the descriptions contained in the attached declarations, which Defendants designate as Attorneys Eyes Only. *See* Attachment A (Declarations of ██████████) and Attachment B (████ ██████).

14. Describe in detail your decision to and reasons for arresting Mohsen Mahdawi at the time and location of his U.S. Citizenship and Immigration Services interview in Colchester, Vermont on April 14, 2025.

      **Objection**: Defendants object to the extent that agency deliberations in advance of any enforcement action are subject to the deliberative process privilege, attorney client privilege, the attorney work product doctrine, and any other appropriate statutory protection or constitutional or common law privilege. *See* June 2, 2025 Hearing Transcript at 32. Further, Defendants object to the extent that this Interrogatory requests information which is covered by law enforcement privilege as it may implicate information-sharing procedures between United States Citizenship and Immigration Services ("USCIS") and ICE. The specific details of the agencies' information sharing would be law enforcement privileged and if such information is released it would likely harm other current and future law enforcement investigations and/or operations. Additionally, this information-sharing is privileged as deliberative process because the information would illustrate the internal and pre-decisional deliberations of each agency to detain Mahdawi during his USCIS interview. Further, Defendants object to discovery into any individuals not a party to this litigation and particularly into non-party noncitizens who are separately in active immigration court proceedings or habeas proceedings before a U.S. federal court.

22

Confidential: Subject to Pending Protective Order

**Response**: Consistent with the objections set forth above, Defendants respond that 

Defendants

reserve the right to supplement these responses in accordance with Federal Rule of Civil

Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

DATED: June 21, 2025                                    Respectfully Submitted,

BRETT A. SCHUMATE                                       WILLIAM KANELLIS
Assistant Attorney General

                                                       /s/ Ethan B. Kanter
DREW C. ENSIGN                                         ETHAN B. KANTER
Deputy Assistant Attorney General                     Chief, National Security Unit
                                                       Office of Immigration Litigation
LEAH B. FOLEY                                          P.O. Box 878, Ben Franklin Station
United States Attorney                                 Washington, D.C. 20001

SHAWNA YEN
Assistant United States Attorney
District of Massachusetts

                                                       *Counsel for Defendants*

**VERIFICATION OF INTERROGATORY ANSWERS**

I, Sarah Talkovsky, am an Attorney-Adviser in the Office of the Legal Adviser for Consular Affairs, United States Department of State. I believe, based on personal knowledge and reasonable inquiry, that the following Interrogatory answers—Defendants' Responses to Interrogatory Nos. 4 through 11—are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2025

Sarah Talkovsky

## **VERIFICATION**

I, Bradley J. Etter, pursuant to 28 U.S.C. § 1746, verify and state that:

1.      I am the Deputy Assistant Director, employed by the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), Office of Intelligence.   I am authorized to make this verification on behalf of Defendant.

2.      I have reviewed the foregoing Response to Interrogatories and know the contents thereof.

3.      The Responses to Interrogatory Nos. 1, 2, 3, and 7. set forth above are true and correct to the best of my knowledge and are based on information obtained from official sources within ICE and from files and records in its possession.

I verify under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June 2025, at Washington D.C.

BRADLEY L
ETTER

Digitally signed by BRADLEY L
ETTER
Date: 2025.06.21 15:41:37 -04'00'

Bradley J. Etter
Deputy Assistant Director
HSI Office of Intelligence
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## <u>VERIFICATION</u>

I, William S. Walker, pursuant to 28 U.S.C. § 1746, verify and state that:

1.    I am the Acting Deputy Executive Associate Director, employed by the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI).   I am authorized to make this verification on behalf of Defendant.

2.    I have reviewed the foregoing Response to Interrogatories and know the contents thereof.

3.    The Responses to Interrogatory Nos. 1, 3, 6, 10, 11, 12, 13, 14 set forth above are true and correct to the best of my knowledge and are based on information obtained from official sources within ICE and from files and records in its possession.

I verify under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June 2025, at Washington D.C.

WILLIAM S WALKER
Digitally signed by WILLIAM S WALKER
Date: 2025.06.21 19:57:27 -04'00'

William S. Walker
Acting Deputy Executive Associate Director
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# **VERIFICATION**

I, Andre R. Watson, pursuant to 28 U.S.C. § 1746, verify and state that:

1.      I am the Assistant Director, employed by the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), National Security Division.   I am authorized to make this verification on behalf of Defendant.

2.      I have reviewed the foregoing Response to Interrogatories and know the contents thereof.

3.      The Responses to Interrogatory Nos. 1, 3, 4, 5, 6, 7, 10 set forth above are true and correct to the best of my knowledge and are based on information obtained from official sources within ICE and from files and records in its possession.

I verify under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June 2025, at Washington D.C.

ANDRE R WATSON
Digitally signed by ANDRE R WATSON
Date: 2025.06.21 16:42:38 -04'00'

_____
Andre R. Watson
Assistant Director
National Security Division
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security