UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                Plaintiffs,

   v.

MARCO RUBIO, ET AL.,

                Defendants.

Case No. 1:25-cv-10685 (WGY)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER GRANTING ENTRY OF PROTECTIVE ORDER FOR THE PRODUCTION OF DOCUMENTS AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiffs oppose Defendants' Motion to Reconsider Granting Entry of Protective Order for the Production of Documents and Exchange of Confidential Information, ECF No. 152. Plaintiffs write to clarify Paragraph 6(h) and to propose a modification to Paragraph 7, the two provisions that are in dispute, to address Defendants' concerns. Both provisions are still needed—they are not, as Defendants assert, moot—but Defendants' concerns, which are more clearly presented in the Motion to Reconsider than in the meet and confers with Defendants and in the prior briefing, are not a basis for the Court to reconsider its ruling.

Paragraph 6(h) states:

**6. Access to Confidential Material**. Only the following persons shall have access to or retain material designated as Confidential pursuant to this Order: . . .

**h.** Individuals (and their counsel) whose personally identifying information is contained within materials that the Parties have filed or intend to file in this action, limited to confidential information regarding their own personally identifying information, and excluding access to other confidential information unrelated to their personally identifying information since they are not parties to this suit, unless agreed upon by both parties to access such additional information;

1

To be clear, Paragraph 6(h) *permits* but does not *require* the parties to confer with the covered individuals before producing confidential documents in discovery, filing documents under seal, or submitting documents to the Court for *in camera* review. The provision therefore imposes no burden on Defendants.

With respect to Paragraph 7, Plaintiffs maintain that a record-keeping requirement (a common provision in protective orders) is necessary to ensure that the Court's non-retaliation order is followed.[1] To address the government's concerns, however, Plaintiffs propose narrowing the logging requirement by (1) exempting agency counsel for the State Department and Department of Homeland Security, and (2) limiting it to those who are granted access to confidential information that identifies any noncitizen other than the Five Targeted Noncitizen Students and Faculty Members. With these amendments underlined, Paragraph 7 would read:

> **7. Recordkeeping for Individuals Who Have Been Granted Access to Confidential Information <u>That Identifies Noncitizens</u>:** Counsel for each party shall record in a log the name and title of each person, other than counsel of record, their support staff, <u>and agency counsel at the Department of State and Department of Homeland Security</u>, who is given access to any Confidential Information produced by the other party <u>that identifies any noncitizen (other than the five noncitizens who are a focus of discovery in this matter)</u>, as well as the date that access is granted. Counsel shall preserve these logs indefinitely.

Attached hereto as **Exhibit A** is the protective order entered by the Court, revised to include these proposed amendments to Paragraph 7.

---

[1] In their original opposition to Plaintiffs' motion for entry of the protective order and in their motion to reconsider, Defendants correctly point out that the stipulated protective order entered in *Doe v. Noem*, 1:25-cv-10495 (D. Mass.), requires the logging of certain third parties, not the parties' employees. ECF No. 135 at 4; ECF No. 152 at 2–3. Plaintiffs acknowledge that Defendants' reading of the *Doe v. Noem* protective order is correct, but that does not diminish the need for the record-keeping requirement Plaintiffs seek in this case.

June 25, 2025                                    Respectfully submitted,

                                                 /s/ Scott Wilkens
Edwina Clarke (BBO 699702)                       Scott Wilkens
David Zimmer (BBO 692715)                        Ramya Krishnan
Zimmer, Citron & Clarke, LLP                     Carrie DeCell
130 Bishop Allen Drive                           Xiangnong Wang
Cambridge, MA 02139                              Talya Nevins
(617) 676-9423                                   Jackson Busch
edwina@zimmercitronclarke.com                    Alex Abdo
                                                 Jameel Jaffer
Noam Biale                                       Knight First Amendment Institute
Michael Tremonte                                   at Columbia University
Alexandra Conlon                                 475 Riverside Drive, Suite 302
Courtney Gans                                    New York, NY 10115
Sher Tremonte LLP                                (646) 745-8500
90 Broad Street, 23rd Floor                      scott.wilkens@knightcolumbia.org
New York, New York 10004
(212) 202-2603                                   Ahilan T. Arulanantham (SBN 237841)
mtremonte@shertremonte.com                       Professor from Practice
nbiale@shertremonte.com                          UCLA School of Law
                                                 385 Charles E. Young Dr. East
                                                 Los Angeles, CA 90095
                                                 (310) 825-1029
                                                 arulanantham@law.ucla.edu

                                                 *Counsel for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

      I, the undersigned counsel, certify that on June 25, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 25, 2025　　　　　　　　　　　　　　　　/s/ Scott Wilkens
　　　　　　　　　　　　　　　　　　　　　　　　　　Scott Wilkens