# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL. <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

**[PROPOSED] AMENDED PROTECTIVE ORDER FOR THE PRODUCTION OF DOCUMENTS AND EXCHANGE OF CONFIDENTIAL INFORMATION**

The Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the above-captioned action *American Association of University Professors ("AAUP"), et al. v. Marco Rubio, et al.,* Case No. 25-cv-10685-WGY ("Litigation" or "Action"), which may involve discovery of documents, information and tangible things, that Plaintiffs or Defendants (collectively, the "Parties") may reasonably believe in good faith to be protected from disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure, sets forth the following Order to facilitate the discovery process by protecting against the unauthorized disclosure of confidential information and the potential injury caused by such disclosure.

The Parties, by and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown, it is hereby **ORDERED** that any person subject to this Order—including without limitation the Parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all non-parties ("Third Parties" or "Third Party" singular), providing discovery in this action, and all other interested persons with

actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

**ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court in this Action shall be provided subject to the conditions set forth in this Order.

1. **Scope of Order.**[1]  The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, and any other information of any kind produced or voluntarily exchanged in this Action by any Party or Third Party; all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, and deposition testimony and exhibits, however recorded, and any other written, recorded, or graphic matters (collectively "Discovery Material").  The protections conferred by this Order cover not only those portions of any documents containing Confidential Information (as defined below), but also (a) any information copied or extracted from those portions of any documents containing Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by the parties or their counsel that might reveal Confidential Information.  However, the protections conferred by this Order do not cover information that is properly in the public domain or becomes part of the public domain through trial or otherwise, except as limited by other agreement of the parties or order of the Court in this action.

---

[1] The headings herein are provided only for convenience and are not intended to define or limit the scope of the express terms of this Stipulation.

2. **Designation of Discovery Material as Confidential Material.** The party producing Discovery Material (the "Producing Party") may designate as Confidential Material any portion thereof that contains any information that the Producing Party, in good faith, believes should be protected from disclosure by the receiving party (the "Receiving Party"), including but not limited to the following categories of information:

   a. An individual's social security number, personal identification numbers, tax identification number, alien registration number ("A number"), passport numbers, driver license numbers, and any similar identifiers assigned to the individual by the federal government, a state or local government of the United States, or the government of any other country;

   b. Birth dates;

   c. Any information, document, or tangible thing that is or reveals (i) a trade secret or other confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), or (ii) non-public proprietary information purchased or obtained from a private entity;

   d. Photographs of any person;

   e. Names of any individuals known to be under 18 years of age;

   f. Addresses and telephone numbers;

   g. Information, documents or tangible things that the Court may order produced, but which are protected by federal privacy laws and regulations, including, but not limited to, the Privacy Act, 5 U.S.C. § 552a, *et seq*. and other laws or regulations that may prevent disclosure of specific information related to noncitizens, including but not limited to:   8 U.S.C. §§ 1160(b)(5), (6); 1186A(c)(4), 1202(f), 1254a(c)(6),

1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. §7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or sanctions in the event of unauthorized disclosure;

h. Any sensitive, but unclassified, information or documents, to include "Limited Official Use" or "For Official Use Only" information;

i. Information, documents or tangible things, which may include, among other things, records regarding federal law enforcement activities and operations, guidelines for law enforcement operations, law enforcement training materials, and internal law enforcement investigations.

j. Any information compiled for law enforcement purposes, including but not limited to, investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security.

k. Any information, documents, or tangible things filed under seal or otherwise protected from public docketing (such as under Fed. R. Civ. P. 5.2(c) and D. Mass. General Order 19 02, "Standing Procedural Order Re: Public Access to Immigration Cases Restricted By Federal Rules of Civil Procedure 5.2(C)" (June 1, 2019)) in other litigation;

l. Bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account;

m. Medical information, such as medical records, and information, documents, or tangible things revealing medical treatment and diagnoses;

    **n.** Any other personally identifiable information protected under Federal Rule of Civil Procedure 5.2 and Local Civil Rule 83.6.11;

    **o.** Information, documents or tangible things, which may include, among other things, Department of State and Department of Homeland Security documents regarding national security vetting which may include sensitive information related to national security and law enforcement investigations and practices; and information or records pertaining to the issuance, refusal, or revocation of visas protected under 8 U.S.C. § 1202(f).

    **p.** All other documents, information or tangible things not identified above that any Party to this action contends in good faith contain confidential information, as well as copies or summaries of such information or materials that otherwise reveal the contents of such information, that the Party would not ordinarily disclose and which should be protected from disclosure under Federal Rule of Civil Procedure 26(c).

