# EXHIBIT B

1

```
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF MASSACHUSETTS (Boston)

                            No. 1:25-cv-10685-WGY



  AMERICAN ASSOCIATION of UNIVERSITY PROFESSORS, et al,
            Plaintiffs


  vs.


  MARCO RUBIO, in his official capacity as
  Secretary of State, et al,
            Defendants


                            *********



                        For Hearing Before:
                      Judge William G. Young


                        Status Conference


                    United States District Court
                    District of Massachusetts (Boston.)
                    One Courthouse Way
                    Boston, Massachusetts 02210
                    Thursday, May 22, 2025


                            *******



              REPORTER: RICHARD H. ROMANOW, RPR
                    Official Court Reporter
                  United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210
                        rhr3tubas@aol.com
```

```
 1                    A P P E A R A N C E S

 2

 3    RAMYA KRISHNAN, ESQ.
      JAMEEL JAFFER, ESQ.
 4    SCOTT WILKENS, ESQ.
         Knight First Amendment Institute at Columbia University
 5       475 Riverside Drive, Suite 302
         New York, NY 10115
 6       (646) 745-8500
         E-mail: Ramya.krishnan@knightcolumbia.org
 7    and
      MICHAEL TREMONTE, ESQ.
 8    NOAM BIALE, ESQ.
         Sher Tremonte LLP
 9       90 Broad Street, 23rd Floor
         New York, NY 10004
10       (212) 202-2600
         Email: Mtremonte@shertremonte.com
11       For Plaintiffs

12


13    ETHAN B. KANTER, ESQ.  (Appearing by zoom.)
      WILLIAM KANELLIS, ESQ. (Appearing by zoom.)
14       DOJ-Civ
         P.O. 878
15       Ben Franklin Station
         Washington, DC 20044
16       (202) 616-9123
         Email: Ethan.kanter@usdoj.gov
17    and
      SHAWNA YEN, ESQ.
18       United States Attorney's Office
         1 Courthouse Way, Suite 9200
19       Boston, MA 02210
         Email: Shawna.yen@usdoj.gov
20       For Defendants

21

22

23

24

25
```

```
 1                P R O C E E D I N G S
 2             (Begins, 2:45 p.m.)
 3         THE CLERK:  The Court will now hear Civil Action
 4   Number 25-10685, the American Association of University
 5   Professors, et al versus Marco Rubio, et al.
 6         THE COURT:  Well good afternoon counsel.  I have
 7   allowed internet access to this hearing, and so it's
 8   appropriate that I say, if you are attending this
 9   hearing via the internet, the rules of court remain in
10   full force and effect, that means there is no taping,
11   streaming, rebroadcast, screen shots, or other
12   transcription of these proceeding.
13         I'm going to go first, because I think we're off
14   on an unfortunate wrong course procedurally.  I'm not
15   talking about substance, I'm talking about procedure.
16         Now this was billed as a status conference.  My
17   understanding of status conferences is just a time to
18   touch base, see generally how things are going, and not
19   entertain matters of substance.  I confess I was
20   surprised, on the day preceding the conference, to
21   receive the defense's motion for a protective order,
22   which I had not known was coming, and, um, I will say,
23   Mr. Kanter, if it was thought that I was going to
24   entertain this motion today, that is most assuredly not
25   a status conference and I would not have allowed you to
```

```
 1    appear remotely.  But then I reflected on it and it's
 2    clear, looking at the papers, there was no such
 3    intention that I would, um, entertain this.  But we'll
 4    understand that it's not my practice just to hold status
 5    conferences and I think it's necessary that I enter some
 6    further and more precise orders as to how we're going to
 7    -- how we're going to proceed.
 8         Now the plaintiffs promptly, um, files two
 9    letters.  First of all, letter practice is inappropriate
10    in this court, only motions and oppositions to motions
11    are the way to communicate with the Court.  No other
12    way.  I do not -- I don't want to be pompous, I was
13    going to say I do not receive letters, but obviously I
14    received these, I read them, and I'll docket them, their
15    briefs, but no more.  You file a proper opposition, if
16    you have a wanting opposition, and then you, um, brief
17    it.
18         Also, one of the two letters just bleats about
19    defaults in discovery.  I'm not going anywhere.  The
20    Rules of Civil Procedure allow you to file motions.  I
21    am very sensitive to the need for expedition in this
22    case.  By collapsing the preliminary injunction with
23    trial on the merits, I did not for a moment suggest, and
24    no party should think I did, suggest that we would
25    somehow just put this on the list somewhere and then it
```

1   would pop up someday down the line.
