UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                  Plaintiffs,

    v.

MARCO RUBIO, ET AL.,

                  Defendants.

Case No. 1:25-cv-10685 (WGY)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE INVOLVING FACTUAL DISPUTES THAT SHOULD BE RESOLVED IN THE IDENTIFIED NONCITIZENS' LITIGATION**

Defendants' motion *in limine*, ECF No. 154 ("Mot."), seeks to exclude evidence from trial that is directly relevant to core questions in this case. The Court should summarily deny Defendants' motion for multiple reasons.

As a preliminary matter, the relief Defendants seek is vague and premature. Defendants ask for an order excluding evidence "concerning factual issues over the arrests and transfers" of the Five Targeted Individuals, Mot. at 1, but that phrase (and the variants of it in the motion) is hopelessly imprecise. Would it cover a government memo directing the arrest and visa revocation of an individual based on constitutionally protected speech? Defendants do not say, leaving open the possibility that the order it seeks would exclude this evidence, even though it would be unquestionably relevant to the core question of "government retribution" in this case. May 6 Tr. at 9. The motion is also unnecessary at this stage because the Court should first receive the evidence and then account for any countervailing concerns in its fact-finding. The prudent course, then, would be for the Court to accept all relevant evidence at trial and to address any concerns

1

about judicial comity in crafting its ruling—by, for example, carefully focusing on the claims and relief at issue here, rather than those raised in other cases.

In any event, Defendants' motion also fails on the merits.

First, there is simply no principle preventing a federal court from accepting relevant evidence merely because the case before it relates in some way to other cases being litigated in other federal courts. To the contrary, this is commonplace. For example, multiple law firms and the American Bar Association are currently litigating parallel suits over the constitutionality of the government's effort to punish the firms through materially similar executive orders. *See, e.g.*, *WilmerHale v. Exec. Off. of the President*, 25-cv-00917 (D.D.C.); *Am. Bar Ass'n v. Exec. Off. of the President*, 25-cv-01888 (D.D.C.). Multiple plaintiffs are litigating parallel suits over the legality of the government's withdrawal of federal funding. *See, e.g.*, *Am. Public Health Ass'n v. Nat'l Insts. of Health*, 25-cv-10787 (D. Mass.); *New York v. Trump*, 25-cv-00039 (D.R.I.). And states and federal employees are litigating parallel suits challenging the legality of mass terminations. *See, e.g.*, *Am. Fed. of Gov't Emps. v. U.S. Off. of Personnel Mgmt.*, 25-cv-01780 (N.D. Cal.); *Maryland v. U.S. Dep't of Agric.*, 25-cv-00748 (D. Md.). These suits will involve overlapping evidence and legal claims, but it is routine for federal courts to address interrelated legal and factual questions. Each plaintiff is entitled to their day in court to pursue relief for legal wrongs they demonstrate through relevant evidence. That is all Plaintiffs ask here.

Second, contrary to Defendants' argument, Plaintiffs' case does not require this Court to "retry" the cases of the Five Targeted Individuals. *See* Mot. at 1. As Plaintiffs have maintained throughout, the government's targeting of these individuals is *evidence* of the existence of the ideological-deportation policy. But Plaintiffs are not seeking a legal determination that the targeted individuals could satisfy the First Amendment framework that applies to individual instances of

retaliation. Nor are they seeking any relief with respect to these individuals. Plaintiffs allege, instead, that there is a policy of ideological deportation that has caused direct harm to Plaintiffs and their members, based *in part* on the fact that the government has arrested, detained, and attempted to deport the Five Targeted Individuals based on their speech. And Plaintiffs seek prospective relief that is tailored to the policy and practice they challenge, rather than past cases of enforcement.

Finally, even if ruling for Plaintiffs requires this Court to resolve questions that are also at issue in the cases of the Five Targeted Individuals, that would not prejudice Defendants because "nonmutual offensive collateral estoppel simply does not apply against the government." *United States v. Mendoza*, 464 U.S. 154, 162 (1984); *see also Benenson v. Comm'r*, 887 F.3d 511, 516 (1st Cir. 2018). In other words, the Five Targeted Individuals could not rely on any ruling in this case to preclude the government from contesting any factual question or pursuing any legal theory. The government will be free to litigate the other cases as it wishes. The concerns on which Defendants base their motion *in limine* are therefore unfounded.

The Court should deny Defendants' motion.

| | |
|---|---|
| June 25, 2025 | Respectfully submitted, |
| | /s/ Alex Abdo |
| Edwina Clarke (BBO 699702) | Alex Abdo |
| David Zimmer (BBO 692715) | Ramya Krishnan |
| Zimmer, Citron & Clarke, LLP | Carrie DeCell |
| 130 Bishop Allen Drive | Xiangnong Wang |
| Cambridge, MA 02139 | Talya Nevins |
| (617) 676-9423 | Jackson Busch |
| edwina@zimmercitronclarke.com | Scott Wilkens |
| | Jameel Jaffer |
| Noam Biale | Knight First Amendment Institute |
| Michael Tremonte |   at Columbia University |
| Alexandra Conlon | 475 Riverside Drive, Suite 302 |
| Courtney Gans | New York, NY 10115 |
| Sher Tremonte LLP | (646) 745-8500 |

3

90 Broad Street, 23rd Floor  
New York, New York 10004  
(212) 202-2603  
mtremonte@shertremonte.com  
nbiale@shertremonte.com  

alex.abdo@knightcolumbia.org  

Ahilan T. Arulanantham (SBN 237841)  
Professor from Practice  
UCLA School of Law  
385 Charles E. Young Dr. East  
Los Angeles, CA 90095  
(310) 825-1029  
arulanantham@law.ucla.edu  

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, certify that on June 25, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 25, 2025

/s/Alex Abdo
Alex Abdo