# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br>                    Plaintiffs, <br><br>         v. <br><br> MARCO RUBIO, ET AL. <br><br>                    Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**
**DIRECTED TO DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rules for the District of Massachusetts 26.1, Plaintiffs American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, and Middle East Studies Association ("Plaintiffs"), by and through their undersigned counsel hereby request that Defendants Marco Rubio, Kristi Noem, Todd Lyons, and Donald J. Trump ("Defendants") produce the following documents and things identified and listed below for inspection.

**DEFINITIONS AND INSTRUCTIONS**

1. The definitions and instructions provided in Federal Rule of Civil Procedure 34(a) and Local Rules 26.5 and 34.1 are incorporated by reference.

2. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, components, subdivisions, offices, directors, officers, agents, partners, employees, contractors, consultants, attorneys, representatives,

investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

3. "Adverse action" means investigating, monitoring, surveilling, revoking the visa of, terminating the status of, determining the removability of, or seizing, arresting, detaining, removing, or transferring to detention facilities in Louisiana.

4. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

5. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

6. "Communication", as defined in Local Rule 26.5(c), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7. "Concerning" means, as defined in Local Rule 26.5(c), referring to, describing, evidencing or constituting.

8. The terms "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, or by iMessage), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of

interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

9. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

10. "Including" shall be construed to include the phrase "without limitation."

11. The terms "you" and "your" refer to each of the defendants individually responding to these requests.

12. The term "Targeted Noncitizen Students or Faculty Members" means the following individuals:

    a. Mahmoud Khalil;

    b. Mohsen Mahdawi;

    c. Rümeysa Öztürk;

    d. Yunseo Chung;

    e. Efe Ercelik;

    f. Mohammed Hoque;

    g. Ranjani Srinivasan;

    h. Badar Khan Suri; and

    i. Momodou Taal.

13. To the extent a request calls for the production of documents or things you contend are subject to a privilege or immunity from discovery, your written request should so indicate, but you are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a

privilege or immunity from discovery is contained within responsive documents or things, you are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

14. If you are unable to produce any file or document sought in these requests, you shall identify the file or document; state the reasons why you are unable to produce it, describe in detail the efforts you have made to obtain it, and identify its location and/or custodian.

15. Documents responsive to these requests should be produced in the order in which they are ordinarily kept and in a format sufficient to identify the files from which they have been taken. Documents from different files should not be intermingled.

16. Except as otherwise specified, these requests cover the time period January 20, 2025 to the present.

17. These discovery requests are continuing in that they may require supplemental responses. If you obtain further information or documents with respect to any request to which you have already responded, you have a continuing duty to supplement your answer pursuant to Federal Rule of Civil Procedure 26(e) at any time prior to the entry of judgment.

18. For each document or thing requested that you object to producing on the basis of any privilege or immunity from discovery, please provide the following information:

    a. The basis for the privilege being invoked;

    b. The date of the document;

    c. The title of the document (if any);

    d. The name of the person(s) authoring the document;

    e. The name of the person(s) to whom the document and/or copies thereof were given or transmitted;

    f. The name of the person(s) from whom the document and/or copies thereof were given or transmitted:

    g. The present location and custodian of the document, or any copies thereof; and

    h. The general subject matter dealt with in the document with reasonable specificity to allow Plaintiffs to determine whether to challenge the privilege designation.

## DOCUMENT REQUESTS

1. Documents and communications concerning any adverse action you have taken or considered taking against any of the Targeted Noncitizen Students or Faculty Members, including but not limited to:

    a. Any document in which the Department of Homeland Security ("DHS") and/or U.S. Immigration and Customs Enforcement ("ICE") requested or recommended that the U.S. Department of State revoke the visas of or determine the removability of a Targeted Noncitizen Student or Faculty Member. *See Ozturk v. Trump*, No. 25-CV-374, 2025 WL 1145250, at *3 (D. Vt. Apr. 18, 2025) (describing request from DHS and ICE for revocation of Rümeysa Öztürk's F-1 visa);

    b. Any document in which the State Department approved the revocation of a Targeted Noncitizen Student's or Faculty Members's visa. *See id.*;

    c. Any document in which Secretary of State Marco Rubio determined that a Targeted Noncitizen Student or Faculty Member is removable under 8

5

    U.S.C. 1227(a)(4)(C). *See Khalil v. Joyce*, No. 25-CV-01963, 2025 WL 1232369, at *2 (D.N.J. Apr. 29, 2025);

d. Any document in which the State Department informed DHS and/or ICE that it had approved the revocation of a Targeted Noncitizen Student or Faculty Member's visa or determined the removability of a Targeted Noncitizen Student or Faculty Member;

e. A memorandum from Secretary Rubio accusing Mohsen Mahdawi of engaging in "threatening rhetoric and intimidation of pro-Israeli bystanders." *Mahdawi v. Trump*, No. 25-CV-389, 2025 WL 1243135, at *10 (D. Vt. Apr. 30, 2025);

f. A memorandum from Andre Watson (Senior Official, Homeland Security Investigations) to John Armstrong (Senior Bureau Official, Department of State) stating that Rümeysa Öztürk had engaged in "anti-Israel activism." John Hudson, *No Evidence Linking Tufts Student to Antisemitism or Terrorism, State Dept. Office Found*, Wash. Po. (Apr. 13, 2025) https://perma.cc/KRB2-AVXF;

