# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                Plaintiffs,

    v.

MARCO RUBIO, ET AL.

                Defendants.

Case No. 1:25-cv-10685 (WGY)

**PLAINTIFFS' FIRST SET OF**
**INTERROGATORIES DIRECTED AT DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rules for the District of Massachusetts 26.1 and 33.1, Plaintiffs American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, and Middle East Studies Association ("Plaintiffs"), by and through their undersigned counsel hereby request that Defendants Marco Rubio, Kristi Noem, Todd Lyons, and Donald J. Trump ("Defendants") answer the following interrogatories (the "Interrogatories" and each individually an "Interrogatory") under oath and serve the answers within fourteen (14) days of service of this request.

**INSTRUCTIONS**

1. The instructions provided in Local Rule 33.1 are incorporated by reference.

2. Whenever an Interrogatory asks for the identity of an individual, please set forth the following information:

    a. The individual's name;

    b. The individual's title or occupation;

    c. The individual's present or last known residential address; and

    d. The individual's present or last known business address.

3. In answering these Interrogatories, Defendants are required to furnish all information known or available to them, regardless of whether this information is possessed by Defendants or by their agents, employees, representatives, investigators, or by their attorneys or other persons who have acted on their behalf, or by any corporation, partnership, or other legal entity.

4. If any of these Interrogatories cannot be answered in full, after exercising due diligence to secure the information to do so, answer to the extent possible, specifying the reasons for Defendants' inability to answer the remainder and stating whatever information, knowledge, or belief Defendants have concerning the unanswered portion. In addition, specify the person or persons Defendants have reason to believe may have the information and/or knowledge to answer such interrogatory or any part thereof.

5. The Interrogatories are continuing in nature. If, after answering these interrogatories, Defendants obtain or become aware of further information responsive to these Interrogatories, Defendants are required to provide a supplemental interrogatory answer.

6. State whether the information furnished is within the personal knowledge of Defendants and, if not, the name of each person to whom the information is a matter of personal knowledge.

7. If Defendants believe that an Interrogatory seeks privileged information, state the grounds for the privilege assertion in sufficient detail to enable Plaintiffs to challenge your claim.

8. If Defendants object to any portion of any Interrogatory herein, identify the portion of the Interrogatory to which Defendants object and respond to the remainder of the Interrogatory.

## DEFINITIONS

1. The definitions provided in Federal Rule of Civil Procedure Rule 34(a) and Local Rule 26.5(c) are incorporated by reference.

2. "Adverse action" means investigating, monitoring, surveilling, revoking the visa of, terminating the status of, determining the removability of, or seizing, arresting, detaining, removing, or transferring to a detention facility in Louisiana.

3. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

4. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

5. "Communication", as defined in Local Rule 26.5(c), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. The term "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, or by iMessage), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of

interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

7. "Identify," when referring to a person, means to give the names, titles, organizational roles, and job descriptions of all U.S. Government officials, officers, agents, employees or contractors.

8. "Including" shall be construed to include the phrase "without limitation."

9. The term "Targeted Noncitizen Students or Faculty Members" means the following individuals:

   a. Mahmoud Khalil;

   b. Mohsen Mahdawi;

   c. Rümeysa Öztürk;

   d. Yunseo Chung;

   e. Efe Ercelik;

   f. Mohammed Hoque;

   g. Ranjani Srinivasan;

   h. Badar Khan Suri; and

   i. Momodou Taal.

10. The terms "you" and "your" refer to each of the defendants individually responding to these requests.

## INTERROGATORIES

1. Identify the persons who are or were involved in proposing or taking adverse action against any of the Targeted Noncitizen Students or Faculty Members, including everyone from the most senior agency officials (*e.g.*, Secretary Rubio and Secretary Noem) down the chain to the most junior agency officials, officers, employees, agents, contractors, or consultants.

2. Identify the persons who are or were involved in the inspection, review, monitoring, or surveillance of non-citizens' social media accounts or activity.

3. Identify the persons who are or were involved in the implementation or enforcement of Executive Orders 14,161 and 14,188, as they relate to taking any adverse action against non-citizens.

4. Identify the persons who are or were involved in proposing or taking adverse action against any non-citizen student or faculty member on the basis of, or partly on the basis of, speech or activities determined or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel.

5. Identify the persons who are or were involved in any request or demand, by the Department of Education or any other official or agency, requesting, demanding or requiring that any university or college provide the names, nationalities or any other information of non-citizen students or faculty members believed or suspected to have engaged in speech or activities deemed to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel.

6. Identify the persons who are or were involved in the identification of non-citizen students or faculty members targeted for any adverse action on the basis of, or partly on the basis of, speech or activities deemed to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including but not limited to the persons who were involved in compiling and sharing the list of students provided by the Department of Homeland Security to Columbia University referenced by White House Press Secretary Karoline Leavitt on March 11, 2025.

7. State the basis of or for your claim, assertion, allegation, or contention that your taking adverse action against any of the Targeted Noncitizen Students or Faculty Members was lawful.

8. State the basis of or for your claim, assertion, allegation, or contention that any of the Targeted Noncitizen Students or Faculty Members engaged in pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activities.

9. State the basis of Secretary of State Rubio's determination that any of the Targeted Noncitizen Students or Faculty Members is removable under 8 U.S.C. § 1227(a)(4)(C).

10. Identify all documents you created, consulted, referenced, or relied on in determining whether to take any adverse action against any of the Targeted Noncitizen Students or Faculty Members.

11. Describe in detail the reasons why the agents who arrested Rümeysa Öztürk and Badar Khan Suri were wearing civilian clothes, hoods, and masks, without their official badges visible.

12. Describe in detail your transfer of Mahmoud Khalil and Rümeysa Öztürk from the location of their arrest to a detention facility in Louisiana, including your decision to transfer them, your reasons for transferring them, and your planning, coordination, and execution of the transfers.

13. Describe in detail your arrest and detention of Mohsen Mahdawi and your attempt to transfer him to a detention facility in Louisiana, including your planning and coordination of his arrest in connection with his U.S. Citizenship and Immigration Services interview in Colchester, Vermont on April 14, 2025.

Dated:     May 13, 2025
           New York, NY

                                    SHER TREMONTE LLP

                                    By:  ___/s/ Noam Biale___
                                    Michael Tremonte
                                    Noam Biale
                                    Courtney Gans
                                    Alexandra Conlon
                                    90 Broad Street, 23rd Floor

New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com


Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

Edwina Clarke, BBO 699702
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
*edwina@zimmercitronclarke.com*

*Attorneys for Plaintiffs*

To:   Ethan B. Kanter, Esq. (via email)
      Harry Graver, Esq. (via email)
      Lindsay M. Murphy, Esq. (via email)
      Sarmad Khojateh, Esq. (via email)
      Shawna Yen, Esq. (via email)

      *Attorneys for Defendants*