# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL. <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' FIRST SET OF**
**INTERROGATORIES DIRECTED AT DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rules for the District of Massachusetts 26.1 and 33.1, Plaintiffs American Association of University Professors, American Association of University Professors-Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors-American Federation of Teachers, and Middle East Studies Association ("Plaintiffs"), by and through their undersigned counsel hereby request that Defendants Marco Rubio, Kristi Noem, Todd Lyons, and Donald J. Trump ("Defendants") answer the following interrogatories (the "Interrogatories" and each individually an "Interrogatory") under oath and serve the answers within fourteen (14) days of service of this request.

**INSTRUCTIONS**

1. The instructions provided in Local Rule 33.1 are incorporated by reference.

2. Whenever an Interrogatory asks for the identity of an individual, please set forth the following information:

   a. The individual's name;

   b. The individual's title or occupation;

   c. The individual's present or last known residential address; and

   d. The individual's present or last known business address.

3. In answering these Interrogatories, Defendants are required to furnish all information known or available to them, regardless of whether this information is possessed by Defendants or by their agents, employees, representatives, investigators, or by their attorneys or other persons who have acted on their behalf, or by any corporation, partnership, or other legal entity.

4. If any of these Interrogatories cannot be answered in full, after exercising due diligence to secure the information to do so, answer to the extent possible, specifying the reasons for Defendants' inability to answer the remainder and stating whatever information, knowledge, or belief Defendants have concerning the unanswered portion. In addition, specify the person or persons Defendants have reason to believe may have the information and/or knowledge to answer such interrogatory or any part thereof.

5. The Interrogatories are continuing in nature. If, after answering these interrogatories, Defendants obtain or become aware of further information responsive to these Interrogatories, Defendants are required to provide a supplemental interrogatory answer.

6. State whether the information furnished is within the personal knowledge of Defendants and, if not, the name of each person to whom the information is a matter of personal knowledge.

7. If Defendants believe that an Interrogatory seeks privileged information, state the grounds for the privilege assertion in sufficient detail to enable Plaintiffs to challenge your claim.

8. If Defendants object to any portion of any Interrogatory herein, identify the portion of the Interrogatory to which Defendants object and respond to the remainder of the Interrogatory.

## DEFINITIONS

1. The definitions provided in Federal Rule of Civil Procedure Rule 34(a) and Local Rule 26.5(c) are incorporated by reference.

2. "Adverse action" means investigating, monitoring, surveilling, revoking the visa or lawful permanent residency of, terminating the status of, determining the removability of, or seizing, arresting, detaining, removing, or transferring to a detention facility in Louisiana.

3. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

4. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

5. "Communication", as defined in Local Rule 26.5(c), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. "Covered Institution" means the following colleges and universities: Arizona State University, Columbia University, Cornell University, Georgetown University, Harvard University, Minnesota State University System, Tufts University, University of California System, University of Massachusetts System, and University of Texas System

7. The term "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text

message, or by iMessage), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

8. "Identify," when referring to a person, means to give the names, titles, organizational roles, and job descriptions of all U.S. Government officials, officers, agents, employees or contractors.

9. "Including" shall be construed to include the phrase "without limitation."

10. The term "Targeted Noncitizen Students or Faculty Members" means the following individuals:

    a. Mahmoud Khalil;

    b. Mohsen Mahdawi;

    c. Rümeysa Öztürk;

    d. Yunseo Chung;

    e. Efe Ercelik;

    f. Mohammed Hoque;

    g. Ranjani Srinivasan;

    h. Badar Khan Suri; and

    i. Momodou Taal.

11. The terms "you" and "your" refer to each of the defendants individually responding to these requests.

## INTERROGATORIES

1. Identify the persons who are or were involved in proposing or taking adverse action against any of the Targeted Noncitizen Students or Faculty Members, including everyone from the most senior agency officials (*e.g.*, Secretary Rubio and Secretary Noem) down the chain to the most junior agency officials, officers, employees, agents, contractors, or consultants.

2. Identify the persons who are or were involved in the inspection, review, monitoring, or surveillance of the Targeted Noncitizen Students or Faculty Members' social media accounts or activity.

3. Identify the persons who are or were involved in taking adverse action against any non-citizen student or faculty member at a Covered Institution based in whole or in part on speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel.

4. Identify the persons who are or were involved in communications between you and any Covered Institution concerning non-citizen students or faculty members believed or suspected to have engaged in speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including the persons at the Department of Homeland Security who communicated with Columbia University, as referenced by White House Press Secretary Karoline Leavitt in her press briefing on March 11, 2025.

5. Identify the persons who are or were involved in the identification of non-citizen students or faculty members at Covered Institutions who were targeted for any adverse action based in whole or in part on speech or activities deemed or suspected to be pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel, including the persons who were involved in creating, compiling and sharing the list of students provided by the Department of

Homeland Security to Columbia University, as referenced by White House Press Secretary Karoline Leavitt in her press briefing on March 11, 2025.

6. State the basis of or for your claim, assertion, allegation, or contention that your taking adverse action against any of the Targeted Noncitizen Students or Faculty Members was lawful.

7. State the basis of or for your claim, assertion, allegation, or contention that any of the Targeted Noncitizen Students or Faculty Members engaged in pro-Palestinian, anti-Semitic, anti-Zionist, pro-terrorist, pro-Hamas, pro-Jihadist, or anti-Israel speech or activities.

8. State the basis of the State Department's decision to revoke the visas of any of the Targeted Noncitizen Students or Faculty Members under 8 U.S.C. § 1201(i).

9. State the basis of Secretary of State Rubio's determination that any of the Targeted Noncitizen Students or Faculty Members is removable under 8 U.S.C. § 1227(a)(4)(C).

10. Identify all documents you created, consulted, referenced, or relied on in determining whether to take adverse action against any of the Targeted Noncitizen Students or Faculty Members.

11. State the basis of the State Department's decision to make "silent" the revocation of any of the Targeted Noncitizen Students' or Faculty Members' visas or green cards, *i.e.*, not to notify the Targeted Noncitizen Student or Faculty Member of the revocation..

12. Describe in detail the reasons why the agents who arrested Rümeysa Öztürk and Badar Khan Suri were wearing civilian clothes, hoods, and masks, without their official badges visible.

13. Describe in detail your transfer of Mahmoud Khalil and Rümeysa Öztürk from the location of their arrest to a detention facility in Louisiana, including your decision to transfer them and your reasons for transferring them.

14. Describe in detail your decision to and reasons for arresting Mohsen Mahdawi at the time and location of his U.S. Citizenship and Immigration Services interview in Colchester, Vermont on April 14, 2025.

Dated:        May19, 2025
              New York, NY

SHER TREMONTE LLP

By:  */s/ Noam Biale*
Michael Tremonte
Noam Biale
Courtney Gans
Alexandra Conlon
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com


Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

Edwina Clarke, BBO 699702
Zimmer, Citron & Clarke, LLP

        130 Bishop Allen Drive
        Cambridge, MA 02139
        (617) 676-9423
        *edwina@zimmercitronclarke.com*

        *Attorneys for Plaintiffs*

To:      Ethan B. Kanter, Esq. (via email)
          Harry Graver, Esq. (via email)
          Lindsay M. Murphy, Esq. (via email)
          Sarmad Khojateh, Esq. (via email)
          Shawna Yen, Esq. (via email)

          *Attorneys for Defendants*