**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

AMERICAN ASSOCIATION OF
UNIVERSITY PROFESSORS, ET AL.,

                 Plaintiff,

       -v-

MARCO RUBIO, in his official capacity as
Secretary of State, and the DEPARTMENT OF
STATE, ET AL.,

                 Defendant.

Civil Action No. 1:25-cv-10685-WGY

Declaration of John Armstrong

---

**DECLARATION OF JOHN ARMSTRONG**
**ASSERTING DELIBERATIVE PROCESS PRIVILEGE**

I, John Armstrong, hereby declare under penalty of perjury:

1. I am the Senior Bureau Official within the U.S. Department of State's Bureau of Consular Affairs. I am a career member of the Senior Foreign Service with the rank of Counselor. Prior to becoming the Senior Bureau Official, I briefly served as the Deputy Assistant Secretary for Overseas Citizen Services. I served overseas as the Consul General in Lima, Peru; as Economic Counselor in Warsaw, Poland; as Consular Section Chief and Acting Deputy Chief of Mission in Nassau, Bahamas; Deputy Consul General in Kyiv, Ukraine; and Nonimmigrant Visa Chief in Bucharest, Romania. I have also previously served domestic assignments in Washington, D.C., as Director of the Office of Eastern European Affairs, Director of the Washington Passport Agency, Senior Political Officer on the Russian Desk, and Belarus Desk Officer.

2. As the Senior Bureau Official, I play a central role in formulating and implementing

policies related to the protection of U.S. citizens abroad, visa and passport issuance, and consular operations globally. In this capacity, I routinely participate in internal deliberations with Department officials and interagency partners concerning complex policy issues, operational planning, and diplomatic strategy.

3. This declaration is based on my personal knowledge and vast professional experience. In my official capacity as Senior Bureau Officer, I have exercised oversight over matters involving United States citizen services abroad. These matters all encompass the sensitive deliberative process of the Department.

4. I am aware of the instant lawsuit that has been filed in the U.S. District Court for the District of Massachusetts. I understand that Marco Rubio in his official capacity as Secretary of State, in addition to the Department of State are named defendants.

5. I submit this declaration to explain the assertion of the deliberative process privilege (DPP) with respect to highly sensitive information that Plaintiffs seek the court to compel be publicly released.

6. The authority to assert the deliberative process privilege in judicial and administrative proceedings for the Department of State has been delegated to me in Department Delegations of Authority No. 479 and No. 577, as published in the Federal Register.

7. Based upon my personal review and knowledge of the information solicited by Plaintiffs, I am formally asserting DPP over the documents and information identified below, which the government withheld as privileged:

    **Material Subject to the DPP:**

        i.  Report on Department of State Authorities to Counter Anti-Semitism and Recommendations for Familiarizing Institutions of Higher Education with

2

the Security and Related Grounds for Visa Inadmissibility

ii. Portions of the deposition of Senior Bureau Official John Armstrong, related to interagency and Presidential communications, based upon the rough transcript of that deposition that is currently available (Defendants have not yet had an opportunity to identify/request any necessary corrections to the transcript)

iii. Portions of the deposition of Senior Bureau Official John Armstrong related to the draft report, prepared for the White House concerning a "catch and revoke" policy implementing Executive Orders No. 14161 and No. 14188, based upon the rough transcript of that deposition that is currently available

iv. Portions of the deposition of Senior Bureau Official John Armstrong related to Department of State decisions involving the Five Targeted Noncitizens, based upon the rough transcript of that deposition that is currently available

v. Department of State action memoranda to the Secretary of State concerning Removal or Determinations of Deportability (three) and to Senior Bureau Official John Armstrong concerning a visa revocation (one)

vi. Interrogatory responses related to the above

8. As the lead federal agency for United States foreign affairs, the Department of State is responsible for advancing American interests abroad, promoting peace and security, and implementing the President's foreign policy. The Department engages with foreign governments, global organizations, and domestic agencies on a broad range matters pertaining to human rights, counterterrorism, immigration, and U.S. citizen protection abroad. Mission fulfilment is reliant upon candid internal deliberations and robust

interagency coordination to develop effective strategies, perform adequate risk assessment, and respond to complex global issues.

9.  With regard to the report named in this declaration and identified in the Government's Index as Exhibit A, it was prepared to support internal agency deliberations within the Department, across interagency partners, and with the President and his advisors. This document is both pre-decisional and deliberative in nature. It reflects internal agency assessments, legal and policy interpretations, and potential courses of action that have not been finalized or adopted. Sensitive foreign policy and national security matters are contained within this report.

10. The release of the information that Plaintiffs seek would reveal sensitive information subject to DPP.  This includes information pertaining to diplomatic engagement strategies, policy proposals, and interagency coordination. The revelation of such information could undermine the efforts of the Department to carry out its mission of promoting peace and security through robust and candid internal deliberations.

11. In carrying out its mission, the Department of State depends on candid internal deliberations and the ability of its personnel to provide frank assessments without the fear of premature and improper disclosure. Put simply, the release of the information Plaintiffs seek would compromise the Department's ability to perform its mission and is properly designated DPP. Disclosure of deliberative process privileged information could provide those who wish to harm the United States with valuable information in the form of a roadmap to the government's internal decision-making processes. This roadmap would reveal strategic priorities, vulnerabilities, or areas of uncertainty that our adversaries could exploit.

12. If disclosed, the release of information the Department has withheld here as DPP could chill an exchange of information between federal agencies, thus impeding their decision-making process. This is especially true where, as here, the opinions, proposals, and recommendations of Department employees may concern controversial approaches to the government's foreign affairs priorities. If Department employees are aware that their opinions, deliberations, and recommendations may be subject to public disclosure –and the scrutiny, potential misinterpretation and critics that may follow, the candor of their views could be chilled. It is thus critical that pre-decisional and deliberative communications and procedures be protected from disclosure based on DPP.

13. Given the sensitive and privileged nature of the information, there are no precautions that would allow the Department of State to safely release this information to Plaintiffs or the public at large.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th Day of June 2025.

John Armstrong
Senior Bureau Official
Bureau of Consular Affairs
U.S. Department of State