UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> Defendants. | Civil Action No. 1:25-cv-10685-WGY |

### DECLARATION OF GARY M. LAWKOWSKI

I, Gary Lawkowski, declare:

1. I currently hold the position of Deputy Assistant to the President and Deputy Counsel to the President. I joined the White House Counsel's Office as a deputy on January 20, 2025. In this capacity, I am responsible for, among other things, providing legal advice to White House staff, including advice on matters involving the invocation of the presidential communications privilege.

2. I submit this declaration formally invoking the presidential communications privilege with respect to several documents and communications requested in discovery by Plaintiffs, including a document submitted for *in camera* review. I base this declaration on my personal knowledge, information made available to me in the performance of my duties, and my knowledge of the issues being litigated in the above-captioned case.

1

3.      I am aware that, upon consultation with the Office of the Counsel to the President, the United States has withheld certain documents and communications on the basis of the presidential communications privilege.

4.      On behalf of the Office of the President, I hereby assert the presidential communications privilege with respect to all portions of one document identified in the Government's Index as Exhibit A. The assertion of privilege is based on my personal review of this document. In making this declaration, I have also relied on the description of the document provided by my staff and on the description of the document contained in the Government's Index.

5.      I understand that the Department of State is also asserting the deliberative process privilege with respect to this document. The fact that my assertion is limited to the presidential communications privilege is in no way intended to suggest that this document or portions of this document is not protected in whole or in part by other privileges.

6.      The document as to which the presidential communications privilege is being asserted consists of a report from the Department of State that was solicited by the President of the United States in Section 3 of Executive Order 14,188, *Additional Measures to Combat Anti-Semitism*. It was transmitted to a Deputy Assistant to the President for circulation and consideration by White House advisers with broad and significant responsibility for investigating and formulating confidential advice to the President. In particular, the withheld document is a March 2025 report entitled "Report on Department of State Authorities to Counter Anti-Semitism and Recommendations for Familiarizing Institutions of Higher Education with the Security and Related Grounds for Visa Inadmissibility," to Julie M. Stufft, Deputy Assistant to the President and Executive Secretary, National Security Council, from Lisa D. Kenna,

Executive Secretary, Department of State. The report includes a "recommendations" section, as requested by the President, regarding actions and authorities withn the jurisdiction of the Department of State to combat anti-semitism as well as for familiarizing institutions of higher education with the security and related grounds for visa inadmissibility to inform confidential deliberations. The document addresses potential policies and guidance for the Government to pursue regarding combatting anti-semitism and familiarizing insitutitons of higher education with the security and related grounds for visa inadmissibility.

7. Additionally, I hereby assert the presidential communications privilege with respect to all portions of communications from the White House, including Assistant to the President and Deputy Chief of Staff for Policy and Homeland Security Advisor Stephen Miller and counsel from the Office of White House Counsel, alluded to and discussed in part in the deposition of Senior Bureau Official John Armstrong. The assertion of privilege is based on my personal review of the transcript for SBO Armstrong's deposition. In making this declaration, I have also relied on the description of the communications provided by my staff.

8. I understand that the Department of State is also asserting the deliberative process privilege with respect to these communications. The fact that my assertion is limited to the presidential communications privilege is in no way intended to suggest that these communications or portions of these communications are not protected in whole or in part by other privileges.

9. These communications as to which the presidential communications privilege is being asserted consists of interagency telephonic meetings regarding immigration policy. In particular, the withheld communications occurred primarily in and around March 2025 and included senior White House and cabinet-level officials, such as Assistant to the President and

Deputy Chief of Staff for Policy and Homeland Security Advisor Stephen Miller and counsel from the Office of the White House Counsel. The communications addressed ongoing efforts and potential policies and guidance for the Government to pursue regarding immigration policy, including the specific discussion of one or more executive order issued by the President.

10. These communications were solicited and received by senior presidential advisors or their staff, including Assistant to the President and Deputy Chief of Staff for Policy and Homeland Security Advisor Stephen Miller and counsel from the Office of the White House Counsel. Mr. Miller is a high-ranking White House staff member who provides support and advice to the President and his senior adivsors. The Office of White House Counsel advises the President, the Executive Office of the President, and the White House staff on legal issues pertaining to the President and the White House.

11. The document and communications as to which the presidential communications privilege is being asserted were solicited and received by immediate presidential advisors or their staff who have broad and significant responsibility for investigating and formulating advice to be given to the President with respect to decision-making on the subject of immigration policy. I believe that, without the protection of the presidential communications privilege over the communications described above, presidential advisors and their staffs would be chilled from having candid conversations with senior officials in cabinet agencies, gathering relevant information, exploring alternatives, and providing fully informed recommendations regarding the performance of the President's duties.

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 27 day of June 2025.

_____
Deputy Counsel to the President