UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiff, <br><br> -v- <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> Defendant. | Civil Action No. 1:25-cv-10685-WGY <br><br> Declaration of John Armstrong |

DECLARATION OF JOHN ARMSTRONG
ASSERTING LAW ENFORCEMENT PRIVILEGE

I, John Armstrong, hereby declare under penalty of perjury:

1. I am the Senior Bureau Official within the U.S. Department of State's Bureau of Consular Affairs. I am a career member of the Senior Foreign Service with the rank of Counselor. Prior to becoming the Senior Bureau Official, I briefly served as the Deputy Assistant Secretary for Overseas Citizen Services. I served overseas as the Consul General in Lima, Peru; as Economic Counselor in Warsaw, Poland; as Consular Section Chief and Acting Deputy Chief of Mission in Nassau, Bahamas; Deputy Consul General in Kyiv, Ukraine, and Nonimmigrant Visa Chief in Bucharest, Romania. I have also previously served domestic assignments in Washington, D.C., as Director of the Office of Eastern European Affairs, Director of the Washington Passport Agency, Senior Political Officer on the Russian Desk, and Belarus Desk Officer.

2. As the Senior Bureau Official, I routinely engaged with matters directly involving United States and foreign law enforcement. In this role, I oversee issues related to the arrest,

detention, or welfare of United States citizens abroad. This often requires coordination with agencies such as the Federal Bureau of Investigation, Department of Homeland Security, and foreign police authorities. I also work closely with interagency partners on efforts to detect and prevent passport and visa fraud. These investigations often require sensitive investigative information.

3. This declaration is based on my personal knowledge and vast professional experience. In my official capacity as Senior Bureau Officer, I have exercised oversight on matters involving United States citizen services abroad. These matters include law enforcement coordination.

4. I am aware of the instant lawsuit that has been filed in the U.S. District Court for the District of Massachusetts. I understand that Marco Rubio in his official capacity as Secretary of State, in addition to the Department of State are named defendants.

5. I submit this declaration to explain the assertion of the law enforcement privilege (LEP) with respect to highly sensitive information that Plaintiffs seek the court to compel be publicly released.

6. The authority to assert the law enforcement privilege in these proceedings for the Department of State has been delegated to me in Department Delegation of Authority No. 577, as published in the Federal Register, and a Delegation of Authority approved on June 27, 2025, and pending publication in the Federal Register.

7. Based upon my personal review and knowledge of the information solicited by Plaintiffs, I am formally asserting LEP over the documents and information identified below, which the government withheld as privileged:

**Material Subject to the LEP:**

    i. Department of State Guidance to the field (posts worldwide involved in providing visa services) in the form of cables, memoranda, and webinar presentations relating to implementation of Executive Orders No. 14161 and No. 14188, social media vetting, security in visa adjudications, visa ineligibilities, visa applicant qualifications, including for students and exchange visitors, and visa revocations

    ii. Portions of the deposition of Senior Bureau Official John Armstrong related to Department of State decisions involving the Five Targeted Noncitizens, based upon the rough transcript of that deposition that is currently available (Defendants have not yet had an opportunity to identify/request any necessary corrections to the transcript)

    iii. Nonpublic versions of the Foreign Affairs Manual/Foreign Affairs Handbook dealing with visa ineligibilities, visa applicant qualifications, including for students and exchange visitors, and visa revocations

    iv. Interrogatory responses related to the above

8. The Department of State, particularly the Bureau of Consular Affairs, performs security vetting, in collaboration with interagency law enforcement and other partners, of millions of U.S. visa applicants and visa holders annually. That security vetting involves law enforcement, intelligence, and national security resources and equities.

9. The documents and information withheld contain law enforcement and national security terminology, techniques, processes, procedures, and other information compiled for law enforcement and intelligence purposes, including fraud prevention. Disclosure of this

information would reveal highly sensitive screening and vetting techniques that are used by law enforcement and intelligence partners and could allow visa applicants to avoid fraud detection or national security review and reasonably be expected to risk circumvention of the immigration, criminal, and/or anti-terrorism laws.

10. The release of the information that Plaintiffs seek would reveal sensitive information subject to LEP. This includes information related to how potential visa ineligibilities are assessed throughout the visa application process and throughout the period of the visa's validity. The revelation of such information could undermine Department of State and U.S. Government to uphold U.S. immigration laws and identify national security and public safety threats.

11. Visa security vetting techniques, methods, and procedures are not widely known to the public because the release of such LEP information would compromise the U.S. Government's ability to continue properly vetting visa applicants and visa holders. Disclosure of law enforcement privileged information could provide those who wish to harm the United States with valuable information about how the U.S. Government detects, investigates, and thwarts activity that impacts public safety and national security and violates U.S. laws. Disclosure of any such existing information related to investigative processes, coordination with law enforcement partners, or insight into the types of information contained in law enforcement checks could significantly undermine future law enforcement efforts.

12. As described in this declaration, disclosing information that could ultimately provide bad actors with the information they need to evade, or otherwise thwart, U.S. law enforcement and national security efforts has potentially grave consequences for national security and

public safety.

13. Given the sensitive and privileged nature of the information, there are no precautions that would allow the Department of State to safely release this information to Plaintiffs or the public at large.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th Day of June 2025.

John Armstrong
Senior Bureau Official
Bureau of Consular Affairs
U.S. Department of State