UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, <br><br> AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS -- HARVARD FACULTY CHAPTER, <br><br> AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY, <br><br> RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS, and <br><br> MIDDLE EAST STUDIES ASSOCIATION, <br><br>          Plaintiffs, <br>     v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and the DEPARTMENT OF HOMELAND SECURITY, <br><br> TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, <br><br> DONALD J. TRUMP, in his official Capacity as President of the United States, and <br><br> UNITED STATES OF AMERICA, <br><br>          Defendants. | CIVIL ACTION NO. 25-10685-WGY |

YOUNG, D.J.                                              June 27, 2025

**ORDER**

1.  The plaintiffs' motions for further discovery, ECF Nos. 153 and 155, are DENIED in view of the defendants representations concerning discovery already provided and to be provided

2.  Upon further reflection, no witness shall testify anonymously in this case ,save upon a far more compelling showing than alluded to thus far.

There is altogether too much fear of our government abroad in our land today. Courts are part of government. It is in the dignified courtrooms of our nation that most precious aspect of our First Amendment rights are hammered out. All participants in the trial process, be they litigants, witnesses, or attorneys, are engaging in the central practice of the First Amendment -- the right formally to petition our government. U.S. Const., Amdt. 1; Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011) ("[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government.") (quoting Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 896-897 (1984)); Franchini v. Investor's Bus. Daily, Inc., 981 F.3d 1, 8 (1st Cir. 2020).

[2]

[3]

This is why those courageous law firms who stood up to retribution were so swiftly and emphatically vindicated. See Perkins Coie LLP v. U.S. Dep't of Just., No. 25-CV-716, --- F.Supp.3d ----, ----, 2025 WL 1276857, at *49 (D.D.C. May 2, 2025); Jenner & Block LLP v. U.S. Dep't of Just., No. 25-CV-916, --- F.Supp.3d ----, ----, 2025 WL 1482021, at *26 (D.D.C. May 23, 2025); Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of President, No. 25-CV-917, --- F.Supp.3d ----, ---- - ----, 2025 WL 1502329, at *33-34 (D.D.C. May 27, 2025); Susman Godfrey LLP v. Exec. Off. of President, No. CV 25-1107 (LLA), 2025 WL 1779830, at *1 (D.D.C. June 27, 2025).

This Court is a safe place. The plaintiffs and their witnesses may fully participate in the trial process without fear of retribution knowing they are protected by this Court's order. Indeed, were there to be any violation traceable to any of these defendants, it would prove the plaintiff's case. Likewise, law enforcement officers testifying about enforcement of the laws passed by the Congress of the United States will receive the same courtesy and respect that has long been a hallmark of this Court. Any retribution from any quarter by anyone will be met with the full rigor of the Court's resources.

It is only when people believe that the civil court's are faltering, not doing their job, that authoritarians rush in with martial law. See e.g. Ex parte Milligan, 71 U.S. 2 (1866).

[3]

One of America's finest jurists, Circuit Judge Richard S. Arnold of Arkansas, had this to say to fellow judges, "There has to be a safe place.  We have to be it."

For 235 years of continuous sittings, the United States District Court for the District of Massachusetts has been that "safe space."  We shall not falter.

**SO ORDERED.**

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE