UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATIONS OF UNIVERSTIY PROFESSORS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> *Defendants.* | No. 1:25-cv-10685-WGY |

**DEFENDANTS' MOTION TO PARTIALLY RECONSIDER THE COURT'S ORDER HOLDING THE GOVERNMENT WAIVED ALL PRIVILEGES OTHER THAN THE LAW ENFORCEMENT PRIVILEGE OVER IN CAMERA SUBMISSIONS**

Defendants respectfully ask this Court to partially reconsider its bench order of July 7, during the 2 p.m. housekeeping conference, determining that Defendants waived all privileges for the documents produced to the Court in camera, ex parte and directing Defendants to submit a detailed privilege log limited to the law enforcement privilege for all documents produced in camera, ex parte. *See* Electronic Order, Dkt. # 184.

(1) After briefing by the parties on Plaintiffs' June 24 motion to compel, this Court declined to order Defendants to produce the documents that Defendants had submitted in camera on June 11th. *See Am. Ass'n of Univ. Professors v. Rubio*, No. CV 25-10685-WGY, 2025 WL 1796322, *1 (D. Mass. June 30, 2025), Dkt. # 174. Defendants request that the Court reaffirm its determination that they need not produce those documents. Included in that first in camera submission are some of the documents the Court identified in a packaged provided to Defendants on Tuesday, July 8th: the first document of the package (a letter authored by Andre Watson, numbered at pages 15-16

1

of 337), and the last two documents of the package (State Department action memos, which are deliberative documents).

(2)   Defendants request that the Court reconsider its decision that they waived all privileges as to the first in camera submission, as they did timely assert appropriate privileges and provided relevant declarations including, among others, from the White House.

(3)   Defendants request that the Court reconsider its decision that they waived all privileges over the second in camera submission, filed on July 2nd, Dkt. # 181, because Defendants reasonably relied on authority holding that the privilege is not waived for documents produced in camera.

## I.   Three Groups of Documents at Issue

There are three groups of documents at issue. The **first** is the set the Defendants provided the Court for its in camera review on June 11th. *See* Exh. A, Notice of Manual Filing, Dkt. # 131 (unsealed version). These are the documents litigated in a motion to compel following which the Court declined to order produced to Plaintiffs. *See AAUP*, 2025 WL 1796322, *1, Dkt. # 174.

Defendants provided the Court the **second** assemblage of documents on July 2nd for review in camera. *See* Dkt # 181. Defendants are preparing a privilege log for those documents as the Court required by Friday at noon. But there is one document from the first submission that was duplicated in the second in camera submission, which can be found on pages: 15-16, 20-21, 52-53, & 56-57 (the same document appears in the second in camera submission four separate times). This document is duplicative of Exhibit B to Defendants' first in camera submission, litigated over privileges claimed (as described above), and which the Court included in the subset of documents it handed to Defendants on July 8. (Pages 15-16).

Finally, the Court, in its July 7 remarks, referenced a **third** in camera ex parte submission of documents, but Defendants have only made two such submissions. Defendants did submit a third

group of documents to the Court in camera on June 27, 2025, *see* Dkt. # 167, but that submission consisted of unredacted versions of documents that had been produced to Plaintiffs with privilege redactions, and which were subject to Plaintiffs' June 24, 2025, Motion to Compel, *see* Dkt. ## 153, 155. The Court denied that motion, *see* Dkt # 174. Additionally, the documents in the June 27 submission relate to the vetting and management of visa issues, which this Court expressly excluded from its July 7 bench order.

