UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL., <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DARREN MCCORMACK**

Plaintiffs respectfully move this Court for an order compelling the deposition of Darren McCormack, Deputy Special Agent in Charge ("DSAC"), Homeland Security Investigations, Department of Homeland Security. DSAC McCormack is the federal law enforcement official who supervised and executed the arrest of Mahmoud Khalil and is a key defense witness scheduled to testify in this trial on Tuesday, July 15. Plaintiffs' counsel noticed the deposition more than a week ago; the parties coordinated on a date and location for the deposition; and the undersigned agreed to conduct the deposition tomorrow in New York as *Defendants* requested. Nevertheless, Defendants abruptly pulled out of the scheduled deposition at the eleventh hour—at 5:22 p.m. this evening—based on a blatantly false justification.

On June 27, 2025, Plaintiffs served a notice of deposition for DSAC McCormack. *See* Biale Decl., Ex. A at 1-2. The deposition was noticed for July 1, 2025 at the undersigned's offices in New York, where the witness is located. *See id.*, Ex. B. Plaintiffs followed up on this request twice—on June 29 and 30—asking Defendants to provide alternate dates for DSAC McCormack if he was not available on July 1. *See id.*, Ex. C at 1, 5. At a deposition in Washington, D.C., on

1

July 1, 2025, the parties discussed scheduling and outlined an agreed-upon schedule for the remaining depositions, during which Defendants tentatively proposed conducting DSAC McCormack's deposition on July 9 in New York (Defendants also confirmed in this discussion that DSAC McCormack supervised the arrest of Mr. Khalil). Biale Decl. ¶ 7. On July 6, 2025, Defendants emailed Plaintiffs *confirming* that Mr. McCormack was available for an in-person deposition on July 9 in New York starting at 1:00 P.M. *See id.*, Ex. D at 2-3.

    This morning, prior to the commencement of trial proceedings, the undersigned conferred with Defendants' counsel to finalize the logistics for upcoming depositions. The undersigned stated that they would proceed with all of the depositions Defendants proposed in their email of July 6, except for the deposition of ASAC Heck—in other words, that Plaintiffs would proceed with DSAC McCormack's deposition on July 9, as well as two others scheduled to occur later. This afternoon, Plaintiffs sent an email confirming the location of Mr. McCormack's deposition. *See id.* at 1-2.

    Rather than proceed as agreed, Defendants' counsel stated, "Given the late time at which we received the below information, and the lack of a notice, we are unable to attend a deposition tomorrow." *Id.* at 1. Notably, Defendants did not state that the *witness* was unavailable, but rather claimed that *they* were unavailabile at the date and time that they themselves had confirmed only two days earlier. Defendants' claims of "late time" and a "lack of notice" are belied by Plaintiffs' notice of deposition sent on June 27 and the parties' ongoing discussions—both oral and in email communications—setting the date and time of the deposition.

    Defendants' last-minute withdrawal is unwarranted and prejudicial, particularly given the crucial nature of the witness' testimony. DSAC McCormack is the only witness Defendants have tendered who has knowledge and is relevant to the nature and circumstances of the arrest of Mr.

Khalil. Notably, Defendants' last-minute effort to avoid the deposition coincides with the Court's suggestion that Defendants' invocation of privilege over documents concerning the five targeted noncitizens may be overbroad and are, as yet, insufficiently justified. For their part, Plaintiffs have acted diligently and cooperatively in scheduling this deposition and accommodated the witness's scheduling constraints, including agreeing to Defendants' proposed date and time for the deposition. Defendants have offered no basis to avoid the deposition other than claims that are demonstrably untrue.

Accordingly, Plaintiffs respectfully request that the Court compel the deposition of Mr. McCormack tomorrow, July 9, 2025 at 1:00 P.M.

July 8, 2025

Respectfully submitted,

/s/ Noam Biale

| | |
|---|---|
| Edwina Clarke (BBO 699702) | Noam Biale |
| David Zimmer (BBO 692715) | Michael Tremonte |
| Zimmer, Citron & Clarke, LLP | Alexandra Conlon |
| 130 Bishop Allen Drive | Courtney Gans |
| Cambridge, MA 02139 | Sher Tremonte LLP |
| (617) 676-9423 | 90 Broad Street, 23rd Floor |
| edwina@zimmercitronclarke.com | New York, New York 10004 |
| | (212) 202-2603 |
| Ramya Krishnan | nbiale@shertremonte.com |
| Carrie DeCell | mtremonte@shertremonte.com |
| Xiangnong Wang | |
| Talya Nevins | Ahilan T. Arulanantham (SBN 237841) |
| Jackson Busch | Professor from Practice |
| Scott Wilkens | UCLA School of Law |
| Alex Abdo | 385 Charles E. Young Dr. East |
| Jameel Jaffer | Los Angeles, CA 90095 |
| Knight First Amendment Institute | (310) 825-1029 |
|   at Columbia University | arulanantham@law.ucla.edu |
| 475 Riverside Drive, Suite 302 | |
| New York, NY 10115 | *Counsel for Plaintiffs* |
| (646) 745-8500 | |
| ramya.krishnan@knightcolumbia.org | |

3

## CERTIFICATE OF SERVICE

      I, the undersigned counsel, certify that on July 8, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 8, 2025

/s/ Noam Biale
Noam Biale