UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATIONS OF UNIVERSTIY PROFESSORS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> *Defendants*. | No. 1:25-cv-10685-WGY |

**DEFENDANTS' MOTION TO CLARIFY JULY 9 BENCH RULING**

Defendants respectfully ask this Court to clarify its order of July 9 as to whether it pertains to their motion to reconsider its determination that the Government waived certain privileges. *See* Exh. A. Motion to Reconsider, Dkt. # 190. The Court gave its July 9 instructions in the context of its discussion on the package of six in camera documents it ordered the Government to produce. *See* July 9, 2025, Tr.at 81. Defendants do not understand the Court's order concerning privilege to extend beyond that package of documents to include other documents in the Government's June 11 in camera submission, because doing so would be contrary to the Court's order declining, after full briefing from the parties, to order the Government to disclose those documents. *See* Exh.A, Motion to Reconsider at 4; *See Am. Ass'n of Univ. Professors v. Rubio*, No. CV 25-10685-WGY, 2025 WL 1796322, *1 (D. Mass. June 30, 2025), Dkt. # 174 (denying the motion to compel). It would also be inconsistent with the Government having properly invoked critical privileges, including assertion of the Presidential Communications Privilege in its June 11 in camera submission, and then by providing a White House declaration formally invoking the privilege in response to Plaintiffs' Motion to Compel. *See* Exh. A at 4-6. *See United States v. Zolin*, 491 U.S. 554, 568-569 (1989) (holding that providing privileged materials in camera does not have the legal effect of

terminating the privilege).

The Government needs clarity on the breadth of the Court's July 9 bench ruling to confirm whether the Court has found the Government to have waived properly invoked privileges in the first in camera submission. This is because a finding of waiver of weighty privileges like the Presidential Communications Privilege, will require rapid review within the Government, including the White House and the Office of the Solicitor General, to determine whether to petition the Court of Appeals for mandamus and move for an emergency stay.

Respectfully Submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | WILLIAM KANELLIS |
| DREW C. ENSIGN<br>*Deputy Assistant Attorney General* | *Ethan B. Kanter*<br>ETHAN B. KANTER<br>*Chief, National Security Unit*<br>*Office of Immigration Litigation*<br>*Civil Division, U.S. Department of Justice*<br>*P.O. Box 878, Ben Franklin Station*<br>*Washington, D.C. 20001* |
| | PAUL F. STONE<br>*Deputy Chief, National Security Unit*<br>*Office of Immigration Litigation* |
| Dated: July 9, 2025 | *Counsel for Defendants* |

2

## MEET AND CONFER CERTIFICATION

In accordance with Local Rules 7.1(2) and 37.1, the parties previously met and conferred concerning these documents as they were already the subject of Plaintiffs June 24 Motion to compel.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: July 9, 2025

By: *Ethan B. Kanter*
ETHAN B. KANTER
*Chief, National Security Unit*
*Office of Immigration Litigation*
*P.O. Box 878, Ben Franklin Station*
*Washington, D.C. 20001*