**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., | |
| Plaintiffs, | Case No. 1:25-cv-10685 (WGY) |
| v. | |
| MARCO RUBIO, ET AL., | |
| Defendants. | |

**MOTION TO COMPEL DEFENDANTS TO ACCEPT SERVICE OF PROCESS AND DISCLOSE NAMES OF PERCIPIENT WITNESSES**

Plaintiffs respectfully move the Court to compel Defendants to accept service of process for a deportation officer, the relevant official at Enforcement and Removal Operations ("ERO") within the Department of Homeland Security (the "Deportation Officer"), and to disclose additional names of percipient witnesses from ERO who participated in the arrests of the five targeted noncitizens. Plaintiffs learned of the Deportation Officer's name only yesterday because it appears in the attorneys' eyes only ("AEO") documents handed to Plaintiffs in court. This request is necessary because (1) Plaintiffs also learned only yesterday at the deposition of the Homeland Security Investigations ("HSI") official who supervised the arrest of Rümeysa Öztürk—the first such official Defendants have made available for deposition—that only in the last few months did HSI begin participating in the arrests of individuals whose visas or green cards had been revoked, a function previously assigned to ERO; and (2) Defendants have refused to accept trial subpoenas for additional government witnesses, forcing Plaintiffs to have to send a process server to find these individuals and serve them at their offices.

1

By way of background, Plaintiffs' interrogatories sought the names of the individuals involved in the arrests of the targeted noncitizens, including everyone in the chain of command with relevant information. In response, Defendants identified a single HSI official with respect to each targeted noncitizen. In the joint pretrial memorandum, Defendants disclosed that these officials—and others whose names had not been previously disclosed—would be called as defense witnesses at trial. Plaintiffs immediately sought to depose these officials. Defendants refused to make any available before trial. And Defendants abruptly canceled the first such deposition, scheduled to take place in New York on July 9, 2025, in a move the Court correctly sensed smacked of "gamesmanship." Trial Tr. Day 3, Vol. 2, p. 87:20–21.

Yesterday, Defendants finally made available the first HSI official for deposition, an ASAC who supervised the agents who effectuated the arrest of Ms. Öztürk (the ASAC was not present at the arrest but rather saw the video after the fact through news sources).[1] The ASAC testified at the deposition that, until several months ago, HSI was involved in criminal investigations, including into violent gangs and narcotics trafficking. The ASAC was recently reassigned to supervise apprehensions of immigrants who were out of status, including based on visa or green-card revocations. He testified that this was not a function he was familiar with, as it had previously been handled entirely by ERO. Accordingly, the witness was not in a position to testify as to whether the arrest of Ms. Öztürk was consistent with protocols for apprehensions of immigrants *not* suspected of criminal violations, as opposed to the criminal arrests with which he is familiar.

---

[1] Because of sensitivies regarding attaching deposition transcripts to public filings, we are summarizing the testimony and can provide the Court with a rough transcript by hard copy or under seal.

The deposition testimony thus revealed that the witnesses Defendants identified in their interrogatory responses and that they intend to call at trial simply have no knowledge of whether there have been departures from past procedures in the relevant context. As a consequence of this shell game, Plaintiffs and the Court will be deprived of the opportunity to explore the arrest procedures for the five targeted noncitizens in a way that will bear on the issues in this case. At this point—halfway through the trial—Plaintiffs are aware of only one name of a relevant ERO official, a Deportation Officer whose name appears in the AEO production that Defendants handed to Plaintiffs yesterday in court (a production Defendants had previously withheld based on what the Court found was an overly broad and improper invocation of privilege). This Deportation Officer appears from those documents to have been a key participant in both the planning and execution of Ms. Öztürk's arrest. We respectfully request that the Court compel Defendants to provide the names of relevant ERO officials who participated in the arrests of the other targeted noncitizens.

In addition, Plaintiffs respectfully request that the Court direct Defendants to accept service of process for the Deportation Officer.[2] Defendants have refused to accept service for other government witnesses that Plaintiffs wish to call, forcing Plaintiffs to engage a process server to serve personally one such witness at his office at the State Department. There is no justification for Defendants to refuse to accept service for government officials who are under their control. Accordingly, the Court should direct Defendants to accept service of process for the Deportation Officer and any other government witnesses Plaintiffs intend to call.

---

[2] Plaintiffs plan to hand Defendants a trial subpoena with the Deportation Officer's name this morning in court.

June 11, 2025

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Respectfully submitted,

 /s/ Noam Biale
Noam Biale
Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*