**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                    Plaintiffs,

       v.

MARCO RUBIO, ET AL.,

                  Defendants.

Case No. 1:25-cv-10685 (WGY)

## PLAINTIFFS' MOTION FOR ADDITIONAL TRIAL TIME

Plaintiffs respectfully move this Court pursuant to Local Civil Rule 43.1(a)(2) for seven hours (i.e. two days) of additional trial time. Plaintiffs remain fully committed to resolving this case expeditiously. Indeed, Plaintiffs sought a preliminary injunction in this case because the Defendants' ideological deportation policy will continue to harm Plaintiffs unless and until this Court intervenes. But two unexpected circumstances make it challenging for Plaintiffs to adequately develop the record and present their case in their remaining trial time of approximately four hours: (1) Plaintiffs' mid-trial receipt of documents critical to Plaintiffs' case, over which there is further, ongoing litigation, and (2) Defendants' overbroad assertions of privilege, which have caused and are likely to continue to cause drawn-out legal arguments during the time allotted to Plaintiffs to present their case.  Plaintiffs need additional time to question Defendants' witnesses, in particular John Armstrong and Andre Watson, about information Plaintiffs have learned from documents Plaintiffs received (and may continue to receive) that Defendants improperly withheld from Plaintiffs as privileged.  Thus, while Plaintiffs understand and appreciate the Local Rules' default allocation of equal time and the particular exigency of this

1

case, the additional time is necessary to provide the Court with a fully developed record on which to find the facts. The government opposes this request.

Local Rule 43.1(a)(2) provides that a request for added trial time will be allowed "only for good cause." When deciding a motion for an increased allotment of time, courts must take into account "whether or not the moving party has (i) used the time since the commencement of trial in a reasonable and proper way, and (ii) complied with all orders regulating the trial." L.R. 43.1(a)(2)(A). Further, courts must consider "the moving party's explanation as to the way in which the requested added time would be used and why it is essential to assure a fair trial," L.R. 43.1(a)(2)(B), and "any other relevant and material facts the moving party may wish to present in support of the motion," L.R. 43.1(a)(2)(C). The Local Rules provide that courts "will be receptive to motions for reducing or increasing the allotted time to assure that the distribution is fair among the parties and adequate for developing the evidence." L.R. 43.1(a)(2).

Here, all of the factors set forth in L.R. 43.1(a)(2) militate in favor of granting Plaintiffs' request. Plaintiffs have proceeded with diligence and efficiency in presenting their case-in-chief, adhering closely to the schedule and endeavoring to minimize unnecessary delay. Plaintiffs bear the burden of establishing the existence of the "ideological deportation policy," which requires the presentation of evidence through both direct examination of Plaintiffs' witnesses and cross-examination of the government officials called by Defendants. To satisfy their burden, Plaintiffs seek to elicit testimony and concessions that demonstrate the processes for institutional decision-making, past practices, and the advent of new official policy and guidance. Though that is a painstaking process, Plaintiffs have pursued it efficiently and with all deliberate speed.

Good cause supports increasing Plaintiffs' time, however, based on Plaintiffs' receipt, in the midst of trial, of a tranche of documents directly relevant to the core issues in this litigation

and bearing on the examinations of two key government witnesses. Plaintiffs received those documents only after this Court's intervention—we did not have access to them during the discovery process, and therefore could not use them to depose Defendants' witnesses. The mid-trial disclosure contains material that is relevant to the existence of the challenged policy, that is not properly subject to any privilege, and that should have been disclosed to Plaintiffs during the course of discovery. Some of these documents were directly relevant to the testimony of Peter Hatch. But because they were provided to Plaintiffs well into Mr. Hatch's testimony, Plaintiffs had to unexpectedly extend their examination of Mr. Hatch to address and move into evidence some of the newly disclosed documents.

