UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL., <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' PROPOSED SUMMARY EXHIBITS UNDER FEDERAL RULE OF EVIDENCE 1006**

Plaintiffs move to exclude five summary exhibits Defendants intend to introduce through a summary witness. The proposed summary exhibits violate Rule 1006 in several respects.[1] First, they are irrelevant to the issues in this case and thus inadmissible. Second, they fall outside the scope of Rule 1006 because they are not being offered to prove the contents of voluminous source materials. And third, the exhibits are misleading and do not accurately summarize the source materials.[2]

---

[1] As the First Circuit has explained, "Federal Rule of Evidence 1006 provides that a party may summarize the contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court, so long as the summary is accurate, the underlying documents are made available to the other parties, and both the summary and the source materials are admissible." *United States v. Appolon*, 695 F.3d 44, 61 (1st Cir. 2012). As the proponent of the summary exhibits, the government must establish their relevance and authenticity. *See* 31 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8043 (2d ed. 2025). To establish authenticity, the government "should present the testimony of the witness who supervised [their] preparation." *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011) (cleaned up).

[2] Defendants also cannot use these summary charts as pedagogical devices under Fed. R. Evid. 611(a), because the rule requires the supporting materials to be admitted into evidence, which is not the case here. *See United States v. Milkiewicz*, 470 F.3d 390, 397 (1st Cir. 2006).

The proposed summary exhibits are the following.

1. **"Comparison of AAUP & MESA Political Activity April 2024 and April 2025."** The source materials for this exhibit appear to be the number and location of all campus events held as part of the April 17, 2024 National Day of Action in Higher Education and the April 17, 2025 National Day of Action in Higher Education. *See* Defs. Ex. HH.

2. **"AAUP Palestine/Israel Blog Posts."** The source materials appear to be a list of all AAUP blog posts that are tagged "Israel-Palestine" or "Israel-Hamas war" on the AAUP website from 2022 to 2025. *See* Defs. Ex. HI.

3. **"Comparison of AAUP Public Events 2022-2025."** The source materials for this summary exhibit are unclear. It appears that Defendants cobbled together a list of AAUP events from 2022 to 2025 that were shown on historical versions of the AAUP website accessible on the Internet Archive Wayback Machine. Defendants have not provided Plaintiffs with any information regarding how they determined what constitutes an "AAUP Public Event" or a "Palestine/Israel Associated Event." *See* Defs. Ex. HJ.

4. **"MESA Posts on Palestine 2022-2025."** The source materials appear to be a list of the MESA website posts from 2022 to 2025 that include the word "Palestine" anywhere in the title or text. *See* Defs. Ex. HK.

5. **"2024-2025 Palestine/Israel Google Returns."** The source material is the number of Google search results for 2024 and 2025 for the following search terms: the name of each of Plaintiffs' witnesses and "Israel" or "Palestine." *See* Defs. Ex. HL.

These proposed exhibits and their source materials are irrelevant because they have nothing to do with the issues in this case—most notably the ideological deportation policy's chilling effect on the political speech of AAUP's and MESA's noncitizen members. Plaintiffs are not arguing that the organizations themselves have been chilled. Notably, this Court has already ruled that the source material for one of these exhibits—"2024-2025 Palestine/Israel Google Returns"—is irrelevant. When cross-examining Megan Hyska on July 7, 2025, William Kanellis asked her, "Are you aware of how many public posts are available in Google, relating to your name and the word 'Palestine'?" July 7 Trial Tr. 101:5–6. The Court sustained Plaintiffs' objection and ruled that the question was "irrelevant." Tr. 101:7–13.

2

These exhibits also fall outside the scope of Rule 1006, because they are not being "offered to prove the contents of voluminous source material . . . that cannot conveniently be examined in court." 31 Wright & Miller, Fed. Prac. & Proc. § 8043; *Appolon*, 695 F.3d at 61 ("The purpose of Rule 1006 is to provide a practicable means of summarizing voluminous information." (cleaned up)). The source materials for these exhibits are not voluminous. In general, they consist of search results, which anyone could duplicate in seconds. Defendants also are not seeking to prove the source materials' contents. Instead, they are seeking to introduce mere tallies of search results.

