UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>         *Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL.,<br><br>         *Defendants*. | No. 1:25-cv-10685-WGY<br><br>RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS' PROPOSED SUMMARY EXHIBITS UNDER FEDERAL RULE OF EVIDENCE 1006 |

    Defendants respectfully submit this memorandum in opposition to the Plaintiffs' motion *in limine* to exclude summary evidence offered pursuant to Federal Rule of Evidence 1006. Defendants will introduce summary exhibits through the government's summary witness, Mohamed Maklad, who is employed by the Department of Homeland Security—Homeland Security Investigations (HSI). Plaintiffs argue that these summary exhibits are not relevant and violate Rule 1006. Plaintiffs are mistaken: These summaries are entirely relevant, as they disprove Plaintiffs' contention that their free speech rights were impaired by the "deportation policy" alleged in the complaint. Indeed, these summary exhibits show the opposite—that Plaintiffs' political speech *increased substantially* in 2025. Otherwise, these summary exhibits meet all requirements of Rule 1006 and established First Circuit precedent.

## ARGUMENT

    Defendants' summary exhibits fully comply with Rule 1006, which provides:

> The Court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence.

Fed. R. Evid. 1006.  As the First Circuit has explained, Rule 1006 allows the use of summaries when the underlying original documents are too voluminous for convenient examination in Court.  *See United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006).  A chart summarizing voluminous or complex information can itself be evidence under Rule 1006, as long as a party seeking to introduce the chart has laid a foundation for the underlying materials. *United States v. Hemphill*, 514 F.3d 1350, 1358–59 (D.C. Cir. 2008).

     Plaintiffs seek to exclude the introduction of summary charts, copies of which are reproduced *infra*.  Defendants will introduce some or all of these summary charts through Mr. Maklad, who personally marshalled the thousands of data and information underlying the charts, summarized that data and information through simple addition, and prepared the charts. Defendants made the summary witness available for questioning, but Plaintiffs did not request to question him.  Plaintiffs were provided the sources for information compiled in these charts.

     Each of these summary charts compiles data and information that are probative of one of the two questions of fact to be resolved at trial:  *i.e.*, whether these organizational plaintiffs have suffered actual harm.  *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972).  To that end, these summary charts forcefully demonstrate that AAUP and MESA engaged in *more* public, political speech in the first six months of 2025 (when the Trump administration was in place) than the *entire year* prior.  They also show that in 2025, Plaintiffs' trial witnesses were more publicly linked to internet postings regarding Palestine and Isreal than they were for the same period of time in 2024.  In sum, whereas at trial, Plaintiffs' witnesses have offered nebulous or speculative claims of abrogated First Amendment expression, these summary charts aggregate objective, voluminous evidence that show that these organizations have engaged in a robust participation in public and political speech since the advent of this new administration.

1. **Comparison of AAUP & MESA Political Activity April 2024 and April 2025**





These summaries depict AAUP-sponsored political events on April 17, 2024 and 2025.

2. **AAUP Palestine/Israel Blog Posts**



This chart summarizes the number of AAUP blog posts relating to issues of Palestine and/or Isreal from 2022 through 2025.

3. **Comparison of AAUP Public Events 2022–2025**



This summary compares the number of public events sponsored or inaugurated by AAUP from 2022 through the first six months of 2025.

4. **MESA Posts on Palestine 2022–2025**



This summary aggregates MESA's blog posts from 2022 through 2025.

5. **2024-2025 Palestine/Israel Google Returns**



This summary aggregates the number of Google internet search returns for Plaintiffs' identified trial witnesses and the terms "Isreal" and "Palestine."

.

5

These summaries satisfy the criteria of Rule 1006. Furthermore, a substantial percentage of underlying source documents emerge from either Plaintiffs' websites or from web pages for events sponsored by Plaintiffs, and are admissible under Rule 801(d)(2) as admissions. *See*, *e.g.*, *Telewizja Polska USA v. Echostar Satellite Corp.*, 2004 WL 2367740, at *5 (N.D. Ill, Oct. 15, 2004) ("[T]he contents of [a party's] website may be considered an admission of a party-opponent, and are not barred by the hearsay rule."). Further, as Mr. Maklad will testify, the summary charts accurately reflect the underlying, admissible source records without being misleading or argumentative. Any challenge to their completeness goes to weight and should be addressed through cross-examination of Mr. Maklad. *See, e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). This point also mutes Plaintiffs' claim that the summary charts are misleading. *See* Plf's Mot. in Limine at 2–3.

Finally, Defendants disclosed the summary evidence to Plaintiffs at a reasonable time and place, consistent with Rule 1006, the Federal Rule of Civil Procedure 26(a)(3), and the Court's pretrial scheduling orders.

## CONCLUSION

For the foregoing reasons, the motion *in limine* to exclude summary evidence under Rule 1006 should be denied.

//

//

//

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE *Assistant Attorney General* | WILLIAM KANELLIS *Attorney* |
| DREW C. ENSIGN *Deputy Assistant Attorney General* | *Ethan B. Kanter* <br> ETHAN B. KANTER *Chief, National Security Unit Office of Immigration Litigation P.O. Box 878, Ben Franklin Station Washington, D.C. 20001* |
| *Dated: July 17, 2025* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, I electronically filed the foregoing via the CM/ECF system for the United States District Court for the District of Massachusetts, in accordance with Local Rule 5.2. I further certify that counsel for all parties are registered with the Court's CM/ECF system and service will be accomplished by that system.

/s/ *Ethan B. Kanter*
ETHAN B. KANTER
Chief, National Security Unit
Office of Immigration Litigation
Civil Division, Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044