UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, ET AL., <br><br> Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' PROPOSAL FOR HOW TO PROCEED
IN LIGHT OF THE FIRST CIRCUIT'S ORDER**

Plaintiffs write in advance of Monday's hearing to respectfully make several observations about the First Circuit's recent order, and to propose a path forward that should minimize any delay of trial.

If the Court agrees with Plaintiffs' observations and proposals below, then it is Plaintiffs' position that the testimony of Mr. Armstrong and Mr. Watson can proceed as soon as Tuesday. At a high level, Plaintiffs' proposal is for the Court to make clear that it has already addressed and rejected—and to the extent it hasn't, to address and reject—Defendants' claims of privilege over a handful of key documents. If the Court does so, then Mr. Armstrong's and Mr. Watson's testimony can proceed. If, however, the Court believes that the invocations of privilege over these key documents would have been justified but for waiver, then it would be necessary to wait for the First Circuit to resolve the mandamus petition before proceeding with their testimony.

1

I.      **The First Circuit's order applies to at most three documents.**

As the Court is aware, the First Circuit stayed further disclosure of documents that Defendants claim are privileged "where waiver is the only basis stated for rejecting the claim of privilege."

The parties interpret this Court's waiver ruling differently. Defendants appear to interpret it to apply to every document submitted *in camera*, and to apply to "most or all . . . of the government's privileges." *See* Defs.' Mandamus Reply 1. As explained in their mandamus filings, Plaintiffs understand the Court's waiver ruling to apply only to the July 2 submission and only to the privileges that Defendants gestured at without naming in its cover note to that submission. *See* Pls.' Suppl. Mandamus Answer 1. But even accepting Defendants' interpretation of it, the waiver ruling does not apply to documents as to which the sole privilege invoked was the law enforcement privilege. This Court has already made absolutely clear that it did not treat the law enforcement privilege as waived. Rather, it simply rejected Defendants' invocation of that privilege on the merits, after correctly holding that Defendants had stretched the privilege far too broadly. July 7 Trial Tr. Vol. III 153:15–23.

As can be seen in the attached chart (Exhibit A), Defendants invoked only the law enforcement privilege with respect to twelve of the fifteen documents turned over to Plaintiffs. Accordingly, the First Circuit's order concerns at most the remaining three documents:

1. **Ex. L from the June 11 submission** (ECF No. 131) — *Action Memo for the Secretary — Removal of [REDACTED] and [REDACTED] under INA 237(a)(4)(C)*;

2. **Ex. O from the June 11 submission** (ECF No. 131) — *Action Memo for Senior Bureau Official John Armstrong — [REDACTED] Visa Revocation*;

3. **An email thread with the subject "FW: signed memo,"** which is DEF 115–20 in Defendants' in-court AEO production of July 10. *See* ECF No. 189 (fourth entry on page 3); *see also* ECF No. 196, Ex. 2 (third entry on page 2).

II. **The Court properly ordered Defendants to turn over the two Action Memos, because the deliberative process privilege either does not apply or is overcome.**

Two of the three documents at issue are Action Memos containing Defendants' internal justification for revoking the visa of several of the Targeted Noncitizens, or for determining them to be deportable. Defendants withheld these documents in their entirety under the deliberative process privilege, but that privilege does not apply for multiple reasons.

First, the recommendations made in the Action Memos were adopted in full. For the first Action Memo listed above, this can be seen ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For the second Action Memo listed above, adoption is clear from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and so the Action Memos are no longer pre-decisional, as they must be to fall within the privilege. *See, e.g., Tax'n with Representation Fund v. IRS*, 646 F.2d 666, 678 (D.C. Cir. 1981) ("[A] document that is predecisional at the time of preparation may lose exempt status if 'adopted, formally or informally . . . .'" (quoting *Coastal States*, 617 F.2d at 866)).

