**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL.,<br><br>*Defendants.* | No. 1:25-cv-10685-WGY<br><br>RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL OR FOR AN ADVERSE INFERENCE (Dkt. 214) |

Defendants respectfully submit this memorandum in opposition to Plaintiffs' motion to compel or for an adverse inference. Dkt. No. 214.[1] In their motion, Plaintiffs contend that the government has failed to identify witnesses with knowledge of why certain named noncitizens were arrested and transferred to ICE detention facilities in Louisiana. Mot. to Compel at 1–3. However, in claiming that they have been deprived of the requested information, Plaintiffs misrepresent the record. Rather, as detailed below, Defendants in fact *did* provide Plaintiffs, prior to trial, with declarations and witness testimony explaining why certain noncitizens were arrested and transferred by ICE Enforcement and Removal Operations (ERO). To the extent Plaintiffs are dissatisfied with the information provided and seek further testimony, their request should have been raised weeks ago and not on the eve of the close of trial. Defendants should not be penalized, through imposition of a missing-witness adverse inference, by Plaintiffs' delay.

---

[1] Defendants recognize that the Court entered an order on July 17, 2025, denying Plaintiffs' motion to compel as untimely, while reserving the matter of adverse inferences for after trial. *See* Dkt. No. 219; July 17, 2025 Trial Tr. at 105:3-105:7. Defendants nevertheless file their opposition to both requests for the record.

In relevant part, Plaintiffs' Interrogatories requested Defendants to:

(1) identify the individuals involved in proposing or taking adverse action against the five "targeted noncitizens" (Interrogatories 1-3);

(2) describe in detail ICE's reasons for transferring "Mahmoud Khalil and Rümeysa Öztürk from the location of their arrest to a detention facility in Louisiana," (Interrogatory 13); and

(3) describe in detail ICE's reasons for arresting Mohsen Mahdawi at the time and location of his U.S. Citizenship and Immigration Services April 14, 2025 interview in Colchester, Vermont. (Interrogatory 14).

Dkt. No. 153, Exh. 5 at 5-7 (Plaintiffs' Interrogatories).  In response to these requests, Defendants provided the names of multiple ICE officials of varying levels of seniority, with pertinent knowledge. They included Assistant Director for Intelligence, Peter Hatch; Deputy Assistant Director for Intelligence, Bradley Etter; Former Assistant Director for Domestic Operations, William Walker (current HSI Deputy Executive Assistant Director); and the name of five HSI agents with direct involvement in the surveillance and arrests of the targeted noncitizens.  Dkt. No. 153, Exh. 10 at 6-9 (Defendants' Responses to Plaintiffs' Interrogatories). Plaintiffs chose to depose some of these officials, but not all of them.

Also, in direct response to Plaintiffs' Interrogatory 13, Defendants provided Plaintiffs with two declarations relating to the arrests and subsequent transfers of noncitizens Mahmoud Khalil and Rümeysa Öztürk.[2]  The declarations originated from each of the noncitizens' respective habeas cases and the government shared them in response to the Plaintiffs' interrogatories on June 21, 2025, weeks before trial.  *See Oturk v. Krol, et al.*, 1:25-cv-10695-DJC, Dkt. No. 19-1 (D. Mass.) (Declaration of David T. Wesling); *Khalil v. Joyce, et al.*, 1:25-cv-01935-JMF, Dkt. No. 72. (S.D.N.Y) (Declaration of William P. Joyce). These declarations

---

[2] Plaintiffs' Interrogatory 13 was limited to Mahmoud Khalil and Rümeysa Öztürk; it did not request information relating to any of the other named noncitizens. *See* Dkt. No. 153, Exh. 5 at 6.

spoke directly to the questions posed in Plaintiffs' Interrogatory 13. Despite having the Joyce and Wesling declarations weeks in advance of trial, Plaintiffs elected not to depose or otherwise elicit testimony from either declarant.

Notably, while Plaintiffs' Interrogatory 14 sought information relating to why Mahdawi was arrested at his USCIS interview—to which Defendants provided a response—the interrogatories did not request information as to why Mr. Mahdawi was arrested at such time or otherwise seek information regarding his transfer, which Plaintiffs now purport to seek in their latest motion to compel. *See* Dkt. No. 214 at 1.  What is more, when Plaintiffs previously filed a motion to compel more detailed responses to their interrogatories (Dkt. Nos. 153 & 155), the Court denied it. Dkt. No. 174 (concluding no further discovery would be permitted in light of the discovery already provided by Defendants); *see also* Dkt. Nos. 153, 155.

It follows that Defendants *have* identified and produced relevant witnesses, and Plaintiffs have had information about the witnesses' knowledge (or lack thereof, in Plaintiffs' telling) since at least June 21, 2025. Plaintiffs could have sought deposition testimony from the additional government witnesses (Mr. Joyce, Mr. Wesling, Mr. Etter and Mr. Walker) and elected not to do so; thus, Plaintiffs cannot claim these witnesses are "peculiarly available" to the government or exclusively within the government's control. Dkt. No. 214; *see United States v. St. Michael's Credit Union*, 880 F.2d 579, 597 (1st Cir. 1989) ("Absent a claim of favorable disposition, where a witness is equally available to either party there is ordinarily no basis for a missing witness instruction."); *see also United States v. DeLuca*, 137 F.3d 24, 38 (1st Cir.1998), *cert. denied*, 525 U.S. 874 (1998) (concluding that trial court did not err in declining to give "missing witness" instruction and noting that appellants made no attempt to obtain testimony of missing witness). The Court should not permit Plaintiffs now, at this late stage in the trial, to demand that the

government provide additional, unidentified witnesses and adverse inferences would be

inappropriate where Defendants have made witnesses with the requested knowledge available to

Plaintiffs.

## CONCLUSION

For the foregoing reasons, the motion to compel or for an adverse inference should be

denied.


Respectfully submitted,


BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

WILLIAM KANELLIS
Attorney

*Ethan B. Kanter*
ETHAN B. KANTER
*Chief, National Security Unit Office of
Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20001*


Dated: July 20, 2025

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2025, I electronically filed the foregoing via the CM/ECF

system for the United States District Court for the District of Massachusetts, in accordance with

Local Rule 5.2.  I further certify that counsel for all parties are registered with the Court's

CM/ECF system and service will be accomplished by that system.


*/s/ Ethan B. Kanter*
ETHAN B. KANTER
Chief, National Security Unit
Office of Immigration Litigation
Civil Division, Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044