## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF<br>UNIVERSITY PROFESSORS, ET AL., <br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as<br>Secretary of State, and the DEPARTMENT OF<br>STATE, ET AL.,<br><br>*Defendants*. | No. 1:25-cv-10685-WGY<br><br>OPPOSITION TO PLAINTIFFS' MOTION<br>TO DESIGNATE DEPOSITION<br>TRANSCRIPTS |

Defendants respectfully oppose Plaintiffs' request to designate portions of the deposition transcripts of Andrew Veprek and Stuart Wilson for use in these court proceedings.

First, Plaintiffs' effort at the close of trial to back-door enter deposition testimony into the trial record goes against the Court's Order during trial cautioning that that they would not be allowed to introduce new witnesses not disclosed prior to trial. July 11, 2025 Tr. at 7:3-7:5 ("[W]e're not going to be adding witnesses to this case and so we're limited to the witnesses disclosed in the pretrial order."). Plaintiffs did not identify Messrs. Veprek or Wilson as their witnesses prior to trial and neither did the Government. Plaintiffs managed their case such that they ran out of time to present evidence and now seek to circumvent the Court's rulings (both on time and on no new witnesses) by adding select excerpts of deposition transcripts that, ultimately, are cumulative of matters testified to by other witnesses, otherwise add no new value to the proceeding, and, considered out of context, could be misleading. *See* Fed. R. Evid. 403. If Plaintiffs believed that these witnesses possessed information relevant to their case-in-chief, they could have called them to testify and examined them before the Court. But Plaintiffs elected not

to do so.  The Court has held the parties to their time limitations established at the trial's outset, and Plaintiffs should not be allowed to circumvent the Court's Order through this 11th-hour tack.

Second, these deposition transcript excerpts are hearsay that do not qualify for admission under Rules 801, 803, or 804.  *Cf.* Fed. R. Evid. 801(d)(1) (a declarant's prior statement is only admissible if the declarant's statement contradicts a statement made at trial or is made to rebut a claim that the declarant's statement is inconsistent); *cf.* Fed. R. Evid. 803 (Messrs. Veprek and Wilson's deposition transcripts fall within no exception articulated in Rule 803); *cf.* Fed. R. Evid. 804(a)(5) (Messrs. Veprek and Wilson were available to testify at trial "by process or other reasonable means" and therefore, were not "unavailable," a precondition for the rule).

Finally, Plaintiffs otherwise supply no basis for admission of these deposition excerpts. In support of their designation request, Plaintiffs cited Fed. R. Civ. P. 32(a)(3), which permits "[a]n adverse party [to] use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agency, or designee under Rule 30(b)(6) . . . ."  Plaintiffs neglected to recognize, however, that neither Mr. Veprek, nor Mr. Wilson were designated as witnesses under Rule 30(b)(6) to testify on behalf of the Department of State or any of its components.  Rather, they were offered as fact witnesses, and, as referenced above, Plaintiffs declined to call either witness at trial.  Plaintiffs therefore lack any basis for designating their testimony for use in these proceedings.  Furthermore, it bears noting that the deposition of Mr. Wilson remains open, and Defendants have not had an opportunity for re-direct examination, nor have Defendants made any designations of his testimony transcript for the Court.  Consideration of Mr. Wilson's deposition testimony would therefore be improperly based on an incomplete record of his testimony.

**CONCLUSION**

For all of these reasons, the Court should decline Plaintiffs' request to designate any portions of Mr. Veprek's and Mr. Wilson's deposition testimony for use in these proceedings.

Respectfully submitted,

BRETT A. SHUMATE                    WILLIAM KANELLIS
*Assistant Attorney General*          Attorney

DREW C. ENSIGN                      *Ethan B. Kanter*
*Deputy Assistant Attorney General*   ETHAN B. KANTER
                                    *Chief, National Security Unit Office of*
                                    *Immigration Litigation*
                                    *P.O. Box 878, Ben Franklin Station*
                                    *Washington, D.C. 20001*

Dated: July 21, 2025                 *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, I electronically filed the foregoing via the CM/ECF

system for the United States District Court for the District of Massachusetts, in accordance with

Local Rule 5.2.  I further certify that counsel for all parties are registered with the Court's

CM/ECF system and service will be accomplished by that system.

/s/ Ethan B. Kanter
ETHAN B. KANTER
Chief, National Security Unit
Office of Immigration Litigation
Civil Division, Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044