UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br>          Plaintiffs, <br><br>     v. <br><br> MARCO RUBIO, ET AL., <br><br>          Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' RESPONSE IN SUPPORT OF DEPOSITION TRANSCRIPT DESIGNATIONS FOR TWO STATE DEPARTMENT OFFICIALS**

Before the close of trial, the parties designated portions of the deposition transcripts of five witnesses. Among them were three individuals who were not on the parties' witness lists. Defendants designated portions of the deposition transcript of Brian Shuve, and Plaintiffs designated portions of the deposition transcripts of two State Department officials, Andrew Veprek and Stuart Wilson. Plaintiffs do not oppose Defendants' designations for Mr. Shuve (and submitted counter-designations), but Defendants oppose Plaintiffs' designations for Mr. Veprek and Mr. Wilson. Defendants' opposition (ECF No. 226) is wholly without merit.

First, Defendants argue that Plaintiffs' designations are improper because Mr. Veprek and Mr. Wilson were not on the parties' witness lists. But that argument falls flat, because Mr. Shuve was likewise absent from the parties' witness lists. Furthermore, in stating at the end of the first week of trial that "we're not going to be adding witnesses to this case," the Court was referring to Plaintiffs' request to call additional witnesses for live testimony, not the parties' designation of deposition transcripts. July 11, 2025 Tr. at 7:3–7:5.

Second, Plaintiffs' designations are authorized by Federal Rule of Civil Procedure 32(a)(3), because Mr. Veprek and Mr. Wilson are "managing agents" of the State Department. Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."[1] The Rule thus "allows the deposition of a party to be used by an adverse party for any purpose," and allows "[t]he same free use . . . of the deposition of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, association, or governmental agency if the corporation or other organization is a party to the action." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2145 (3d ed. 2008).

In determining whether an individual is a "managing agent" under Rule 32(a)(3), courts consider whether the individual "(i) is invested with general power to exercise his judgment and discretion in dealing with corporate matters; (ii) can be depended upon to carry out his employer's directions, including that he give testimony; and (iii) can be expected to identify himself with the interests of the corporation rather than with those of other parties." *Copan Italia S.P.A. v. Puritan Med. Prods. Co. LLC*, No. 1:18-cv-00218-JDL, 2019 WL 6179224, at *4 n.4 (D. Me. Nov. 20, 2019) (citing *Reed Paper Co. v. Procter & Gamble Distrib. Co.*, 144 F.R.D. 2, 4 (D. Me. 1992)); *see also* 8A Wright & Miller, *Fed. Prac. & Proc.* § 2103.

Under this test, Mr. Veprek and Mr. Wilson clearly qualify as "managing agents" of the State Department. Mr. Veprek is Special Advisor to Michael Needham, the Counselor and Chief of Staff to Secretary Rubio, and Mr. Wilson is Deputy Assistant Secretary for Visa Services in the Bureau of Consular Affairs and reports to Senior Bureau Official John Armstrong. As senior State

---

[1] Rule 32(a)(3) was formerly Rule 32(a)(2) until the 2007 amendments.

Department officials, both are vested with the authority to exercise their judgment and discretion in dealing with agency matters. They both appeared at their depositions at the State Department's direction. And they can be expected to identify themselves with the interests of the State Department, not Plaintiffs.

Defendants do not dispute that Mr. Veprek and Mr. Wilson are managing agents. Instead, they assert, without support, that Rule 32(a)(3) applies only to deposition testimony taken pursuant to Rule 30(b)(6). That is incorrect. *See GTE Prod. Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987) (holding that pursuant to Rule 32(a)(3), testimony from depositions noticed under *either* Rule 30(b)(1) *or* Rule 30(b)(6) may be used at trial by an adverse party for any purpose); *Boston Diagnostics Dev. Corp. v. Kollsman Mfg. Co.*, 123 F.R.D. 415, 415–17 (D. Mass. 1988) (applying Rule 32(a)(3) outside the context of Rule 30(b)(6) depositions); *see also Flores v. Town of Islip*, 2:18-cv-3549, 2019 WL 1515291, *1–2 (E.D.N.Y. 2019) (rejecting argument that "Rule 32(a)(3) only applies to deposition testimony taken pursuant to Rule 30(b)(6)"); *Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 17-cv-685, 2022 WL 351827, at *13 (N.D.N.Y. Jan. 14, 2022) (same).

Third, the deposition designations plainly are not hearsay, because they are statements "offered against an opposing party and . . . [were] made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D); *see also Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1093–94 (1st Cir. 1995); 8A Wright & Miller, *Fed. Prac. & Proc.* § 2143 (explaining that "Rule 32(a) creates of its own force an exception to the hearsay rule").

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' request to designate portions of Mr. Veprek's and Mr. Wilson's deposition testimony for use at trial.

July 22, 2025                                                   Respectfully submitted,

                                                                 /s/ *Scott Wilkens*

Edwina Clarke (BBO 699702)                Scott Wilkens
David Zimmer (BBO 692715)                 Ramya Krishnan
Zimmer, Citron & Clarke, LLP              Carrie DeCell
130 Bishop Allen Drive                    Xiangnong Wang
Cambridge, MA 02139                       Talya Nevins
(617) 676-9423                            Jackson Busch
edwina@zimmercitronclarke.com             Alex Abdo
                                          Jameel Jaffer
Noam Biale                                Knight First Amendment Institute
Michael Tremonte                            at Columbia University
Alexandra Conlon                          475 Riverside Drive, Suite 302
Courtney Gans                             New York, NY 10115
Sher Tremonte LLP                         (646) 745-8500
90 Broad Street, 23rd Floor               scott.wilkens@knightcolumbia.org
New York, New York 10004
(212) 202-2603                            Ahilan T. Arulanantham (SBN 237841)
nbiale@shertremonte.com                   Professor from Practice
mtremonte@shertremonte.com                UCLA School of Law
aconlon@shertremonte.com                  385 Charles E. Young Dr. East
cgans@shertremonte.com                    Los Angeles, CA 90095
                                          (310) 825-1029
                                          arulanantham@law.ucla.edu

                                          *Counsel for Plaintiffs*