## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF<br>UNIVERSITY PROFESSORS, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as<br>Secretary of State, and the DEPARTMENT OF<br>STATE, ET AL.,<br><br>*Defendants*. | No. 1:25-cv-10685-WGY<br><br>DEFENDANTS' SURREPLY IN<br>OPPOSITION TO PLAINTIFFS' MOTION<br>TO DESIGNATE DEPOSITION<br>TRANSCRIPTS<br><br>(Leave to File Granted on July 29, 2025) |

Defendants respectfully submit this surreply in opposition to Plaintiffs' reply in support of their request to designate portions of the depositions of Andrew Veprek and Stuart Wilson for use in these proceedings. Dkt. No. 227. At the outset, Defendants oppose Plaintiffs' filing because it is an impermissible reply. *Id.* Local Rule 7.1(b)(3) provides that motion papers beyond the original motion and opposition "whether in the form of a reply brief or otherwise, may be submitted only with leave of court." Plaintiffs did not seek leave of court prior to filing their reply and the reply should be stricken.

Second, Plaintiffs attempt to circumvent the Court's clear order precluding new witnesses by claiming that the order only applied to live testimony, and therefore not the deposition testimony of Mr. Veprek and Mr. Wilson. Dkt. No. 227 at 1; *see also* July 11, 2025 Tr. at 7:3-7:5 ("[W]e're not going to be adding witnesses to this case and so we're limited to the witnesses disclosed in the pretrial order."). Plaintiffs' tack misinterprets the language and apparent intent of the Court's order, as with Plaintiffs' reasoning any deposition testimony conceivably could be admitted as evidence to circumvent the Court's orders and limitations on time. It is also a blatant

end-run around the reasonable time limits the Court imposed on the parties for purposes of managing trial.

Additionally, Plaintiffs' effort to add deposition transcript excerpts *ex post* fails because they have not complied with Rule 804:  they could have called Veprek or Wilson to testify, but failed to do so, and these witnesses are not "unavailable."[1] Rule 804(a)(5) stipulates that subpoenas or "other reasonable means" to secure a witness's attendance at trial must be attempted before a witness can be found unavailable. This relatively high good-faith standard cannot be satisfied by perfunctory efforts. *See* Fed. R. Civ. P. 804(a)(5).  Congress intended Rule 804(a)(5) "to require that an attempt be made to depose a witness (as well as to seek his attendance) as a precondition to the witness being deemed unavailable." *United States v. Gabrie*l, 715 F.2d 1447, 1451 (10th Cir. 1983) (citing H.R. Rep. No. 650, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 7051, 7075, 7088). Plaintiffs never called Veprek or Wilson to testify in a meaningful way:  neither individual was included on Plaintiffs' witness list, and neither was subpoenaed before trial.  *See United States v. Yefsky*, 994 F.2d 885, 898 (1st Cir.1993) (providing that the movant must demonstrate that the declarant is now unavailable for former deposition testimony to be admissible under Rule 804(b)(1)); *see also* 30B Fed. Prac. & Proc. Evid. § 6968 (2025 ed.) ("Counsel must demonstrate, with some specificity, reasonable unsuccessful efforts to obtain the declarant's presence at trial."). Indeed, Plaintiffs only ever issued a subpoena for Wilson but not until July 8, 2025, after trial began. Defendants would have attempted to oblige had Plaintiffs made a reasonable effort before trial, just as they did with

---

[1] By contrast, before trial began, Defendants sought to call Brian Shuve as a witness. Defendants subpoenaed Mr. Shuve and he was deemed unavailable. Thus, his deposition testimony is admissible under Rule 804(a)(5) and 804(b)(1). *See* Ex. 1 (Trial subpoena and email indicating Mr. Shuve unavailable to testify).

Plaintiffs' request to call DHS witness Peter Hatch. But Plaintiffs appear only to be seeking admission of the deposition testimony of Veprek and Wilson (whose deposition remains open) now because they did not properly attempt to call them before trial, and they did not manage their allotted trial time efficiently to accommodate additional witnesses. The Court should not reward Plaintiffs' mismanagement of their own case by admitting into evidence the deposition testimony of witnesses Plaintiffs made no meaningful effort to call. If Plaintiffs had truly believed these witnesses were material to this case, and they are not, then Plaintiffs would have called these witnesses at trial and given the Court the opportunity to observe them on direct and cross-examination.

