UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN ASSOCIATION OF UNIVERSITY
PROFESSORS, ET AL.,

                Plaintiffs,

    v.

MARCO RUBIO, ET AL.,

                Defendants.

Case No. 1:25-cv-10685 (WGY)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants' motion to strike, ECF No. 256 ("Mot."), seeks to strike references to evidence admitted at trial that are contained in the Plaintiffs' Proposed Findings of Fact and Requested Rulings of Law, ECF No. 254 ("PFOF"). As Defendants point out, each of the exhibits at issue was admitted at trial for a nonhearsay purpose, and not for the truth of their contents. Defendants argue that Plaintiffs relied on these exhibits for their truth in PFOF ¶¶ 46, 53, 184, 209, 210, 211, 213, 214, 251, 393, and 444. They are wrong in each instance. The Court should summarily deny Defendants' motion.

As a preliminary matter, Defendants are incorrect that exhibits whose use is limited to a non-hearsay purpose are "not admitted at trial." Mot. at 1. Evidence admitted not for its truth may be relied upon for any number of purposes, as long as the party offering that evidence does not attempt "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2); *see also United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) (providing examples of permissible, non-hearsay uses of an out-of-court statement admitted not for its truth). Defendants' claim that

1

all "references to the substance of these documents . . . should be stricken" therefore misconstrues the rule against hearsay. Mot. at 1.

Defendants object that PFOF Paragraph 46 "describes the content of Exhibit 229 expressly for its truth[.]" Mot. at 2. This is incorrect. Paragraph 46 includes a direct quote from Exhibit 229, which is a page from the Canary Mission's website titled "Our Mission." PFOF ¶ 46 ("[The Canary Mission's] website states that the organization 'documents individuals and organizations that promote hatred of the USA, Israel, and Jews on North American college campuses and beyond.' Ex. 229."). Plaintiffs do not quote this exhibit in order to assert that the individuals and organizations listed on the website *in fact* promote hatred of the USA, Israel, and Jews. Plaintiffs simply seek to establish that this language appears on the Canary Mission's website. This is precisely the purpose for which Exhibit 229 was admitted. July 9, Tr., Vol. 1, 32:21–22. ("Since it's not for the truth, it is relevant.").

Similarly, PFOF Paragraph 53 cites Exhibit 229 for the non-hearsay purpose of establishing that the word "professionals" appears on the Canary Mission's website. PFOF ¶ 53; *see also* Ex. 229. The truth of the paragraph's factual assertion that the site "includes people who were neither students nor faculty, such as 'professional[s]'" is wholly supported by Mr. Hatch's testimony. *See* July 10, Tr., Vol. 1, 11:7–9 (confirming that "other kinds of professionals who are neither faculty nor students" "were present" on the Canary Mission's list).

Defendants next object that PFOF Paragraph 184 "quotes statements contained in Exhibit 231, a purported Canary Mission profile on Mahmoud Khalil[.]" Mot. at 2. Indeed, Paragraph 184 includes several direct quotes from the allegations Exhibit 231 makes against Mr. Khalil. PFOF ¶ 184. Plaintiffs do not quote from Exhibit 231 for the purpose of establishing the truth of any of the allegations against Mr. Khalil contained therein. Instead, Plaintiffs seek to establish that

2

those allegations appear on the Canary Mission's website. This is precisely the purpose for which Exhibit 231 was admitted. July 9, Tr., Vol. 1, 34:1–16.

Defendants' objection to the description of Exhibit 226 in PFOF Paragraphs 209–211 fares no better. Mot. at 3–4. Exhibit 226, an op-ed authored by Ms. Öztürk and published in the *Tufts Daily*, was admitted over the government's hearsay objection. July 8, Tr., Vol. 2, 125:8–13 ("He's not offering it for the truth. He's offering it for the fact of its existence . . . It may be admitted."). Plaintiffs do not seek to establish the *truth* of any of the language quoted in Paragraphs 209–211. For example, Plaintiffs do not assert that the Tufts President in fact employed a "dismissive nature and condescending tone" in engaging with the discussed student resolutions. *See* PFOF ¶ 210. Plaintiffs simply note the existence of the op-ed, PFOF ¶ 209, and quote from the op-ed for the non-hearsay purpose of establishing the fact that the op-ed contains the quoted language, PFOF ¶ 210–11. The fact that Ms. Öztürk's authored the op-ed is separately established through the testimony of Prof. Johnson. *See* July 8, Tr., Vol. 2, 124:16–125:18 (identifying Ex. 226 as "the op-ed that Rumeysa was a co-author on that I saw in The Tufts Daily").

