# The Intercept_

Oct. 8, 2025

The Honorable William G. Young
United Stated District Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

VIA EMAIL

Re: *American Association of University Professors v. Rubio*, No. 25-cv-10685-WGY

Dear Judge Young:

This office represents The Intercept, a non-profit online news organization that has covered this matter as well as the Trump administration's efforts to detain and deport Mahmoud Khalil, Yunseo Chung, Mohsen Mahdawi, Rümeysa Öztürk, and Badar Khan Suri.[1]

We write to respectfully inform this Court about difficulties our reporters have faced in trying to access materials of central importance to this matter, namely trial exhibits and other materials that were provisionally sealed by this Court during the bench trial over the summer. In our discussions with plaintiffs' counsel and the Clerk's Office about these materials, there has been confusion as to whether they remain sealed following the Court's merits decision issued on September 30, which did not address the issue.[2]

---

[1] *See* Natasha Lennard, *If Trump Can Deport Mahmoud Khalil, Freedom of Speech Is Dead*, The Intercept (Mar. 10 2025), https://theintercept.com/2025/03/10/mahmoud-khalil-palestine-columbia-immigration-deport; Shawn Musgrave, *Why Trump Is So Desperate to Keep Mahmoud Khalil in Louisiana*, The Intercept (Mar. 14, 2025), https://theintercept.com/2025/03/14/mahmoud-khalil-ravi-ragbir-ice-deport; Shawn Musgrave, *ICE Got Warrants Under "False Pretenses," Claims Columbia Student Targeted Over Gaza Protests*, The Intercept (Mar. 28 2025), https://theintercept.com/2025/03/28/ice-warrants-columbia-students-gaza-protests; Jonah Valdez, *In Trump's America, You Can Be Disappeared for Writing an Op-Ed*, The Intercept (Mar. 30, 2025), https://theintercept.com/2025/03/30/tufts-rumeysa-ozturk-ice-immigration-op-ed; Jonah Valdez, *What Comes Next in Mahmoud Khalil's Fight Against Deportation*, The Intercept (Apr. 12, 2025), https://theintercept.com/2025/04/12/mahmoud-khalil-immigration-hearing-deportation-trump; Akela Lacy, *Palestinian Student Leader Was Called In for Citizenship Interview — Then Arrested by ICE*, The Intercept (Apr. 14, 2025), https://theintercept.com/2025/04/14/ice-columbia-student-mohsen-mahdawi-citizenship-interview; Jonah Valdez, *What Comes Next in Mahmoud Khalil's Fight Against Deportation*, The Intercept (Apr. 12, 2025), https://theintercept.com/2025/04/12/mahmoud-khalil-immigration-hearing-deportation-trump; Shawn Musgrave, *Mahmoud Khalil Won His Freedom Despite the Best Efforts of ICE's Intelligence Unit*, The Intercept (June 20, 2025), https://theintercept.com/2025/06/20/mahmoud-khalil-homeland-security-investigations-ice-surveillance; Shawn Musgrave, *Judge Finds Rubio and Noem Intentionally Targeted Pro-Palestine Activists to Chill Speech*, The Intercept (Sept. 30, 2025), https://theintercept.com/2025/09/30/rubio-noem-deport-aaup-ruling-free-speech.

[2] The Court did rule, however, that the "Administrative Record submitted, ECF No. 106, which provided no more than the most bare-bones information about the statutes invoked and the procedural steps taken toward arrest and detention in the five examined cases, is incomplete, and thus supplements the record with all extra-record materials produced at trial, which the Court deems necessary to evaluate the agencies' actions." ECF No. 261 at 139, n.45.

As such, we write to urge the Court to issue an order clarifying the status of these materials. In particular, we urge the Court to lift all restrictions on the public's access to materials which the Court considered in open court and incorporated into its merits ruling, which the Court wrote was issued after the Court "carefully considered the entirety of the record." ECF No. 261 at 4.

In its ruling, the Court noted the vital public interest of this matter, which it called "perhaps the most important ever to fall within the jurisdiction of this district court." ECF No. 261 at 3. However, at present members of the press and public lack the ability to review many of the most important materials that the Court considered it reaching its determination.

Crucially, The Intercept has been unable to access certain trial exhibits, including the "Reports of Analysis" (ROAs) prepared by U.S. Immigration and Customs Enforcement's Homeland Security Investigations (HSI) regarding the five individuals,[3] the referral letters that ICE sent to the State Department regarding the five individuals,[4] and the "Action Memos" prepared by the State Department regarding the five individuals.[5] The Court cited and quoted from each of these items in its ruling.[6] The Intercept has also been unable to access a "chalk" exhibit that was used at trial to illustrate the steps in ICE's review process for these individuals.[7]

At trial, when asked by counsel whether the ROAs were part of the public record, the Court explained its protocol regarding these exhibits:

> They're sealed. …. This court's protocol is not to share those during the trial or <u>until the court is done with its decision</u>. The court in its decision will make reference to those things upon which the court has relied. I've always taken the position that those things, unless classified, and I've dealt with cases that had classified data, <u>are then public so the decision may be thoroughly reviewed</u> by obviously higher courts but anyone who wants to analyze the court's reasoning.

