October 2, 2025

Hon. William G. Young
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

       Re: *American Association of University Professors, et al. v. Rubio, et al.* (25-cv-10685-WGY)

Dear Judge Young:

I am a reporter at The New York Times and covered the trial in the AAUP case. As you may remember, I wrote the Court on August 20, 2025, after trial had concluded, requesting access to certain exhibits that were introduced into evidence and discussed in open court. One of your clerks, Ms. Belmont, responded that these exhibits were not public at that time but that I could make a new request once the Court issued its decision. Now that the Court has done so, I renew my request.

I seek a total of 19 exhibits. These exhibits were discussed in open court, and nearly all were cited by the Court in its September 30 decision. They fall into five categories, as set out below. I have indicated in parentheses where each exhibit is first cited in the Court's opinion:

- Memoranda from the U.S. Department of State ("DOS") to the U.S. Department of Homeland Security ("DHS"): Exhibits 8 (p. 36), 12 (p. 57), 19 (p. 36) and 21 (p. 58).
- Notification from DOS to DHS regarding the Armstrong determination: Exhibit 16.
- Reports of Analysis: Exhibits 232 (p. 63), 233 (p. 30), 234 (p. 42), 235 (p. 45), and 236 (p. 28).
- DHS letters to DOS: Exhibits 242 (p. 30), 243 (p. 28), 244 (p. 49), 245 (p. 64) and 246 (p. 51).
- Action memos: Exhibits 247 (p. 32), 248 (p. 52),[1] 249 (p. 55), and 250 (p. 66).

These are the only exhibits I am seeking at this time. If other exhibits later come to my attention I will submit a separate request to the Court.

I wrote in my prior letter that this litigation pertains to a matter of immense public interest. If anything, that is an understatement. As the Court put it, this case is "perhaps the most important ever to fall within [its] jurisdiction." So it is imperative that the press and public have the greatest access possible to the evidence at the heart of this case. That access would not only provide a full picture of the governmental conduct at issue in this case (which the Court found unconstitutional) but also allow the public to better understand the basis for the Court's decision.

Thank you for your consideration.

---

[1] My understanding is that Exhibit 248 is the action memo concerning Mohsen Mahdawi. The Court refers to this document as Exhibit 244 (p. 52), but that exhibit number corresponds to the DHS referral letter regarding Mr. Mahdawi (p. 49).

Sincerely,

Zach Montague