Positive
As of: March 31, 2025 6:00 PM Z

# In the Matter of Murray

Supreme Judicial Court of Massachusetts

June 28, 2023, Decided

SJC-13290.

**Reporter**
492 Mass. 1017 *; 211 N.E.3d 619 **; 2023 Mass. LEXIS 252 ***

IN THE MATTER OF JAMES MURRAY.[1]

**Subsequent History:** Affirmed by, Judgment entered by *In re Murray, 2024 Mass. LEXIS 191 (Mass., May 16, 2024)*

**Prior History:** *Murray v. Stempson, 1991 U.S. Dist. LEXIS 6732 (D.D.C., May 10, 1991)*

## Core Terms

bar examination, single justice, score, partial summary judgment, admission to the bar, law school, Recommendation, circumstances, meets, waive, sit

## Headnotes/Summary

**Headnotes**

*Attorney at Law* > Bar application > Admission to practice > *Supreme Judicial Court* > Membership in the bar

**Counsel:** [***1] The case was submitted on briefs.

*James Murray*, pro se.

## Opinion

[**620] The petitioner, James Murray, also known as James Hines, appeals from the judgment of a single justice of this court denying, without a hearing, his "Petition to take the Massachusetts Bar Examination" and his motion for partial summary judgment. The single justice observed that persons desiring admission [*1018] to the bar of the Commonwealth are subject to the requirements of *S.J.C. Rule 3:01* as appearing in 478 Mass. 1301 (2018), and that Murray's filing did not comply with the rule. We affirm.[2]

---

[1] Also known as James Hines.

[2] Murray has sought leave to use materials filed with the county court and this court in connection with a prior case, *Murray v. Massachusetts Parole Bd., 481 Mass. 1019, 113 N.E.3d 327 (2018)*, which also were referenced in the county court filings; to use the county court filings on appeal; and to file fewer copies of his materials than the rules require; and he requests that both

492 Mass. 1017, *1018; 211 N.E.3d 619, **621; 2023 Mass. LEXIS 252, ***1

[**621] The procedures and requirements for admission to the bar of the Commonwealth are described in G. L. c. 221, § 37, and S.J.C. Rule 3:01. See Wei Jia v. Board of Bar Examiners, 427 Mass. 777, 780, 696 N.E.2d 131 (1998). See also Matter of Swanson, 483 Mass. 1022, 1023, 135 N.E.3d 728 (2019) ("[t]his court has the authority to establish the rules and standards by which individuals become licensed to practice law in Massachusetts"); Osakwe v. Board of Bar Examiners, 448 Mass. 85, 87, 858 N.E.2d 1077 (2006). Among other things, an applicant to the bar is required to file a "Petition for Admission accompanied by the recommendation of a member of the bar"; "Petitioner's Statement"; "Authorization Form"; "Law School Certificate"; "Multistate Professional Responsibility Examination Score Report that sets forth a passing scaled score that meets or exceeds the Massachusetts required score"; "Two (2) Letters [***2] of Recommendation for Admission"; and "Current Certificate(s) of Admission and Good Standing from the highest judicial court of each state, district, territory or foreign country to which the petitioner is admitted, if applicable." S.J.C. Rule 3:01, § 1.1. Because Murray's filing did not include all the materials required by the rule, his present application is incomplete. See Matter of Swanson, supra at 1024. "It therefore has not been referred to the board for a report 'as to the character, acquirements and qualifications of the petitioner.'" Id., quoting S.J.C. Rule 3:01, § 1.4.

When Murray files the materials enumerated in S.J.C. Rule 3:01, § 1.4, "and his application is otherwise complete, it will be referred to the board for its consideration." Swanson, 483 Mass. at 1024. See Osakwe, 448 Mass. at 87. "The board examines an applicant's education and moral character. Those satisfying its standards may sit for the bar examination and, if successful, be admitted to practice. ... The educational requirements to sit for the examination include a ... college degree (or the equivalent)," id., and that the petitioner have graduated from a law school that meets the rule's criteria, see S.J.C. Rule 3:01, §§ 3.1, 3.2.

