UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 1:25-cv-10685-WGY |

**PROPOSED INTERVENER BOSTON GLOBE MEDIA PARTNERS, LLC'S MOTION TO INTERVENE AND FOR ACCESS TO TRIAL EXHIBITS AND PROVISIONALLY SEALED PLEADINGS**

Intervener Boston Globe Media Partners, LLC, publisher of *The Boston Globe* (the "Globe"), hereby respectfully moves to intervene in this case for the limited purpose of moving the Court to grant public access to all trial exhibits and provisionally sealed pleadings relied on by this Court in its Findings of Fact and Rulings of Law ("Decision"), ECF No. 261.[1] The Globe

---

[1] These include but are not limited to the documents listed below, previously requested by *The New York Times* and *The Intercept*, see ECF No. 266, 267:
  i. Memoranda from the U.S. Department of State ("DOS") to the U.S. Department of Homeland Security ("DHS"): Ex. 8 (*see* ECF No. 261 at 36), Ex. 12 (*see* ECF No. 261 at p. 57), Ex. 19 (*see* ECF No. 261 at 36), and Ex. 21 (*see* ECF No. 261 at 58);
  ii. Notification from DOS to DHS regarding the Armstrong determination: Ex. 16;
  iii. Reports of Analysis: Ex. 232 (*see* ECF No. 261 at 63), Ex. 233 (*see* ECF No. 261 at 30), Ex. 234 (*see* ECF No. 261 at 42), Ex. 235 (*see* ECF No. 261 at 45), and Ex. 236 (*see* ECF No. 261 at 28);
  iv. DHS letters to DOS: Ex. 242 (*see* ECF No. 261 at 30), Ex. 243 (*see* ECF No. 261 at 28), Ex. 244 (*see* ECF No. 261 at 49), Ex. 245 (*see* ECF No. 261 at 64) and Ex. 246 (*see* ECF No. 261 at 51);
  v. Action memos: Ex. 247 (*see* ECF No. 261 at 32), Ex. 248 (*see* ECF No. 261 at 52), Ex. 249 (*see* ECF No. 261 at 55), and Ex. 250 (*see* ECF No. 261 at 66); and
  vi. the "chalk" exhibit used at trial to illustrate the steps in ICE's review process: Exhibit HP.

respectfully submits that the public has a common law and constitutional right of access to the record relied on by the Court in its Decision, and that the Court should lift any order sealing any portion of the record inconsistent with the common law and First Amendment.

In support of its motion, the Globe relies upon its memorandum of law filed herewith. *See generally Federal Trade Commission v. Standard Fin. Mgmt. Co.*, 830 F.2d 404, 407 (1st Cir. 1987) (noting intervention to seek access to court records); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 4 (1st Cir. 1986) (intervention to seek access to discovery materials).

WHEREFORE, the Globe respectfully requests that the Court grants its motion to intervene and lift any order sealing any portion of the record relied on by the Court in its Decision.

**BOSTON GLOBE MEDIA PARTNERS, LLC,**

By its attorneys,

/s/ *Samuel D. Thomas*
**MORGAN, LEWIS & BOCKIUS LLP**
Jonathan M. Albano, BBO #013850
jonathan.albano@morganlewis.com
Samuel D. Thomas, BBO #707801
samuel.thomas@morganlewis.com
One Federal Street
Boston, MA 02110-1726
617-341-7700

Case Smith, BBO #716490
case.smith@morganlewis.com
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-3000

Dated: November 10, 2025

- 3 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 10, 2025.

                                                */s/ Samuel D. Thomas*
                                                Samuel D. Thomas