UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br>    *Plaintiffs*, <br><br>v. <br><br>MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br>    *Defendants*. | CIVIL ACTION <br>CASE NO. 1:25-cv-10685-WGY |

**PROPOSED INTERVENORS THE INTERCEPT & THE CENTER FOR INVESTIGATIVE REPORTING'S MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS**

Non-parties Intercept Media, Inc. ("The Intercept"), which publishes The Intercept news site, and The Center for Investigative Reporting ("CIR") (collectively, "Proposed Intervenors"), which publishes *Mother Jones* magazine and the *Reveal* radio show, hereby move to intervene in the above-captioned case for the limited purpose of obtaining an order lifting restrictions on the public's access to certain judicial records filed in the case and relied on by this Court in its Findings of Fact and Rulings of Law, ECF No. 261 (collectively, the "Exhibits").[1] Proposed Intervenors also request the opportunity to participate in the hearing on previously filed Motions to Intervene currently scheduled for December 15, 2025, *see* ECF No. 287.

---

[1] Specifically, The Intercept and CIR seek access to the "Reports of Analysis" prepared by U.S. Immigration and Customs Enforcement's Homeland Security Investigations ("HSI"), Exs. 232–36; HSI's referral letters to the State Department, *see* Exs. 242–246; the State Department "Action Memos," Exs. 247–50; two State Department diplomatic cables, ECF No. 186-2 Ex. 13 (Ex. 50), ECF No. 186-2 Ex. 11 (Ex. 51); and a presentation on vetting processes introduced through the Enhanced Screening Cable, ECF No. 186-1 Ex. 3 (Ex. 49).

This motion is made on the grounds that (1) Proposed Intervenors are entitled to intervene in this case for the limited purpose of asserting their common-law and First Amendment rights to access the Exhibits; (2) the common-law and First Amendment rights attach to the Exhibits; and (3) these strong presumptions have not been, and cannot be, overcome.  In support of their motion, Proposed Intervenors rely upon their concurrently filed Memorandum of Law.

Plaintiffs' counsel consented to this Motion to the extent it does not seek disclosure of noncitizens' personally identifiable information that has not already been disclosed (such as social security numbers, A-numbers, passport numbers, home addresses, phone numbers, email addresses, social media handles, license plate numbers, and travel history).  Counsel for Defendants did not respond to a request for their position on this Motion.

WHEREFORE, Proposed Intervenors respectfully request that the Court enter an order granting the Motion to Intervene and directing that the Exhibits be unsealed or, at a minimum, making clear that no order currently restricts public access to the Exhibits and counsel for the parties are free to share the Exhibits.

Respectfully submitted,

Date:   December 3, 2025

/s/ Robert A. Bertsche
Robert A. Bertsche (BBO #554333)
KLARIS LAW PLLC
6 Liberty Square #2752
Boston, MA 02109
Telephone: 857-303-6938
rob.bertsche@klarislaw.com

Renee M. Griffin*
rgriffin@rcfp.org
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Telephone: (202) 795-9300
rgriffin@rcfp.org

*Pro Hac Vice* appl. forthcoming

*Counsel for Proposed Intervenors The Intercept and The Center for Investigative Reporting*