# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATIONS OF UNIVERSITY PROFESSORS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> *Defendants*. | No. 1:25-cv-10685-WGY |

**DEFENDANTS' RESPONSE TO THE MOTIONS TO INTERVENE AND TO UNSEAL PLEADINGS AND EXHIBITS**

Defendants, by and through their counsel, hereby respond to the multiple motions to intervene by individuals and news media entities ("the intervenors") who seek to unseal select pleadings and trial exhibits. *See* Dkts. # 266, 267, 275, 276, 283, 288, 289. The intervenors seek to unseal documents relied on by the court in its Findings of Fact and Rulings of Law. *See, e.g., id.* The intervenors specifically request that Trial Exhibits 8, 12, 16, 19, 21, 49-51, 232-236, 242-50, and demonstrative exhibit HO be unsealed.[1] *See, e.g., id.*

Defendants do not object to releasing Exs. 8, 12, 16, and 19, with redactions for personal identifying information, as redacted versions of these documents have already been publicly released in other cases. Defendants oppose unsealing the other requested documents at this time. The issue of public disclosure of exhibits has been expansively litigated in these proceedings, including many of the Court's rulings, both written and oral, pertaining to privileges asserted, claimed, litigated in written court filings, as well as addressed in open court, often on an exhibit by exhibit basis. For example, the government has sought consistently to protect these and other documents from public disclosure through protective orders and sealing. *See, e.g.*, Dkt. # 135 (government's protective order briefing); Dkt. # 137 (AEO Protective Order over ICE Agent identities); Dkt. # 147 (General case protective order for production of documents); Dkt. # 173 (revised case protective order); Dkt. # 105 (motion to seal administrative record), Dkt. # 144 (Pls' motion to seal documents produced by Defendants); Dkt. # 168 (motion to seal government witness deposition transcript); Dkt. # 169 (motion to seal Pls pretrial brief containing exhibits from non-public materials provided in discovery). Similarly, the government

---

[1] Although the non-party Intercept Media, Inc. requests that the Court unseal Ex. 49, *see* Dkts. # 288, 290, the Court did not rely on this exhibit in its September 30, 2025 Findings of Fact and Rulings of Law, Dkt. # 261; *see* Dkt. # 290 p. 11 (noting that the document was submitted with Plaintiffs' pre-trial brief). Defendants thus oppose unsealing of this document because there is no indication that the Court relied on this document in its September 30, 2025 order. *See In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003) (considering a common law right to access documents "on which a judge actually decides the central issues in a case.").

has sought consistently to protect from public disclosure information it deems subject to privilege. *See, e.g.*, Dkts. # 196 & 197 (sealed and unsealed versions of produced document privilege log ); Dkt. # 170, pp. 11-20. *See In re: Am. Assoc. of Univ. Professors, et al*, No. 25-1658 (1st Cir.), Dkt. #9 (Supplemental Record), p. 75.  With specific regard to some of the documents the Intervenors request here, Defendants set out their objections to the release of documents in a privilege log provided to the court, Dkt. # 196; Dkt # 242, July 14, 2025, Tr. at 12:22-13:6, and in verbal objections made in open court. Namely, Defendants objected to the disclosure of government attorneys' written statements in the "core documents" on the grounds of attorney-client privilege, *id.* at 13:8-15:9, to the disclosure of documents, including the "action memos" under the deliberative process privilege, *id.* at 17:22-25:23, and to the disclosure of law-enforcement sensitive documents, *id.* at 35:22-36:7.  Additionally, the Court protected the documents from public disclosure by ordering them limited to attorneys' eyes only.  *Id.* at 21:16-21, 21:24-22:9, 38:4-8; *see also* Dkt #  245, July 17, 2025 Tr. at 70:2-9, 78:25-80:19, 96:16-97:25, 98, 99:2-14, 106:20-107:8; Dkt # , July 18, 2025 Tr. at 14:4-18:25, 25:24-27:9, 27:19-28:4, 36:16-21, 49:21-24, 57:17-23. The Defendants preserve their objections.

     Nevertheless, should the Court disagree, Defendants will re-examine whether those positions can be adjusted, to enable public disclosure of documents, in whole or in part, that underly the Court's substantive fact and legal findings. Thus, in the alternative, the Defendants request 60 days in which to undertake that re-examination, and report to the Court on whether it may recede from a particular disclosure objection, and to what extent.  This will entail a line-by-line review of the exhibits in question.

In sum, the Defendants oppose the unsealing of the foregoing documents, and, in the alternative, request 60 days to conduct a reexamination of that position, culminating in a report to the Court regarding each document at issue.

Respectfully Submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>*Assistant Attorney General*<br><br>DREW C. ENSIGN<br>*Deputy Assistant Attorney General* | *Jesse Busen*<br>Trial Attorney<br>National Security Unit<br>Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20001<br><br>ETHAN B. KANTER<br>*Chief, National Security Unit*<br>*Office of Immigration Litigation*<br><br>PAUL F. STONE<br>*Deputy Chief, National Security Unit*<br>*Office of Immigration Litigation*<br><br>WILLIAM G. KANELLIS<br>*Civil Division*<br><br>*Counsel for Defendants* |
| *Dated: December 12, 2025* | |

## CERTIFICATE OF SERVICE

I, Jesse Busen, hereby certify that on December 12, 2025, I served this document upon all registered parties via the ECF Notice of Electronic Filing (NEF) system.

| | |
|---|---|
| *Date: December 12, 2025* | By: */s/ Jesse Busen*<br>JESSE BUSEN<br>U.S. Department of Justice |