UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL., <br><br> *Defendants*. | CIVIL ACTION <br> CASE NO. 1:25-cv-10685-WGY |

**REPLY OF PROPOSED INTERVENORS THE INTERCEPT
AND THE CENTER FOR INVESTIGATIVE REPORTING
IN SUPPORT OF
<u>MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS</u>**

The Exhibits sought here, which were submitted to this Court as evidence in a high-profile trial on critical constitutional issues, are presumptively public under the First Amendment and common law. *See* ECF No. 290 at 9–13.[1] Without acknowledging Proposed Intervenors' showing of that fact, Defendants oppose public access to the Exhibits based primarily on rote citations to pre-trial protective orders, *see* ECF No. 296 ("Resp. Br.") at 1, and objections made but not necessarily sustained at trial, *see id.* at 2. That cursory opposition does not even begin to overcome

---

[1] The Intercept and The Center for Investigative Reporting ("Proposed Intervenors") are seeking access to 17 exhibits currently unavailable to the public: Exhibit 49, a presentation on State Department vetting processes (the "Enhanced Screening Presentation"); Exhibits 50–51, two State Department diplomatic cables; Exhibits 232–36, five reports prepared by federal immigration officials; Exhibits 242–46, five referral letters to the State Department; and Exhibits 247–50, four State Department action memos (collectively, the "Exhibits").

the "strong and sturdy" presumptions of access applicable here, *see F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), and any sealing of the records should be lifted.

Defendants protest first that "[t]he issue of public disclosure of exhibits has been expansively litigated in these proceedings." Resp. Br. at 1. That assertion is both inaccurate and inconsequential. The issue of public disclosure of *these specific* Exhibits—submitted to the Court as evidence to be considered in its post-trial merits opinion—has not yet been litigated, argued, or decided under the appropriate First Amendment and common-law standards. Proposed Intervenors are entitled to assert their rights of access under the First Amendment and common law now. *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir. 1988) (finding third party intervenor "ha[d] standing to pursue the public access claim" to judicial records, even where parties had already litigated protective order dispute and court had entered final judgment).

In any event, most of the docket entries that Defendants cite are irrelevant because they concern public access to discovery materials, not trial materials. *See* Resp. Br. at 1–2 (citing ECF Nos. 105, 135, 137, 144, 147, 168, 170, 173).[2] Whether materials may be marked as confidential by a party during discovery or sealed in the context of discovery disputes are questions distinct from whether materials may be sealed once they are filed with dispositive briefing or submitted at trial. *See Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993) ("[T]he ordinary showing of good cause which is adequate to protect *discovery material* from disclosure cannot alone justify protecting such materials *after* it has been introduced at trial."); *see also* ECF No. 178 at 1–2 (Amended Protective Order covers only "pre-trial phase," and does "not cover information that

---

[2] While Plaintiffs did file a motion to seal their Pretrial Brief and accompanying exhibits (*i.e.*, Exhibits 49–51), ECF No. 169, they did not attempt to meet and certainly did not succeed in meeting First Amendment and common-law standards. The Government had the opportunity to try again to justify sealing those materials here, but opted not to take it.

. . . becomes part of the public domain *through trial* or otherwise" (emphasis added)). Once the "raw fruits of discovery," *Poliquin*, 989 F.2d at 533, become part of "the record on which a judge actually decides the central issues in a case," *In re Boston Herald*, 321 F.3d 174, 189 (1st Cir. 2003), the First Amendment and common law require a substantially higher showing to justify sealing, *see In re Providence Journal Co., Inc.*, 293 F.3d 1, 10–11 (1st Cir. 2002). Defendants have not made that showing here, or even tried, and so the Exhibits should not remain sealed.

Defendants also cannot rely on the discussions about sealing exhibits that occurred during trial, *see* Resp. Br. at 2 (citing trial transcript excerpts), as a basis for continued sealing. Proposed Intervenors did not have the opportunity to raise their First Amendment and common-law claims for access at that time. Regardless, the bare fact that Defendants "objected to the disclosure" of various documents, *id.*, says nothing about whether they should be sealed or whether Defendants demonstrated an overriding interest in sealing those documents—especially if those objections were not sustained. *See Press-Enter. Co. v. Sup. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984) (holding that sealing required on-the-record "findings specific enough that a reviewing court can determine whether the closure order was properly entered"). In any event, the transcript excerpts cited by Defendants do not clearly address these specific Exhibits or the need to seal them; instead, they refer to many different exhibits and involve muddled discussions about privilege and proposed redactions. Notably, in a section of the trial transcript *not* cited by Defendants, the Court indicated that if the Court cited to the case's "core documents"—such as the "action memos," Exs. 247–50—in its eventual merits opinion, it meant the Court had "implicit[ly] . . . overrul[ed] any privilege of any sort" as to those documents. Trial Tr. vol. I, July 14, 2025, 46:22–25, 47:12–25. The Court did indeed cite all but one of the Exhibits in its opinion, *see* ECF No. 290 at 6— indicating that Defendants' objections to disclosure of those documents were overruled. Inapposite

3

and unexplained record cites do not excuse Defendants from supporting their position as to why the Exhibits sought by Proposed Intervenors should be kept from the public.

