UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>               Plaintiffs,<br><br>    v.<br><br>MARCO RUBIO, ET AL.<br><br>               Defendants. | Case No. 1:25-cv-10685 (WGY) |

**[PROPOSED] JUDGMENT AS DISCUSSED BY THE COURT**

It is hereby:

(1) DECLARED that Defendants violated the First Amendment insofar as they intentionally abridged the First Amendment rights of Plaintiff AAUP's and Plaintiff MESA's noncitizen members, for the reasons set forth in the Court's findings of fact and conclusions of law dated September 30, 2025;

(2) DECLARED, in light of that intentional abridgement, and to remedy Defendants' violation of the First Amendment rights of the AAUP's and MESA's noncitizen members, that in any legal or administrative proceeding concerning the immigration status of a noncitizen who can show by a preponderance of the evidence that they are currently a member in good standing of the AAUP or MESA or were a member of the AAUP or MESA at any point between March 25, 2025 and September 30, 2025:

    a. any adverse immigration action taken by the United States concerning that noncitizen shall be presumed to have been taken on the basis of and in retaliation

1

    for that individual's constitutionally protected speech or association, unless the United States demonstrates otherwise, by clear and convincing evidence;

b. the United States may meet its burden by demonstrating, by clear and convincing evidence, that:

    i. the individual's immigration status has expired by its own terms and has not been renewed for reasons unrelated to the individual's constitutionally protected speech or association;

    ii. the individual was convicted of a crime as to which trial by jury was their right, and that crime renders them ineligible for the immigration benefit at issue; or

    iii. there is an appropriate reason under governing immigration law that their status should be altered, except that such reason may not rely on the individual's constitutionally protected speech or association, including speech or association the United States deems to be antisemitic, anti-Israel, or anti-American, or to express support or sympathy for terrorism or a designated foreign terrorist organization such as Hamas;

c. for the avoidance of doubt, the presumption described above shall apply whether the legal or administrative proceeding was initiated by the United States or by the noncitizen;[1]

---

[1] The Court recommends that an advisory jury be empaneled in any such legal proceeding concerning a noncitizen's legal status to assist the trier of fact in determining whether the government has demonstrated by clear and convincing evidence that it did not take adverse immigration action on the basis of or in retaliation for the individual's constitutionally protected speech or association.

(3) ORDERED that judgment shall enter in favor of Plaintiffs and against Defendants on Counts I and IV; and it is further

(4) ORDERED that this Court retains jurisdiction to enforce or modify this Order.

SO ORDERED

Dated: _____          _____
         Boston, Massachusetts            THE HONORABLE WILLIAM G. YOUNG
                                           UNITED STATES DISTRICT JUDGE