UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS -- HARVARD FACULTY CHAPTER, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY, RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS, and MIDDLE EAST STUDIES ASSOCIATION, <br><br>  Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and the DEPARTMENT OF HOMELAND SECURITY, TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, DONALD J. TRUMP, in his official Capacity as President of the United States, and UNITED STATES OF AMERICA, <br><br> Defendants. | CIVIL ACTION NO. 25-10685-WGY |

YOUNG, D.J.                                              January 22, 2026

**MEMORANDUM AND ORDER**

On November 10, 2025, the Boston Globe Media Partners, LLC, filed a Motion to Intervene and for Access to Trial Exhibits and

Provisionally Sealed Pleadings. ECF No. 275. The New York Times Company filed a Motion to Intervene and Join that Motion on November 24, 2025. ECF No. 283. On December 4, 2025, the Intercept Media and Center for Investigative Reporting filed a Motion to Intervene and for Access to Judicial Records. ECF No. 288. The Government opposed these motions. ECF No. 296. This Court granted the Motions to Intervene and maintained the sealing of documents to remain in effect until judgement entered. ECF No. 306. Now that judgement has entered, the Court **GRANTS** the remainder of the aforementioned Motions (ECF Nos. 275, 283, 288) as to the unsealing of the exhibits upon which the Court relied upon in its Findings of Fact and Rulings of Law (ECF No. 261) and the requested demonstrative exhibit marked as HO. As described at the Hearing on January 15, 2026, the Government has been permitted to make certain redactions of individuals' personal identifiable information. See Transcript of Remedies Hearing, ECF No. 310, 40:6-14.

**I.    Deliberative Process Privilege**

Having ruled orally on the Government's claims of Attorney-Client Privilege (See ECF No. 242, July 14, 2025, Tr. at 18:3-10; 32:20-24; 46:9-10; 59:3-13) and law enforcement privilege, (see id. at 37:8-38:8), the Court now turns to its unfinished business concerning claims of the Deliberative Process Privilege. See Defendant's Response to the Motions to Intervene

[2]

and to Unseal Pleadings and Exhibits at 2, ECF No. 296. The Court rules that the Deliberative Process Privilege does not apply to the exhibits properly introduced at trial and relied upon by this Court in its findings.

The First Circuit stated in Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs., 60 F.3d 867, 885 (1st Cir. 1995), that "[t]he [deliberative process] privilege 'is a qualified one,' FTC v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th Cir. 1984), and 'is not absolute.' First Eastern Corp. v. Mainwaring, 21 F.3d 465, 468 n. 5 (D.C. Cir. 1994)." The First Circuit then went on to state that "[a]t bottom, then, the deliberative process privilege is 'a discretionary one.'" Texaco, 60 F.3d at 885 (citing In re Franklin Nat'l Bank Sec. Litig., 478 F. Supp. 577, 582 (E.D.N.Y. 1979)).

Since the Deliberative Process Privilege is not absolute, unlike the attorney-client privilege, "an inquiring court should consider, among other things, the interests of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government." Texaco, 60 F.3d at 885.

The D.C. Circuit largely agrees with this logic, ruling that the Deliberative Process Privilege "may be overridden when necessary to . . . 'shed light on alleged government malfeasance.'" In re Subpoena Served Upon Comptroller of

[3]

Currency, & Sec'y of Bd. of Governors of Fed. Rsrv. Sys., 967 F.2d 630, 634 (D.C. Cir. 1992) (quoting In re Franklin, 478 F. Supp. at 582).

The D.C. Circuit has further explained that "where there is reason to believe the documents sought may shed light on government misconduct, 'the [deliberative process] privilege is routinely denied,' on the grounds that shielding internal government deliberations in this context does not serve 'the public's interest in honest, effective government.'" In re Sealed Case, 121 F.3d 729, 738 (D.C. Cir. 1997) (quoting Texaco, 60 F.3d at 885). So too here.

Here, the documents sought by Intervenors shed light on the government misconduct this Court found as a result of a nine-day bench trial, which concluded with the finding that:

> [T]his Court finds as fact and concludes as matter of law that Secretaries Noem and Rubio and their several agents and subordinates acted in concert to misuse the sweeping powers of their respective offices to target non-citizen pro-Palestinians for deportation primarily on account of their First Amendment protected political speech. They did so in order to strike fear into similarly situated non-citizen pro-Palestinian individuals, pro-actively (and effectively) curbing lawful pro-Palestinian speech and intentionally denying such individuals (including the plaintiffs here) the freedom of speech that is their right. Moreover, the effect of these targeted deportation proceedings continues unconstitutionally to chill freedom of speech to this day.

[4]

Am. Ass'n of Univ. Professors v. Rubio, 802 F. Supp. 3d 120, 194 (D. Mass. 2025). This finding substantiates the standards offered in prior deliberative process privilege litigation - that there is "reason to believe the documents sought may shed light on government misconduct," or "reason to believe government misconduct has occurred." In re Sealed Case, 121 F.3d at 738, 746 (citing Texaco, 60 F.3d. at 885); see generally Edward J. Imwinkelried, The Government Misconduct Exception to the Deliberative Process Privilege, 65 S.D. L. Rev. 76, 90 (2020).

In conclusion, the Court **GRANTS** the remaining Motions, ECF Nos. 275, 283, 288, and unseals the exhibits relied upon by the Court, as well as demonstrative exhibit "HO."

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE