UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>Plaintiffs,<br><br>-v-<br><br>MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ET AL.,<br><br>Defendants. | Civil Action No. 1:25-cv-10685-WGY<br><br>Declaration of Juan Agudelo |

**DECLARATION OF JUAN AGUDELO**

I, Juan Agudelo, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Acting Deputy Assistant Director for Western Operations with Enforcement and Removal Operations (ERO) Field Operations, at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS). This is a career law enforcement position, not a political position. In this role, I am responsible for the oversight of 13 ERO Field Offices, including over 4,200 personnel, 80 sub-offices, and 66 detention centers. Prior to being named the Acting Deputy Assistant Director, I served as the Field Office Director (FOD) for the Harlingen Field Office. I served as the FOD in Harlingen beginning in July 2025. In that role, I was responsible for managing the Harlingen Field Office, which encompassed a total of 354 authorized positions, five sub-offices, and seven detention facilities. Prior to that, I served as the Acting FOD for the Miami Field Office beginning in January 2025. I joined ERO in 2006 and have held serval leadership positions including Supervisory Detention and Deportation Officer, Assistant Officer in Charge, Assistant Field Office Director, Officer in Charge, Deputy Field

Office Director, acting Deputy Assistant Director for Removal Operations, and now a Senior Executive Service Member.

2. This declaration is based on my personal knowledge and experience as a law enforcement officer and information provided to me in my official capacity.

3. In the exercise of my official duties, I am aware of the above-captioned civil action. I understand that ICE is a named defendant in this civil action.

4. I submit this declaration to explain that the District Court's January 22, 2026, Order, (hereinafter, "the Order") is overly burdensome and has immediate adverse operational impacts upon ICE.

5. The Order creates a private right of action permitting alien members of the American Association of University Professors (AAUP) and the Middle East Studies Association (MESA), with membership during a specific time-period outlined in the Order, who have never been previously-identified to DHS or ICE, to challenge any "alteration in immigration status" in any U.S. District Court.

6. The phrase "alteration in immigration status" is undefined and imprecise terminology that improperly potentially extends to matters and agency components outside the parties and claims of the lawsuit. As a result, it risks improper interference with agency components not implicated by the litigation, effectively holding one agency component responsible for the discretionary acts of another.

7. The Court has defined a "Sanction Plaintiff" as "any non-citizen member of the plaintiffs AAUP or MESA, who was a member on or after March 25, 2025, and continued as a member through September 30, 2025."

8. Plaintiffs have not identified the members of AAUP and MESA except for those limited

members who testified at trial in this case. ICE has no access to the membership data of AAUP and MESA. Nevertheless, the Order puts the onus on ICE to identify members prior to taking any enforcement action. ICE does not possess, and cannot compel, a comprehensive list of AAUP or MESA members. The Order nevertheless conditions enforcement on ICE's ability to identify such members in advance. This forces ICE either to refrain from enforcement altogether or to proceed under constant risk of contempt. This requirement is impractical, and unduly burdensome.

9. The Order, in effect, undermines ICE's immigration enforcement authority by creating an unprecedented quasi-removal proceeding in a federal district court before ICE can even initiate removal proceedings in the U.S. Department of Justice, Executive Office for Immigration Review (EOIR).

10. The Order also imposes the burden on ICE to monitor and identify which Sanction Plaintiffs have filed an action in any district court, forcing ICE to continuously check for district court filings without having any knowledge of the names of who is eligible to file a Sanction Action.

11. The Order permits any alien who commences an action in the district court, claiming membership in Plaintiff associations, to receive an "automatic" stay of his or her removal while the action is pending. A stay of removal for each of these cases will subject the defendants to habeas litigation if the "Sanction Plaintiff" remains detained during the pendency of district court litigation. The lack of clarity in the Order about when the government must present its rebuttal evidence may result in prolonged court decisions in federal district court, which increases the time aliens spend in ICE detention and increases the likelihood of further habeas litigation. This consequence places a heavy operational burden on ICE's detention facilities and personnel.

12. The Order also prevents ICE from transferring a Sanction Plaintiff to a different facility

pending resolution of the Sanction Action. Thus, if there is no proper timeline for when a decision could be made in a Sanction Action, the Order undermines ICE's ability to make independent custody determinations based on need and bedspace availability.

13. Because any "alteration of immigration status" involving a Sanction Plaintiff may trigger district court action under the Order, ICE has to implement a range of administrative measures to meet the requirements of each district court hearing such actions, involving rigorous documentation practices for evidence of justified enforcement action, internal operating procedures for the personnel involved in every type of immigration matter that a district court may interpret as falling within the terms of the Order's sanction-related standards and procedures. These burdens have an immediate, undefined, and broad-ranging impact on the government's immigration enforcement activities and priorities.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this Fifth Day of February 2026.

JUAN E AGUDELO
Digitally signed by JUAN E AGUDELO
Date: 2026.02.05 08:54:31 -05'00'

Juan Agudelo
Acting Deputy Assistant Director for Field Operations (Western)
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security