UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ET AL.,<br><br>        Plaintiffs,<br><br>  v.<br><br>MARCO RUBIO, ET AL.,<br><br>        Defendants. | Case No. 1:25-cv-10685 (WGY) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL STAY PENDING APPEAL**

Defendants have moved the Court to stay the "sanction" described in Part IV of its Remedies Order, ECF No. 313, pending resolution of Defendants' appeal to the First Circuit. Plaintiffs do not oppose a stay of this sanction. They note for the record, however, that a stay is not warranted. For reasons Plaintiffs have briefed previously: (1) the INA's jurisdiction-stripping provisions do not deprive this Court of jurisdiction to hear the case, *see* PI Reply, ECF No. 69, at 4–5; *see also* Slip Op., ECF No. 73, at 27–38; (2) 8 U.S.C. § 1252(f)(1) does not limit this Court's power to grant the relief requested by Plaintiffs, *see* PI Reply, ECF No. 69, at 8–10; Pls. Remedies Mot., ECF No. 277, at 10–16; (3) Plaintiffs have associational and organizational standing to raise their claims, *see* PI Reply, ECF No. 69, at 2–4; Pls.' Post-Trial Br., ECF No. 254, at 125–32; *see also* Slip Op., ECF No. 261, at 102–16; and (4) Plaintiffs have demonstrated final agency action, PI Reply, ECF No. 69, 7–8; Pls.' Post-Trial Br., ECF No. 254, 164–67; *see also* Slip Op., ECF No. 261, at 138–42.[1]

---

[1] Plaintiffs have not previously briefed the question whether 8 U.S.C. § 1252(b)(9) strips this Court of jurisdiction to hear the case because the government first raised that argument in its response to Plaintiffs' Notice Concerning Proposed Judgment on Remedies. *See* ECF No. 309. But

Plaintiffs do not understand Defendants to be seeking a stay of anything beyond the sanction described in Part IV of the Remedies Order, and in particular they do not understand Defendants to be seeking a stay of the judgment, declaration of rights, or order of vacatur described in Parts I, II, and III of that order.[2] But for avoidance of doubt, Plaintiffs vehemently oppose a stay of these other remedies.

February 10, 2026

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
mtremonte@shertremonte.com
nbiale@shertremonte.com

Respectfully submitted,

/s/ Ramya Krishnan
Ramya Krishnan
Xiangnong Wang
Stephany Kim
Raya Koreh
Carrie DeCell
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Plaintiffs*

---

that argument is meritless. Section 1252(b)(9) does not bar review of Plaintiffs' claims because those claims are "independent of, or wholly collateral to, the removal process," *Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007), and because channeling them into removal proceedings would deprive those claims of "meaningful judicial review," *id.*

[2] Defendants do not argue that these other remedies should be stayed, nor do they argue that they are irreparably harmed by anything other than the sanction. *See* Stay Mot., ECF No. 317, 17–20.

## Certificate of Service

    I, the undersigned counsel, certify that on February 10, 2026, I electronically filed the foregoing response in the United States District Court for the District of Massachusetts using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 10, 2026　　　　　　　　　　　　/s/ Ramya Krishnan
　　　　　　　　　　　　　　　　　　　　　　　　Ramya Krishnan