UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

American Association Of University Professors, etal
                                        Appellees

                    V.

Marco Rubio,
Secretary Of State,
                    Appellants, etal

APPEAL NO. UNKNOWN

DISTRICT COURT NO.
1:25-cv-10685-WGY

QUINTESSENTIAL
AMICUS CURIAE BRIEF

RESPECTFULLY SUBMITTED

This quintessential amicus curiae brief concerns an issue of
paramount importance.

                            BY: DOCTOR JAMES MURRAY

PAGE

## TABLE OF CONTENTS

STATEMENT OF THE CASE........................................... 3

STATEMENT OF FACTS............................................. 4

THE CONCISE STATEMENT OF THE IDENTITY OF AMICUS................. 5

THE SOURCE OF AUTHORITY TO FILE AN AMICUS CURIAE BRIEF.......... 2-5

ARGUENTS....................................................... 6-7

CONCLUSION..................................................... 7

TABLE OF AUTHORITIES...........................................2

(1)

TABLE OF AUTHORITIES

Aadland V. Boat Santa Rita, Inc. 132 F.4th 33,2025 U.S. App. Lexis, at 67 March 17, 2025 (1St. Cir. 2025)........................... 6

Addington V. Texas, 441 U.S. 418, 425 (1979)................. 6

American Association Of University Professors  V. Marco Rubio 780 F.supp. 3d 350 (2025), and U.S. U.S. Dist.Lexis, 123648 June 27, 2025; and 2025 U.S. Dist. Lexis, 193069, September 30, 2025........................................................... 4

James Murray V. Bledsoe, etal, 650 F.3d 246, 247 (3rd. Cir. 2011)...6

Portland Pilots, Inc. V.Nova Star M/V,  875 F.3d 38, at 43 (1St. Cir. 2017)............................................................ 7

United States V. Wiley,  517 F.2d 1212, 1218 (D.C. Cir. 1975)...  5, 7

Vinick V. United States,  205 F.3d 1, 6 & N.3 (1st. Cir. 2000)... 7

Worman, etal V. Healy, etal, 922 F.3d 26, 29 & 32 (1St. Cir. 2019) ................................................................. 5

28 U.S.C. 1291 and 28 U.S.C. 2106............................... 6, 7,5

18 U.S.C. 241  and 18 U.S.C. 242............................... 3 3

F.R.A.P. RULE 29 (a) (1) (2) (3)............................... 5

Murphy V. Hunt, 455 U.S. 478, 481 (1981) ..........................6

Kynard V. Robbins, 2025 U.S. Dist. Lexis, 97720 May 22, 2025......3

In The Matter of James Murray, 494 Mass. 1017 (July 5, 2024)........5

Murray V. District of Columbia, 826 F. Supp. 4, 6-7 (D.C. 1993)... 5

Neitzke V. Williams, 490 U.S. 319, 327-328 (1982)................. 6

## STATEMENT OF THE CASE

In this matter the Honorable Judge Young having carefully consi-
dered the "entirety of the record" found by clear and convinc-
ing evidence N.3 that the Secretary of the state Marco Rubio to-
gether with the subordinate officials and agents of each of them
deliberatly and with purposeful aforethought, did so concert
their  actions and those of their two departments intentionally
to chill the rights to freedom of speech and peacefully to
assemble of non-citizen plaintiff members of the plaintiff
association. At 2025 U.S. Dist. Lexis, at 7. In the undersigned
legal mind Judge Young Findings "are very serious findings".
See, e.g. 18 U.S.C. 241 & 242. The undersigned takes Judge
Young findings "very seriously". Likewise amicus hopes the
court will vision Judge Young's findings "as highly extraordinary
in pari materia." This court is require to do so. 28 U.S.C. 2106.

FOOTNOTE
Amicus mailed a letter-motion to the chamber's of Honorable
Judge Young of amicus  desire to file an amicus curiae brief
in this court. See  docket-entry filings.

FOOTNOTE
In accordance with 18 U.S.C. 241 a person may be fined .
In accordance with 18 U.S.C. 242 a person "shall" be fined.
Such fines are deterrence option short of any criminal
prosecutions. Upon compaint by the United States. Kynard V.
V. Robbins, 2025 U.S. Dist. Lexis, 97720, U.S. District Court
for Massachusetts, May 22, 2025. Id.upon complaint by the
United States with its inherent power.

(3)

## STATEMNT OF THE FACTS

For a through judgment of the facts and evidence; chapter and verse, see  Judge Young's "thesis" well documented at: American Association Of University Professors, etal  V. Marco Rubio, Secretary Of State, 780 F.Suup. 3d 350 (2025), and U.S. Dist. Lexis, 123648, June 27, 2025; and 2025 U.S. Dist. Lexis, 193069, September 30, 2025, now on appeal.

Footnote
Appellent has elected taken an appeal. A very wrong decision. Nevertheless, should appellent elect to pursue appeal further to the United States Supreme court; amicus will urge the Justices there to likewise affirm Judge Young's footnote 3 findings pursuant to 28 U.S.C. 2106. Appellents should withdraw their notice of appeal filed. In the interest of justice for the plaintiffs.