The Producing Party must give notice of material that is Confidential in the manner set forth in paragraph 5 below. Further, a Party may designate material obtained from a Third Party pursuant to this Order (the "Designating Party"), if it believes in good faith that it qualifies as Confidential under this Order.

    **3. Access to and Use of Confidential Information.** The duty of the Party or Parties receiving the Confidential Material) and of all other persons bound by this Order to maintain the confidentiality of the Protected Material so designated shall commence upon receipt of the Protected Material. No person subject to this Protective Order may disclose, in public or private, any Protected Material so-designated by a Party as Confidential, except as provided for in this Order or as further provided by the Court. Use of any information or documents subject to this

Protective Order, including all information derived therefrom, shall be restricted to use in this litigation and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this litigation or in any other proceeding between the parties or involving either of the parties. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation, so long as such information was not derived from, obtained based on, or obtained in reliance on information disclosed in this case.

  **4. Method of Designation:** Protected Material shall be so designated, whenever possible, either by stamping or otherwise clearly marking as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." In the case of material contained in or on media other than paper, the Producing Party shall affix a label to the material or use its best efforts to identify the material as Confidential Material. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information, "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." With respect to testamentary evidence, whether testimonial or in the form of an Exhibit used in a testamentary proceeding, such evidence may be designated as Confidential either by a statement on the record of the deposition or in writing within ten (10) business days of receipt of the transcript. Transcripts of testamentary evidence and exhibits attached thereto shall be treated as Confidential Information in their entirety until the expiration of the above-referenced 30-day period for designation, except that, during the 10-day period, the individual offering testamentary evidence (and his or her counsel, if any) may review the transcript of such proceeding and exhibits attached thereto, provided the individual signs the "Acknowledgement and Agreement to be Bound" (Exhibit A).

5. **Treatment of Notes on Designated Material:** To the extent notes are made that memorialize, in whole or in part, the Protected Material, or to the extent copies are made for any use authorized under this Order, such notes, copies, or reproductions shall become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

6. **Access to Confidential Material**. Only the following persons shall have access to or retain material designated as Confidential pursuant to this Order:

   a. the Court and its staff;

   b. Defendants, Defendants' employees to whom disclosure is reasonably necessary for this litigation, Defendants' counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know.

   c. Plaintiffs, Plaintiffs' employees to whom disclosure is reasonably necessary for this litigation, Plaintiffs' counsel of record in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know.

   d. counsel retained specifically for this Action, and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action and are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   e. experts and consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein (and the experts' or consultants' staff whose duties and responsibilities require access to

such materials), and who have been advised by counsel of their obligations hereunder and have first executed the "Acknowledgement and Agreement to be Bound (Exhibit A);

f. a witness who counsel for a Party in good faith believes may be called to testify at a deposition or trial in this Action, provided such person has first executed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

g. stenographers, videographers, and translators engaged to transcribe, record and translate depositions conducted in this Action who have been advised by counsel of their obligations hereunder and have first executed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

h. individuals (and their counsel) whose personally identifying information is contained within materials that the Parties have filed or intend to file in this action, limited to confidential information regarding their own personally identifying information, and excluding access to other confidential information unrelated to their personally identifying information since they are not parties to this suit, unless agreed upon by both parties to access such additional information; and,

i. any other person agreed to in writing by the Parties.

7. **Recordkeeping for Individuals Who Have Been Granted Access to Confidential Information That Identifies Noncitizens:** Counsel for each party shall record in a log the name and title of each person, other than counsel of record, their support staff, and agency counsel at the Department of State and Department of Homeland Security, who is given access to any Confidential Information produced by the other party that identifies any noncitizen (other than the

five noncitizens who are a focus of discovery in this matter), as well as the date that access is granted. Counsel shall preserve these logs indefinitely.

      **8. Procedure for Challenging Designations.** The Parties shall meet and confer regarding any dispute over designations, after which the objecting party may seek de-designation by the Court. The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by an order of this Court or by agreement of the Parties. The Producing Party may authorize, in writing, disclosure of Protected Material produced by the Producing Party beyond that is otherwise permitted by this Order without further Order of this Court.

      **9. Filing Protected Materials in this Action.** Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with the designating party (where practical, at least seven days prior to the intended filing date ) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 83.6.11(b) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

      **10. Inadvertent Disclosure of Protected Materials.** If, upon promptly discovering that Confidential Information was inadvertently produced prior to the trial of this Action, a Producing Party realizes that some portion of Discovery Material that was previously produced without limitation should be designated as Confidential the Producing Party may so designate that portion promptly by notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the Producing

Party shall provide each Party with replacement versions of such Discovery Material that bears the Confidential designation within five (5) business days of providing such notice.