2           Plaintiffs filed a motion for a preliminary
3   injunction, they sought emergency relief from the Court.
4   Yes, I collapsed it with trial on the merits because I
5   want -- I want evidence, I want to know exactly what
6   happened to make a prudential ruling.  It was the second
7   letter, which I'm treating as an opposition, that in
8   effect briefed the matter.
9           So going forward, here's how we're going to
10  proceed.  If any party needs to communicate by the
11  Court, they'll do it by motion.  All motions in this
12  case are considered emergency motions, from the very
13  fact that the case is going to go to trial, to the
14  extent a trial is appropriate, um, no later than July.
15  Opposition to motions will be filed 3 business days
16  thereafter.
17          It's perfectly appropriate to ask for an oral
18  hearing on a motion.  Candidly I don't normally give
19  oral hearings on motions.  So, um -- but I decide them
20  promptly.  And you understand, until August, I hope to
21  take some time in August, but I'll be here, and I try to
22  stay on top of my docket.
23          Now let's turn -- because I have this pile of
24  papers in front of me, and I don't suggest, though it
25  can be argued, I don't suggest that the defendants'

1    motion is interposed for the purpose of delay, but it's
2    not inappropriate for me to say that, given the very
3    thorough, um, case-management conference I have held in
4    this case, that it comes as a surprise that these
5    matters are being raised so late in the case.  This sort
6    of argument for a protective order is something that the
7    defendants' public officials should have understood from
8    the very get-go.
9            Nevertheless, I'm going to give it an oral
10   argument.  Not this afternoon.  I would be subjected to
11   being blindsided if I did that, and I won't do that.
12   But I'm going to make the following observations.
13           The defendants' motion is not ripe.  The time --
14   well either it's been waived, because it comes so late
15   and one would have expected that the defense would have
16   raised these things when we were talking about case
17   management, but I'm not going to deny it on those
18   grounds, I'm going to entertain it on the merits.  But
19   all parties should understand that, for one thing, this
20   is not only a case under the Administrative Procedure
21   Act, but to the extent that it is a case under the
22   Administrative Procedure Act, it is the obligations of
23   the defendant public officials to produce the
24   administrative record.  It will be produced no later
25   than noon, Thursday, May 29th, that's a week from today.

1   The full administrative record on which the defendant
2   public officials rest, for the defense of this matter,
3   to the extent there is an administrative record, will be
4   produced, and the Court will look at it.
5       On Monday, the 2nd of June, at 11:00 -- I assumed
6   you would like 11:00 because some of you are out of town
7   and that will give you a chance to be here, we'll hold
8   oral argument on the defendants' motion for a protective
9   order, et cetera.  That takes us -- that's how we're
10  going to address that motion.  And I express no opinion
11  on the merits of the motion.  Well I have, because I
12  think, and I am confident in saying so, that this case
13  goes well beyond any claim under the Administrative
14  Procedure Act.
15      Fortunately I have the, um, interrogatories and
16  requests for, um, production and I've reviewed them.  I
17  don't give argument on discovery requests, though it is
18  open to the defense to, um, interpose written
19  objections, but I will say in general the discovery
20  requests are not inappropriate, but as I look at it, it,
21  um, uses the term "targeted noncitizens."  I would have
22  hoped you would have agreed.  You did not.  The Court
23  orders that you get 5 of these, not the number you want,
24  but only 5.
25      In other respects, it appears that this -- these

```
 1   requests are in order, and while the Court must rule on
 2   any objections that there may be, um, they've been
 3   filed, um, and I -- they're running, and, um, I will
 4   decide the motion for a protective order before answers
 5   and production is due.  But to the extent I deny the
 6   motion for a protective order, I expect full production
 7   and timely, I don't expect to give extensions of these
 8   discovery requests.
 9        Now that takes care of everything I wanted to say.
10   Let's turn to the plaintiffs.  And, um, first, I said
11   you could have 5.  Who do you want?
12        MR. BIALE:  Your Honor, if we can have a moment to
13   confer to answer that question?
14        THE COURT:  You can.
15        MR. BIALE:  And let me say, your Honor, my
16   apologies for the informality of the letters, we wanted
17   to keep the Court informed, but we appreciate the --
18        THE COURT:  Well these letters are grammatically
19   correct, it doesn't take long to put a caption on it.