g. A March 2025 State Department memorandum finding that neither DHS nor ICE nor Homeland Security Investigations had produced any evidence showing that Rümeysa Öztürk had engaged in antisemitic activity or made public statements indicating support for a terrorist organization. *See id.*;

h. A document dated March 21, 2025 in which the State Department informed DHS that the revocation of Öztürk's visa had been "approved." *See id.*;

i. An April 9, 2025 memorandum from the Deputy Assistant Secretary of State for Visa Services to ICE regarding the revocation of Efe Ercelik's visa. *Ercelik v. Hyde*, No. 25-CV-11007, slip op. at 17 (D. Mass. May 8, 2025);

    j. A March 22, 2025 communication from DHS/ICE to the State Department seeking the Department's determination as to whether Mohammed Hoque's visa should be revoked. *Hoque v. Trump*, No. 25-cv-01576, slip op. at 4 (D. Conn. May 5, 2025);

    k. A May 23, 2025 memorandum from the State Department informing DHS/ICE that Mohammed Hoque's visa had been revoked. *See id.*; and

    l. Any Notice to Appear (Form I-862), administrative arrest warrant (Form I-200), or Record of Deportable/Inadmissible Alien (Form I-213) that has been issued or drafted as to any of the Targeted Noncitizen Students or Faculty Members.

2. Documents, including memoranda, policies, procedures, and directives concerning the inspection, review, monitoring, or surveillance of noncitizens' social media accounts or activity, including but not limited to:

    a. The Secretary of State's communication to State Department employees on March 25, 2025, titled "Enhanced Screening and Social Media Vetting for Visa Applicants." Ken Klippenstein, *Trump Admin Spies on Social Media of Student Visa Holders*, Substack (Mar. 28, 2025), https://perma.cc/FV5L-MUNA;

    b. The State Department's new guidance to consular officers on reviewing visa applicants' social media, referred to in paragraph 16 of the declaration from John Armstrong submitted in support of the government's opposition to Plaintiffs' preliminary injunction motion.

3. Documents and communications created, referenced, or relied on by you to take any adverse action against any of the Targeted Noncitizen Students or Faculty Members.

4. Documents and communications concerning the "open-source information" collected and reviewed by the Homeland Security Investigations Office of Intelligence relating to the Targeted Noncitizen Students or Faculty Members. *See* Declaration of Andre Watson, ¶ 7 (April 14, 2025), ECF 65-2; Declaration of Unit Chief Roy M. Stanley ¶¶ 5-10, ECF 30-2 (March 22, 2025), *Taal v. Trump*, 3:25-cv-00335, (N.D.N.Y.).

5. Documents and communications concerning the identification of Targeted Noncitizen Students or Faculty Members for potential adverse actions, including identifications made by you or any third party, such as Betar US and Canary Mission.

6. Documents and communications concerning the implementation or enforcement of Executive Orders 14,161 and 14,188, with respect to taking any adverse action against non-citizens, including but not limited to any reports issued by the Attorney General, the Secretary of State, the Secretary of Education, and the Secretary of Homeland Security pursuant to Section 3(a) of Executive Order 14,188.

7. Documents and communications concerning any proposed or actual adverse action taken against any non-citizen engaged in any speech or activities deemed, determined to be, or suspected of being pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel.

8. Documents and communications referencing any of the Targeted Noncitizen Students or Faculty Members by name or A-number and concerning your decision to invoke the Foreign Policy Ground (8 U.S.C. § 1227(a)(4)(C)) as to any of them.

9. Documents sufficient to show all information that you contend provided reasonable grounds for Secretary Rubio to believe that the continued presence or activities in the United

8

States of any of the Targeted Noncitizen Students or Faculty Members would have potentially serious adverse foreign policy consequences for the United States.

10. Documents sufficient to show all information considered by Secretary Rubio in determining that the continued presence or activities in the United States of any of the Targeted Noncitizen Students or Faculty Members would compromise a compelling United States foreign policy interest.

11. Documents and communications concerning any request or demand, by the Department of Education or any other official or agency, requesting, demanding or requiring that any university or college provide the names, nationalities or any other identifying information of students who have been accused of or suspected of engaging in speech or activities deemed, determined to be, or suspected of being pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, or anti-Israel.

12. Documents and communications concerning your identification to colleges and universities of non-citizen students or faculty members against whom you considered taking (or are considering taking) adverse action, including but not limited to the list of students provided by DHS to Columbia University that was referenced by White House Press Secretary Karoline Leavitt on March 11, 2025.

Dated:     May 13, 2025
           New York, NY

                              SHER TREMONTE LLP

                              By:   /s/ Noam Biale
                              Michael Tremonte
                              Noam Biale
                              Alexandra Conlon
                              Courtney Gans
                              90 Broad Street, 23rd Floor

New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

Edwina Clarke, BBO 699702
David Zimmer
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

*Attorneys for Plaintiffs*

To:     Ethan B. Kanter, Esq. (via email)
        Harry Graver, Esq. (via email)
        Lindsay M. Murphy, Esq. (via email)
        Shawna Yen, Esq. (via email)
        Sarmad Khojateh, Esq. (via email)

*Attorneys for Defendants*