II.     **Discussion**

**1. Defendants submitted the in camera documents in good faith, without believing they waved any privileges, and the Court has already ruled that the Defendants may withhold certain documents.** In response to the Court's invitation to submit documents for in camera review, Defendants produced several to the Court on June 11th and identified the items that were withheld from Plaintiffs in full due to being law enforcement sensitive and not having been produced or litigated in the individual proceedings of the noncitizens they concerned, and identified additional items that were privileged including under the presidential communications and deliberative process privileges. *See* Exh. A, Notice of Manual Filing, Dkt. # 131 (unsealed version). Defendants did not propose to rely on the material produced in camera to present their case and defend against Plaintiffs' claims but sought only to provide the Court with information it requested about enforcement actions taken in individual cases, while also protecting the law enforcement sensitivities of the documents undisclosed in the individual noncitizens' proceedings (particularly in the absence of a case protective order at the time) and preserving applicable privileges over them. Defendants likewise did not intend to rely on the second set of documents provided to the Court on July 2nd. As Defendants said in their notice of filing, the documents had only recently come to their attention and counsel received them the day before they provided them to the Court. *See* Notice of Submission, Dkt. # 181. Because Defendants wanted to immediately provide the

3

documents given the Court's emphasis on expedition in this Rule 65(a)(2) proceeding, a proper privilege review was not possible.

Defendants believed they were not waiving applicable privileges by providing the documents in camera. *See United States v. Zolin*, 491 U.S. 554, 568-569 (1989) (holding that providing privileged materials in camera does not have the legal effect of terminating the privilege). The in camera process the Court described made particular sense here given there was little time in this expedited Rule 65(a)(2) proceeding for the careful, multi-level review of potential privileges to assert, as well as briefing and arguing privilege issues. And given that in camera review is typically used to determine whether privileges apply, Defendants had believed they would at least be given the opportunity to formally assert the relevant privileges should the Court deem their production to Plaintiffs necessary. *See Logue v. Rand Corp.*, 610 F. Supp. 3d 399, 401 (D. Mass. 2022) (noting that "in camera reviews should be encouraged" and when "the assertion of privilege is subject to legitimate dispute, the desirability of in camera review is heightened") (quoting *In re Grant Jury Subpoena*, 662 F.3d 65, 70 (1st Cir. 2011)); *see also* May 6, 2025, Dkt. # 87, Tr. at 19 ("The government has a deliberative privilege. I must honor it.").

Indeed, it appeared that the Court agreed when, after full briefing, it denied Plaintiffs' June 23 motion to compel production of all the documents provided in camera up to that point. *See* Motion to Compel, Dkt. 153 (sealed); Order, Dkt. 174 at 1. But the Court's July 7th bench order reversed course. Thus, Defendants request that the Court reconsider its bench order to give effect to the issues already litigated and decided — that Defendants did not have to produce those documents.

**2. Additionally, Defendants did timely assert privileges over the June 11 in camera filing.** First, Defendants identified which documents were subject to privilege in the Notice of Manual Filing of the in camera materials. *See* Exh. A. Then, Defendants formally invoked those

4

privileges in response to Plaintiffs' motion to compel by providing agency declarations detailing the bases for its deliberative process and presidential communications privilege assertions. *See* Opp'n to Mot. to Compel, Dkt. 170; *see also Huntleigh USA Corp. v. United States*, 71 Fed. Cl. 726, 727 (2006) (requirements for privilege assertion are satisfied through production of a declaration or affidavit by the agency head in response to a motion to compel); *accord Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1306 (Fed. Cir. 2006) (following majority in holding that the head of department need not invoke the privilege). This included a declaration from John Armstrong, Senior Bureau Official of the U.S. Department of State's Bureau of Consular Affairs, who is authorized to assert the deliberative process and law enforcement privileges, Exhs. B at ¶ 6 & C at ¶ 6.