These documents are particularly relevant to the testimony of John Armstrong and Andre Watson, two key government witnesses—one from the State Department and one from the Department of Homeland Security—who were principal government agents involved in implementing the ideological deportation policy. Plaintiffs will need to introduce some of these documents, which are not currently in the record, through these cross-examinations, requiring additional examination time. This late disclosure of documents on the fourth day of trial, after most of Plaintiffs' trial time had elapsed, has strained Plaintiffs' ability to properly divide their trial time across examinations and to prepare effective and efficient examinations *ex ante*, requiring last-minute revisions to Plaintiffs' strategy. Additional time is therefore necessary to ensure that Plaintiffs have a fair opportunity to use this critical evidence in support of their claims.

Additional time is further warranted because Plaintiffs reasonably anticipate that Defendants will continue to make frequent and often unjustified invocations of privileges during Plaintiffs' cross-examinations of government officials, which, even when ultimately deemed meritless by the Court, slow the pace of Plaintiffs' cross-examinations. Plaintiffs of course believe

Defendants should have adequate time to lodge their objections to questions and to raise whatever privileges may colorably apply. But counting these lengthy objections—and their resultant colloquies with the Court—as coming out of Plaintiffs' time allows Defendants effectively to filibuster Plaintiffs' case.[1]

We note that Plaintiffs estimated in the joint pretrial memorandum that they could present their case-in-chief in five days. That estimate remains accurate, but Plaintiffs could not have foreseen that critical evidence necessary for the Court to consider would arise during cross-examinations of Defendants' witnesses using documents Plaintiffs had never previously seen. The time requested is reasonable and necessary to ensure a fair opportunity to present the case for both Plaintiffs and Defendants, whose privilege objections will necessarily take time to resolve. Importantly, the modest extension will delay the overall trial schedule by less than two trial days— and one day has already been lost to delay in Mr. Armstrong's testimony caused by Defendants' mandamus petition to the First Circuit. Under these circumstances, good cause exists for a limited extension of Plaintiffs' trial time to protect Plaintiffs' right to a full and fair adjudication of their constitutional and administrative claims. *See Akouri v. State of Florida Dep't of Transp.,* 408 F.3d 1338, 1346 (11th Cir.2005) (finding district court did not abuse its discretion in setting time limits, because "although the district court imposed certain time restrictions during trial, they were flexible and the judge made reasonable accommodations as became necessary"); *McKnight v. Gen. Motors Corp.*, 908 F.2d 104, 115 (7th Cir. 1990) (finding that trial judge's curtailment of witness

---

[1] For example, Defendants asserted the presidential communications privilege over the membership of the Homeland Security Council, which the witness, Maureen Smith, testified she attended.  July 11 Trial Tr. 42: 17-25.  As the Court was considering how to proceed, Plaintiffs' counsel located the allegedly privileged information on the current White House's public website. *See* July 11 Trial 56:13-58-3; White House, National Security Presidential Memorandum (Jan. 20, 2025), https://perma.cc/AX23-BCRE. This dispute took up twelve pages of the transcript.  July 11 Trial Tr. 42-50, 56-58.

examinations based on court-imposed time limitations would have constituted reversible error had the error been preserved); *Bamberg v. Goldman Sachs & Co.*, No. CIV.A. 10-10932-PBS, 2013 WL 4812443, at *3 (D. Mass. Sept. 6, 2013) (adjusting time allocation between two sets of plaintiffs as the trial progressed and the court "learned of certain differences in strategy between [them]"); *Chandler v. FMC Corp.*, 35 Mass. App. Ct. 332, 338 (1993) (finding reversible error where the judge imposed time limits on the witnesses' testimony which prevented the parties from presenting their entire case). To adhere inflexibly to time-limitations "and by these means turn a federal trial into a relay race is to sacrifice too much of one good—accuracy of factual determination—to obtain another—minimization of the time and expense of litigation." *McKnight*, 908 F.2d at 115. The complex and consequential questions before this Court should be decided on a fully developed factual record. Because it will be extremely difficult for Plaintiffs to adequately develop the record with their remaining time, Plaintiffs ask that the Court grant their request for seven additional hours (i.e. two additional days) of trial time.

July 13, 2025

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo

Respectfully submitted,

*/s/ Noam Biale*

Noam Biale
Michael Tremonte
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
nbiale@shertremonte.com

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095

Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that on July 13, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 13, 2025

/s/ Noam Biale
Noam Biale