Finally, the exhibits fail to "summarize[] the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner." *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998); *see also Milkiewicz*, 470 F.3d at 396 (following *Bray*). Each exhibit title is misleading. For example, "MESA Posts on Palestine 2022-2025" does not show the total number of posts *about Palestine* on the MESA website. Instead, it shows the total number of posts on the MESA website that include the word "Palestine" anywhere in the text. As a result, the exhibit sweeps in many posts that are not about Palestine, such as one titled "2025 Nominating Committee Election & Referendum," which includes bios for the candidates and titles for some of their scholarly works.[3] Several of these titles include the word "Palestine."[4]

Another exhibit—"Comparison of AAUP & MESA Political Activity April 2024 and April 2025"—has a misleading title and misrepresents the source material. The title is misleading, because the exhibit does not show AAUP and MESA "political activity"—whatever that means— in April 2024 and April 2025. Instead, it shows the nationwide locations of all campus events held on the Coalition for Action in Higher Ed's April 17, 2024 National Day of Action and April 17,

---

[3] MESA, *2025 Nominating Committee Election & Referendum*, https://perma.cc/UF4H-5ZRX.
[4] *Id.*

2025 National Day of Action. The Coalition includes 20 organizations, not just AAUP and MESA.[5] The exhibit is also misleading because it shows only nine campus events for the 2024 National Day of Action when in fact there were over 100 campus events.[6]

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court exclude Defendants' proposed summary exhibits.

July 14, 2025                                              Respectfully submitted,

/s/ *Scott Wilkens*

Edwina Clarke (BBO 699702)　　　　　Scott Wilkens
David Zimmer (BBO 692715)　　　　　Ramya Krishnan
Zimmer, Citron & Clarke, LLP　　　　　Carrie DeCell
130 Bishop Allen Drive　　　　　　　　Xiangnong Wang
Cambridge, MA 02139　　　　　　　　Talya Nevins
(617) 676-9423　　　　　　　　　　　Jackson Busch
edwina@zimmercitronclarke.com　　　　Alex Abdo
　　　　　　　　　　　　　　　　　　Jameel Jaffer
Noam Biale　　　　　　　　　　　　　Knight First Amendment Institute
Michael Tremonte　　　　　　　　　　　at Columbia University
Sher Tremonte LLP　　　　　　　　　　475 Riverside Drive, Suite 302
90 Broad Street, 23rd Floor　　　　　　New York, NY 10115
New York, New York 10004　　　　　　(646) 745-8500
(212) 202-2603　　　　　　　　　　　scott.wilkens@knightcolumbia.org
mtremonte@shertremonte.com
nbiale@shertremonte.com　　　　　　　Ahilan T. Arulanantham (SBN 237841)
　　　　　　　　　　　　　　　　　　Professor from Practice
　　　　　　　　　　　　　　　　　　UCLA School of Law
　　　　　　　　　　　　　　　　　　385 Charles E. Young Dr. East
　　　　　　　　　　　　　　　　　　Los Angeles, CA 90095
　　　　　　　　　　　　　　　　　　(310) 825-1029
　　　　　　　　　　　　　　　　　　arulanantham@law.ucla.edu

---

[5] Coalition for Action in Higher Ed, *April 17, 2025 Day of Action for Higher Ed*, https://perma.cc/7LQX-K7V8.

[6] Kelly Banjamin, *National Day of Action for Higher Education*, Academe Magazine, https://perma.cc/9XEP-WL4C. The Coalition for Action in Higher Ed described nine of the events on its website. Coalition for Action in Higher Ed, *2024 Day of Action Wrap-Up*, https://perma.cc/ZN43-PAE6. For the 2025 National Day of Action, by contrast, the Coalition provided a map and a detailed spreadsheet showing every event. *See supra* n.5.

5

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, certify that on July 14, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

July 14, 2025                                        /s/ *Scott Wilkens*
                                                     Scott Wilkens

                                                     *Counsel for Plaintiffs*