Second, even if the Action Memos were still pre-decisional and deliberative, the deliberative process privilege would not apply because the deliberative process privilege cannot be used to shield agency decision-making—including evidence of retaliatory intent—where an agency's decision-making is the very subject matter of the suit. *See, e.g., In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998); *Williams*

*v. City of Boston*, 213 F.R.D. 99, 102 (D. Mass. 2003); *Velazquez v. City of Chicopee*, 226 F.R.D. 31, 34 (D. Mass. 2004). As the D.C. Circuit has explained at length:

> The privilege was fashioned in cases where the governmental decisionmaking process is collateral to the plaintiff's suit. If the plaintiff's cause of action is directed at the government's intent, however, it makes no sense to permit the government to use the privilege as a shield. For instance, it seems rather obvious to us that the privilege has no place in a Title VII action or in a constitutional claim for discrimination. . . . [I]f either the Constitution or a statute makes the nature of governmental officials' deliberations *the* issue, the privilege is a nonsequitur.

*In re Subpoena Duces Tecum*, 145 F.3d at 1424 (internal citations omitted).

Here, Defendants' intent and decision-making process in targeting noncitizen students and faculty are central to Plaintiffs' retaliation claim. *See Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019) (discussing centrality of "retaliatory motive" to establishing First Amendment retaliation); *see also* ECF No. 73 at 59 n.9 (noting that "some showing of intent on the part of government officials" may be relevant to Plaintiffs' challenge to Defendants' policy or practice of ideological deportation (quoting *McGuire v. Reilly*, 386 F.3d 45, 63 (1st Cir. 2004)).

Third, even if the deliberative process privilege applied, it would be overcome in this case upon a balancing of the interests. Like many privileges, the deliberative process privilege is qualified. And "[w]here the deliberative or decisionmaking process is the 'central issue' in the case, the need for the deliberative documents will outweigh the possibility that disclosure will inhibit future candid debate among agency decision-makers." *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011). That is precisely the case here.

Finally, even if the deliberative process privilege applied to the two Action Memos, it would not apply to the factual material contained within them. The deliberative process privilege doesn't shield "material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the

4

government's deliberations." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). Here, the Action Memos contain substantial factual material that can be easily segregated for release.[1]

### III. The Court properly ordered Defendants to turn over the email thread with the subject "FW: signed memo."

The final of the three documents at issue is an email thread with the subject "FW: signed memo." This document was submitted for *in camera* review on July 2 without any specific assertion of privilege; the cover note to the submission mentioned "the law enforcement and deliberative process privileges," ECF No. 181, but it did not mention the attorney–client privilege. In its most recent privilege log, however, Defendants invoked the attorney–client privilege to withhold this document. *See* ECF No. 196, Ex. 2 (third entry on page 2). That privilege does not apply, except perhaps to one or two sentences in the email thread. A careful review of the email thread shows that most of it has nothing to do with legal advice, but instead memorializes decisions made with respect to a particular course of conduct.

### IV. Plaintiffs' proposal.

Plaintiffs propose that the Court address and reject Defendants' claimed privileges on the merits, to the extent the Court hasn't already done so. If the Court does so, then the Court could proceed with Mr. Armstrong's and Mr. Watson's testimony without implicating the First Circuit's order.

July 13, 2025                                     Respectfully submitted,

                                                  /s/ Alex Abdo
Edwina Clarke (BBO 699702)                        Alex Abdo
David Zimmer (BBO 692715)                         Ramya Krishnan
Zimmer, Citron & Clarke, LLP                      Carrie DeCell
130 Bishop Allen Drive                            Xiangnong Wang
Cambridge, MA 02139

---

[1] Although Plaintiffs have not seen the other two Action Memos in Defendants' June 11 submission, ECF No. 131, Exs. M–N, the analysis above very likely applies to them, too.

(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Talya Nevins
Jackson Busch
Scott Wilkens
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I, the undersigned counsel, certify that on July 16, 2025, I electronically filed the foregoing in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 16, 2025

/s/ Alex Abdo
Alex Abdo