Finally, Plaintiffs further contend that the depositions can be admitted under Fed. R. Civ. P. 32(a)(3) because, in their view, Veprek and Wilson are "managing agents" of the State Department. But Plaintiffs never noticed any depositions of the State Department. *See GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987) (recognizing that while a party may notice a corporation for deposition by naming a "particular officer, director, or managing agent pursuant to Rule 30(b)(1)," it "is not permissible . . . to notice the deposition of a corporation by a particular person who is *not* an officer, director or managing agent") (emphasis in original). Instead, Plaintiffs noticed Veprek and Wilson for depositions as individuals. *See* Ex. 2 (Veprek Deposition Notice); Ex. 3 (Wilson Deposition Notice). Nor have Plaintiffs established that Veprek or Wilson were authorized to speak on the State Department's behalf or that they otherwise qualify as the Department's "managing agents." *See GTE Prods. Corp.* at 69 (providing that a party may inquire into a deponent's status within a "corporation in order to attempt to establish a record for use in persuading the trial judge to allow the depositions to be used for all purposes against" the corporation under Rule 32(a)(2)). Accordingly, the Court

should reject Plaintiffs' attempt to admit the Veprek and Wilson deposition transcripts into evidence.

## CONCLUSION

For the foregoing reasons, the Court should decline Plaintiffs' request to designate any portions of Mr. Veprek's and Mr. Wilson's deposition testimony for use in these proceedings.


Respectfully submitted,


BRETT A. SHUMATE                          WILLIAM KANELLIS
*Assistant Attorney General*              Attorney

DREW C. ENSIGN                            *Ethan B. Kanter_____*
*Deputy Assistant Attorney General*       ETHAN B. KANTER
                                          *Chief, National Security Unit Office of*
                                          *Immigration Litigation*
                                          *P.O. Box 878, Ben Franklin Station*
                                          *Washington, D.C. 20001*


Dated: July 29, 2025                      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: July 29, 2025                    By: /s/ *Ethan B. Kanter*
                                           ETHAN B. KANTER
                                           Chief, National Security Unit
                                           Office of Immigration Litigation
                                           P.O. Box 878, Ben Franklin Station
                                           Washington, D.C. 20001

# EXHIBIT 1

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| American Association of University Professors, et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-10685-WGY |
| Rubio, et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Brian Shuve

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place:  John Joseph Moakley United States Courthouse<br>1 Courthouse Way<br>Boston, MA  02210 | Courtroom No.:  18, 5th Floor | |
| | Date and Time:  07/17/2025 9:00 am | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/17/2025

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jessica Strokus |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Rubio, et al
_____ , who issues or requests this subpoena, are:

Jessica Strokus, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 9200
Boston, MA 02210, 202-616-8779, jessica.d.strokus@usdoj.gov

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:25-cv-10685-WGY

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:  By FedEx overnight to

Brian Shuve, Harvey Mudd College, 301 Platt Blvd., Claremont, CA  91711, and by email to bshuve@g.hmc.edu

_____ on *(date)*    07/02/2025    ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    07/02/2025                                                     /s/ Jessica Strokus
_____                    _____
                                                                *Server's signature*

                                             Jessica Strokus, Trial Attorney, U.S. Department of Justice
                                             _____
                                                                *Printed name and title*
                                             John Joseph Moakley United States Courthouse
                                                           1 Courthouse Way, Suite 9200
                                                                Boston, MA 02210
                                             _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| **From:** | Hennes, Stefanie (CIV) |
| **To:** | Shaleen Shanbhag; Strokus, Jessica D. (CIV); Murphy, Lindsay M. (CIV); Busen, Jesse (CIV); Hockenberry, Tia (CIV); Kanellis, William G. (CIV); Kanter, Ethan (CIV); Moss, Benjamin M. (CIV); Safavi, Nancy (CIV); Santora, Victoria M (CIV); Stone, Paul (CIV) |
| **Cc:** | Inga Bernstein; Nicole Gallagher |
| **Subject:** | RE: AAUP et al. v. Rubio et al. - Brian Shuve"s Objections to Trial Subpoena |
| **Date:** | Monday, July 14, 2025 5:46:31 PM |
| **Attachments:** | image001.png |
| | image002.png |

Good evening,

Given that Mr. Shuve will not be appearing, we withdraw the subpoena.

Regards,
Stefanie

**Stefanie Notarino Hennes**

Senior Counsel for National Security

National Security Unit

Office of Immigration Litigation - GLA

Civil Division

United States Department of Justice

P.O. Box 878, Ben Franklin Station

Washington, D.C. 20044

---

**From:** Shaleen Shanbhag <sshanbhag@law.uci.edu>
**Sent:** Monday, July 14, 2025 2:47 PM
**To:** Strokus, Jessica D. (CIV) <Jessica.D.Strokus@usdoj.gov>; Murphy, Lindsay M. (CIV) <Lindsay.M.Murphy@usdoj.gov>; Busen, Jesse (CIV) <Jesse.Busen@usdoj.gov>; Hennes, Stefanie (CIV) <Stefanie.Hennes@usdoj.gov>; Hockenberry, Tia (CIV) <Tia.Hockenberry@usdoj.gov>; Kanellis, William G. (CIV) <William.G.Kanellis@usdoj.gov>; Kanter, Ethan (CIV) <Ethan.Kanter@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>; Safavi, Nancy (CIV) <Nancy.Safavi@usdoj.gov>; Santora, Victoria M (CIV) <Victoria.M.Santora@usdoj.gov>; Stone, Paul (CIV) <Paul.F.Stone@usdoj.gov>
**Cc:** Inga Bernstein <ibernstein@zalkindlaw.com>; Nicole Gallagher <ngallagher@zalkindlaw.com>
**Subject:** [EXTERNAL] Re: AAUP et al. v. Rubio et al. - Brian Shuve's Objections to Trial Subpoena
**Importance:** High