Defendants next argue that PFOF Paragraphs 213 and 214 "impermissibly include and rely upon the contents of Exhibit 227, [the] purported Canary Mission profile of Ms. Oztürk, which was admitted into evidence, but not for its content." Mot. at 4. Again, Defendants' claim that the evidence was admitted "not for its content" misapprehends the rule against hearsay. As with Exhibit 231, discussed *supra*, Plaintiffs quote from Exhibit 227 for the non-hearsay purpose of establishing the existence of allegations made against Ms. Öztürk on the Canary Mission's website. Plaintiffs do not assert that any of the quoted allegations are factually true. This is precisely the purpose for which Exhibit 227 was admitted. July 8, Tr., Vol. 2, 129:16–18. ("He's offering it not

for the truth but for the fact of its existence, which I do deem relevant, so as limited, CZ is admitted, Exhibit 227, as limited.").

For the same reason, the Court should reject Defendants' argument that PFOF Paragraph 251 "should be stricken because it relies extensively on statements made in Exhibit 230, a purported Canary Mission profile of Mr. Mahdawi." Mot. at 4–5. Exhibit 230 was admitted "not for the truth but for the fact of it being there." July 9, Tr., Vol. 1, 32:24–33:25. As with the profiles of Mr. Khalil and Ms. Öztürk, Plaintiffs quote from Exhibit 230 not for the purpose of establishing the truth of any of the allegations contained therein about Mr. Mahdawi, but rather for the existence of those allegations on the Canary Mission's website.

Defendants object that PFOF Paragraph 393 should be stricken in its entirety because "Plaintiffs impermissibly rely upon the substance of this letter to contend that Professor Al-Ali, a signatory to the letter, could be targeted by the Government for the pro-Palestinian views expressed in the statement." Mot. at 5. As an initial matter, Paragraph 393 does not propose the finding of fact described by Defendants. The paragraph simply seeks to establish the existence of an open letter in support of a ceasefire signed by Prof. Al-Ali. PFOF ¶ 393. The fact that Prof. Al-Ali signed the letter is independently established through Prof. Al-Ali's cited testimony. *See* July 8, Tr., Vol. 1, 17:7–11, 16–17. Plaintiffs do not seek to establish the truth of any statement in the letter; only the fact of the letter's existence. *See id.* 17:18–25 (admitting Exhibit 224 "not for the truth.").

Finally, Defendants move to strike the second sentence of PFOF Paragraph 444, which cites Exhibit 66 and states that: "Around the time Prof. Hyska learned of Ms. Öztürk's arrest, Prof. Hyska had drafted an op-ed criticizing the rising authoritarianism of the Trump administration and addressing what effective political resistance might look like." Mot. at 5; PFOF ¶ 444. Defendants object that this sentence "references the substance of Professor Hyska's political viewpoints . .

. the truth of which Plaintiffs rely upon to support their claim that she believed the Government would target her for her political expression." Mot. at 5. Not so. Paragraph 444 does not cite Exhibit 66 for the truth of its contents, but rather for the fact of its existence as a political op-ed drafted (but never published) by Prof. Hyska. This is precisely the purpose for which the exhibit was admitted. July 7, Tr., Vol. 1, 59:20–25 (admitting Exhibit 66 as "an example of what was withheld from intellectual discourse").

The Court should deny Defendants' motion in its entirety.

August 29, 2025

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Respectfully submitted,

/s/ Talya Nevins
Talya Nevins
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Jackson Busch
Stephany Kim
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
talya.nevins@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, certify that on August 29, 2025, I electronically filed the foregoing motion in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 29, 2025

                                                                    s/ Talya Nevins
                                                                      Talya Nevins