Trial Tr. vol. II, 131: 11-25, July 10, 2025 (emphasis added).

In light of the Court's explanation that these materials would be publicly available upon its decision, The Intercept reached out to the Clerk's Office and plaintiffs' counsel to request access to the materials described above on September 30, after the Court issued its ruling. The Clerk's Office replied, "If you are seeking any trial exhibits that were produced to the Court, you will have

---

[3] Exhibits 232-236. The Court cited each of these exhibits in its ruling, and also quoted directly from many of them. *See* ECF No. 261 at 63 (citing Ex. 232); *id.* at 30 (citing Ex. 233); *id.* at 42 (citing Ex. 234); *id.* at 45 (citing Ex. 235); *id.* at 28 (citing Ex. 236).

[4] Exhibits 242-246. The Court cited each of these exhibits in its ruling, and also quoted directly from many of them. *See* ECF No. 261 at 30 (citing Ex. 242); *id.* at 28 (citing Ex. 243); *id.* at 49 (citing Ex. 244); *id.* at 64 (citing Ex. 245); *id.* at 51 (citing Ex. 246).

[5] Exhibits 247-250. The Court cited each of these exhibits in its ruling, and also quoted directly from many of them. *See* ECF No. 261 at 32 (citing Ex. 247); *id.* at 52 (citing "Mar. 15, 2025 Action Memo for the Secretary" regarding Mahdawi; note that the ruling cites this exhibit as "Ex. 244," but it was admitted at trial as Ex. 248, *see* Trial Tr. vol. II, 101: 20-25, July 18, 2025); *id.* at 55 (citing Ex. 249); *id.* at 66 (citing Ex. 250).

[6] *See supra*, notes 3-5.

[7] Exhibit HO.

# The Intercept_

to obtain those admitted exhibits from Counsel. The Clerk's Office does not store exhibits. Sealed Exhibits will not be accessible unless by Court Order." Plaintiffs' counsel, meanwhile, noted that while the Court "quotes these exhibits at length," since the Court "hasn't taken the additional step of unsealing" them, the "press could write to chambers to request access."

Given the confusion, The Intercept urges the Court to clarify that these materials are fully available to the public. For months, The Intercept has been vigorously upholding the public's right to access materials in the historic habeas challenges filed by these five targeted individuals and many others.[8] Courts around the country have lifted restrictions to materials of historic importance to our readers and the public,[9] and this Court should do the same.

Courts have long recognized that public monitoring of the judicial system, particularly "[a]ccess to judicial records and documents[,] allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *See United States v. Kravetz*, 706 F.3d 47, 52, 57 (1st Cir. 2013) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). As the Court explained at trial, public access to the judicial records allows its "decision [to] be thoroughly reviewed," not just by higher courts, but also by "anyone who wants to analyze the court's reasoning." Trial Tr. vol. II, 131: 11-25, July 10, 2025. Crucially, this includes members of the press.

Thank you for your consideration of this matter.

Very truly yours,

David Bralow, *General Counsel*
Shawn Musgrave, *Newsroom Counsel/Correspondent*

**The Intercept Media, Inc.**
15 W. 38th Street, #636
New York, NY 10018
david.bralow@theintercept.com
shawn.musgrave@theintercept.com

---

[8] *See* Shawn Musgrave, *How The Intercept Fought to Reveal Key Evidence in Student Deportation Cases*, The Intercept (July 9, 2025), https://theintercept.com/2025/07/09/student-deportations-palestine-transparency.
[9] *See, e.g., Öztürk v. Hyde*, No. 25-1019, Dkt. No. 80 (2d. Cir. May 9, 2025) (lifting docket restrictions under Fed. R. Civ. P. 5.2(c) at The Intercept's request); *Mahdawi v. Trump*, No. 25-1113, Dkt. No. 88 (2d. Cir. May 9, 2025) (same); *Suri v. Trump*, No. 25-1560, Dkt. No. 26 (4th Cir. June 26, 2025) (same); *Guevara v. Sterling* No. 5:25-cv-00086, Dkt. No. 46 (M.D. Ga. Sept. 22, 2025) (same); *Kordia v. Noem*, No. 3:25-cv-01072, Dkt. No. 47 (N.D. Tex. June 2, 2025) (same); *Ercelik v. Hyde*, No. 1:25-cv-11007, Dkt. No. 39 (D. Mass. May 23, 2025) (same).