We recognize that the court has authority to waive particular requirements of S.J.C. Rule 3:01 and that it has exercised that authority [***3] in appropriate circumstances. See, e.g., Novak v. Board of Bar Examiners, 397 Mass. 270, 274, 490 N.E.2d 1183 (1986). In the county court, Murray's "declaration" expressly sought a waiver of the provisions of S.J.C. Rule 3:01, § 3.3, which concerns the requirement that a petitioner successfully complete the Massachusetts bar examination. He also suggested that he is qualified to receive an honorary law degree. Murray did not, [*1019] however, seek a waiver of other requirements of S.J.C. Rule 3:01. In the circumstances, there was no error in the single justice's determination that Murray's filing did not comply with the rule. See Novak, 397 Mass. at 271. We decline to consider for the first time on appeal whether, as Murray now argues, the rule's requirements should be broadly waived. See Cariglia v. Bar Counsel, 442 Mass. 372, 379, 813 N.E.2d 498 (2004).

[**622] The judgment of the single justice denying on the record before him Murray's "Petition to take the Massachusetts Bar Examination" is affirmed. The single justice's denial of Murray's motion for partial summary judgment also is affirmed.

*So ordered.*

End of Document

---

rulings of the single justice be considered together. Those requests are allowed. In addition, however, Murray asks the court to take judicial notice of various other materials that were not before the single justice and seeks relief — a waiver of the requirements of S.J.C. Rule 3:01 entirely — that he did not request from the single justice. We decline to consider materials that were not before the single justice, see Matter of Ellis, 425 Mass. 332, 334 n.1, 680 N.E.2d 1154 (1997), or "issues, arguments, or claims for relief raised for the first time on appeal," Cariglia v. Bar Counsel, 442 Mass. 372, 379, 813 N.E.2d 498 (2004). All other requests for relief are denied.

# *In the Matter of Murray*

Supreme Judicial Court of Massachusetts

May 16, 2024, Decided

SJC-13518.

**Reporter**
494 Mass. 1017 *; 232 N.E.3d 1191 **; 2024 Mass. LEXIS 191 ***; 2024 WL 2194830

IN THE MATTER OF JAMES MURRAY.[1]

**Notice:** Amended July 5, 2024.

**Prior History:** *In the Matter of Murray, 492 Mass. 1017, 2023 Mass. LEXIS 252, 211 N.E.3d 619 (June 28, 2023)*

**Disposition:** Judgment affirmed.

## Core Terms

provisional, license, practice of law

## Headnotes/Summary

**Headnotes**

*Attorney at Law* > Admission to practice > *Supreme Judicial Court* > Membership in the bar

**Counsel:** [*1018] [***1] The case was submitted on briefs.

*James Murray*, pro se.

## Opinion

[**1192] The petitioner, James Murray, also known as James Hines, appeals from a judgment of the county court denying his petition, filed pursuant to our equity jurisdiction under G. L. c. 214, § 1, in which he sought a "provisional law license." We affirm.

The requirements for admission to the practice of law in the Commonwealth of Massachusetts are set forth in G. L. c. 221, § 37, and S.J.C. Rule 3:01, as appearing in 478 Mass. 1301 (2018).[2] Nothing therein authorizes a

---

[1] Also known as James Hines.

[2] The petitioner is aware of these requirements, as he has previously filed an incomplete petition to take the Massachusetts bar examination. See *Matter of Murray, 492 Mass. 1017, 211 N.E.3d 619 (2023)*. To the extent that the papers filed by the petitioner

Shir Eilam

"provisional" law license.³ The petitioner apparently asks that he be permitted to bypass the requirements for admission to the practice of law and to have a "provisional" law license granted to him. There simply is no legal basis to grant such an extraordinary request. The single justice properly denied the petition.⁴

*Judgment affirmed.*

---

End of Document

---

might be read as requesting a provisional license to practice in the United States Supreme Court, this court does not have the power to grant such a request.

³ In this respect, the legal profession differs from certain other professions in which, by statute, new practitioners may obtain a provisional license. See, e.g., G. L. c. 112, § 144B (speech-language pathologist); G. L. c. 112, § 214 (perfusionist); G. L. c. 112, § 255 (genetic counselor).

⁴ The petitioner has submitted documents that he styles as an "amicus publici" brief and a "pre-oral argument presentation," along with motions for leave to file these documents. Our rules make no provision for such filings. We nevertheless allow the motions for leave to file these documents and treat them as supplements to the petitioner's main brief.