The only exhibit Defendants specifically address in their brief is Exhibit 49, a presentation on State Department vetting processes. This too should be public. Defendants oppose unsealing Exhibit 49 on the grounds that "there is no indication that the Court relied on this document in its September 30, 2025 order." Resp. Br. at 1 n.1. But the First Circuit "has explicitly rejected an approach to public access that would turn on whether the documents at issue actually played a role in the court's deliberations." *United States v. Kravetz*, 706 F.3d 47, 58–59 (1st Cir. 2013). Rather, the presumptions of public access attach to *all* judicial records "which properly come before the court in the course of an adjudicatory proceeding and which are [merely] relevant to that adjudication." *In re Providence Journal*, 293 F.3d at 9 (criminal case). Exhibit 49, like each of the records Proposed Intervenors seek, was properly submitted to and accepted by the Court to address the core First Amendment question in this case. *See* ECF No. 189-1 (Ex. 49, attached to Plaintiff's Pretrial Brief); ECF No. 261 at 4 n.2 ("All of the agreed-to Exhibits 1–231 [including Exhibit 49] were admitted as a matter of course."). Though the Court did not directly cite it, Exhibit 49 was part of "the record on which [the Court] actually decide[d] the central issues in [the] case," *In re Boston Herald*, 321 F.3d at 189, and thus it "can fairly be assumed to play a role in the court's deliberations," *Standard Fin. Mgmt. Corp.*, 830 F.2d at 409. This fact alone is determinative. Like the other 16 Exhibits sought by Proposed Intervenors, Exhibit 49 is a judicial record to which the First Amendment and common-law presumptions attach. Those presumptions have not been overcome. Any sealing of the Exhibits, including Exhibit 49, should therefore be lifted.

Finally, Defendants' request for 60 days to re-examine their position "should the Court

disagree" with them, Resp. Br. at 2, should be rejected. Defendants know exactly what is in the Exhibits—these materials were central evidence at trial before this Court a few months ago. And Defendants have been on notice at least since The Intercept's letter was docketed in October, *see* ECF No. 266, that the public and the press wanted to access them. Defendants were required to put forth any specific arguments about the need to seal or redact the Exhibits' content now, in response to the Motions directly raising those issues. By failing to do so, Defendants have waived any argument that the First Amendment and common-law rights of access do not attach or could be overcome. *See Butler v. Deutsche Bank Tr. Co. Americas*, 748 F.3d 28, 36 (1st Cir. 2014) ("[W]e routinely deem waived arguments not timely presented before the district court."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." (cleaned up)); *Reyes-Reyes v. Toledo-Davila*, 860 F. Supp. 2d 152, 157 (D.P.R. 2012) ("[F]ailure to proffer a defense is tantamount to waiver."). Defendants should not be afforded a second bite at the apple.

## CONCLUSION

For the reasons set forth above and in their opening Memorandum, Proposed Intervenors respectfully request that the Court grant their motion to intervene and direct that the Exhibits be unsealed, and/or clarify that no order restricts public access to the Exhibits, such that the parties are free to disseminate the Exhibits.

                                                                                   Respectfully submitted,

                                                                                   INTERCEPT MEDIA, INC. and
                                                                                   THE CENTER FOR INVESTIGATIVE
                                                                                      REPORTING, INC.

Date:  December 19, 2025                      */s/ Robert A. Bertsche*
                                                                                      Robert A. Bertsche (BBO #554333)
                                                                                      KLARIS LAW PLLC

        6 Liberty Square #2752
        Boston, MA 02109
        Telephone: 857-303-6938
        rob.bertsche@klarislaw.com

        Renee M. Griffin*
        rgriffin@rcfp.org
        REPORTERS COMMITTEE FOR
        FREEDOM OF THE PRESS
        1156 15th Street NW, Suite 1020
        Washington, DC 20005
        Telephone: (202) 795-9300
        rgriffin@rcfp.org
        **Pro Hac Vice* appl. pending*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: December 19, 2025        By: <u>Robert A. Bertsche</u>
                                               Robert A. Bertsche (BBO #554333)
                                               KLARIS LAW PLLC
                                               6 Liberty Square #2752
                                               Boston, MA 02109
                                               Telephone: 857-303-6938
                                               rob.bertsche@klarislaw.com