(4)

THE CONCISE STATEMENT OF THE IDENTITY OF THE UNDERSIGND AMICUS CURIAE, ITS INTEREST IN THIS CASE, AND AMICUS SOURCE OF ITS AUTHORITY TO FILE HIS AMICUS CURIAE BRIEF

Amicus, James Murray, is a doctor of laws, i.e. a legal scholars who can, and does modify litigation strategies for desired ends, see e.g. the Massachusetts Supreme Judicial Court "amended decision July 5, 2024 in footnote 2 & 4. in the Matter of James Murray,494 Mass. 1017 (July 5, 2024)". Amicus interests in this case is in pursuing the interests of justice for the plaintiffs and the general public. A case truly worthy amicus time and effort. Deterrence is truly warrented in this matter; to deter others of like conduct found by Judge Young in this matter. Both Judge Young and amicus are time experience, i.e. 47 years of civil and criminal justice awareness. Thus, both Judge Young and the undersigned are very conscious. Now, speaking for one's own self; justice in this matter must be pursue. Amicus, source of its authority to file this amicus curiae briefis inherent under Worman, etal V. Healey, etal,922 F.3d 26, 29 & 32 (1St. Cir. 2019); F.R.A.P. Rule 29 (a) (1) (2) (3). And 28 U.S.C. 2106 equitable authority.

Amicus supports affirmance on the appeal taken. 28 U.S.C. 2106. Federal courts are govern in its decision making by the statutory directive of 28 U.S.C. 2106 that it shall dispose of the appeal taken in the interests of justice. United States V. Wiley,517 F.2d 1212,1218 (D.C. Cir. 1975).

FOOTNOTE
American Association Of University Professors V. Marco Rubio, U.S. Dist. Lexis, 123648 "JUNE 27, 2025"(Judge Young's 47 years judicial time experience, at N. 12); Murray V. D.C. 826 F. Supp. 4, 6-7 U.S. District court for the District of Columbia, at 6-7 (1993) Amicus 47 years judicial involved time experience. Thus, our "civil and criminal justice awareness are"comparable".

(5)

## ARGUMENT

Honorable Judge Young footnote 3, in its decision of September 30, 2025 concerns an issue of "paramount importance". I.e. the applicable standards of proof in civil litigation; both "the preponderance of the evidence standard of proof, and the more demanding standard such as "the clear and convincing evidence standard of proof." The issues presented in footnote 3 are moot when the parties involved in the instant matter "lacks a legally cognizable interests in the outcome. Thus, whereas in the instant appeal none of the parties truly lack legally cognizable interests in the outcome their footnote 3 issues are "not" moot. Murphy Hunt, 455 U.S. 478, 481 (1981). Amicus, duly support the preponderance of the evidence of proof; in all civil litigations. Here, however, undr the circumstances the more demanding standard of proof clear andconvincing evidence is of "paramount importance" as Judge Young was explicit in its finding. Id. N.3. Its to that finding, that amicus finds of "paramount importance" and therefore, urge that that finding be unequivocal affirm. Federal courts having jurisdiction pursuant to 28 U.S.C. 1291 and 28 U.S.C. 2106 read into 28 U.S.C. 2106, in pari materia, may affirm the district court's judgment on any basis supported by the record. "James Murray"V. Bledsoe,etal, 650 F.3d 246, 247 (3rd Cir. 2011); Accord: Aadland V. Boat Santa Rita, Inc. 132 F.4th 33, 2025 U.S. App. Lexis, at 67 March 17, 2025 (!st. Cir. 2025).

FOOTNOTE
Clear and convincing evidence should produce in the mind of the tier of fact (hear Judge Young and the panel on this appeal as well) A FIRM BELIEF OR CONVICTION as to the facts sought to be established (was established). A degree of persuasion much higher than mere prepondence of the evidence. Preponderance of the evidence is preponderance as degree of relevant evidence which a reasonable mind, (amicus is a legal scholar with a reasonable legal mind), considering the record as a whole (as Judge Young duly did) would accept as sufficient to find a contested fact more probably true than untrue. Addinggton V. Texas, 441 U.S. 418, 425 (1979). Any legal or factually arguments appellants may advance on appeal would be legally friolous lacking an arguable factual basis. Neitzke V. Williams, 490 U.S. 319, 327-328 (1982). This footnote; and Judge Young's footnote 3, stands on solid grounds.

(6)

This court is urge to adopt the district court's "finding of facts". This court may do so unless this court is left with the definite and firm conviction that Judge Young was somehow mistaking in its finding of facts. Portland Pilots, Inc. V. Nova Star M/V, 875 F.3d 38, at 43 (1st. Cir. 2017); citing Vinick V. United States, 205 F.3d 1, 6 & N.3 (1St Cir. 2000). Amicus, is urging the court to adopt the district court's findings of facts as its own finding of facts; thus, disposing of the appeal in the interests of justice. 28 U.S.C. 1291 read into 28 U.S.C. 2106 in pari materia. United States V. Wiley, 517 F,2d 1212, 1218 (D.C.Cir. 1975). In fact, it is incumbent on the panel assigned to do so explicitly. 28 U.S.C. 1291 and 28 U.S.C. 2106 are inextricably interwined. To this arguement end; any appellate court ought to be inspire to adopt as its own, any legitimate findings of facts made by the Honorable Judge Young. Judge Young goes through great pain and expertise to get it right; make it right. An honorable jurist of "eqitable tradition".

FOOTNOTE

Should this case finds its way before the United States Supreme court it is hope that the Justices on the United States Supreme court recognize Judge Young's integrity as amicus-does.

## CONCLUSION

Based on the preceding amicus  respectfully requests that all that is asked and urged in this brief be granted explicitly. Doctor James Murray, pro se, on brief for James Murray, amicus curiae.

September 11, 2025
DATE

THUS, RESPECTFULLY
SUBMITTED

DR. James Murray
09548-007
U.S.P. P.O. BOX.33
Terre Haute, In. 47808

(7)