**11. Limitations on the Use of Protected Materials.** A receiving party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for pursuing, defending, or attempting to settle this litigation. It shall not be disseminated outside the confines of this case, nor shall it be included in any pleading, record, or document that is not filed under seal with the Court or redacted in accordance with applicable law. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Parties shall access the Protected Material for the sole purpose of preparing for trial and any appellate proceedings in this Action and for no other purpose. However, nothing in this Order shall be construed as limiting a producing party's right to use and share information that the producing party has designated as confidential for any lawful purpose.

**12. Subpoenas in Other Actions.** In the event a Receiving Party having possession, custody, or control of any Protected Material produced in this Action and designated as confidential under this protective order receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the Producing Party and shall furnish those attorneys with a copy of said subpoena or other process or order. Unless the Producing Party consents, the subpoenaed person or entity shall not produce the requested Confidential Material, and will instead take the following steps: The subpoenaed person or entity shall promptly notify in writing the party who caused the subpoena

or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and provide a copy of this Order with that notification. The subpoenaed person or entity shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party or parties whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order was issued.

**13. Return or Destruction of Confidential Material.** Upon the final disposition of this Action, any Protected Material shall not be used, in any way, absent a court order. All materials designated subject to this Order maintained in either Party's files shall remain subject to this Order unless and until such order is modified by court order. Within thirty days of the conclusion of all appeals of this Action, each Party shall return Protected Material to the Producing Party, certify that all such material has been destroyed, or certify that the materials will be securely preserved in such a way as to ensure the confidentiality of those materials until they may be destroyed. In the event that there is a substitution of counsel prior to when such documents must be returned, new counsel must join this Protective Order before any Confidential Material may be transferred to the new counsel, who will be bound by the terms of this Order.

**14. Modification.** This Order may be changed by further order of the Court, and is without prejudice to the rights of a Party to move, on notice to the other Party, for relief from, or modification of, any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**15. Retention of Jurisdiction.** The provisions of this order shall not terminate at the conclusion of this Action and the Court will retain jurisdiction to enforce this Order following termination of the Action.

AGREED AND CONSENTED TO:

Attorneys for *Plaintiffs*

| KNIGHT FIRST AMENDMENT INSTITUTE | SHER TREMONTE LLP |
|---|---|
| _____ | _____ |
| Ramya Krishnan | Michael Tremonte |
| Carrie DeCell | Noam Biale |
| Xiangnong Wang | Alexandra Conlon |
| Talya Nevins | Courtney Gans |
| Jackson Busch | 90 Broad Street, 23rd Floor |
| Scott Wilkens | New York, New York 10004 |
| Alex Abdo | (212) 202-2603 |
| Jameel Jaffer | mtremonte@shertremonte.com |
| Knight First Amendment Institute | nbiale@shertremonte.com |
| at Columbia University | |
| 475 Riverside Drive, Suite 302 | |
| New York, NY 10115 | |
| (646) 745-8500 | |
| ramya.krishnan@knightcolumbia.org | |

| ZIMMER, CITRON & CLARKE, LLP | |
|---|---|
| _____ | _____ |
| Edwina Clarke, BBO 699702 | Ahilan T. Arulanantham (SBN 237841) |
| 130 Bishop Allen Drive | Professor from Practice |
| Cambridge, MA 02139 | UCLA School of Law |
| (617) 676-9423 | 385 Charles E. Young Dr. East |
| edwina@zimmercitronclarke.com | Los Angeles, CA 90095 |
| | (310) 825-1029 |
| | arulanantham@law.ucla.edu |

Attorneys for *Defendants*

| _____ | _____ |
|---|---|
| Ethan B. Kanter | Shawna Yen |
| Lindsay M. Murphy | Rayford A. Farquhar |
| Assistant United States Attorneys | Assistant United States Attorneys |
| Office of Immigration Litigation | United States Attorney's Office |
| Civil Division, Department of Justice | 1 Courthouse Way, Suite 9200 |

2

P.O. 878, Ben Franklin Station
Washington, DC. 20044
(202) 616-9123
ethan.kanter@usdoj.gov
lindsay.m.murphy@usdoj.gov

Boston, MA 02210
(617) 748-3100
shawna.yen@usdoj.gov
rayford.farquhar@usdoj.gov

_____
Harry Graver
United States Department of Justice
Counsel to the Assistant Attorney General
Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-2000
harry.graver@usdoj.gov

SO ORDERED

Dated:    _____        _____
         Boston, Massachusetts            THE HONORABLE WILLIAM J. YOUNG
                                                       UNITED STATES DISTRICT JUDGE