20   This Court -- and this is not some idiosyncrasy of this
21   session, we don't go for letter practice in
22   Massachusetts.  Make oppositions, make motions, attach
23   affidavits, that's what the Rule of Civil Procedure
24   request.
25        MR. BIALE:  Fair enough, your Honor.
```

```
 1              THE COURT:  All right, you may take a moment.
 2         Mr. Kanter, any question about the Court's orders?
 3              MR. KANTER:  Um, no.  I understand that, um --
 4    first, thank you for entertaining the government's
 5    motion.  I fully understand the Court's admonition that,
 6    um, this is a status conference and not an argument, so
 7    I won't argue, um, the motion today.
 8         I am in receipt of the plaintiffs' letters, um,
 9    the two that the Court mentioned as well.  I do have a
10    comment about one of them, which is to say not the one,
11    um, relating to the defendants' motion for a protective
12    order, but the other letter.  But I will comment at the
13    appropriate time.  Thank you.
14              THE COURT:  I fully respect your answer and I
15    understand it.
16         I've been a judge for a long time, I've heard a
17    lot of letters and a lot of motions, since that's how we
18    do it, whining about conduct with respect to discovery.
19    I take all of that with a grain of salt, people are
20    entitled to be advocates.  But everything I said in the
21    case-management conference governs.  I expect full
22    compliance and fulsome discovery of all these matters,
23    which reminds me of one other matter.  But now back to
24    the plaintiffs.
25         Which 5?
```

```
 1          MR. BIALE:  So we've conferred and the 5 that we
 2   selected are Mahmoud Khalil, Mohsen Mahdawi, Rumeysa
 3   Ozturk, Yunseo Chung, and Badar Khan Suri.  And I'll
 4   provide the spelling of those names to the Court
 5   Reporter.
 6          THE COURT:  They're in the motion, and I can give
 7   them to the Court Reporter.  Thank you.
 8          Questions?  Any questions about the Court's
 9   orders?
10          MR. BIALE:  No, your Honor, and I think --
11          THE COURT:  All right.
12          MR. BIALE:  To the extent we have any more
13   questions, we will raise them in a formal motion.
14          THE COURT:  Thank you.  But there is one matter
15   that I overlooked.
16          In your substantive letter you point out that --
17   and at least as I listen to the news and read the
18   newspapers, certain of the documents that the plaintiffs
19   request be produced are -- have been identified in other
20   litigation.  As to those, without resolving whether I
21   can go beyond -- though I will tell you, Mr. Kanter, my
22   instincts are I can, I want those documents produced in
23   this case by noon next Thursday.
24          All right.  If there are no other questions?
25          MR. KANTER:  I do, I have a question, your Honor.
```

```
 1              THE COURT:  Yes, sir.
 2              MR. KANTER:  Because I both listened to the last
 3   case-management conference, your comments at the start
 4   of this hearing, and I also studied the transcript, and
 5   I note that your Honor asked the plaintiffs to focus on
 6   three such cases, and plaintiffs served us with a
 7   request, they added 6 to the 3 and asked us for all --
 8              THE COURT:  Now they're down to 5.  Now they're
 9   down to 5.
10              MR. KANTER:  Yes.  And I, um -- with the -- um, in
11   the spirit of the Court's -- um, like we're talking,
12   having a cup of coffee, sharing thoughts, rather than
13   argument, it seems that, um, they raise the price, are
14   given a discount, and have come out ahead.  And --
15              THE COURT:  Mr. Kanter --
16              MR. KANTER:  Yes.
17              THE COURT:  We were sitting down having a cup of
18   coffee the last time we met.  Now you people aren't
19   agreeing.
20              MR. KANTER:  Right.
21              THE COURT:  I can resolve disagreements.  To the
22   extent I am confident in resolving it on the record I
23   have before me, I've resolved them.  I'm going to give
24   you a full and fair hearing on your motion.  We'll
25   proceed by motions.
```

```
 1         MR. KANTER:  Thank you, your Honor.
 2         THE COURT:  I've ordered 5.  I'm satisfied with 5.
 3    Any other questions?
 4         MR. BIALE:  I did have one question, your Honor,
 5    about trial procedure, if you would entertain that now?
 6         THE COURT:  Yes.
 7         MR. BIALE:  Certain of our witnesses may be out of
 8    the country at the time that we've set for the trial and
 9    we wanted to know if the Court would entertain remote
10    testimony by one or two, hopefully not more than that,
11    but it's --
12         THE COURT:  It's much -- assuming we get there,
13    I'm sensitive to what Mr. Kanter has raised in his
14    motion, and be clear, I'm not going to be entertaining
15    an argument that this motion that is pending before me
16    has been waived or is out of time.  I'm not going to
17    allow delay, but I'm going to entertain the motion on
18    its merits.