Defendants also provided a declaration from Gary Lawkowski, Deputy Assistant and Deputy Counsel to the President, who is responsible for matters involving the invocation of the presidential communications privilege. *See* Exh. D at ¶ 1. A finding that the presidential communications privilege is waived is especially troubling given that *before* the White House needs to formally invoke the privilege, the party making the discovery request must show "a heightened need for the information sought." *See Dairyland Power Co-op. v. United States*, 79 Fed. Cl. 659, 662 (2007) (citing *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004) and *In re Sealed Case*, 121 F.3d 729 (D.C. Cir.1997)). There has yet to be such a showing and concomitant finding. Nevertheless, the White House, before it needed to, provided a declaration asserting the privilege. So, Defendants timely asserted the privileges over documents in the first in camera production.[1]

---

[1] In their response to Plaintiffs' motion to compel, Defendants also noted that they had learned on the filing date of their response that one document in their June 11 in camera submission also contained third-party agency information that was law enforcement privileged. *See* Dkt. 170 at 11, n.2. Defendants asked the Court for permission to supplement their opposition to formally invoke

5

Because Defendants timely asserted the privileges, the parties litigated the privileges' validity, and the Court already declined to pierce the privileges, Defendants respectfully request that the Court reconsider its July 7 order that they waived all privileges for the documents produced in the first in camera submission, and that it not require the government to produce them or create a privilege log limited to the law enforcement privilege.

Also included in this request for reconsideration is a document provided to the Court as part of the second in camera submission because it is duplicative of one the Court already declined to order produced in the first submission. *See, supra*, § I. Defendants included the document in the second submission for context and completeness because it was attached to multiple emails being newly provided in the second in camera filing, not because it differs in any way or because Defendants intended to rely on it. The Court declined to order this document produced in its June 30th decision. *See AAUP*, 2025 WL 1796322 *1, Dkt. 174.

**3. The Court should reconsider its ruling that Defendants have waived all privileges over the second in camera submission.** The waiver includes information subject to the attorney client privilege, the deliberative process privilege, and the law enforcement privilege. Exhibit E is an example of the type of privileges the Court has decided the government has waived. This is the privilege log Defendants have prepared for the subset of in camera documents the Court indicated on Tuesday, July 8, that it intended to give to Plaintiffs excepting the Government's objections. The log also shows the Defendants do not intend to be over inclusive in their assertions of privilege. *See* Dkt. # 189. Defendants reasonably expected that they were not waiving the privilege by providing the documents for in camera review where they had no intention of relying on them at trial and

---

that privilege should the Court deem such an invocation necessary. *Id.* Because the act of invoking the privilege over that information would reveal the underlying information subject to the privilege assertion, Defendants will submit a supporting declaration to the Court in camera and ex parte on Friday in response to the Court's order.

provided them because the Court had expressed an interest in seeing such information. *See* June 2, 2025, Tr. at 32 (expressing interest in seeing the arrest plans). In this case, the consequences of waiver are significant because it involves not only the deliberative process privilege but also the attorney client privilege.

Should the Court deny this motion, Defendants respectfully request a stay of any order the Court may issue to produce the documents so that the Solicitor General can evaluate whether to seek mandamus relief before the privileges are irretrievably lost.

In any event, Defendants are preparing a privilege log for the documents in the second in camera submission and will file it by Friday.

Respectfully Submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | WILLIAM KANELLIS |
| DREW C. ENSIGN<br>*Deputy Assistant Attorney General* | *Ethan B. Kanter*<br>ETHAN B. KANTER<br>*Chief, National Security Unit*<br>*Office of Immigration Litigation*<br>*Civil Division, U.S. Department of Justice*<br>*P.O. Box 878, Ben Franklin Station*<br>*Washington, D.C. 20001* |
| | PAUL F. STONE<br>*Deputy Chief, National Security Unit*<br>*Office of Immigration Litigation* |
| Dated: July 8, 2025 | *Counsel for Defendants* |

## MEET AND CONFER CERTIFICATION

In accordance with Local Rules 7.1(2) and 37.1, the parties previously met and conferred concerning these documents as they were already the subject of Plaintiffs June 24 Motion to compel.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: July 8, 2025

By: *Ethan B. Kanter*
ETHAN B. KANTER
*Chief, National Security Unit*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20001*