Good afternoon,

I am following up on this morning's email confirming that Mr. Shuve will not be appearing at trial on Thursday morning and requesting the government withdraw his subpoena.  As I communicated to Ms. Strokus numerous times last week with no response, the subpoena violates Federal Rule of Civil Procedure 45(c)'s geographical limits, compliance would subject Mr. Shuve to undue burden and expense, Fed. R. Civ. P. 45(d)(1), and the subpoena was not properly served under Federal Rule of

Civil Procedure 45(b)(2).

I have copied local counsel, Zalkind Duncan & Bernstein LLP, who is prepared to file Mr. Shuve's motion to quash the trial subpoena.  Given that Mr. Shuve resides in California and is commanded to appear in Boston in less than three days, we will proceed with filing Mr. Shuve's motion if the government does not respond today.

Thank you,
Shaleen Shanbhag (she/her)
Director, Fred T. Korematsu Center for Law and Equality
UC Irvine School of Law
sshanbhag@law.uci.edu

---

**From:** Shaleen Shanbhag <sshanbhag@law.uci.edu>
**Sent:** Monday, July 14, 2025 9:23 AM
**To:** Strokus, Jessica D. (CIV) <Jessica.D.Strokus@usdoj.gov>
**Subject:** Re: Subpoena for AAUP et al. v. Rubio et al. - Objections to Subpoena

Thank you for your email. I am confirming that Mr. Shuve will not be appearing at trial in Boston on Thursday, July 17 for the reasons stated in my previous emails.  Can you confirm that the government will withdraw his trial subpoena?  We were planning to file a motion to quash today given the lack of response on this last week.

Also, if the government intends to use Mr. Shuve's deposition transcript at trial pursuant to Federal Rule of Civil Procedure 32(a)(4)(B), please send me the transcript and errata sheet for my client to review in advance.

Thanks,

Shaleen Shanbhag (she/her)

Director, Fred T. Korematsu Center for Law and Equality

UC Irvine School of Law

sshanbhag@law.uci.edu

---

**From:** Strokus, Jessica D. (CIV) <Jessica.D.Strokus@usdoj.gov>
**Sent:** Monday, July 14, 2025 8:56 AM
**To:** Shaleen Shanbhag <sshanbhag@law.uci.edu>
**Subject:** RE: Subpoena for AAUP et al. v. Rubio et al. - Objections to Subpoena

Counsel,

My apologies, I have been out of the country related to trial and unexpectedly did not have access to my email. I take it from your emails that Mr. Shuve will not appear for trial for the reasons you have stated. Can you please confirm?

Best,

Jessica

**Jessica D. Strokus**

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation, Appellate Section

P.O. Box 878, Ben Franklin Station

Washington, D.C. 20044

202-616-8779



*This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** Shaleen Shanbhag <sshanbhag@law.uci.edu>
**Sent:** Friday, July 11, 2025 11:04 AM
**To:** Strokus, Jessica D. (CIV) <Jessica.D.Strokus@usdoj.gov>; Kanellis, William G. (CIV) <William.G.Kanellis@usdoj.gov>; Santora, Victoria M (CIV) <Victoria.M.Santora@usdoj.gov>

**Subject:** [EXTERNAL] Re: Subpoena for AAUP et al. v. Rubio et al. - Objections to Subpoena

Good morning,

I have been attempting to reach Ms. Strokus regarding my client, Mr. Shuve's trial subpoena with no response.  Please advise as soon as possible whether the government will withdraw his trial subpoena or Mr. Shuve will be moving to quash.

As stated in my initial email below, Mr. Shuve objects to the trial subpoena because it violates Fed. R. Civ. P. 45(c)'s 100-mile rule, was not properly served under Fed. R. Civ. P. 45(b)(2), and compliance would subject him to undue burden, Fed. R. Civ. P. 45(d)(1).

Feel free to reach me at (949) 824-8702 should you like to discuss further.