19         So -- but we should be doing the types of things
20    you're talking about and I will entertain those
21    questions.  I assume it's a trial with witnesses, at
22    least on some counts or to some extent or the like.  I
23    prefer agreement.  If there isn't agreement, there are
24    the Federal Rules and local rules that deal with matters
25    like that.  As you can see, this courtroom is
```

```
 1    well-equipped to handle that.  I am familiar with it.
 2    Live testimony is always to be preferred.  I earlier
 3    said, and I'll simply reiterate, that jury-waived, I'm
 4    comfortable with taking matters out of order to
 5    accommodate witnesses.  A good question.
 6            MR. BIALE:  Okay, thank you, your Honor.
 7            THE COURT:  Yes.
 8            Other questions?
 9            (Silence.)
10            THE COURT:  Now I don't want us to get off on the
11    wrong foot and, um, Mr. Kanter, I do this to accommodate
12    you, and we've kept it down to just the matters I wanted
13    to deal with, and I appreciate that.  You're at a
14    disadvantage -- well sort of functionally --
15            MR. KANTER:  Yes, your Honor.
16            THE COURT:  -- at a disadvantage by being at a
17    distance, and I regret that, but that's what you wanted.
18    I hope we can get back on track.  Agreement is much to
19    be preferred.  They'll be no delays -- they'll be no
20    delays in the Court's rulings.  Um, cases, of course,
21    can be resolved.  Lincoln resolved many and he was a
22    great trial lawyer.  It is --
23            MR. KANTER:  Your Honor, I do have --
24            THE COURT:  Yes?
25            MR. KANTER:  Your Honor, I do have a question, and
```

1  it relates to, um, the plaintiffs' letter, and I take
2  the Court's, um, words that you take it with a grain of
3  salt, but I do want to say something about the Court's
4  instructions to us to collaborate over the course of two
5  weeks.  And I believe we did, I believe we collaborated
6  well.  And I raised the prospect of filing a protective
7  order earlier than stated in this letter.  That there's
8  an error in the letter in that regard.  And I can point
9  it out, but I -- I'll take the Court's pulse on that.
10 But I think that our general approach has been what kind
11 of discovery will get us to trial within 6 weeks?
12        THE COURT:  That's what I want.
13        MR. KANTER:  Yes.  And the Rule 26 proportionality
14 principle therefore is very much in play.  Our view
15 frankly is --
16        THE COURT:  You're arguing, Mr. Kanter.
17 Respectfully, you can argue it in writing.
18        MR. KANTER:  I want to be aspirational, which is
19 that the rhetoric -- even if the discovery requests are
20 disproportionate, the rhetoric should not be
21 disproportionate to reality or the facts.  And I just
22 have to take exception to some of the very strong words,
23 including "bad faith," that my colleague, my
24 counterparts have used in this letter, um --
25        THE COURT:  Mr. Kanter -- Mr. Kanter, I interrupt

1   you -- I interrupt you, because this is not, um, having
2   heard you, now I'll give them equal time.  I've been
3   doing this a long time.  You're saying things that
4   respectfully I would expect you to say.  Normally I am
5   fully content with getting all these things in writing,
6   and then I decide them.
7        Now the extent to which you can agree is manifest
8   by agreement.  When you can't agree, you set your best
9   foot forward as advocates and I decide.  I'm not loathe
10  to decide.  And taking exception to rhetoric, I'm used
11  to rhetoric, I said I'd take it with a grain of salt.
12  I'm not saying anyone, I'm not making any finding of bad
13  faith or making that suggestion.  I expect to go to
14  trial, to adjudication anyway, of these matters as
15  designated.  That's where I'm driving, in an evenhanded
16  fashion.  There's no need to argue.
17       It's good to see you.  And it's good to see you,
18  Mr. Kanter, if only virtually.
19       We'll recess.
20       (Ends, 3:15 p.m.)

```
 1                    C E R T I F I C A T E
 2
 3        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do
 4   hereby certify that the forgoing transcript of the
 5   record is a true and accurate transcription of my
 6   stenographic notes, before Judge William G. Young, on
 7   Thursday, May 22, 2025, to the best of my skill and
 8   ability.
 9
10
11
12
     /s/ Richard H. Romanow 05-28-25
13   _____
     RICHARD H. ROMANOW   Date
14
15
...
25
```