Thank you,

Shaleen Shanbhag (she/her)

Director, Fred T. Korematsu Center for Law and Equality

UC Irvine School of Law

sshanbhag@law.uci.edu

---

**From:** Shaleen Shanbhag <sshanbhag@law.uci.edu>
**Sent:** Thursday, July 10, 2025 11:48 AM
**To:** Jessica.D.Strokus@usdoj.gov <jessica.d.strokus@usdoj.gov>
**Subject:** Fw: Subpoena for AAUP et al. v. Rubio et al. - Objections to Subpoena

Counsel, I have not heard from you on the time-sensitive matter below.  Please advise as soon as possible.

Thank you,

Shaleen Shanbhag (she/her)

Director, Fred T. Korematsu Center for Law and Equality

UC Irvine School of Law

sshanbhag@law.uci.edu

---

**From:** Shaleen Shanbhag <sshanbhag@law.uci.edu>
**Sent:** Tuesday, July 8, 2025 1:47 PM
**To:** Jessica.D.Strokus@usdoj.gov <Jessica.D.Strokus@usdoj.gov>
**Subject:** Re: Subpoena for AAUP et al. v. Rubio et al. - Objections to Subpoena

Good afternoon,

I have been retained to represent Mr. Shuve.  Mr. Shuve objects to the trial subpoena because it violates FRCP 45(c)'s 100-mile rule and was not properly served under FRCP 45(b)(2).  First, a subpoena may only command a person to attend a trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Mr. Shuve lives and works in California, far more than 100 miles from the trial's location in Boston. Second,  FRCP 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The government's service of the subpoena via FedEx to his place of work and to his work email address does not satisfy this requirement. Finally, forcing Mr. Shuve to take time off from work and bear the expense of traveling to Boston on such short notice would subject him to undue burden. Fed. R. Civ. P. 45(d)(1).

Please advise if the government will withdraw the trial subpoena.  If not, Mr. Shuve will move to quash the subpoena pursuant to FRCP 45(d)(3).  You may reach me at the number below should you like to discuss further.

Shaleen Shanbhag (she/her)

Director, Fred T. Korematsu Center for Law and Equality

UC Irvine School of Law

401 E. Peltason Drive, Suite 1000

Irvine, CA 92697-8000

(949) 824-8702

sshanbhag@law.uci.edu

**UC Irvine** Law
**Fred T. Korematsu**
**Center for Law and Equality**

This email and any attachments thereto may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, please immediately notify me via return email, and permanently delete this email and any copies or printouts thereof.

---

---------- Forwarded message ---------

From: **Strokus, Jessica D. (CIV)** <Jessica.D.Strokus@usdoj.gov>

Date: Thu, Jul 3, 2025 at 1:50 PM
Subject: Subpoena for AAUP et al. v. Rubio et al.
To: bshuve@g.hmc.edu <bshuve@g.hmc.edu>

Good evening,

Attached is a subpoena for your appearance at trial in AAUP et al. v. Rubio et al. on July 17, 2025. Please do not hesitate to contact me if you have any questions.

Regards,

**Jessica D. Strokus**

Trial Attorney

U.S. Department of Justice, Civil Division

Office of Immigration Litigation, Appellate Section

P.O. Box 878, Ben Franklin Station

Washington, D.C. 20044

202-616-8779



*This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).*

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., | |
| Plaintiffs, | Case No. 1:25-cv-10685 (WGY) |
| v. | **Notice of Deposition** |
| MARCO RUBIO, ET AL. | |
| Defendants. | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs in the above-references action will take the deposition of Andrew Veprek, Assistant Secretary of State Nominee, U.S. Department of State Bureau of Population, Refugees and Migration, Department of State, upon oral examination at 10 a.m. on June 25, 2025 at the law offices of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., 1615 M St NW #400, Washington, DC 20036. The deposition will be recorded by stenographic and/or audio/video means, before a notary public or other officer authorized to administer oaths. Plaintiffs hereby provides notice that this deposition may be used for any and all purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: New York, New York
      June 17, 2025

By: _____*/s/ Noam Biale*_____
Michael Tremonte
Noam Biale
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
Nbiale@shertremonte.com
mtremonte@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu


*Attorneys for Plaintiffs*

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                Plaintiffs,

     v.

MARCO RUBIO, ET AL.

              Defendants.

Case No. 1:25-cv-10685 (WGY)

**Notice of Deposition**

      **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs in the above-references action will take the deposition of Stuart Wilson, Deputy Assistant Secretary for Visa Services, Bureau of Consular Affairs, Department of State, upon oral examination at 10 a.m. on June 24, 2025 at the law offices of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., 1615 M St NW #400, Washington, DC 20036. The deposition will be recorded by stenographic and/or audio/video means, before a notary public or other officer authorized to administer oaths. Plaintiffs hereby provides notice that this deposition may be used for any and all purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: New York, New York
       June 17, 2025

By: _____*/s/ Noam Biale*_____
Michael Tremonte
Noam Biale
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
Nbiale@shertremonte.com
mtremonte@shertremonte.com

Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Attorneys for Plaintiffs*